# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Scott A. Daniels (SD 9727)
sdaniels@davisandbujold.com
Davis Bujold & Daniels, P.L.L.C.
112 Pleasant Street
Concord, New Hampshire 03001
(603) 226-7490 (general line)
(603) 226-7499 (fax)


Ralph Wood (RW 1898)
399 Knollwood Rd.
Suite 310
White Plains, NY 10603-1936
(914) 761-8503 (general line)
(914) 682-9128 (Fax)
rwoodesq@aol.com (E-Mail)

Attorneys for Defendant and Counterclaim Plaintiff

**************************************

| | | |
|---|---|---|
| LUV N' CARE, LTD. and | ) | |
| ADMAR INTERNATIONAL, INC. | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | 08 CIV 4457 (DC/HP) |
| v. | ) | |
| | ) | |
| WALGREEN CO. and | ) | JURY TRIAL DEMANDED |
| KMART CORP. | ) | |
| Defendants. | ) | |

**************************************


## KMART CORP.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Now comes the Defendant, Kmart Corp ("Kmart"), who answers the Complaint and, thereafter,

asserts its Counterclaims.

   1.   To the extent that the allegations in Paragraph 1 of the Complaint call for an answer,

       Kmart admits that the allegations in the first sentence of Paragraph 1 thereof purport to

set forth causes of action but denies that Plaintiffs have stated any claims upon which relief can be granted; Kmart admits to the allegations in the second sentence of Paragraph 1 of the Complaint.

2.  Kmart denies the allegations set forth in Paragraph 2 of the Complaint.

3.  With respect to Paragraph 3, Kmart admits that personal jurisdiction lies in New York; otherwise denied.

4.  With respect to Paragraph 4, Kmart admits that venue is technically proper in New York.

5.  Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 5 and, accordingly, denies same.

6.  Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 6 and, accordingly, denies same.

7.  Kmart admits the allegations in Paragraph 7.

8.  With respect to Paragraph 8, denied that Kmart's principal place of business is 3100 W. Big Beaver Road, Troy, Michigan 48084. Otherwise, admitted.

9.  With respect to Paragraph 9, denied that Plaintiff Luv n' care is one of the leading baby product companies in the world today; Kmart lacks knowledge or information sufficient to form a belief about the truth of any of the other allegations in Paragraph 9 and, accordingly, denies same.

10.  Kmart denies that on March 28, 2000, United States Trademark Registration No. 2,335,700 for the trademark NUBY® was issued by the United States Patent and Trademark Office but admits that, on such date, United States Trademark Registration No. 2,335,700 for the trademark NUBY was issued by the United States Patent and

Trademark Office; Kmart lacks knowledge or information sufficient to form a belief about the allegation that Plaintiff Admar is the current owner of United States Trademark Registration No. 2,335,700 and, accordingly, denies same; Kmart denies that such registration was duly and legally issued; the remaining allegations in Paragraph 10 are denied.

11. Kmart lacks knowledge or information sufficient to form a belief about the truth of any of the allegations in Paragraph 11 as stated and, accordingly, denies such allegations. Kmart states that the mark NUBY is used on certain goods sold in the United States.

12. Kmart lacks knowledge or information sufficient to form a belief about the truth of any of the allegations regarding alleged trademark NUBY® and, accordingly, denies such allegations; Kmart, however, admits that the NUBY trademark has been used on a wide variety of children's and infants' products sold in interstate commerce, including infant pacifiers, baby bottles and children's no-spill drinking cups; the allegation about NUBY as it relates to "and so forth" is vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and is, at least for that reason, denied; Kmart lacks knowledge or information sufficient to form a belief about the truth of any of the remaining allegations in Paragraph 12 and, accordingly, denies same.

13. Kmart lacks knowledge or information sufficient to form a belief about the truth of any of the allegations in Paragraph 13 and, accordingly, denies same.

14. Kmart lacks knowledge or information sufficient to form a belief about the truth of any of the allegations in Paragraph 14 and, accordingly, denies same.

15. Kmart denies the allegations set forth in Paragraph 15 of the Complaint except that Kmart lacks knowledge or information sufficient to form a belief about the truth of any

allegations regarding Plaintiffs' efforts and promotional activities and, accordingly, denies same.

16. Kmart denies the allegations set forth in Paragraph 16 of the Complaint.

17. Kmart denies the allegations set forth in Paragraph 17 of the Complaint.

18. Kmart denies the allegations set forth in Paragraph 18 of the Complaint.

19. Kmart denies the allegations set forth in Paragraph 19 of the Complaint.

20. Kmart admits the allegations set forth in Paragraph 20 of the Complaint except that Kmart denies operating any stores with Defendant Walgreens.

21. Kmart admits that it has purchased products from Plaintiffs but denies the characterization that such purchases have been "regular," as set forth in Paragraph 21 of the Complaint; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made with respect to said Defendant Walgreens.

22. Kmart denies that it purchases products from Royal King Baby Product Co. Ltd. ("Royal King"); Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made with respect to said Defendant Walgreens; the remaining allegations in Paragraph 22 are denied.  Kmart further states that it purchases products from Royal King Infant Products Co. Ltd. ("RKI").

23. Kmart lacks knowledge or information sufficient to form a belief about the truth of the allegation that Royal King is located in Thailand and denies the remaining allegations set forth in Paragraph 23 of the Complaint.  Kmart further objects to the remaining

allegations because they are knowingly false allegations and contain impertinent and/or scandalous matter. Kmart further states that RKI is located in Thailand.

24. Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations related to Royal King and Kmart further denies the allegations set forth in Paragraph 24 of the Complaint.

25. Kmart denies that it has sold, sells, or has distributed products obtained from Royal King. Kmart states that it has sold and sells products obtained from RKI throughout the United States but denies any characterization thereof as being false, unauthorized, copies; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made with respect to said Defendant Walgreens; any remaining allegations in Paragraph 25 are denied.

26. Kmart denies the allegations set forth in Paragraph 26 of the Complaint as they may allegedly relate to Kmart; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made with respect to said Defendant Walgreens; any remaining allegations are denied.

27. Kmart denies the allegations set forth in Paragraph 27 of the Complaint as they may allegedly relate to Kmart; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made with respect to said Defendant Walgreens; any remaining allegations are denied.

28. Kmart denies the allegations set forth in Paragraph 28 of the Complaint as they may allegedly relate to Kmart; Kmart denies acting in concert with Defendant Walgreens and

lacks knowledge or information sufficient to form a belief about the truth of the allegations made with respect to said Defendant Walgreens; any remaining allegations are denied.

29. Kmart admits that among the photographs of product shown in Plaintiffs' exhibits are photographs of products sold or previously sold in Kmart but denies Plaintiffs' characterization of such products being "deceptive copies"; Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations about Plaintiffs' products and, accordingly, denies same; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made with respect to said Defendant Walgreens; any remaining allegations are denied.

30. With respect to Paragraph 30, Kmart admits that a photograph of one of the plaintiffs products is shown in Exhibit A; Kmart denies that a photograph of one of Royal King's products is shown in Exhibit A.  Kmart states that a photograph of one of RKI's products is shown in Exhibit A but denies any characterization of such product as being a "copy."

31. The allegations in Paragraph 31 are vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and are, at least for that reason, denied; further Kmart lacks knowledge or information sufficient to form a belief about the truth of the allegation about an allegedly original LNC no-spill drinking cup product; Kmart denies that the alleged packaging is known as the "Luv n' care 'Sports Sipper'" but admits that the product in issue bears the words "Sports Sipper."

32. The allegations in Paragraph 32 are vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and are, at least for that reason, denied; Kmart otherwise denies the allegations set forth in Paragraph 32 of the Complaint.

33. Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations regarding Royal King; Kmart otherwise denies the allegations set forth in Paragraph 33 of the Complaint.

34. Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations regarding Royal King; Kmart otherwise denies the allegations set forth in Paragraph 34 of the Complaint.

35. Kmart denies the allegations set forth in Paragraph 35 of the Complaint.

36. Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations regarding Royal King; Kmart otherwise denies the allegations set forth in Paragraph 36 of the Complaint.

37. The allegations in Paragraph 37 are vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and are, at least for that reason, denied; admitted that Kmart has sold the product shown in Exhibit A but the characterization of such product as "original" is denied; otherwise denied.

38. The allegations in Paragraph 38 that Kmart has sold the products shown in Exhibit A is admitted; denied that any products from Royal King have been sold by Kmart; otherwise denied. Kmart states that RKI's products are priced lower than those from Plaintiffs but any characterizations of such products being "cheaper" or a "copy" are denied.

39. With respect to Paragraph 39, Kmart admits that a photograph of one of the plaintiffs' products is shown in Exhibit B; Kmart denies that a photograph of one of Royal King's products is shown in Exhibit B.  Kmart states that a photograph of one of RKI's products is shown in Exhibit B but denies any characterization of such product as being a "copy."

40. The allegations in Paragraph 41 are vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and are, at least for that reason, denied; Kmart lacks knowledge or information sufficient to form a belief about the truth of the allegation about the allegedly originality of such no-spill drinking product and regarding which of the Plaintiffs, if either, is responsible for such product; Kmart lacks knowledge or information sufficient to form a belief about the truth of the allegation that such product is known as the "Gripper Cup."

41. Kmart denies the allegations set forth in Paragraph 41 of the Complaint.

42. With respect to Paragraph 42, admitted that Kmart previously sold the product shown in Exhibit B that is purportedly from Plaintiff Luv n' care; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made with respect to said Defendant Walgreens; any remaining allegations are denied.

43. The allegations in Paragraph 43 that Kmart has sold the products shown in Exhibit B is admitted; denied that any products from Royal King have been sold; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made with respect to said Defendant Walgreens; otherwise denied.

44. With respect to Paragraph 44, Kmart admits that a photograph of one of the plaintiffs' products is shown in Exhibit C; Kmart denies that a photograph of one of Royal King's products is shown in Exhibit C.  Kmart states that a photograph of one of RKI's products is shown in Exhibit C but denies any characterization of such product as being a "copy."

45. The allegations in Paragraph 45 are vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and are, at least for that reason, denied; admitted that a photograph of one of Plaintiffs' no-spill drinking products is shown in Exhibit C.

46. Kmart denies the allegations set forth in Paragraph 46 of the Complaint.

47. Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens in Paragraph 47.

48. Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations regarding Royal King; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens in Paragraph 48; otherwise denied.

49. With respect to Paragraph 49, Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations regarding Royal King or its products; Kmart admits that a photograph of one of the plaintiffs' products is shown in Exhibit D.  Kmart states that a photograph of one of RKI's products is shown in Exhibit D but denies any characterization of RKI's product as being a "copy."

50. The allegations in Paragraph 50 are vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and are, at least for that reason, denied; admitted

that a photograph of one of Plaintiffs' no-spill drinking products is shown in Exhibit D; otherwise denied.

51. Kmart denies the allegations set forth in Paragraph 51 of the Complaint.

52. Kmart denies the allegation set forth in Paragraph 52 of the Complaint that it is selling any Royal King product.  Kmart states that it is selling a RKI product but denies any characterization of such product as being a "copy."

53. With respect to Paragraph 53, Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations regarding Royal King or its products; Kmart admits that a photograph of one of the plaintiffs' products is shown in Exhibit E.  Kmart states that a photograph of one of RKI's products is shown in Exhibit E but denies any characterization of RKI's product as being a "copy."

54. The allegations in Paragraph 54 are vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and are, at least for that reason, denied; admitted that a photograph of one of Plaintiffs' brushes and combs; otherwise denied.

55. The allegations in Paragraph 55 are vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and are, at least for that reason, denied; otherwise denied.

56. The allegations in Paragraph 56 that Kmart has sold the products shown in Exhibit E is admitted; the characterization of Plaintiffs' product as being "original" is denied; otherwise denied.  Kmart further states that RKI's products were priced lower than those from Plaintiffs but any characterizations of such products as being "cheaper" and a "copy" are denied.

57. Kmart denies the allegations set forth in Paragraph 57 of the Complaint.

58. Kmart denies the allegations set forth in Paragraph 58 of the Complaint.

59. Kmart denies the allegations set forth in Paragraph 59 of the Complaint.

60. Kmart denies the allegations set forth in Paragraph 60 of the Complaint.

61. Kmart denies the allegations set forth in Paragraph 61 of the Complaint.

62. Kmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 regarding any products being authorized by Plaintiffs; otherwise denied.

63. With respect to the allegations in Paragraph 63, Kmart admits that it sells certain of the identified products and profits therefrom; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens; otherwise denied.

64. Kmart denies the allegations set forth in Paragraph 64 of the Complaint.

65. Kmart denies the allegations set forth in Paragraph 65 of the Complaint; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens; otherwise denied.

66. Kmart denies the allegations set forth in Paragraph 66 of the Complaint; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens; otherwise denied.

67. Kmart denies the allegations set forth in Paragraph 67 of the Complaint; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens; otherwise denied.

68. Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 68 and, accordingly, denies same.

69. Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 69 and, accordingly, denies same.

70. Kmart lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 70 and, accordingly, denies same.

71. Kmart denies the allegations set forth in Paragraph 71 of the Complaint.

72. Kmart lacks knowledge or information sufficient to form a belief about the truth of the public opinion allegations in Paragraph 72; otherwise denied. Kmart states that it is concerned about any dangerous products being sold.

73. Kmart lacks knowledge or information sufficient to form a belief about the truth of the public alarm allegations in Paragraph 73 and, accordingly, denies same; otherwise denied.

74. Kmart denies the allegations set forth in Paragraph 74 of the Complaint.

75. Kmart denies the allegations set forth in Paragraph 75 of the Complaint; Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens; otherwise denied.

76. With respect to Paragraph 76, Kmart denies acting in concert with Defendant Walgreens and lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens; Kmart knows what products it sells and has sold; otherwise denied.

77. Kmart denies the allegations in Paragraph 77.

78. Denied, as to Kmart; Kmart lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens; admitted that annexed to the Complaint is what purports to be a letter to Defendant Walgreens but such document is unsigned and does not allege any pirating; otherwise, denied.

79. Kmart lacks knowledge or information sufficient to form a belief about the truth of the allegations made about Defendant Walgreens; admitted that annexed to the Complaint is what purports to be a letter to Defendant Walgreens but such letter is unsigned; otherwise denied.

80. Kmart denies the allegations in Paragraph 80.

81. Kmart denies the allegations in Paragraph 81.

**COUNT ONE**

82. Kmart hereby repeats each and every response and answer to each and every allegation contained in Paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. Kmart denies the allegations in Paragraph 83.

84. Kmart denies the allegations in Paragraph 84.

85. Kmart denies the allegations in Paragraph 85.

86. Kmart denies the allegations in Paragraph 86.

87. Kmart denies the allegations in Paragraph 87.

88. Kmart denies the allegations in Paragraph 88.

## COUNT TWO

89. Kmart hereby repeats each and every response and answer to each and every allegation contained in Paragraphs 1 through 88 of the Complaint as if fully set forth herein.

90. Kmart denies the allegations in Paragraph 90.

91. Kmart denies the allegations in Paragraph 91.

92. Kmart denies the allegations in Paragraph 92.

93. Kmart denies the allegations in Paragraph 93.

94. Kmart denies the allegations in Paragraph 94.

## COUNT THREE

95. Kmart hereby repeats each and every response and answer to each and every allegation contained in Paragraphs 1 through 94 of the Complaint as if fully set forth herein.

96. Kmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Complaint and, accordingly denies same.

97. Kmart denies the allegations in Paragraph 97.

98. The allegations in Paragraph 98 are vague or ambiguous such that Kmart cannot reasonably prepare a response thereto and are, at least for that reason, denied.

99. Kmart denies the allegations in Paragraph 99.

100.     Kmart denies the allegations in Paragraph 100.

101.     Kmart denies the allegations in Paragraph 101.

102.        Kmart denies the allegations in Paragraph 102.

103.        Kmart denies the allegations in Paragraph 103.

104.        Kmart denies the allegations in Paragraph 104.

## COUNT FOUR

105.        Kmart hereby repeats each and every response and answer to each and every

allegation contained in Paragraphs 1 through 104 of the Complaint as if fully set forth

herein.

106.        Kmart denies the allegations in Paragraph 106.

107.        Kmart denies the allegations in Paragraph 107.

108.        Kmart denies the allegations in Paragraph 108.

## COUNT FIVE

109.        Kmart hereby repeats each and every response and answer to each and every

allegation contained in Paragraphs 1 through 108 of the Complaint as if fully set forth

herein.

110.        Kmart denies the allegations in Paragraph 110.

111.        Kmart denies the allegations in Paragraph 111.

112.        Kmart denies the allegations in Paragraph 112.

113.        Kmart denies the allegations in Paragraph 113.

114.        To the extent that Paragraph 114 makes any allegations, denied.

115.        Kmart admit to the demand for trial by jury as to all issues legally required to be

before a jury; otherwise, denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs, in one or more of their numbered causes of action, have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join a necessary party under Fed. R. Civ. P. 19, with respect to any allegations that relate to Royal King (and/or RKI) or to its products.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs come to this Court with unclean hands by means, *inter alia*, of misusing the trademark registration symbol, alleging that unregistered marks are registered such that their claims should be barred under the principles of equity.

## FORTH AFFIRMATIVE DEFENSE

The Plaintiffs have abandoned rights in the marks, products and packaging in which rights are alleged.

## FIFTH AFFIRMATIVE DEFENSE

The allegations should be barred on the basis of laches and/or acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

The alleged trade dress is functional in nature and/or merely descriptive of the goods.

**WHEREFORE** Kmart prays for justice in Defendant's favor and that Plaintiffs claims and the requested relief all be denied.

## COUNTERCLAIMS

As its counterclaims, Kmart alleges:

1. Counterclaim Plaintiff, Kmart Corp., is a corporation organized under the law of the state of Michigan with its principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2. Counterclaim Defendant Luv n' care, Ltd. ("Luv n' care" or "LNC") is a corporation of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

3. Counterclaim Defendant Admar International, Inc. ("Admar") is a corporation of the State of Delaware having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201. LNC and Admar collectively referred to herein as "Counterclaim Defendants."

4. This Court has original subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. § 1121 (the Lanham Act), 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338(a) and (b) (trademark and unfair competition), and 28 U.S.C. § 1367 (supplemental jurisdiction). Jurisdiction is further claimed for the common law allegations under the principles of pendant and/or ancillary jurisdiction.

### COUNT ONE
(False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a)
by Misuse of the Trademark Registration Symbol)

6. Kmart incorporates each and every one of the previous allegations as if set forth fully herein.

7. Counterclaim Defendants falsely suggest that NON-DRIP is a registered mark when, on information and belief, it is not.

8.  Counterclaim Defendants use the registration notice symbol "®" in connection with an alleged mark, VARI-FLO, regarding which, on information and belief, Counterclaim Defendants own no United States Trademark registration.

9.  Counterclaim Defendants use the registration notice symbol ® on the mark LUV N' CARE for goods not listed in the certificate of registration issued by the United States Patent and Trademark Office in connection with said mark.

10. Counterclaim Defendants falsely suggest that the mark NUBY is a registered trademark for goods not listed in the certificate of registration issued in connection with said mark.

11. On information and belief, Counterclaim Defendants use the registration notice symbol "®", and/or claim ownership of registrations as above described, with the intent to deceive consumers and others regarding the nature and extent of said Counterclaim Defendants' rights.

12. Counterclaim Defendants, on or in connection with their goods, or containers for their goods, have used in commerce the aforementioned "®" and/or the aforementioned claim of ownership of registrations and/or the aforementioned false or misleading descriptions of fact and/or the aforementioned false or misleading representations of fact.

13. As a result of the foregoing, Counterclaim Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Counterclaim Defendants' goods or commercial activities by another person.

14. As a result of Defendants' conduct, Kmart has been or is likely to be damaged, all in violation of 15 U.S.C. § 1125(a).

**COUNT TWO**
(Lanham Act, 15 U.S.C. § 1125(a): False Advertising
by Misuse of the Trademark Registration Symbol)

15. Kmart incorporates each and every one of the previous allegations as if set forth fully

herein.

16. In the alternative to the legal theory in Count One, as a result of the foregoing,

Counterclaim Defendants have, in commercial advertising or promotion, misrepresented

the nature, characteristics or qualities of their goods or commercial activities.

17. As a result of Counterclaim Defendants' conduct, Kmart has been or is likely to be

damaged, all in violation of 15 U.S.C. § 1125(a).

**COUNT THREE**
(Willful Conduct in Violation of the Lanham Act, 15 U.S.C. § 1125(a))

18. Kmart incorporates each and every one of the previous allegations as if set forth fully

herein.

19. The aforementioned acts of false advertising and unfair competition have been deliberate

and willful.

**COUNT FOUR**
(Unfair Competition)

20. Kmart incorporates each and every one of the previous allegations as if set forth fully

herein.

21. The Counterclaim Defendants' aforementioned acts constitute business conduct that is

illegal and actionable under the common law of unfair competition of the State of New

York.

20. Kmart has been injured or is likely to be injured due to Counterclaim Defendants' aforementioned actions and is accordingly entitled to the remedies provided under New York Law.

### DAMAGES

21. Counterclaim Plaintiff has no adequate remedy at law for the unlawful acts set forth in Counts One through Four of these Counterclaims. As a result of such aforesaid acts of Counterclaim Defendants, Counterclaim Plaintiff is suffering irreparable harm, and will continue to do so, unless Counterclaim Defendants are restrained and enjoined by this Court from continuing to commit the aforesaid acts.

### COUNT FIVE
(Cancellation of United States Trademark Registration No. 2,335,700)

22. Kmart incorporates each and every one of the previous allegations as if set forth fully herein.

23. In their Complaint, Counterclaim Defendants allege that Counterclaim Defendant Admar is the owner of United States Trademark Registration No. 2,335,700 for the trademark NUBY (the "'700 Registration").

24. On information and belief, the mark in the '700 Registration was either or both never used by the original registrant, was abandoned by the original registrant prior to its alleged assignment to Counterclaim Defendant Admar and/or was assigned without any good will.

25. Alternatively and/or in addition, the mark in the '700 Registration has been abandoned by Counterclaim Defendant Admar by it knowingly permitting another party to claim ownership and/or co-ownership of the registered mark.

**26.** Kmart is likely to be damaged by continuance of the said '700 Registration and the Commissioner of Trademarks should be ordered, pursuant to 15 U.S.C.A. § 1119, to cancel said registration.

<div align="center">

**PRAYER FOR RELIEF**

</div>

WHEREFORE, the Defendant and Counter-Plaintiff Kmart Corp. respectfully requests that judgment be entered against Plaintiffs and Counter-Defendants Luv n' care, Ltd. and Admar International, Inc. in addition to any other relief the Court deems just and equitable.

WHEREFORE, Kmart, respectfully requests that this Court issue a final judgment which:

A. finds that Kmart is not liable to Plaintiffs in any way or capacity;

B. dismisses, with prejudice, all claims asserted against Kmart by Plaintiffs in this case;

C. awards Kmart damages (including exemplary damages), and all of the court costs, attorneys' fees and related expenses it has incurred in connection with this case, including but not limited to all the foregoing available under 15 U.S.C. § 1117;

D. Under 15 U.S.C.A. § 1119, orders the Commissioner of Trademarks to cancel United States Trademark Registration No. ,335,700;

E. grants Kmart all relief requested in Kmart's counterclaims in this case; and

F. grants Kmart all other relief to which it may be justly entitled.

Dated: August 4, 2008

<div style="margin-left: 40%;">

Kmart Corp.
By its attorneys,


/s/ Scott A. Daniels
Scott A. Daniels (SD 9727)
sdaniels@davisandbujold.com

</div>

> Davis Bujold & Daniels, P.L.L.C.
> 112 Pleasant Street
> Concord, New Hampshire 03001
> (603) 226-7490 (general line)
> (603) 226-7499 (fax)

Ralph Wood (RW 1898)
399 Knollwood Rd.
Suite 310
White Plains, NY 10603-1936
(914) 761-8503 (general line)
(914) 682-9128 (Fax)
rwoodesq@aol.com (E-Mail)

COUNSEL FOR DEFENDANT AND
COUNTERCLAIM PLAINTIFF

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on the 4th day of August, 2008, I caused a true and correct copy of the foregoing to be served upon the following via the Court's ECF Notification System:

Morris E. Cohen (MC-4620)
Law Office of Morris E. Cohen, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 x226 (phone)
212-563-7108 (fax)
mcohen@ipcases.com (email)

/s/ Scott A. Daniels