Alan M. Weisberg (SD No. 9062)
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
aweisberg@cwiplaw.com

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUV N' CARE, LTD. and<br>ADMAR INTERNATIONAL, Inc.<br><br>    Plaintiffs,<br><br>vs.<br><br>WALGREEN CO. and<br>KMART CORP.<br><br>    Defendants. | CIVIL ACTION NO.<br><br>08-CIV 4457 (DC/HP) |

### DEFENDANT WALGREEN CO.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant WALGREEN CO. ("Walgreens" or "Defendant") Answers the Complaint as follows:

1. Admit.

2. Deny.

3. Deny.

4. Admit.

5. Admit.

6. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

7. Admit.

8. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

9. Deny.

10. Walgreens acknowledges that United States Trademark Registration No. 2,335,700 for the mark NUBY was issued by the United States Patent and Trademark Office on March 28, 2000. Walgreens lacks information sufficient to form a belief as to the remaining allegations set forth in this paragraph and therefore denies them.

11. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

12. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

13. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

14. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

20. Admit as to Walgreens.

21. Admit that Walgreens has, in the past, bought products from Luv n' Care. As the term "regularly" is not defined, Walgreens denies the remainder of the allegations in this paragraph.

22. Deny as to Walgreens.

23. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

24. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them

25. Deny as to Walgreens.

26. Deny as to Walgreens.

27. Deny as to Walgreens.

28. Deny as to Walgreens.

29. Walgreens admits that Exhibits A-E include, among them, pictures of products sold by Walgreens. Walgreens denies the remaining allegations set forth in this paragraph.

30. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

31. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

32. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

33. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

34. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

35. Deny.

36. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

37. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

38. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

39. Walgreens admits that a photograph of an RK product appears in Exhibit B. Walgreens denies that the RK product is a copy.

40. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

41. Deny.

42. Walgreens admits that it has, in the past, sold a Luv N' Care product that appears similar to the image on the right side of Exhibit B. Walgreens lacks information sufficient to form a belief regarding the remaining allegations set forth in this paragraph and therefore denies them.

43. Walgreens admits that it no longer sells the Luv N' Care product that appears similar to the image on the right side of Exhibit B. Walgreens denies the remaining allegations set forth in this paragraph.

44. Walgreens admits that a photograph of an RK product appears in Exhibit C. Walgreens denies that the RK product is a copy.

45. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

46. Deny.

47. Walgreens admits that it has, in the past, sold a Luv N' Care product that appears similar to the image on the right side of Exhibit C.

48. Walgreens admits that it no longer sells the Luv N' Care product that appears similar to the image on the right side of Exhibit C.  Walgreens denies the remaining allegations set forth in this paragraph.

49. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

50. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

51. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

52. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

53. Walgreens admits that a photograph of an RK product appears in Exhibit E. Walgreens denies that the RK product is a copy.

54. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

55. Deny.

56. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

63. Walgreens admits that it sells some of the products identified in Exhibits A-E and realizes a profit from said sales.

64. Deny.

65. Deny as to Walgreens.

66. Deny as to Walgreens.

67. Deny as to Walgreens.

68. Admit that a purported copy of an article from ABC News entitled "ABC Tests 100 Children's Products and Finds 10 With Lead" is attached to the Complaint and labeled as Exhibit G. Walgreens lacks information sufficient to form a belief as to the remaining allegations set forth in this paragraph and therefore denies them.

69. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

70. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

71. Deny.

72. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

73. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

74. Deny.

75. Deny as to Walgreens.

76. Deny as to Walgreens.

77. Deny as to Walgreens.

78. Deny as to Walgreens.

79. Walgreens admits that it received the letter dated July 18, 2006, attached to the Complaint as Exhibit F.

80. Deny.

81. Deny.

82. Walgreens realleges each of its previous answers contained in paragraphs 1 through 81.

83. Deny as to Walgreens.

84. Deny as to Walgreens.

85. Deny.

86. Deny as to Walgreens.

87. Deny as to Walgreens.

88. Deny.

89. Walgreens realleges each of its previous answers contained in paragraphs 1 through 88.

90. Deny.

91. Deny.

92. Deny.

93. Deny as to Walgreens.

94. Deny.

95. Walgreens realleges each of its previous answers contained in paragraphs 1 through 94.

96. Walgreens lacks information sufficient to form a belief as to these allegations and therefore denies them.

97. Deny as to Walgreens.

98. The term "they" is vague and ambiguous. As best understood, Walgreens denies the allegations in this paragraph.

99. Deny as to Walgreens.

100. Deny.

101. Deny.

102. Deny.

103. Deny.

104. Deny.

105. Walgreens realleges each of its previous answers contained in paragraphs 1 through 104.

106. Deny.

107. Deny.

108. Deny.

109. Walgreens realleges each of its previous answers contained in paragraphs 1 through 108.

110. Deny.

111.  Deny.

112.  Deny.

113.  Deny.

114.  Walgreens acknowledges that Plaintiff is requesting this Court to assess enhanced and punitive damages. Walgreens denies the remaining allegations set forth in this paragraph.

115.  Walgreens acknowledges that Plaintiff is requesting a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs, in each cause of action stated in the Complaint, have failed to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs possess no trademark rights for their asserted product designs.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs cannot demonstrate any likelihood that the public will be confused, misled, or deceived as to the source of Defendant, Walgreens' products or that Defendant, Walgreens' products are associated with, originate with, or are endorsed by, Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations should be barred under the theory of laches and/or acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

The alleged trademarks asserted by Plaintiffs as to its product designs and packaging are not famous.

## SIXTH AFFIRMATIVE DEFENSE

The alleged trade dress asserted by Plaintiffs as to its product designs and packaging is functional and therefore not protectable under trade dress or trademark law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiffs have adequate remedy at law.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Walgreen Co. ("Walgreens") alleges for its counterclaims against Plaintiffs and Counterclaim Defendants Luv n' Care, Ltd. and Admar International, Inc. (collectively "Counterclaim Defendants") as follows:

1.      Counterclaim Plaintiff Walgreens is an Illinois corporation having a principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015.

2.      Upon information and belief, Counterclaim Defendant, Luv N' care, Ltd. is a Louisiana corporation having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

3.      Upon information and belief, Counterclaim Defendant, Admar International, Inc. is a Delaware corporation having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

4.      This Court has subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338, 28 U.S.C. § 1367 and 28 U.S.C. § 2201.

5.      Venue is proper pursuant to 28 U.S.C. § 1391

## **COUNT I**

## **DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF ALLEGED TRADEMARK RIGHTS**

6. Walgreens realleges each and every previous allegation as if set forth fully herein.

7. Walgreens is under direct threat of trademark infringement in the lawsuit filed in this Court.

8. A direct threat of trademark infringement is causing immediate and substantial irreparable harm to Walgreens.

9. An actual and justiceable case and controversy exists as to whether Walgreens infringes or does not infringe the asserted trademark rights alleged to be owned by Counterclaim Defendants.

10. With regard to its product designs, Counterclaim Defendants possesses no discernable trademark rights since the product designs have not developed the required secondary meaning in the marketplace or, in the alternative contain functional elements that are not protectable under trademark law.

11. The products sold by Walgreens are not confusingly similar to those sold by Counterclaim Defendants, and therefore are not likely to cause confusion in the marketplace as to the source of Walgreens' products or that Walgreens' products are associated with, originate with, or are endorsed by Counterclaim Defendants.

12. Walgreens is thus entitled to a declaration and judgment that Walgreens has not infringed and is not infringing any alleged trademark rights of Counterclaim Defendants.

13. Without such a declaration, Counterclaim Defendants will continue to assert claims of trademark infringement against Walgreens.

## COUNT II

### DECLARATORY JUDGMENT FOR NON-DILUTION OF ALLEGED TRADEMARK RIGHTS

14. Walgreens realleges each and every previous allegation as if set forth fully herein.

15. Counterclaim Defendants' asserted products designs are not famous.

16. Walgreens has not diluted or in any way tarnished any alleged distinctive qualities of Counterclaim Defendants' asserted product designs.

17. Walgreens is thus entitled to a declaration and judgment that Walgreens has not diluted any alleged trademark rights of Counterclaim Defendants.

18. Without such a declaration, Counterclaim Defendants will continue to assert claims of dilution against Walgreens.

## COUNT III

### DECLARATORY JUDGMENT FOR UNENFORCEABILITY OF PLAINTIFFS' ALLEGED TRADEMARK RIGHTS UNDER THE THEORY OF LACHES AND ACQUIESCENCE

19. Walgreens realleges each and every previous allegation as if set forth fully herein.

20. Counterclaim Defendants' knowledge of Walgreens' activities and Counterclaim Defendants' failure to take appropriate and timely action renders any of Counterclaim Defendants' alleged trademark rights unto its asserted designs, unenforceable as to Walgreens.

21. Walgreens is thus entitled to a declaration and judgment that Counterclaim Defendants' alleged trademark rights are unenforceable against Walgreens.

22. Without such a declaration, Counterclaim Defendants will continue to assert claims of trademark infringement and dilution against Walgreens.

## **PRAYER FOR RELIEF**

WHEREFORE, Walgreens, respectfully requests this Court to enter judgment against Counterclaim Defendants, Admar International, Inc. and Luv n' Care Ltd. in addition to any other relief this Court deems just and equitable.

WHEREFORE, Walgreens respectfully requests this Court:

A.   Declare that Plaintiffs possess no trademark rights for their asserted product designs;

B.   Declare that the Defendant, Walgreens is not liable to Plaintiffs for any of the allegations set forth in the Complaint;

B.   Dismiss, with prejudice, all claims asserted against Defendant, Walgreens by Plaintiffs in this case;

C.   Award Defendant, Walgreens, damages, reasonable attorneys fees incurred, and costs in defense of this action;

D.   Award Defendant, Walgreens, all relief requested in Walgreens' Counterclaims; and

  E. Award Defendants any other and further relief the Court finds appropriate.

Dated:  August 6, 2008         Respectfully Submitted,

                   /s/ Alan M. Weisberg

                Alan M. Weisberg (SD No. 9062)
                CHRISTOPHER & WEISBERG, P.A.
                200 East Las Olas Boulevard, Suite 2040
                Fort Lauderdale, Florida 33301
                Telephone: (954) 828-1488
                aweisberg@cwiplaw.com
                ***Attorneys for Defendant and Counterclaim Plaintiff Walgreen Co.***

## **CERTIFICATE OF SERVICE**

      I CERTIFY a true and correct copy of the foregoing document is being deposited with the United States Postal Service in First Class postage-paid envelopes on August 6, 2008 to:

Morris E. Cohen, Esq.
Rochelle R. Weisburg, Esq.
Law Office of Morris E. Cohen, P.C.
One Penn Plaza
Suite 2527
New York, NY 10119
(212) 244-4111


       /s/ Alan M. Weisberg
      Alan M. Weisberg

117751