Morris E. Cohen (MC-4620)
Rochelle R. Weisburg (RW-6848)
Law Office of Morris E. Cohen, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 x226 (phone)
212-563-7108 (fax)
mcohen@ipcases.com (email)

Of Counsel:
Joe D. Guerriero (Bar No. 06391)
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
318-338-3603 (phone)
318-388-5892 (fax)
joed@luvncare.com (email)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO. and KMART CORP.<br><br>Defendants. | CIVIL ACTION NO.<br><br>08 CIV 4457 (DC/HP)<br><br>JURY TRIAL DEMANDED |

**LUV N' CARE AND ADMAR'S ANSWER TO
KMART'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiffs, Luv n' care, Ltd. ("Luv n' Care") and Admar International, Inc. ("Admar" with Luv n' Care, collectively identified as, "Plaintiffs") by their attorneys, hereby Answer the Counterclaims of Kmart Corp. ("Kmart") as follows:

## ANSWER TO COUNTERCLAIMS

Except as expressly admitted below, Luv n' care and Admar deny each and every allegation contained in Kmart's Counterclaims and Affirmative Defenses, and oppose all requests therein.

1. Luv n' care and Admar are without information sufficient to form a belief as to the allegations set forth in paragraph "1" of the Answer and on that basis deny the allegations contained therein.

2. Luv n' care and Admar admit the allegations contained in paragraph "2".

3. Luv n' care and Admar admit the allegations contained in paragraph "3".

4. Luv n' care and Admar admit that this Court has subject matter jurisdiction to hear actions under 15 U.S.C. §1121, 28 U.S.C. §§1331, 1338(a) and (b), and §1367, but deny any remaining allegations contained in paragraph "4".

## COUNT ONE

5. Luv n' care and Admar note that the paragraphs of the Answer are erroneously and confusingly misnumbered such that there is no paragraph numbered 5, accordingly, no response to a numbered paragraph 5 is required.

6. In response to the paragraph numbered "6", Luv n' care and Admar reiterate and repeat their responses to each and every one of Kmart's previous allegations as if fully set forth herein.

7. Luv n' care and Admar deny the allegations contained in the paragraph numbered "7".

8. Luv n' care and Admar deny the allegations contained in the paragraph numbered "8".

9. Luv n' care and Admar deny the allegations contained in the paragraph numbered "9".

10. Luv n' care and Admar deny the allegations contained in the paragraph numbered "10".

11. Luv n' care and Admar deny the allegations contained in the paragraph numbered "11".

12. Luv n' care and Admar deny the allegations contained in the paragraph numbered "12".

13. Luv n' care and Admar deny the allegations contained in the paragraph numbered "13".

14. Luv n' care and Admar deny the allegations contained in the paragraph numbered "14".

## COUNT TWO

15. In response to the paragraph numbered "15", Luv n' care and Admar reiterate and repeat their responses to each and every one of Kmart's previous allegations as if fully set forth herein.

16. Luv n' care and Admar deny the allegations contained in the paragraph numbered "16".

17. Luv n' care and Admar deny the allegations contained in the paragraph numbered "17".

## COUNT THREE

18. In response to the paragraph numbered "18", Luv n' care and Admar reiterate and repeat their responses to each and every one of Kmart's previous allegations as if fully set forth herein.

19. Luv n' care and Admar deny the allegations contained in the paragraph numbered "19".

## COUNT FOUR

20. In response to the paragraph numbered "20", Luv n' care and Admar reiterate and repeat their responses to each and every one of Kmart's previous allegations as if fully set forth herein.

21. Luv n' care and Admar deny the allegations contained in the paragraph "21".

22. Luv n' care and Admar deny the allegations contained in the subsequent paragraph, which is erroneously misnumbered by Defendant Kmart as a second paragraph "20".

## DAMAGES

23. Luv n' care and Admar deny the allegations contained in the subsequent paragraph, which is erroneously misnumbered by Defendant Kmart as a second paragraph "21".

**COUNT FIVE**

24. In response to the subsequent paragraph, which is erroneously misnumbered by Defendant Kmart as a second paragraph "22", Luv n' care and Admar reiterate and repeat their responses to each and every one of Kmart's previous allegations as if fully set forth herein.

25. Luv n' care and Admar admit the allegations in the subsequent paragraph, which is erroneously misnumbered by Defendant Kmart as a second paragraph "23".

26. Luv n' care and Admar deny the allegations contained in the subsequent paragraph, which is erroneously misnumbered by Defendant Kmart as a second paragraph "24".

27. Luv n' care and Admar deny the allegations contained in the subsequent paragraph, which is erroneously misnumbered by Defendant Kmart as a second paragraph "25".

28. Luv n' care and Admar deny the allegations contained in the subsequent paragraph, which is erroneously misnumbered by Defendant Kmart as a second paragraph "26".

**AFFIRMATIVE DEFENSES**

Plaintiffs set forth the following defenses to Kmart's Counterclaims. Plaintiffs' assertion of defenses it is entitled to is not intended to alter the applicable burdens of proof on the parties, nor intended to limit its rights in any manner. Plaintiffs expressly reserves the right to supplement the defenses below based upon any information of which it may become aware during the course of this action, and to assert any further defenses, positions, claims and counterclaims that it becomes aware of during discovery or at trial, as applicable.

**FIRST AFFIRMATIVE DEFENSE**

Kmart has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Kmart's claims are barred because at all relevant times Plaintiffs acted in good faith.

**THIRD AFFIRMATIVE DEFENSE**

Kmart's claims are barred by the equitable doctrine of unclean hands. Kmart has come to this court engaged in illegal activity, including, *inter alia*, deliberate misleading copying in willful infringement of Luv n' care and Admar's intellectual property rights.

Kmart's claims are also barred by unclean hands for bringing and multiplying meritless counterclaims for the purposes of engaging in vexatious conduct and misuse of the judicial process.

Accordingly, Kmart is not entitled to any relief for their alleged causes of action, and its claims should be barred under principles of equity.

**FOURTH AFFIRMATIVE DEFENSE**

Kmart's claims are barred under the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Kmart's claims are barred under the doctrine of acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**

Kmart's claims are barred under the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Kmart's claims are barred because no actions or statements by Luv n' care or Admar have caused or contributed to any injuries or damages to Kmart, or to any other alleged injuries or damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Kmart's claims are barred because Plaintiffs' trademark to NUBY® has been ruled incontestable by the United States Patent and Trademark Office.

**NINTH AFFIRMATIVE DEFENSE**

Kmart's claims are barred because Kmart is without standing to assert its counterclaims and to demand the relief demanded therein.

**TENTH AFFIRMATIVE DEFENSE**

Kmart's claims are barred under the applicable statute(s) of limitations and legal deadlines applicable thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment of this Court:

(a)  Dismissing all of Kmart's counterclaims with prejudice and denying all of Kmart's claims for relief;

(b)  Entering Judgment in favor of Plaintiffs on each of Kmart's counterclaims;

(c)  Awarding Plaintiffs their damages, court costs, attorneys' fees and expenses incurred in this action and on defense of the counterclaims, with pre-judgment and post-judgment interest on all amounts awarded;

(d)  Awarding Plaintiffs all further relief permitted under the laws of the United States and the State of New York; and,

(e)  Awarding Plaintiffs all such other and further relief as the Court may deem just and equitable.

Dated: August 25, 2008

Respectfully submitted,

*/s/ Morris E. Cohen*

_____
Morris E. Cohen (MEC-4620)
Rochelle R. Weisburg (RRW-6848)
Law Office of Morris E. Cohen, P.C.
1 Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 x226 (phone)
212-563-7108 (fax)
mcohen@ipcases.com (email)

Of Counsel:
Joe D. Guerriero (Bar No. 06391)
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
318-338-3603 (phone)
318-388-5892 (fax)

Attorneys for Plaintiffs Luv n' care, Ltd. and Admar International, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that this 25th day of August 2008, I electronically transmitted the attached document to the Clerk of the Court using the ECF filing system for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Scott A Daniels: | sdaniels@davisandbujold.com |
| | patent@davisandbujold.com |
| Neal E Friedman: | nfriedman@davisandbujold.com |
| | patent@davisandbujold.com |
| Ralph Woods | rwoodsesq@aol.com |
| Alan M. Weisberg | aweisberg@cwcip.com |

Dated: August 25, 2008        By:    */s/ Morris E. Cohen*

                                      _____
                                      Morris E. Cohen