Morris E. Cohen (MC-4620)
Rochelle R. Weisburg (RW-6848)
Law Office of Morris E. Cohen, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 x226 (phone)
212-563-7108 (fax)
mcohen@ipcases.com (email)

Of Counsel:
Joe D. Guerriero (Bar No. 06391)
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
318-338-3603 (phone)
318-388-5892 (fax)
joed@luvncare.com (email)
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC.<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>Walgreens CO. and KMART CORP.<br><br>　　　　　　　　　Defendants. | CIVIL ACTION NO.<br><br>08 CIV 4457 (DC/HP)<br><br>JURY TRIAL DEMANDED |

**LUV N' CARE AND ADMAR'S ANSWER TO
WALGREEN CO'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiffs, Luv n' care, Ltd. ("Luv n' Care") and Admar International, Inc. ("Admar" with Luv n' care, collectively identified as, "Plaintiffs") by their attorneys, hereby Answer the Counterclaims of Walgreen Co. ("Walgreens") as follows:

## ANSWER TO COUNTERCLAIMS

Except as expressly admitted below, Luv n' care and Admar deny each and every allegation contained in Walgreens' Counterclaims and Affirmative Defenses, and oppose all requests therein.

1. Luv n' care and Admar are without information sufficient to form a belief as to the allegations set forth in paragraph "1" of the Answer and on that basis deny the allegations contained therein.

2. Luv n' care and Admar admit the allegations contained in paragraph "2".

3. Luv n' care and Admar admit the allegations contained in paragraph "3".

4. Luv n' care and Admar admit that this Court has subject matter jurisdiction to hear actions under 15 U.S.C. §1121, 28 U.S.C. §§1331, 1338(a) and (b), and §1367, but deny any remaining allegations contained in paragraph "4".

5. Luv n' care and Admar admit the allegations contained in paragraph "5".

## COUNT ONE

6. Luv n' care and Admar reiterate and repeat their responses to each and every one of Walgreens previous allegations as if fully set forth herein.

7. Luv n' care and Admar admit that Walgreens has been sued for trademark infringement in this Court. To the extent that the allegation "under direct threat of trademark infringement" is in paragraph "7" is unclear and ambiguous, Luv n' care denies the remaining allegations contained in paragraph "7".

8. Luv n' care and Admar deny the allegations contained in paragraph "8".

9. Luv n' care and Admar deny the allegations contained in paragraph "9".

10. Luv n' care and Admar deny the allegations contained in paragraph "10".

11. Luv n' care and Admar deny the allegations contained in paragraph "11".

12. Luv n' care and Admar deny the allegations contained in paragraph "12".

13. Luv n' care and Admar deny the allegations contained in paragraph "13".

## COUNT TWO

14. Luv n' care and Admar reiterate and repeat their responses to each and every one of Walgreens' previous allegations as if fully set forth herein.

15. Luv n' care and Admar deny the allegations contained in paragraph "15".

16. Luv n' care and Admar deny the allegations contained in paragraph "16".

17. Luv n' care and Admar deny the allegations contained in paragraph "17".

18. Luv n' care and Admar deny the allegations contained in paragraph "18".

## COUNT THREE

19. Luv n' care and Admar reiterate and repeat their responses to each and every one of Walgreens' previous allegations as if fully set forth herein.

20. Luv n' care and Admar deny the allegations contained in paragraph "20".

21. Luv n' care and Admar deny the allegations contained in paragraph "21".

22. Luv n' care and Admar deny the allegations contained in paragraph "22".

## AFFIRMATIVE DEFENSES

Plaintiffs set forth the following defenses to Walgreens' Counterclaims. Plaintiffs' assertion of defenses it is entitled to is not intended to alter the applicable burdens of proof on the parties, nor intended to limit its rights in any manner. Plaintiffs expressly reserve the right to supplement the defenses below based upon any information of which they may become aware during the course of this action, and to assert any further defenses, positions, claims and counterclaims that they become aware of during discovery or at trial, as applicable.

## FIRST AFFIRMATIVE DEFENSE

Walgreens has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Walgreens' claims are barred because at all relevant times Plaintiffs acted in good faith.

## THIRD AFFIRMATIVE DEFENSE

Walgreens' claims are barred by the equitable doctrine of unclean hands.  Walgreens has come to this court engaged in illegal activity, including, *inter alia*, deliberate misleading copying in willful infringement of Luv n' care and Admar's intellectual property rights.

Walgreens' claims are also barred by unclean hands for bringing and multiplying meritless counterclaims for the purposes of engaging in vexatious conduct and misuse of the judicial process.

Accordingly, Walgreens is not entitled to any relief for their alleged causes of action, and its claims should be barred under principles of equity.

## FOURTH AFFIRMATIVE DEFENSE

Walgreens' claims are barred under the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Walgreens' claims are barred under the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

Walgreens' claims are barred under the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Walgreens' claims are barred because no actions or statements by Luv n' care or Admar have caused or contributed to any injuries or damages to Walgreen, or to any other alleged injuries or damages.

### EIGHTH AFFIRMATIVE DEFENSE

Walgreens' claims are barred because Plaintiffs' trademark to NUBY® has been ruled incontestable by the United States Patent and Trademark Office.

### NINTH AFFIRMATIVE DEFENSE

Walgreens' claims are barred because Walgreens is without standing to assert its counterclaims and to demand the relief demanded therein.

### TENTH AFFIRMATIVE DEFENSE

Walgreens' claims are barred under the applicable statute(s) of limitations and legal deadlines applicable thereto.

### JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and all applicable law, Plaintiffs request a trial by jury on any and all issues in this action so triable, including, but not limited to, any and all issues raised by Defendants Walgreens and Kmart.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment of this Court:

(a)  Dismissing all of Walgreens' counterclaims with prejudice and denying all of Walgreens' claims for relief;

(b)  Entering Judgment in favor of Plaintiffs on each of Walgreens' counterclaims;

(c)  Awarding Plaintiffs their damages, court costs, attorneys' fees and expenses incurred in this action and on defense of the counterclaims, with pre-judgment and post-judgment interest on all amounts awarded;

(d)  Awarding Plaintiffs all further relief permitted under the laws of the United States and the State of New York; and,

(e)  Awarding Plaintiffs all such other and further relief as the Court may deem just and equitable.

Dated: August 26, 2008                     Respectfully submitted,

*/s/ Morris E. Cohen*
_____
Morris E. Cohen (MEC-4620)
Rochelle R. Weisburg (RRW-6848)
Law Office of Morris E. Cohen, P.C.
1 Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 x226 (phone)
212-563-7108 (fax)
mcohen@ipcases.com (email)

Of Counsel:
Joe D. Guerriero (Bar No. 06391)
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this 26${}^{th}$ day of August 2008, I electronically transmitted the attached document to the Clerk of the Court using the ECF filing system for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Scott A Daniels: | sdaniels@davisandbujold.com |
| | patent@davisandbujold.com |
| Neal E Friedman: | nfriedman@davisandbujold.com |
| | patent@davisandbujold.com |
| Ralph Woods | rwoodsesq@aol.com |
| Alan M. Weisberg | aweisberg@cwcip.com |

Dated: August 26, 2008    By:    */s/ Morris E. Cohen*

_____

Morris E. Cohen