UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC. | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08 CIV 4457 (DC/HP) |
| | ) |
| | ) |
| WALGREEN CO. and KMART CORP. | ) |
| Defendant. | ) |

--------------------------------------------------------

---

**DEFEDANT KMART CORP. FIRST SET OF
INTERROGATORIES TO PLAINTIFFS
LUV N' CARE, LTD. AND ADMAR INTERNATIONAL, INC.**

---

TO:    Plaintiff, **LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC.**, by and through their attorney of record:

Morris Cohen
Law Office of Morris E. Cohen, PC
One Penn Plaza, Suite 2527
New York, NY 10119
***VIA EMAIL***: mcohen@ipcases.com

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant KMART CORP.

("KMART") requests that Plaintiffs LUV N' CARE, LTD. and ADMAR INTERNATIONAL,

INC. provide answers to the following interrogatories at the offices of, Daniels Patent Law, PLLC

43 Centre St Concord, New Hampshire 03301 within thirty (30) days.

## DEFINITIONS AND INSTRUCTIONS

1.    "Plaintiffs" means Plaintiffs in the Lawsuit and their respective officers, employees, agents, representatives, and anyone acting on their behalf or at their request, including attorneys, expert witnesses, or other individuals employed in any way in connection with any matter concerning or alleged in the Lawsuit.

2.    "Lawsuit" means the action styled *Luv N' Care, Ltd. and Admar International, Inc. v. Walgreen Co. and KMART Corp.*, Case No. 08 CIV 4457 (DC/HP), in the United States District Court for the Southern District of New York.

3.    "Asserted Marks" means the trademarks, service marks, and trade dress allegedly owned by the Plaintiffs and asserted in the Complaint.

4.    "KMART Marks" means all words, terms, phrases, devices, symbols, product designs, and product packaging used or sold by KMART that Plaintiffs assert in the Complaint as violating Plaintiffs' rights in the Asserted Marks.

5.    "Complaint" means the Complaint, and all amendments or supplements thereto, filed by Plaintiffs in the Lawsuit.

6.    The "'700 Registration" means United States Trademark Registration No. 2,335,700.

7.    The term "documents" shall mean and include any and all written, recorded, printed, and graphic matter, however produced or reproduced, of any kind and description, including, but not limited to, all communications, correspondence, letters, telegrams, notes, memoranda of meetings, reports, directives, inter-company communications, e-mails, documents, diaries, logs, contracts, licenses, ledgers, books of account, vouchers, checks, invoices, charge slips, receipts, freight bills, working papers, desk calendars, appointment books,

maps, plats, engineering studies, drawings, photographs, and writings of every kind or description, tape recordings, computer printouts, computer programs, magnetic cards, microfilm, microfiches, or other electronic or mechanical information or data of any kind or description, including both originals and copies.

8.      Unless otherwise stated, the discovery period covered by these document requests shall be the period commencing on the earliest date Plaintiffs' first conceived of any Asserted Mark to the date of trial of the Lawsuit.

9.      The conjunctions "and" and "or" shall be construed both conjunctively and disjunctively.

10.     The singular form of a word shall include its plural form and vice versa whenever such dual construction will make the request more comprehensive in its scope.

11.     The term "person" shall be understood to refer to all natural persons, as well as corporations, unincorporated associations, partnerships, joint ventures, and other artificial persons or groups of persons of any kind, no matter how identified or how organized.

12.     If any information is withheld under a claim of privilege or the attorney work product doctrine, provide the following information:

        a.      Identifying the information; and

        b.      A specification of which privilege applies and, where more than one privilege is asserted for information, the portions of that information to which each specified privilege applies.

13.     With respect to any requested information that has been destroyed, describe:

      a.     The date or dates of the information bore, or, if undated, the date it was written or created or both;

      b.     The name and address of each person who created it;

      c.     The name and address of each person who may have had access to or known of the information;

      d.     A description of the information as, for instance, "letter," "memorandum," "conversation," etc.;

      e.     The information's last known location or custodian; and

      f.     The circumstances or the reason for the destruction of the information, and the date the information or thing was destroyed.

## INTERROGATORIES

**INTERROGATORY NO. 1:**        Please identify and describe with particularity each Asserted Mark.  For each item of trade dress within the Asserted Marks, please identify and describe with particularity, in chart form, the allegedly distinctive design element (either because it is allegedly inherently distinctive or because it allegedly has acquired secondary meaning) which composes the alleged trade dress.  If shape or color is part of an Asserted Mark, please identify the shape or color with particularly.

**INTERROGATORY NO. 2:**        For each element of the trade dress identified in response to Interrogatory No. 1, please identify, again in chart form, the corresponding elements in the allegedly infringing and/or diluting KMART product.

**INTERROGATORY NO. 3:**        Please identify for each of the Asserted Marks the persons, business entities, corporation or otherwise to whom the Asserted Marks are licensed, or who have otherwise obtained rights to make, use and/or sell the Asserted Marks with packaging including a mark or trade dress not owned by Plaintiffs.

**INTERROGATORY NO. 4:**        For each Asserted Mark, please identify all goods or services offered under or bearing such Mark from inception of such Mark to the present.

**INTERROGATORY NO. 5:**        For each Asserted Mark, please state whether you assert such Mark is inherently distinctive or whether such Mark has acquired distinctiveness.

**INTERROGATORY NO. 6:**     For each Asserted Mark that you stated in response to Interrogatory No. 3 as having acquired distinctiveness, please provide all facts that support those Marks having acquired distinctiveness.

**INTERROGATORY NO. 7:**     For each Asserted Mark, please describe in detail all outlets and channels of trade through which Plaintiffs offer or distribute goods and/or services under such Mark.

**INTERROGATORY NO. 8:**     For each Asserted Mark, please describe in detail all classes of purchasers for the goods and/or services offered under or bearing such Mark, including but not limited to identification of specific professions or titles of such purchasers.

**INTERROGATORY NO. 9:**     For each Asserted Mark, please identify the top five (5) purchasers of the goods and/or services offered under or bearing such Mark for each of the past five (5) years.

**INTERROGATORY NO. 10:**     For each Asserted Mark, please identify all markets and consumer groups targeted by Plaintiffs.

**INTERROGATORY NO. 11:**     For each of the KMART Marks that Plaintiffs allege creates a likelihood of confusion with any Asserted Mark, please identify (by day, month, and year if possible) when Plaintiffs first had knowledge of the KMART Mark and the circumstances surrounding acquisition of such knowledge by Plaintiffs..

**INTERROGATORY NO. 12:**    Please identify and describe all instances of actual confusion or mistake between any of the KMART Marks and any of the Asserted Marks, including but not limited to all persons having knowledge of the alleged confusion, the date such confusion allegedly occurred, the circumstances under which such confusion allegedly occurred, the identity and contact information of the person(s) allegedly confused, and identification of all documents relating to such alleged confusion.

**INTERROGATORY NO. 13:**    For each Asserted Mark, please identify the geographic location(s), on at least a state-by-state basis, where goods and/or services offered under or bearing such Mark has been offered or distributed, the dates when the goods and/or services were first promoted in each geographic location, the date when the goods and/or services were first sold or distributed in each geographic location, the circumstances surrounding such first sale, distribution, and promotion, and the last date that such goods and/or services were promoted, sold, or distributed in each geographic location.

**INTERROGATORY NO. 14:**    For each Asserted Mark, please identify all media in or through which Plaintiffs have advertised or promoted such Mark.  If such activity is in publications published by someone other than Plaintiffs, then please provide the name of the publication and the dates that such advertisements and promotions were published.

**INTERROGATORY NO. 15:**    For each Asserted Mark, please detail why Plaintiffs contend that a likelihood of confusion exists with the KMART Marks, including but not limited to

identifying the respective KMART Mark and Asserted Mark alleged to be confusingly similar and all facts supporting your allegations under the digits of confusion, i.e., (a) the type/strength of the Asserted Mark allegedly infringed; (b) the similarity between the KMART Mark and the Asserted Mark; (c) the similarity of the goods and/or services; (d) the degree of care exercised by purchasers; (e) the identity of the retail outlets and purchasers; (f) the identity of the advertising media used; (g) KMART's intent; and (h) any evidence of actual confusion.

**INTERROGATORY NO. 16:**  For each Asserted Mark, please detail why Plaintiffs contend such Mark has been diluted by a KMART Mark, including but not limited to all facts allegedly establishing the fame of such Asserted Mark, whether Plaintiffs are relying on dilution by tarnishment or dilution by blurring, and detailing all facts allegedly supporting Plaintiffs' assertion that tarnishment or blurring has occurred.

**INTERROGATORY NO. 17:**  Please describe all damages that Plaintiffs seek from KMART in the Lawsuit, including but not limited to the monetary amount of such damages, the method of calculation of such damages, and identification of all documents used in or supporting such calculations.

**INTERROGATORY NO. 18:**  Identify any study, research, focus group, testing or similar validation procedure initiated or employed by Plaintiffs or any person or entity at Plaintiffs' request  or on behalf of Plaintiffs to determine the presence and/or absence of any confustion between the Asserted Marks and KMART Marks or to establish secondary meaning in the Asserted Marks.

**INTERROGATORY NO. 19:**   Please state all facts supporting the allegation in paragraph 92 of the Complaint that "Defendant's actopms in using Plaintiffs' famous marks in commerce are causing, and continue to cause, actual dilution of the distinctive quality of Plaintiffs' mark, including blurring and tarnishment of Plaintiff's mark." including but not limited to identifying with particularity the famous marks and alleged willful intent to trade on Plaintiff's reputation.

**INTERROGATORY NO. 20:**   Please state all facts supporting the allegation in Paragraph 111 of the Complaint that "Defendant's activities have also created actual injury to Plaintiffs' business reputation and actual dilution of the distinctive quality of Plaintiffs' products and packaging." including but not limited to identifying with particularity all incidents of actual injury and actual dilution.

**INTERROGATORY NO. 21:**   Please state all facts supporting the allegation in Paragraph 115 of the Complaint that "Defendant has further spread false claims regarding Plaintiffs and their products and regarding the origin of its own products, and has engaged in disparagement of Plaintiffs and their products, to also divert those purchases from Plaintiffs," including but not limited to identifying with particularity all alleged false claims and disparagements.

**INTERROGATORY NO. 22:**   Please indicate the federally registered trademark number for the Mark "VARI-FLO®" as printed on the packaging for Exhibits A in the Complaint.  If no such U.S. trademark registration number exists, explain why the Mark "VARI-FLO®" is sold with the federally registered trademark symbol ®.

**INTERROGATORY NO. 23:** Identify all persons who participated in any way in the preparation of the answers or responses to these interrogatories and state specifically, with reference to interrogatory numbers, the area of participation of each such person (excluding only Plaintiffs' lawyers or their representatives).

Dated:  January 21, 2009                    /s/ Scott A. Daniels

                                           Scott A. Daniels
                                           Daniels Patent Law, PLLC
                                           43 Centre St.
                                           Concord, NH 03301
                                           (603) 226-8610 (general line)
                                           (603) 226-8611 - (fax)
                                           scott@danielspatentlaw.com

Ralph Wood (RW 1898)
399 Knollwood Rd.
Suite 310
White Plains, NY 10603-1936
(914) 761-8503 (general line)
(914) 682-9128 (Fax)
rwoodesq@aol.com (E-Mail)

COUNSEL FOR DEFENDANT AND
COUNTER-PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 21st day of January, 2009 a true and correct copy of the above and foregoing *Defendant KMART Corp. First Set of Interrogatories To Plaintiffs Luv N' Care, Ltd., and ADMAR International, Inc.* was served via first class mail, postage pre-paid and properly addressed, on the following counsel:

Rochelle R. Weisburg                    Email: rweisburg@ipcases.com
Law Office of Morris E. Cohen, PC
One Penn Plaza, Suite 2527
New York, NY 10119
(212)244-4111 x226 (phone)
(212)563-7108 (fax)
**Attorneys for Plaintiffs**

Jeff Kamenetsky                    Email:jkamenetsky@cwiplaw.com
Christopher & Weisburg, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
**Attorney for Walgreen Co.**

/s/ Scott A. Daniels
Scott A. Daniels