UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LUV N' CARE, LTD. and ADMAR                )
INTERNATIONAL, INC.                                      )
Plaintiffs,                                                             )
                                                                             )
v.                                                                          ) CIVIL ACTION NO. 08 CIV 4457 (DC/HP)
                                                                             )
                                                                             )
WALGREEN CO. and KMART CORP.           )
Defendant.                                                          )

---

**DEFEDANT KMART CORP. FIRST SET OF
REQUEST FOR PRODUCTION OF DOCUMENTS TO
PLAINTIFFS LUV N' CARE, LTD. AND ADMAR INTERNATIONAL, INC.**

---

TO:   Plaintiff, **LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC.**, by and through their attorneys of record:

Morris Cohen
Law Office of Morris E. Cohen, PC
One Penn Plaza, Suite 2527
New York, NY 10119
<u>**VIA EMAIL**</u>: mcohen@ipcases.com

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant KMART CORP. ("KMART") requests that Plaintiffs LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC. produce for inspection and copying all of the documents requested below at the offices of Daniels Patent Law, PLLC, 43 Centre Street, Concord, NH 03301:

## DEFINITIONS AND INSTRUCTIONS

1. "Plaintiffs" means Plaintiffs in the Lawsuit and their respective officers, employees, agents, representatives, and anyone acting on their behalf or at their request, including attorneys, expert witnesses, or other individuals employed in any way in connection with any matter concerning or alleged in the Lawsuit.

2. "Lawsuit" means the action styled *Luv N' Care, Ltd. and Admar International, Inc. v. Walgreen Co. and KMART Corp.*, Case No. 08 CIV 4457 (DC/HP), in the United States District Court for the Southern District of New York.

3. "Asserted Marks" means the trademarks, service marks, and trade dress allegedly owned by the Plaintiffs and asserted in the Complaint.

4. "KMART Marks" means all words, terms, phrases, devices, symbols, product designs, and product packaging used or sold by KMART that Plaintiffs assert in the Complaint as violating Plaintiffs' rights in the Asserted Marks.

5. "Complaint" means the Complaint, and all amendments or supplements thereto, filed by Plaintiffs in the Lawsuit.

6. The "'700 Registration" means United States Trademark Registration No. 2,335,700.

7. The term "documents" shall mean and include any and all written, recorded, printed, and graphic matter, however produced or reproduced, of any kind and description, including, but not limited to, all communications, correspondence, letters, telegrams, notes, memoranda of meetings, reports, directives, inter-company communications, e-mails, documents, diaries, logs, contracts, licenses, ledgers, books of account, vouchers, checks, invoices, charge slips, receipts, freight bills, working papers, desk calendars, appointment books,

maps, plats, engineering studies, drawings, photographs, and writings of every kind or description, tape recordings, computer printouts, computer programs, magnetic cards, microfilm, microfiches, or other electronic or mechanical information or data of any kind or description, including both originals and copies.

8. Unless otherwise stated, the discovery period covered by these document requests shall be the period commencing on the earliest date Plaintiffs' first conceived of any Asserted Mark to the date of trial of the Lawsuit.

9. The conjunctions "and" and "or" shall be construed both conjunctively and disjunctively.

10. The singular form of a word shall include its plural form and vice versa whenever such dual construction will make the request more comprehensive in its scope.

11. The term "person" shall be understood to refer to all natural persons, as well as corporations, unincorporated associations, partnerships, joint ventures, and other artificial persons or groups of persons of any kind, no matter how identified or how organized.

12. If any information is withheld under a claim of privilege or the attorney work product doctrine, provide the following information:

   a. Identifying the information; and

   b. A specification of which privilege applies and, where more than one privilege is asserted for information, the portions of that information to which each specified privilege applies.

13. With respect to any requested information that has been destroyed, describe:

      a.      The date or dates of the information bore, or, if undated, the date it was written or created or both;

      b.      The name and address of each person who created it;

      c.      The name and address of each person who may have had access to or known of the information;

      d.      A description of the information as, for instance, "letter," "memorandum," "conversation," etc.;

      e.      The information's last known location or custodian; and

      f.      The circumstances or the reason for the destruction of the information, and the date the information or thing was destroyed.

**REQUESTS**

**REQUEST NO. 1:** All documents and things concerning the creation and selection of the Asserted Marks, including, but not limited to, internal documents and any correspondence between Plaintiffs and any marketing consultant, design firm, advertising agency, advertising media, supplier, or printer.

**REQUEST NO. 2:** All trademark search reports and investigation reports prepared by or for Plaintiffs concerning or commenting upon any of the Asserted Marks.

**REQUEST NO. 3:** All documents concerning KMART.

**REQUEST NO. 4:** All documents concerning alleged instances of actual confusion or mistake between any of the KMART Marks and any of the Asserted Marks.

**REQUEST NO. 5:** For each Asserted Mark, documents sufficient to establish all geographic locations (on a state-by-state basis) in which the Asserted Mark has been used, the date of first use in each of such locations, the nature and the extent of such first use, and continuous use from the first use until the present.

**REQUEST NO. 6:** For each Asserted Mark, all documents related to the first sale of such good or service in the United States, including but not limited to all documents that show the person to

whom such good or service was sold, the date of the sale, and the dollar and volume amounts of the sale.

**REQUEST NO. 7:** All documents that support, tend to support, negate, or tend to negate Plaintiffs' allegation that a likelihood of confusion exists between one or more of the KMART Marks and one or more of the Asserted Marks.

**REQUEST NO. 8:** All documents that identify the channels of trade or commerce in which Plaintiffs market the Asserted Marks.

**REQUEST NO. 9:** All documents that identify the classes and names of the persons who purchase from Plaintiffs the goods and/or services offered under or bearing the Asserted Marks.

**REQUEST NO. 10:** All customer lists for goods and/or services offered under or bearing bearing any one of the Asserted Marks from the inception of each Mark to the present.

**REQUEST NO. 11:** All documents relating to the promotion and advertisement of goods and/or services under or bearing the Asserted Marks, including, but not limited to, an example of each brochure, catalogue, Power Point presentation circular, leaflet, point-of-sale piece, direct mail piece, newspaper and magazine advertisement, commercial, telephone book advertisement, price list, trade association listing, web site use, and annual report showing the promotion or advertisement of goods and/or services under or bearing the Asserted Marks.

**REQUEST NO. 12:** An example of each package, tag, stamp, and decal bearing one or more of Asserted Marks since the first use of each Asserted Mark.

**REQUEST NO. 13:** All documents that show the manner in which the Asserted Marks appear to consumers in the marketplace.

**REQUEST NO. 14:** A representative sample of each good bearing an Asserted Mark and/or offered for sale, sold, or otherwise distributed under an Asserted Mark. To the extent such goods have differed over time, a representative sample of each different good.

**REQUEST NO. 15:** All studies and test results concerning the goods offered under or bearing an Asserted Mark.

**REQUEST NO. 16:** All documents concerning any order for or voluntary recall, retention, or destruction of the goods sold under or bearing an Asserted Mark.

**REQUEST NO. 17:** All contracts and agreements (including assignments, licenses, and compromises and settlements) that relate to, refer to, or concern an Asserted Mark.

**REQUEST NO. 18:** Other than the Lawsuit, all legal complaints or petitions related to or concerning Asserted Marks filed with a court by Plaintiffs or a third party.

**REQUEST NO. 19:** All cease and desist and notice letters, and responses thereto, relating to or concerning an Asserted Mark.

**REQUEST NO. 20:** All documents that tout, question, criticize, or concern the quality, safety, or effectiveness of the goods provided under or bearing an Asserted Mark.

**REQUEST NO. 21:** All documents related to interviews or meetings conducted by Plaintiffs, with any person, provided such interviews or meetings relate to the Lawsuit or issues raised in the Lawsuit.

**REQUEST NO. 22:** All communications with customers, potential customers, or other third parties concerning the Lawsuit.

**REQUEST NO. 23:** All communications with customers, potential customers, or other third parties concerning any KMART Mark.

**REQUEST NO. 24:** All U.S. or foreign patents or patent applications disclosing, concerning, or claiming any one or more of the goods offered under or bearing an Asserted Mark, as well as the prosecution histories for each such patent and application.

**REQUEST NO. 25:** All documents and things provided to any expert witness that Plaintiffs may call to testify in the Lawsuit.

**REQUEST NO. 26:** All drafts or edited versions of the conclusions, reports, opinions, surveys, or other similar documents prepared, reviewed, or used by or for an expert whom Plaintiffs may call to testify at trial.

**REQUEST NO. 27:** All employment, retention, or similar fee agreements and related invoices, bills, or statements for services for each and every expert whom Plaintiffs may call to testify at trial.

**REQUEST NO. 28:** All resumes or curriculum vitae for each and every expert whom Plaintiffs may call to testify at trial.

**REQUEST NO. 29:** All documents and tangible things relating to or forming the basis of any opinions of any consultants whose opinions may form the basis for the opinion of any testifying expert witnesses.

**REQUEST NO. 30:** All documents that will be used to support and/or calculate Plaintiffs' claim for damages in the Lawsuit.

**REQUEST NO. 31:** All documents concerning how Plaintiffs have been damaged by KMART.

**REQUEST NO. 32:** For each Asserted Mark, all documents showing, and all documents sufficient to calculate, the gross and net profits for the sale of goods under or bearing an Asserted Mark, from each such Mark's inception to the present on a yearly basis. To the extent monthly,

quarterly, or yearly summaries of the requested information exist, such summaries are expressly requested.

**REQUEST NO. 33:** All documents concerning any analyses, studies, or reports relating to the sales or prospective sales of the goods and/or services offered or sold under or bearing an Asserted Mark, including but not limited to, business plans, marketing plans, advertising plans, development plans, financial plans, and budgetary plans.

**REQUEST NO. 34:** For each Asserted mark, documents sufficient to show Plaintiffs' total yearly volume of sales in units of all goods offered under or bearing an Asserted Mark from the inception of each Asserted mark to the present. To the extent monthly, quarterly, or yearly summaries of the requested information exist, such summaries are expressly requested.

**REQUEST NO. 35:** For each Asserted Mark documents sufficient to show Plaintiffs' yearly dollar volume of sales attributed to each good offered under or bearing an Asserted Mark from the inception of each Asserted mark to the present.

**REQUEST NO. 36:** All documents reviewed in preparing, supporting, tending to support, negating, or tending to negate Plaintiffs' responses to KMART's First Interrogatories.

**REQUEST NO. 37:** All documents that Plaintiffs may introduce as evidence in the Lawsuit.

**REQUEST NO. 38:**  All demonstrative exhibits that Plaintiffs intend to use at any hearing or at the trial in the Lawsuit.

**REQUEST NO. 39:**  All documents concerning, supporting, tending to support, and/or tending to negate the allegations in the First Cause of Action set forth in the Complaint.

**REQUEST NO. 40:**  All documents concerning, supporting, tending to support, and/or tending to negate the allegations in the Second Cause of Action set forth in the Complaint.

**REQUEST NO. 41:**  All documents concerning, supporting, tending to support, and/or tending to negate the allegations in the Third Cause of Action set forth in the Complaint.

**REQUEST NO. 42:**  All documents concerning, supporting, tending to support, and/or tending to negate the allegations in the Fourth Cause of Action set forth in the Complaint.

**REQUEST NO. 43:**  All documents concerning, supporting, tending to support, and/or tending to negate the allegations in the Fifth Cause of Action set forth in the Complaint.

**REQUEST NO. 44:**  All documents allegedly establishing that the Asserted Marks are famous.

**REQUEST NO. 45:**  All documents allegedly establishing that the Asserted Marks have acquired distinctiveness.

**REQUEST NO. 46:**  All organization charts for Plaintiffs.

**REQUEST NO. 47:**   All document retention policies ever implemented by Plaintiffs.


Dated:  January 21, 2009			/s/ Scott A. Daniels

					Scott A. Daniels
					Daniels Patent Law, PLLC
					43 Centre St.
					Concord, NH 03301
					(603) 226-8610 (general line)
					(603) 226-8611 - (fax)
					scott@danielspatentlaw.com


Ralph Wood (RW 1898)
399 Knollwood Rd.
Suite 310
White Plains, NY 10603-1936
(914) 761-8503 (general line)
(914) 682-9128 (Fax)
rwoodesq@aol.com (E-Mail)

COUNSEL FOR DEFENDANT AND
COUNTER-PLAINTIFF

# **CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of January, 2009 a true and correct copy of the above and foregoing *Defendant KMART Corp. First Set of Request For Production of Documents To Plaintiffs Luv N/Care, Ltd., and ADMAR International, Inc.* was served via first class mail, postage pre-paid and properly addressed, on the following counsel:

Rochelle R. Weisburg                                              Email: rweisburg@ipcases.com
Law Office of Morris E. Cohen, PC
One Penn Plaza, Suite 2527
New York, NY 10119
(212)244-4111 x226 (phone)
(212)563-7108 (fax)
**Attorneys for Plaintiffs**

Jeff Kamenetsky                                                     Email:jkamenetsky@cwiplaw.com
Christopher & Weisburg, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
**Attorney for Walgreen Co.**

/s/ Scott A. Daniels
Scott A. Daniels