UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC. <br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO. and KMART CORP. <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 08 CIV 4457 (DC/HP) <br> ) <br> ) <br> ) <br> ) |

---

### DEFEDANT KMART CORP. FIRST SET OF
### REQUEST FOR ADMISSIONS TO PLAINTIFFS
### LUV N' CARE, LTD. AND ADMAR INTERNATIONAL, INC.

---

TO:   Plaintiff, **LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC.**, by and through their attorneys of record:

Morris Cohen
Law Office of Morris E. Cohen, PC
One Penn Plaza, Suite 2527
New York, NY 10119
<u>*VIA EMAIL*</u>: mcohen@ipcases.com

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant KMART CORP. ("KMART") requests that Plaintiffs LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC. provide answers to the following Requests For Admissions at the offices of, Daniels Patent Law, PLLC 43 Centre St., Concord, New Hampshire 03301 within thirty (30) days.

**DEFINITIONS AND INSTRUCTIONS**

1. "Plaintiffs" means Plaintiffs in the Lawsuit and their respective officers, employees, agents, representatives, and anyone acting on their behalf or at their request, including attorneys, expert witnesses, or other individuals employed in any way in connection with any matter concerning or alleged in the Lawsuit.

2. "Lawsuit" means the action styled *Luv N' Care, Ltd. and Admar International, Inc. v. Walgreen Co. and KMART Corp.*, Case No. 08 CIV 4457 (DC/HP), in the United States District Court for the Southern District of New York.

3. "Asserted Marks" means the trademarks, service marks, and trade dress allegedly owned by the Plaintiffs and asserted in the Complaint.

4. "KMART Marks" means all words, terms, phrases, devices, symbols, product designs, and product packaging used or sold by KMART CORP. that Plaintiffs assert in the Complaint as violating Plaintiffs' rights in the Asserted Marks.

5. "Complaint" means the Complaint, and all amendments or supplements thereto, filed by Plaintiffs in the Lawsuit.

6. The "'700 Registration" means United States Trademark Registration No. 2,335,700.

7. The term "documents" shall mean and include any and all written, recorded, printed, and graphic matter, however produced or reproduced, of any kind and description, including, but not limited to, all communications, correspondence, letters, telegrams, notes, memoranda of meetings, reports, directives, inter-company communications, e-mails, documents, diaries, logs, contracts, licenses, ledgers, books of account, vouchers, checks, invoices, charge slips, receipts, freight bills, working papers, desk calendars, appointment books,

2

maps, plats, engineering studies, drawings, photographs, and writings of every kind or description, tape recordings, computer printouts, computer programs, magnetic cards, microfilm, microfiches, or other electronic or mechanical information or data of any kind or description, including both originals and copies.

8. Unless otherwise stated, the discovery period covered by these document requests shall be the period commencing on the earliest date Plaintiffs' first conceived of any Asserted Mark to the date of trial of the Lawsuit.

9. The conjunctions "and" and "or" shall be construed both conjunctively and disjunctively.

10. The singular form of a word shall include its plural form and vice versa whenever such dual construction will make the request more comprehensive in its scope.

11. The term "person" shall be understood to refer to all natural persons, as well as corporations, unincorporated associations, partnerships, joint ventures, and other artificial persons or groups of persons of any kind, no matter how identified or how organized.

12. If any information is withheld under a claim of privilege or the attorney work product doctrine, provide the following information:

   a. Identifying the information; and

   b. A specification of which privilege applies and, where more than one privilege is asserted for information, the portions of that information to which each specified privilege applies.

13. With respect to any requested information that has been destroyed, describe:

      a.      The date or dates of the information bore, or, if undated, the date it was written or created or both;

      b.      The name and address of each person who created it;

      c.      The name and address of each person who may have had access to or known of the information;

      d.      A description of the information as, for instance, "letter," "memorandum," "conversation," etc.;

      e.      The information's last known location or custodian; and

      f.      The circumstances or the reason for the destruction of the information, and the date the information or thing was destroyed.

## REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:     Admit that The Asserted Marks in Exhibit A of the Complaint are used in connection with a bottle for holding liquid.

REQUEST FOR ADMISSION NO. 2:     Admit that the Asserted Marks in Exhibit A of the Complaint include a nipple through which a liquid contained in the bottle can be dispensed.

REQUEST FOR ADMISSION NO. 3:     Admit that the nipple in the Asserted Exhibit A of the Complaint includes a valve.

REQUEST FOR ADMISSION NO. 4:     Admit that the Asserted Marks in Exhibit A of the Complaint include a removable collar for securing the nipple to the bottle.

REQUEST FOR ADMISSION NO. 5:     Admit that the Asserted Marks in Exhibit A of the Complaint include the Mark "NUBY".

REQUEST FOR ADMISSION NO. 6:     Admit that the Asserted Marks in Exhibit A of the Complaint include the hour-glass shape of the bottle.

REQUEST FOR ADMISSION NO. 7:     Admit that the Asserted Marks in Exhibit A of the Complaint include two grip portions over-molded onto the bottle.

REQUEST FOR ADMISSION NO. 8:     Admit that the two grip portions in Plaintiff's Exhibit A of the Complaint are a different polymer material than that by which the bottle is made.

REQUEST FOR ADMISSION NO. 9:     Admit that the Asserted Marks in Exhibit A of the Complaint include a protective plastic wrapper.

REQUEST FOR ADMISSION NO. 10:     Admit that the Asserted Marks in Exhibit A of the Complaint include the Mark "Vari-Flo® Valve".

REQUEST FOR ADMISSION NO. 11:     Admit that the Asserted Mark "Vari-Flo Valve®" is a federally registered trademark.

REQUEST FOR ADMISSION NO. 12:     Admit that the Asserted Marks in Exhibit A of the Complaint include the Mark "Easy Grip design".

REQUEST FOR ADMISSION NO. 13:     Admit that the Asserted Marks in Exhibit A of the Complaint include the Mark "SOFT SILICONE STRAW".

REQUEST FOR ADMISSION NO. 14:     Admit that the Asserted Marks in Exhibit A of the Complaint include the Marks " No-Spill" and  "SPORT SIPPER".

REQUEST FOR ADMISSION NO. 15:   Admit that the Asserted Marks in Exhibit A of the Complaint include a plastic hang tag by which the product can be hung.

REQUEST FOR ADMISSION NO. 16:   Admit that the Asserted Marks in Exhibit A of the Complaint include the Mark "NUBY" molded in the nipple.

REQUEST FOR ADMISSION NO. 17:   Admit that the Asserted Marks in Exhibit B of the Complaint are used in connection with a bottle for holding liquid.

REQUEST FOR ADMISSION NO. 18:   Admit that the Asserted Marks in Exhibit B of the Complaint include a nipple through which a liquid contained in the bottle can be dispensed.

REQUEST FOR ADMISSION NO. 19:   Admit that the nipple in Plaintiff's Exhibit B of the Complaint includes a valve.

REQUEST FOR ADMISSION NO. 20:   Admit that the Asserted Marks in Exhibit B of the Complaint include a removable collar for securing the nipple to the bottle.

REQUEST FOR ADMISSION NO. 21:   Admit that the Asserted Marks in Exhibit B of the Complaint include the Mark "NUBY".

REQUEST FOR ADMISSION NO. 22:   Admit that the Asserted Marks in Exhibit B of the Complaint include the hour-glass shape of the bottle.

REQUEST FOR ADMISSION NO. 23:   Admit that the Asserted Marks in Exhibit B of the Complaint includes a grip portion molded in the bottle.

REQUEST FOR ADMISSION NO. 24:   Admit that the Asserted Article in Exhibit B of the Complaint does not include any wrapper or packaging.

REQUEST FOR ADMISSION NO. 25:   Admit that the nipple in Exhibit B of the Complaint includes two separate valves.

REQUEST FOR ADMISSION NO. 26:   Admit that the Asserted Marks in Exhibit B of the Complaint includes "Easy Grip design".

REQUEST FOR ADMISSION NO. 27:   Admit that the Asserted Marks in Exhibit B of the Complaint includes "SOFT and DURABLE No-Spill Spout".

REQUEST FOR ADMISSION NO. 28:   Admit that the Asserted Marks in Exhibit B of the Complaint include   "No-Spill Cup" and  "Built-in Valve".

REQUEST FOR ADMISSION NO. 29:   Admit that the Asserted Marks in Exhibit C of the Complaint are used in connection with a bottle for holding liquid.

REQUEST FOR ADMISSION NO. 30:    Admit that the Asserted Marks in Exhibit C of the Complaint includes a removable top to maintain liquid in the bottle.

REQUEST FOR ADMISSION NO. 31:    Admit that the Asserted Marks in Exhibit C of the Complaint includes a spout through which a liquid contained in the bottle can be dispensed.

REQUEST FOR ADMISSION NO. 32:    Admit that the Asserted Marks in Exhibit D of the Complaint are used in connection with a bottle for holding liquid

REQUEST FOR ADMISSION NO. 33:    Admit that the Asserted Marks in Exhibit D of the Complaint include a flexible straw through which a liquid contained in the bottle can be dispensed.

REQUEST FOR ADMISSION NO. 34:    Admit that the Asserted Marks in Exhibit D of the Complaint include a removable top for securing the straw in the bottle.

REQUEST FOR ADMISSION NO. 35:    Admit that the Asserted Marks in Exhibit D of the Complaint include the hour-glass shape of the bottle.

REQUEST FOR ADMISSION NO. 36:    Admit that the Asserted Marks in Exhibit D of the Complaint include a cover on the removable top which can rotate over and cover the flexible straw.

REQUEST FOR ADMISSION NO. 37:    Admit that the Asserted Marks in Exhibit D of the Complaint do not include any wrapper or product packaging.

REQUEST FOR ADMISSION NO. 38:    Admit that the Asserted Marks in Exhibit E of the Complaint are used in connection with a brush and comb for brushing/combing hair.

REQUEST FOR ADMISSION NO. 39:    Admit that the Asserted Marks in Exhibit E of the Complaint include bristles on the brush.

REQUEST FOR ADMISSION NO. 40:    Admit that the Asserted Marks in Exhibit E of the Complaint include a handle on the brush.

REQUEST FOR ADMISSION NO. 41:    Admit that the Asserted Marks in Exhibit E of the Complaint include a grip portion over-molded onto the handle of the brush.

REQUEST FOR ADMISSION NO. 42:    Admit that the grip portion in Plaintiff's Exhibit E of the Complaint is a different polymer material than that by which the handle is made.

REQUEST FOR ADMISSION NO. 43:    Admit that the Asserted Marks in Exhibit E of the Complaint include teeth on the comb.

REQUEST FOR ADMISSION NO. 44:    Admit that the Asserted Marks in Exhibit E of the Complaint include a handle on the comb.

REQUEST FOR ADMISSION NO. 45:    Admit that the Asserted Marks in Exhibit E include a grip portion over-molded onto the handle of the brush.

REQUEST FOR ADMISSION NO. 46:    Admit that the grip portion in Plaintiff's Exhibit E of the Complaint is a different polymer material than that by which the handle is made.

REQUEST FOR ADMISSION NO. 47:    Admit that the Asserted Marks in Plaintiff's Exhibit E of the Complaint include a "Child holding a teddy bear" design.

Dated:  January 21, 2009                /s/ Scott A. Daniels

Scott A. Daniels
Daniels Patent Law, PLLC
43 Centre St.
Concord, NH 03301
(603) 226-8610 (general line)
(603) 226-8611 - (fax)
scott@danielspatentlaw.com

Ralph Wood (RW 1898)
399 Knollwood Rd.
Suite 310
White Plains, NY 10603-1936
(914) 761-8503 (general line)
(914) 682-9128 (Fax)
rwoodesq@aol.com (E-Mail)

COUNSEL FOR DEFENDANT AND
COUNTER-PLAINTIFF

## **CERTIFICATE OF SERVICE**

 I hereby certify that on this the 21st day of January, 2009 a true and correct copy of the above and foregoing *Defendant KMART Corp. First Set of Request For Admissions To Plaintiffs Luv N/Care, Ltd., and ADMAR International, Inc.* was served via first class mail, postage pre-paid and properly addressed, on the following counsel:

Rochelle R. Weisburg             Email: rweisburg@ipcases.com
Law Office of Morris E. Cohen, PC
One Penn Plaza, Suite 2527
New York, NY 10119
(212)244-4111 x226 (phone)
(212)563-7108 (fax)
**Attorneys for Plaintiffs**

Jeff Kamenetsky               Email:jkamenetsky@cwiplaw.com
Christopher & Weisburg, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
**Attorney for Walgreen Co.**

                 /s/ Scott A. Daniels