UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 08-CIV-4457 (DC/HP)

# EXHIBIT 4

Alan M. Weisberg (SD No. 9062)
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
aweisberg@cwiplaw.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUV N' CARE, LTD. and<br>ADMAR INTERNATIONAL, Inc.<br><br>                Plaintiffs,<br><br>vs.<br><br>WALGREEN CO. and<br>KMART CORP.<br><br>                Defendants. | CIVIL ACTION NO.<br><br>08-CIV 4457 (DC/HP) |

## DEFENDANT WALGREEN CO.'S UPDATED RULE 26(a) INITIAL DISCLOSURES

Defendant Walgreen Co. (Walgreens) submits the following Rule 26(a) initial disclosures as required under Federal Rule of Civil Procedure 26 and the Local Rules of this Court. Walgreens reserves the right to modify, amend, or supplement the information contained in these disclosures. Further, Walgreens makes these disclosures subject to, and without waiver of any attorney-client, work product, or other applicable privileges or immunities.

### Individuals likely to have Discoverable Information

Subject to the qualifications stated above and pursuant to Fed. R. Civ. P. 26(a)(1)(A), the following list identifies those individuals presently known to Walgreens who are likely to have discoverable information Walgreens may use to support its defenses:

Mr. Jeff Kruckman
Walgreens, Co.
200 Wilmot Road
Deerfield, Illinois 60015

Mr. Kruckman is knowledgeable about those products plaintiffs claim in their Complaint have been sold by Walgreens, including sales of those products. See DE 1 (and Exs. B, C). Mr. Kruckman may be contacted only through counsel for Walgreens.

Ms. Nicole Provost-Heron
Ms. Andrea Krick
Mr. Daniel Forbes
Atico International USA, Inc.
501 South Andrews Avenue
P.O. Box 14368
Fort Lauderdale, Florida 33302
954-779-2500

Ms. Provost-Heron and Ms. Krick are knowledgeable about selection by and supply to Walgreens of those products plaintiffs claim in their Complaint have been sold by Walgreens. See DE 1 (and Exs. B, C). Mr. Forbes is knowledgeable about the products themselves.

Royal King Baby Product Co. Ltd.
No. 933, 11th Floor
Ruam Danu Thai Building, Mahachai Road
Wangburaphapirom, Pranakorn, Bankok – 10200
Thailand

Royal King Baby Product Co. Ltd. is knowledgeable about those products plaintiffs claim in their Complaint have been sold by Walgreens. See DE 1 (and Exs. B, C).

Ted D'Amico
Walter McCullough
Ipsos Mendelsohn
841 Broadway
New York, NY 10003
212.677.8100 voice

Ipsos Mendelsohn is knowledgeable about the lack of secondary meaning attributable to the functional products and designs made by plaintiffs and shown in one or more exhibits to the Complaint.

Walgreens also identifies plaintiffs and those persons plaintiffs identified in their initial disclosures and in response to Walgreens' Interrogatory No. 1.

Other individuals not specifically known to Walgreens at this time may possess relevant information, including information related to the noninfringement and invalidity of the Plaintiff's alleged trade dress rights.

**Description of Documents**

The categories and location of documents, data compilations, and tangible things that are in the possession, custody or control of Walgreens and that Walgreens may use to support its defenses may be located at the offices of Christopher & Weisberg, P.A., 200 East Las Olas Boulevard, Suite 2040, Fort Lauderdale, Florida 33301 and Walgreen Co., 200 Wilmot Road, Deerfield, Illinois 60015.

Walgreens has documents and things related to the following subjects:
a. Marketing and sales of the accused products
b. Information concerning the non-infringement of Plaintiffs' alleged trade dress rights
c. Information concerning nonexistence of secondary meaning of Plaintiffs' alleged trade dress rights

Many of the documents related to Walgreens' defenses are solely within the possession, custody or control of Plaintiffs (and their attorneys).

**Computation of Damages**

Under Fed. R. Civ. P. 26(a)(1)(C), Walgreens seeks its reasonable attorneys' fees and costs associated with defending this action. These figures cannot be determined at this time.

**Insurance Coverage**

Under Fed. R. Civ. P. 26(a)(1)(D), Walgreens states that no insurance agreements apply to this proceeding under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: April 10, 2009

Respectfully Submitted,

/s/ Alan M. Weisberg

Alan M. Weisberg (SD No. 9062)
Jeffery H. Kamenetsky *(Pro Hac Vice)*
Jason R. Buratti *(Pro Hac Vice)*
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
aweisberg@cwiplaw.com
*Attorneys for Defendant and Counterclaim Plaintiff Walgreen Co.*

## CERTIFICATE OF SERVICE

I CERTIFY a true and correct copy of the foregoing document is being deposited with the United States Postal Service in First Class postage-paid envelopes on April 10, 2009 to:

Morris E. Cohen, Esq.  
Rochelle R. Weisburg, Esq.  
Law Office of Morris E. Cohen, P.C.  
One Penn Plaza, Suite 2527  
New York, NY 10119

Scott A. Daniels, Esq.  
Daniels Patent Law PLLC  
43 Centre Street  
Concord, NH 03301

Joe D. Guerriero, Esq.  
Luv n' care, Ltd.  
3030 Aurora Avenue  
Monroe, LA 71201

Ralph K. Wood, Esq.  
Law Office of Ralph Wood  
399 Knollwood Rd., Suite 310  
White Plains, NY 10603

　　　　　　　　　　　　　　　　　　　/s/ Alan M. Weisberg  
　　　　　　　　　　　　　　　　　　　Alan M. Weisberg

150647