UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

LUV N' CARE, LTD. and
ADMAR INTERNATIONAL, Inc.

      Plaintiffs,

vs.

WALGREEN CO. and
KMART CORP.

      Defendants.

CIVIL ACTION NO.

08-CIV 4457 (DC/HP)

## DECLARATION OF JASON R. BURATTI, ESQ. SUPPORTING DEFENDANT WALGREEN CO.'S MOTION FOR SUMMARY JUDGMENT

1. My name is Jason Richard Buratti.

2. I am over the age of 18 and able to testify from my personal knowledge to the matters I declare here.

3. I am an attorney with the law firm Christopher & Weisberg, P.A., with offices at 200 East Las Olas Boulevard, Suite 2040, Fort Lauderdale, Florida, 33301 and 1455 Pennsylvania Avenue, N.W., Suite 100, Washington, D.C. 20004.

4. I am a member in good standing of the bars of the District of Columbia and Commonwealth of Virginia.

5. My firm represents defendant Walgreen Co. (Walgreens) in the above styled action in the United States District Court for the Southern District of New York. I am admitted in this action *pro hac vice*.

6. This declaration supports Walgreens' Local Civil Rule 56.1 Statement of Material Facts as to which There is no Genuine Issue (SUF) and Walgreens' Motion for Summary

Judgment that Plaintiffs Have no Protectable Trade Dress Rights, and Walgreens' Memorandum of Law in Support of its Motion for Summary Judgment that Plaintiffs Have no Protectable Trade Dress Rights (collectively referred to below as "Walgreens' papers").

7. Exhibit A to this Declaration consists of true and correct excerpts from the deposition transcripts of Nouri Ed Hakim, CEO of plaintiff Luv' N Care, LTD. (LNC) on May 20, 2009 (Day I), May 21, 2009 (Day II), and May 29, 2009 (Day III).

8. Exhibit B to this Declaration consists of true and correct excerpts from the deposition transcript of Joseph Hakim, President of plaintiff LNC taken on May 20, 2009 (Day I) and May 29, 2009 (Day II).

9. Citations to Exhibits A and B in Walgreens' papers are to "Ex.B at [Day]:[Page]:[Line]" so that a citation to Day II at Page 3, Line 5 to Day II at Page 12, Line 9 appears in the facts as "Ex. B at II:3:5:-12:9.

10. "DX" followed by a number, when used in a particular transcribed examination, refers Defendant's Deposition Exhibit Number.

11. Exhibit C is a true and correct copy of a Declaration of Karin Kennedy, Esq. that supports Walgreens' papers. Exhibit C contains a true and correct copy of web pages I used during the May 29, 2009 examination of Nouri Hakim with enlargements of specific competitive products. The web pages themselves were marked as Defendant's Deposition Exhibit (DX) 53.

12. Exhibit D is a true and correct copy of excerpts from plaintiff LNC's website www.nuby.com, visited on June 4, 2009. We are unaware the excerpted content has changed in the last two months. Portions of the exhibit have been used in depositions of Plaintiffs' officers, including (for example) DX 8 and 13 marked on May 20, 2009. DX 8 and 13 are included as part of Ex. D.

13. Exhibit E is a true and correct copy of an Affidavit from Karin Kennedy, Esq. that supports Walgreens' motion. Exhibit E shows competitors' brushes and combs that also are for use by young children or infants.

14. Exhibit F is a true and correct copy of a demonstrative chart exhibit that compares the asserted Gripper Cup (Complaint Ex. B) to competitors' products. The competitors' products used to create Ex. F are drawn from the enlargements in Ex. C from the web pages in Ex. C that were also DX 53 used during the May 29, 2009 deposition of Nouri Hakim.

15. Exhibit G is a true and correct copy of a demonstrative chart exhibit that compares the asserted No-Spill Cup (Complaint Ex. C) to competitors' products. The competitors' products used to create Ex. F are drawn from the enlargements in Ex. C from the web pages in Ex. C that were also DX 53 used during the May 29, 2009 deposition of Nouri Hakim.

16. Exhibit H is a true and correct copy of the results of a June 4, 2009 Google® search with the search terms "'Nuby' and 'Sippy Cup'."

17. Exhibit I is a true and correct copy of a corrected May 28, 2009 letter I sent on May 29, 2009 to plaintiff's counsel. We have not received a response to either the May 28 or 29 dispatch of the letter.

18. Exhibit J is a true and correct copy of DXs 22 and 23 marked during the May 20, 2009 depositions of Plaintiffs' officers. The documents purport to be customer or catalogue sheets that Plaintiffs use for marketing to retail customers.

19. Exhibit K is a true and correct copy of U.S. Patent No. 7,243,814, entitled "No-Spill Drinking Cup Apparatus," and naming Nouri Edward Hakim as inventor. Ex. K was marked as DX 42 during the May 21, 2009 deposition of Nouri Edward Hakim.

20. Exhibit L is a true and correct copy of U.S. Patent No. 6,357,620, entitled "No-Spill Drinking Cup Apparatus," and naming Nouri Edward Hakim as inventor. Ex. L was marked as DX 43 during the May 21, 2009 deposition of Nouri Edward Hakim.

21. Exhibit M is a true and correct copy of U.S. Patent No. 6,321,931, entitled "No-Spill Drinking Cup Apparatus," and naming Nouri Edward Hakim as inventor. Ex. M was marked as DX 44 during the May 21, 2009 deposition of Nouri Edward Hakim.

22. Exhibit N is a true and correct copy of U.S. Patent No. 6,994,225, entitled "No-Spill Drinking Apparatus," and naming Nouri Edward Hakim as inventor. Ex. N was marked as DX 43 during the May 21, 2009 deposition of Nouri Edward Hakim.

23. On January 20, 2009, Walgreens served Fed. R. Civ. P. 34 Requests on plaintiffs directed to sales information. Ex. O. For example, Walgreens' Rule 34 Request No. 5 directs production of "all documents that record, refer to, support, or relate to the sales by or for you of the Asserted Designs or Asserted Products..." and some certain specific kinds of sales information. Ex. O at Request 5. , which were defined as the product design trade dress asserted against Walgreens. Ex. O at Definitions and Instructions (g) and (h).

24. Plaintiffs' February 23, 2009 Responses answered Request 5 with incorporated, boilerplate, general objections that include a reference to ongoing discovery (which made all of Plaintiffs' responses about the same). Ex. P. As of the May 1, 2009 close of fact discovery, Plaintiffs still had not produced actual product-specific U.S. sales information for their asserted products. On May 20, 2009 – nearly three weeks after fact discovery closed and just over two weeks ago – Plaintiffs' counsel provided about a dozen documents that allegedly showed U.S. sales. These documents were produced at a corporate deposition and marked as DX 30.

4

25.     The May 20, 2009 production documents bore deposition exhibit stickers indicating that, prior to the May 20, 2009 depositions in this case, they had been used in another litigation pending in Texas. We subsequently learned that those Texas depositions went forward on April 20 and 21, 2009.

26.     Plaintiffs have not produced copies of the Texas transcripts, though they did produce certain other discovery responses that are marked "Confidential – Attorneys' Eyes Only."

27.     Ex. Q to this Declaration is a true and correct copy of DX 41, a document produced on May 1, 2009 in an email from Rochelle Weisburg at the Law Offices of Morris Cohen.

28.     Ex. R to this Declaration is a true and correct copy of DX 40, which contains pages LNC203303 and LNC203306 of DX 41 without the production numbers. Page 1 of DX 40 is identical to page LNC203303 of DX 41. Page 2 of DX 40 is identical to page LNC203306 of DX 41.

29. I swear the statements here are true and correct to the best of my knowledge.

Dated: June 6, 2009.

*/s/ Jason R. Buratti*