

May ~~28~~ 29, 2009
Corrected

**By ELECTRONIC MAIL ONLY**

Morris E. Cohen, Esq.
Law Office of Morris E. Cohen, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119

   Re: Luv N' Care, Ltd. et al. v. Walgreen Co. et al., S.D.N.Y. 08-CIV-4457 (DC)
      Our File No.: 1193-19

Dear Morris:

   We write concerning plaintiffs' intentions concerning the packaging trade dress claims allegedly asserted against Walgreens. It is not entirely clear to us whether plaintiffs actually intend to assert packaging trade dress claims against Walgreens. To the extent plaintiffs actually intend to assert trade dress in packaging, we believe these late-advanced claims are improper and should be dismissed.

   Certainly, no packaging claims are stated against Walgreens in the Complaint. However, after the May 1, 2009 close of fact discovery (and during the May ~~12~~ 20 and ~~13~~ 21 corporate depositions of Ed Hakim), plaintiffs noted for the first time that they were asserting some sort of trade dress claims based on packaging. While it's still not entirely clear to us what those packaging claims are, they appear to include packaging (1) 1-pack Gripper Cup, (2) 2-pack Gripper Cup, (3) 1-pack Sport Sipper, and (4) No-Spill hard-spout cup. For (1) and (2), a Gripper Cup is shown without packaging in Ex. B to the Complaint. For (4), a No-Spill Cup is shown with an instruction sheet folded inside in Ex. C to the Complaint. For (3), a Sport Sipper is shown in Ex. A to the Complaint, but that product and packaging is specifically restricted in the body of the Complaint to direct claims at defendant KMart and not Walgreens. Plaintiff LNC's CEO confirmed during corporate testimony that no packaging is shown in Ex. B to the Complaint and that the insert in Ex. C is merely an instruction sheet.

   It is fundamentally and manifestly unfair, not to mention prejudicial and costly, that Walgreens must defend against packaging claims that were not in the Complaint and that it did not have notice of until at or after the close of discovery. Please immediately advise us whether plaintiffs intend to assert trade dress in the packaging and provide us with a detailed statement of

Walgreens Co. adv.  Luv N' Care
Morris Cohen, Esq.
May 28, 2009
Page  2


what each packaging claim is and when plaintiffs contend Walgreens had notice - with specific identification of the notice vehicle plaintiffs believe would support the Court's finding that these claims are properly noticed.   We reserve the right to request the Court preclude any packaging claims by plaintiffs against Walgreens and will do so if we do not have a specific notice-supporting response from you by the end of the week.


                                        Sincerely,

                                        CHRISTOPHER & WEISBERG, P.A.


                                        *Jason R. Buratti*

                              By:    _____
                                        Jason R. Buratti*

CC:      Feldman & Gale (James A. Gale *et al.*)
            Joe D. Guerriero, Esq.
            Scott Daniels, Esq.


CHRISTOPHER & WEISBERG, P.A.
Attorneys at Law

Walgreens Co. adv.  Luv N' Care
Morris Cohen, Esq.
May 28, 2009
Page  3


*Admitted to practice in the District of Columbia and Commonwealth of Virginia and pending in Florida