REDACTED

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>WALGREEN CO. and KMART CORP.<br><br>Defendants. | CIVIL ACTION NO.<br><br>08-CIV 4457 (DC/HP)<br><br>FILED UNDER SEAL |

### WALGREENS' RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND STATEMENT OF ADDITIONAL FACTS

Pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1, Defendant Walgreen Co. ("Walgreens") submits these Responses to Plaintiff's ("Luv n' care" or "LNC") Separate Statement of Uncontroverted Facts and an Walgreens' own Statement of Additional Facts ("RSUF"). Each response is in the order of Plaintiffs' Statement followed by continued, sequential additional facts:

### *RESPONSES TO PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS*

I.    **Luv n' care's Products and Packaging**

1.    Luv n' care is a leading baby products company, established in early 1980s. Declaration of Nouri Edward Hakim ("Edward Hakim Decl.") ¶ 3; Declaration of Jack Ralph Hakim ("Jack Hakim Decl.") ¶ 5; Declaration of Tim McQuillen ("McQuillen Decl.") ¶ 5.

**RESPONSE: Walgreens does not dispute that LNC is a baby products company. Walgreens disputes that LNC is a "leading" baby products company because the proffered evidence represents generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Moreover, this fact is immaterial to the issues in the present motion. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶ 3** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence, i.e., that LNC "has grown into one of the leading baby products companies in the United States and around the World." The statement, to the extent it refers to anyone other than LNC's statements or beliefs, constitutes hearsay and speculation.

- **Jack Hakim Decl. ¶ 5** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence, i.e., that LNC "is a leading brand of baby sundries in the United States, and has been a leading brand for about ten years." The statement, to the extent it refers to anyone other than LNC's statements or beliefs, constitutes hearsay and speculation.

- **Tim McQuillen Decl. ¶ 5** is a generalized and conclusory statement, which is not supported by any evidence, i.e., that LNC "is *the* leading brand of baby sundries in the United States, and has been for about ten years." The statement, to the extent it refers to anyone other than LNC's statements or beliefs, constitutes hearsay and speculation.

2. Luv n' care sells baby products in over 150 fifty countries under several trademarks, including NUBY®. Edward Hakim Decl. ¶ 4.

**RESPONSE: Walgreens** disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. Moreover, this fact is immaterial to the issues in the present motion. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. ¶ 4** contains a general and conclusory, self-serving statement that is not supported by any evidence.

3. In the United States, Luv n' care sells baby products in large major retail chains, including Walmart, Target, Baby's 'R Us, CVS, Kmart, and formerly Walgreens. Edward Hakim Decl. ¶ 5; Declaration of Joseph Hakim ("Joseph Hakim Decl.") ¶ 20; Declaration of Nathan Shamosh ("Shamosh Decl.") ¶ 1; McQuillen Decl. ¶ 7.

**RESPONSE: Walgreens does not dispute this allegation.**

4. Luv n' care sells baby products in over 60,000 retail stores in the United States, and no-spill cups in about 47,000 retail outlets, including over 3,600 Walmart stores and formerly including over 5,800 Walgreens stores. Edward Hakim Decl. ¶ 6; Joseph

Hakim Decl. ¶¶ 20-21; *see also* Jack Hakim Decl. ¶¶ 11, 19; Shamosh Decl. ¶ 24;

McQuillen Decl. ¶¶ 12, 17.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is immaterial and is comprised of generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Moreover, this paragraph is not limited to products at issue in LNC's motion, i.e. "sippy cups." On LNC's website, www.Nuby.com, plaintiffs advertize many different products in addition to sippy cups. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶ 6. Although not disputed, this evidence is immaterial.**

- **Joseph Hakim Decl. ¶ 20 is based on hearsay in that these numbers had not been produced before the close of fact discovery and were not generated in the regular course of business.**

- **Joseph Hakim Decl. ¶21 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence, i.e., that LNC's products have been "very widely sold."**

- **Jack Hakim Decl. at ¶ 11 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statements of Mr. Lutz are hearsay.**

- **Jack Hakim Decl. at ¶ 19 is not disputed but is immaterial.**

- **Tim McQuillen Decl. ¶ 12. The statement by Mr. McQullen, "[a]t the time, this cup was performing far better than the no-spill cups Walgreens was selling" is a self serving and conclusory statement.**

- **Tim McQuillen Decl. ¶ 12. The statement by Mr. McQuillen, "[h]owever, Mr. Lutz expressed no interest in carrying the cup" is hearsay evidence.**

- **Nathan Shamosh Decl. ¶ 24. The asserted paragraph is not disputed other than the part that states that Walmart's promotions drove sales, "which resulted in even greater consumer recognition of this Luv n' care cup." That portion of the statement discussing consumer recognition is hearsay and lacks any evidentiary support.**

- **Tim McQuillen Decl. ¶ 12. Mr. McQuillen's statement that "[h]e told me and Mr. Hakim that he did not view Walgreens as a destination for this type of baby sundry. He explained to us that his best-selling cup was only selling about 25,000 to 35,000 units a year." is hearsay evidence.**

- **Tim McQuillen Decl. ¶ 12. Mr. McQuillen's statement "Walgreens apparently did not believe there was a market for no-spill cups at its stores. Mr. Lutz said he viewed it only as a minor impulse buy." This is hearsay evidence.**

- **Tim McQuillen Decl. ¶ 17. This paragraph is not disputed other than the last statement that "[n]o other brand was selling anywhere near this amount of product at Walgreens' stores, or elsewhere." This is a self serving statement not supported by evidence.**

5. Luv n' care enjoys a strong reputation domestically and worldwide for making quality baby products, including no-spill cups. Edward Hakim Decl. ¶ 7; Jack Hakim Decl. ¶ 6; Shamosh Decl. ¶ 4; McQuillen Decl. ¶ 6.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is comprised of generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Further, there is no evidence to support this allegation or that links it to the products at issue in this action. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶ 7 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that LNC "enjoys a strong reputation," or that any of its products are "innovative and uniquely designed," let alone are the products at issue in this action.**

- **Jack Hakim Decl. at ¶ 6 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Nathan Shamosh Decl. ¶ 4 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that LNC "enjoys a strong reputation among retail buyers and consumers for its innovative and uniquely designed baby products, including its no-spill cups."**

- **Tim McQuillen Decl. ¶ 6 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence or related to the products in this action, that Luv n' care enjoys a strong reputation among the retail buyers and consumers for its innovative and uniquely designed baby products, including no-spill cups.**

4

6. There are many different and alternative ways to shape, design, color and style a no-spill cup to catch a consumer's eye and distinguish one brand of cup from another. Edward Hakim Decl. ¶¶ 13, 35, Ex. 2-3, Shamosh Decl. ¶ 5.

**RESPONSE: Walgreens does not dispute that there is more than one way to shape, design, color and style each of the three basic features of a no-spill cup, which are set forth in LNC's SUF 7, below. Walgreens disputes that there are "many different and alternative ways" to shape, design, color and style a no-spill cup and that no-spill cup product designs distinguish one brand of cup from another" See RSUF 162-205; the proffered evidence is generalized and conclusory self-serving statements by interested persons, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶ 13 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. ¶ 35 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that there were no cups that look the way [Luv n' care's cups] look. The statement "Luv n' care's Gripper Cups, for example, does not look anything like the 'easy grip' cups sold by other leading brands.", directly contradicts Edward Hakim's deposition testimony where he testifies that other competitors have cups that include all the features of LNC's easy grip cups. DE 42, Declaration of Jason R. Buratti, Esq. Ex. A , Page 81:8-14; 81:18-22; and Page 82:1-10.**

- **Nathan Shamosh ¶ 5 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that "there are many different and alternative ways companies can creatively design, style and package a no-spill cup to catch a consumer's eye and create a demand for the product."**

7. There are only three basic features of a no-spill cup:  A liquid-holding vessel that can be easily handled by young children; a cap that closes the vessel and helps keep liquid from spilling; and a means to dispense liquid, such as a spout or straw.  Edward Hakim Decl. ¶ 10; Shamosh Decl. ¶ 6.

**RESPONSE:  Walgreens does not dispute this allegation.**

5

8. The United States Patent & Trademark Office ("USPTO") has issued numerous design

patents on no-spill cups, including caps and vessels for no-spill cups, protecting

different designs from copying, and thus consumer confusion. Edward Hakim Decl. ¶

31; Declaration of Todd M. Malynn, Ex. A to HH.

**RESPONSE: Walgreens does not dispute that the USPTO has issued numerous design patents on no-spill cups. LNC has no such design patents that protect the product designs they presently assert. See, e.g., U.S. Pat. Nos. D454,642 and D425,994; RSUF 249-50, below (LNC's two design patents do not cover the asserted designs). Walgreens disputes that design patents protect from consumer confusion, which is the purpose of trademark and trade dress law. See 15 U.S.C. et seq. Further, Walgreens states that Edward Hakim Decl. ¶ 31 is not disputed, but is immaterial as it does not pertain to any of the products in suit.**

9. Each one of Luv n' care's four no-spill cups has a unique and distinctive overall look

and product design. Edward Hakim Decl. ¶¶ 14, 32, Ex. 1 (A-D); Shamosh Decl. ¶ 13.

**RESPONSE: Walgreens disputes this allegation because it is immaterial and because trade dress protection of product designs depends upon acquired secondary meaning of a product. Wal-mart Stores v. Samara Bros., 529 U.S. 205, 209 (2000). This allegedly uncontroverted fact is compound, general and conclusory because it covers product designs that plaintiffs have not asserted against Walgreens, and is based on hearsay and speculation. Moreover, the product design is functional and competitors use all of the alleged trade dress features. RSUF 162-205 & DE 42, Buratti Decl. Ex. F and G. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶¶ 14, 32, Ex. 1 (A) and Ex. 1(D) are not asserted against Walgreens, so this statement is immaterial as to these two products. DE 1 at ¶¶ 39-43, ¶¶ 44-48 and DE 1 Exs. B, C. Further, these statements are generalized and conclusory self-serving statements, which are not supported by any actual evidence. These statements, to the extent it refers to anyone's statements or beliefs other than LNC's are hearsay and speculation.**

- **Edward Hakim Decl. ¶¶ 14, 32, Ex. 1 (B). These statements are generalized and conclusory self-serving statements, which are not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. ¶¶ 14, 32, Ex. 1 (C). These statements are generalized and conclusory self-serving statements, which are not supported by any actual evidence. The statements, to the extent they**

refer to anyone's statements or beliefs other than LNC's are hearsay and speculation.

- **Nathan Shamosh Decl. ¶ 13.** This statement is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

10. Apart from having a cup, cap and drinking spout, there is no reason why a no-spill cup has to look like another cup on the market. Edward Hakim Decl. ¶¶ 15-17, 30, 34, 35; Shamosh Decl. ¶ 5.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Additionally, there are only a limited number of options available to competitors to construct sippy cups and because numerous other competitors use the same or similar features to construct each of the three basic parts of a sippy cup. RSUF 162-205 & DE 42, Buratti Decl. Exs. F, G. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. ¶ 15.** This is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Edward Hakim Decl. ¶ 16** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Edward Hakim Decl. ¶ 17** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Edward Hakim Decl. ¶ 30** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- **Edward Hakim Decl. ¶ 34** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Edward Hakim Decl. ¶ 35** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that there were no cups that look the way [Luv n' care's cups] look. The statement "Luv n' care's Gripper Cups, for example, does not look anything like the 'easy grip' cups sold by other leading brands" contradicts Edward Hakim's deposition testimony where he testified that other competitors have cups that include all the features of LNC's easy grip cups. DE 42, Buratti

Decl., Ex. A, at pages 65:20-66:10; 75:17-77:16; pages 77:19-78:22; 79:20-80:9.

- Nathan Shamosh ¶ Decl. 5 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that "there are many different and alternative ways companies can creatively design, style and package a no-spill cup to catch a consumer's eye and create a demand for the product."

11. The different shapes, designs, colors and styles of no-spill cups on the market are ornamental. They primarily are a form of marketing, a way to match a no-spill cup to the tastes of consumers, and distinguish one brand from another. Edward Hakim Decl. ¶¶ 13, 27, 32-33, Ex. 1 (A-D); Shamosh Decl. ¶ 9.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is based upon immaterial, generalized and conclusory self-serving statements by an interested person, and on statements that contradict earlier testimony. Further, Walgreens disputes this statement since the different shapes, designs and styles of no-spill cups on the market are functional and do not distinguish one brand from another. RSUF 162-205, DE 42, Buratti Dec. Ex. F and G. As further support for this dispute, Walgreens states:

- Edward Hakim Decl. ¶¶ 13, 27, 32-33, Ex. 1 (A) and Ex. 1(D) are not asserted against Walgreens, so this statement is immaterial as to these two products. DE 1 at ¶¶ 39-43, ¶¶ 44-48 and DE 1 Exs. B, C.

- Nathan Shamosh Decl. ¶ 9. The statement "[t]he different shapes . . . are ornamental." is inconsistent with Shamosh's deposition testimony where, on pg 137, lines 9-12, Shamosh testifies that the shape of the cup's design is contoured in such a way to make it "easy to hold"

# REDACTED

Declaration of Garrett A. Barten, Esq. Supporting Walgreen Co.'s Opposition to Plaintiffs' Motion for Partial Summary Judgment (Barten Opp. MSJ Dec.) Ex. 6.

12. The overall look of a no-spill cup is important to the success of the cup, both in terms of initial sales and brand loyalty.  Edward Hakim Decl. ¶¶ 19-26, 28-29, 38, 80-84; Shamosh Decl. ¶¶ 10-12, 14-16.

**RESPONSE:**   Walgreens disputes this allegation.   Pertinent purchasing decisions at Walgreens were made, according to Walgreens' category manager, based on consumer value, for example.  RSUF 147-151- 160.   This allegation is immaterial as to initial sales, since trade dress protection of product designs depends upon acquired secondary meaning of a product.   *Wal-mart Stores v. Samara Bros.*, 529 U.S. 205, 209 (2000).  Further, Walgreens disputes this statement since the evidence is based upon hearsay and speculation, and upon generalized and conclusory self-serving statements, which are not supported by any actual evidence.  This allegation also blurs product packaging issues not in the case (RSUF 68-91) with product design trade dress.  As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 19 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 20 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 21 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 22 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 23 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 24 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 25 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 26 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 28 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that LNC's cups are sold in "creatively designed clear shrink wrap." To the contrary, Exhibits B, Fig. 4 of Edward Hakim's Declaration (DE 52) shows cups disposed within shrink wrap that is not clear and has prints and/or color. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 29 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 38 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 80 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 81 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 82 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 83 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement,

10

to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 84 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Nathan Shamosh Decl. ¶ 10.  The statement "Consumers, especially mothers, often select and purchase no-spill cups because of the way they look" is speculation, and based on lack of personal knowledge.  This also contradicts Shamosh's deposition testimony where, on page 163, lines 6-11 of his deposition testimony, Shamosh testifies that he does not have an understanding of the different factors used to make a purchasing decision.

# REDACTED

Barten Opp MSJ Dec. Ex 6 (emphasis added).

- Nathan Shamosh Decl. ¶ 10.  The statement "If a cup functions well after it is purchases, the consumer will remember the cup by the way it looks and buy it again." Is speculation and based upon lack of personal knowledge.

- Nathan Shamosh Decl. ¶ 10.   The statement "If the no-spill cup does not function well, the consumer will likely buy another cup that has a different look or appearance." is speculation and based upon lack of personal knowledge.

- Nathan Shamosh Decl. ¶ 11.  The statement "If consumers research no-spill cups on the Internet before going to a store, they are likely to remember the cups by the way they look." is speculation and based upon lack of personal knowledge.

- Nathan Shamosh Decl. ¶ 11.  The statement "For consumers that do not research a product such as a no-spill cup before going to a store, but generally remember the items they want to purchase, they, too, will likely remember and select the item they want to purchase at the store by the way it looks." is speculation, and based on a lack of personal knowledge.

- Nathan Shamosh Decl. ¶ 11.   The statement "The look of a no-spill cup is extremely important to the commercial impression conveyed to the

consumer about the source of the product." is speculation, and based on a lack of personal knowledge.

- Nathan Shamosh Decl. ¶ 12. The statement "If a no-spill cup does not have a distinctive look, then consumers might not purchase the cup a second time even if it functioned as well as expected." is speculation, and based on a lack of personal knowledge."

- Nathan Shamosh Decl. ¶ 14. The statement "The importance of the appearance and design of a no-spill cup is shown by the amazing success of the two Luv n' care cups at issue . . . " is a self serving statement. No evidence that "appearance" and "design" were reasons for any alleged "success" as opposed to functional aspects, the NUBY mark or otherwise.

- Nathan Shamosh Decl. ¶ 16. The statement "Sales of this Luv n' care product sky-rocketed through the roof." is a conclusory and self serving statement.

13. In 2003, Luv n' care introduced two of its no-spill cups on the market: The Luv n' care brand hard-spout and soft-spout cup. Jack Hakim Decl. ¶¶ 9, 23; Shamosh Decl. ¶ 20, Ex. 1; McQuillen Decl. ¶¶ 11, 18.

**RESPONSE:** Walgreens does not dispute that LNC introduced the asserted no-spill cup designs into the market in 2004. RSUF 66-67. Regarding the alleged 2003 introduction, Walgreens provides the following objections to the evidence used by LNC to support this alleged fact:

- Jack Hakim Decl. at ¶ 9 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 23 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 11. The statement "Luv n' care's cup was already performing well in other stores. There was no other cup in the marketplace at that time that had the same overall look and appearance." is a conclusory and self serving statement. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation. This statement is also disputed by the many cups on the market having the same allegedly protectable features of plaintiff's cup DE 42, Buratti Declaration, Ex. F and G.

- **Tim McQuillen Decl. ¶ 18. The statement "Luv n' care introduced a new soft-spout cup at Walmart at the end of 2003, which it then rolled out to other stores. This product was an immediate success as well." is a self serving statement with no evidentiary support.**

14. In 2003, Luv n' care introduced two of its no-spill cups on the market: The Luv n' care brand hard-spout and soft-spout cup. Jack Hakim Decl. ¶¶ 9, 23; Shamosh Decl. ¶ 20, Ex. 1; McQuillen Decl. ¶¶ 11, 18.

    a.    Both Luv n' care cups have a unique and distinct overall look and product design, including a unique combination of features and ornamental designs: a.The trade dress of Luv n' care's hard-spout, no-spill cup includes a custom-tinted, translucent cylindrical shaped cup that gradually widens towards the top of the cup, where it opens like a flower peddle to meet the cap, a custom colored and shaped cap, with the appearance of a cap sitting on a cap look, and a spout with a bulb-like base and a relatively pointy top;

    b.    The trade dress of Luv n' care's soft-spout, no-spill includes an oval-shaped, clear-silicone spout, resting on a circular, disc-like insert that is convex, raised above and resting on the cap, providing a ridged or rounded layered-like appearance; a custom-colored, bell-shaped cap with relief impressions along the sides; the cap is on top of a clear or custom-colored translucent cup having a hour-glass shape in front and back; the top portion of the cup possesses a hood-like design that starts at the top and extends in a fluid, curved form downward ending near the bottom of the cup; the middle portion of the cup has a series of inset wave and ripple-like grooves that extend in a concave fashion toward the interior of cup; the bottom and top of the cup have a bulbous-like shape, with the top being more round than the bottom of the cup.

Edward Hakim Decl. ¶¶ 36-37; Jack Hakim Decl. ¶¶ 9, 25; Shamosh Decl.

¶ 13; McQuillen Decl. ¶¶ 11, 19.

**RESPONSE: Walgreens disputes this recitation of the asserted trade dress elements. Walgreens does not dispute that LNC asserts as trade dress those features identified for the first time a trade dress chart produced on the last day of discovery, RSUF 105-110, below; DE 44 at ¶¶36-40, or testified to during the May 29, 2009 corporate testimony of N. Ed. Hakim. Walgreens does not dispute that LNC introduced the asserted no-spill cup designs into the market in 2004. RSUF 66-67. Regarding the alleged 2003 introduction and**

remaining allegations in this paragraph, however, Walgreens provides the following objections to the evidence including evidence purportedly supporting the alleged facts since it is inconsistent with the trade dress chart:

- Edward Hakim Decl. ¶¶ 36-37 is inconsistent with the trade dress chart provided on the last day of discovery. For example, plaintiffs allege in their trade dress chart that a feature of their alleged trade dress includes "an oval clear silicone spout which is attached to a silicone top of the cap", whereas in ¶¶ 36-37 In his declaration, Mr. Hakim now alleges that their trade dress includes "an oval-shaped, clear silicone spout, resting on a circular, disc-like insert that is convex, raised above and resting on the cap, providing a ridged or rounded layered-like appearance."

- Jack Hakim Decl. ¶¶ 9, 25 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Nathan Shamosh Decl. ¶ 13 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 11 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that "Luv n' care's cup was already performing well in other stores. There was no other cup in the marketplace at that time that had the same overall look and appearance."

- Tim McQuillen Decl. ¶ 19 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that "[l]ike other Luv n' care products, this product has a very unique and distinctive look."

- Tim McQuillen Decl. ¶ 19 is inconsistent with the trade dress chart provided on the last day of discovery. The statement "There was not a single cup on the market that looked anything like this cup, and customers readily identified this cup by the way it looked, which was important to buyers." is a self serving statement without evidentiary basis or knowledge and based on hearsay.

15. When Luv n' care introduced its two no-spill cups into the market, no other cup had a similar overall look to the Luv n' care brand hard-spout cup. McQuillen Decl. ¶ 11.

RESPONSE: Walgreens disputes this allegation. At least a dozen competitors have similar looks. RSUF 162-205. This dispute is immaterial, however, since trade dress protection of product designs depends upon acquired secondary meaning of a product. *Wal-mart Stores v. Samara Bros.*, 529 U.S. 205, 209 (2000). Further, Walgreens disputes the evidence

supporting this statement since it is comprised of generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation.  As further support for this dispute, Walgreens states:

- **Tim McQuillen Decl. ¶ 11 is inconsistent with the trade dress chart provided on the last day of discovery.  The statement "Luv n' care's cup was already performing well in other stores.  There was no other cup in the marketplace at that time that had the same overall look and appearance" is conclusory, self serving, and based upon hearsay to the extent it refers to anyone's statements or beliefs other than LNC's.**

16.  When Luv n' care introduced its two no-spill cups into the market, no other cup had a similar overall look to the Luv n' care brand soft-spout cup.  McQuillen Decl. ¶ 18.

**RESPONSE:  Walgreens disputes this allegation.  At least a dozen competitors have similar looks.  RSUF 162-205.  This dispute is immaterial, however, since trade dress protection of product designs depends upon acquired secondary meaning of a product.  *Wal-mart Stores v. Samara Bros.*, 529 U.S. 205, 209 (2000).  Further, Walgreens disputes the evidence supporting this statement since it is comprised of generalized and conclusory self-serving statements by an interested person.  As further support for this dispute, Walgreens states:**

- **Tim McQuillen Decl. ¶ 18.  The statement "Luv n' care introduced a new soft-spout cup at Walmart at the end of 2003, which it then rolled out to other stored.  This product was an immediate success as well." is conclusory and self serving and not supported by any evidence.**

17.  The overall look of Luv n' care's hard-spout and soft-spout cups are cable of creating a commercial impression distinct from accompanying words or packaging.   Edward Hakim Decl. ¶¶ 15, 33, 36-37; Shamosh Decl. ¶ 18.

**RESPONSE:  Walgreens disputes this allegation.  At least a dozen competitors have similar looks.  RSUF 162-205.  Walgreens also disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation.  Additionally, there is no evidence to support this statement.  As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 15 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 33 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that no-spill**

designs are ornamental in nature, convey commercial impressions separate from any accompanying words or packaging, and may be inherently distinctive. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 36 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. Further, as shown below, the statement that the hard-spout, no-spill cup includes a unique combination of features and ornamental designs, directly contradicts Edward Hakim's deposition testimony where he testifies that *each of these features* is present in other competitors' cups:

With regard to the no-spill cup, Plaintiffs testified that other competitors:

*Use colored, tinted, generally cylindrical cups*:
8  Q.  All right, do other competitors that
9   we've talked about today, use colored, tinted,
10  generally cylindrical shaped cups?
11      A.  Yes.

DE 42, Buratti Decl., Ex. A at Page 81, lines 8-11.

*Sell cups having wider upper portions*:
12  Q.  Do some of those cups have [wider]
13  upper portions?
14      A.  Yes.

DE 42, Buratti Decl., Ex. A at Page 81, lines 12-14.

*Sell cups with tinted caps*:
18  Tinted caps?
19      A.  Yes.

DE 42, Buratti Decl., Ex. A at Page 81, lines 18-19.

*Sell caps that have a cap sitting on a cap look*:
20  Do some of them use caps that have a
21  cap sitting on a cap look?
22      A.  Yes.

DE 42, Buratti Decl., Ex. A at Page 81, lines 20-22.

*Sell cups with spouts that have a bulb-like base and relatively pointed tops*:
1   Do other competitors have cups with
2   spouts that have [bulb] like [bases]?
3       A.  Yes.

4    Q.  And pointy tops?
5    A.  Yes.
6    Q.  Relatively pointed tops?
7    A.  Yes.

DE 42, Buratti Decl., Ex. A at Page 82, lines 1-7.

*Sell cups that include folded inserts*:
8    Do other competitors use packaging
9    that's folded and inserted into sippy cups?
10    A.  Yes.

DE 42, Buratti Decl., Ex. A at Page 82, lines 8-10.

- Edward Hakim Decl. at ¶ 37 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  It recites features deemed as "unique" yet which appear in competitors' cups.

- Nathan Shamosh Decl. ¶ 18.  The statement "Luv n' care succeeded in catching the consumer's eye and making a strong commercial impression among consumers with the appearance of its cups." is self serving and requires speculation.

- Nathan Shamosh Decl. ¶ 18.  The statement "Consumers know the look of this cup and view it as a leading brand of no-spill cups on the market" is self serving and made with a lack of personal knowledge.

18. The overall look of Luv n' care's soft-spout cup is inherently distinctive and a design

patent application is pending.  Edward Hakim Decl. ¶¶ 31, 37; McQuillen Decl. ¶ 19.

**RESPONSE:** Walgreens disputes this allegation.  At least a dozen competitors have similar looks.  RSUF 162-205.  This dispute is immaterial, however, since trade dress protection of product designs depends upon acquired secondary meaning of a product.  *Wal-mart Stores v. Samara Bros.*, 529 U.S. 205, 209 (2000).  Further, the evidence supporting this statement is comprised of generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation.  As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 31 is not disputed, but is immaterial as it does not pertain to any of the products in suit.

- Edward Hakim Decl. at ¶ 37 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  It recites features deemed as "unique" yet which appear in competitors' cups.

17

- **Tim McQuillen Decl. ¶ 19.** The statement "Like other Luv n' care products, this product has a very unique and distinctive look." is a serving and unsupported statement.

- **Tim McQuillen Decl. ¶ 19.** The statement "There was not a single cup on the market that looked anything like this cup, and customers readily identified this cup by the way it looked, which was important to buyers." is self serving, and based on hearsay.

19. Luv n' care sells its hard-spout, no-spill cup in clear plastic shrink wrap single-item displays, and consumers can visibly see the cups. Edward Hakim Decl. ¶¶ 28, 52; Jack Shamosh Decl. ¶ 29.

**RESPONSE:** Walgreens does not dispute this allegation although it is immaterial.

20. Luv n' care generally sold its soft-spout, no-spill cup in clear plastic shrink wrap single-item displays, so that consumers could visibly see the cups. Edward Hakim Decl. ¶¶ 28, 52; Shamosh Decl. ¶ 29.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. In addition, LNC's packaging identified in exhibits supporting its motion is a 2-pack that impairs a consumer's ability to view at least a part of the cup. DE 52 (N. Ed. Hakim Dec.) at Ex. 2-B, Fig. 4, right side. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. at ¶ 28** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that LNC's cups are sold in "creatively designed clear shrink wrap." To the contrary, Exhibit B (Fig. 4) of Edward Hakim's Declaration shows cups disposed within shrink wrap that is not clear and has prints and/or color. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- **Edward Hakim Decl. at ¶ 52** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

18

- **Nathan Shamosh Decl. ¶ 29.** The statement "Retailers know that the look of a no-spill cup is far more likely to catch the consumer's eye than the name of the product." is made without personal knowledge, and is based upon speculation and upon hearsay to the extent it refers to anyone's statements or beliefs other than LNC's.

21. For use at Walgreen stores, Luv n' care specially designed a unique clear plastic shrink wrap 2-pack combination for Luv n' care's soft-spout, no-spill cups. Edward Hakim Decl. ¶ 52; Jack Hakim Decl. ¶ 31; McQuillen Decl. ¶ 23.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. at ¶ 52** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Jack Hakim Decl. at ¶ 31** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- **Tim McQuillen Decl. ¶ 23** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

22. The trade dress of Luv n' care specially designed clear plastic packaging includes the following unique combination of features and ornamental designs: (a) a see-through, form-fitted shrink-wrapped plastic surface having (i) a colorful band positioned at the top, which encircles the two enclosed cups beneath their caps; (ii) relatively thick, child-like block lettering having a border and shadow effect and being centered within the colorful band and spelling out the words "No Spill Cup"; (iii) the phrase "2-pack" positioned in the upper left portion of the front of the packaging, just above the

word "No" in the phrase "No-Spill Cup"; (iv) Walgreen's promotional "Wow" sticker positioned at the bottom right, next to the trademark NUBY®; and (b) a uniquely shaped cardboard insert wedged between the two cups and visible within the shrink-wrap and having: a colorful, bordered oval shape printed on its outward face wherein the trademark is centered and portrayed in large block lettering. Edward Hakim Decl. ¶ 53.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. Walgreens was not aware of and was never put on notice of any packaging claims until after the close of discovery. RSUF 68-93, below. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 53 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

23. Luv n' care's soft-spout cup remains visible to the consumer in the specially designed 2-pack packaging. Edward Hakim Decl. ¶ 53.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, and because at least some of the product is not visible through the packaging. See DE 52, N. Ed. Hakim Declaration at Ex. B (Fig. 4). As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 53 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

24. Luv n' care's specially designed 2-pack packaging is inherently distinctive. Edward Hakim Decl. ¶¶ 52 - 53.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person and supported by no evidence. Further, most of the packaging is simply descriptive. For example, "2-Pack" or Walgreens' own marking, "WOW!" See DE 52, N. Ed. Hakim Declaration at Ex. B (Fig. 4). As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 53 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

25. Luv n' care's hard-spout cup is a top selling no-spill cup in the United States, selling about 30 million pieces in its first full five years (2004 to 2008) and over 12 million pieces in its first full two years (2004 and 2005). Edward Hakim Decl. ¶ 19; Joseph Hakim ¶ 7.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation and because at least some of the product is not visible through the packaging. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. at ¶ 19 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Joseph Hakim Decl. ¶ 7 is based on hearsay in that these number had not been produced before the close of fact discovery and were not generated in the regular course of business.**

26. Given that roughly 4 million babies are born each year in the United States, new mothers were likely to purchase a Luv n' care hard-spout cup. Edward Hakim Decl. ¶ 45.

**RESPONSE:** Walgreens disputes this allegation because it is immaterial and because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. at ¶ 45 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

27. Luv n' care's large retail customers, including Walgreen, promoted Luv n' care's hard-spout cup to Luv n' care's target audience through in-store promotions or co-operative advertising, which involved including pictures of Luv n' care's cup in newspaper inserts, circulars and flyers, and ran advertisements about every other month. Jack Hakim Decl. ¶¶ 16-17, 19-21; McQuillen Decl. ¶¶ 14, 16-17.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. In fact, LNC testified to the contrary by stating that before 2009, LNC had "basically no" advertising budget in the United States. DE 42, Buratti Decl., Ex. B at Page 31, lines 7-9. As further support for this dispute, Walgreens states:

- Jack Hakim Decl. at ¶ 16 includes statements by Mr. Lutz, which are hearsay and speculation.

- Jack Hakim Decl. at ¶ 17 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 19 is not disputed but is immaterial.

- Jack Hakim Decl. at ¶ 20 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 21 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 14. The statement "Walgreen buyers, including Mr. Lutz, have informed me that Walgreens will not promote just any product as a "Wow" item. To be a 'Wow' item, Walgreens had to perceive strong customer demand for, and customer awareness of the particular product brand. The idea, as conveyed to me at various times by Mr. Lutz and others at Walgreens, is to provide a well-recognized and popular product at a volume-based price where a customer would think 'Wow', Walgreens is selling a product I want at a great price." is hearsay evidence.

- Tim McQuillen Decl. ¶ 16. The statement "Walgreens' replenishment buyer, Nora Faassen, had contacted me and stated that based on current sales, Walgreens would, on average, need 23,000 units a week for basic

replenishment, and 85,000 units per week when Walgreens ran store promotions advertising the cup." is hearsay evidence.

- Tim McQuillen Decl. ¶ 17. This paragraph is not disputed other than last statement that "[n]o other brand was selling anywhere near this amount of product at Walgreens' stores, or elsewhere." This statement is a self serving statement not supported by evidence.

28. Because of the consumer demand for and recognition of this cup, Walgreen came to Luv n' care to promote this cup as a "Wow" item, where a consumer would think, "Wow," that is a product I want at a good price, and promoted it as a "Wow" item for 3 years. Jack Hakim Decl. ¶¶ 14-17; McQuillen Decl. ¶¶ 12-13.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:

- Jack Hakim Decl. at ¶ 14 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 15 contains statements that are pure speculation. It is speculation on the part of J. Hakim in stating the reasons why Mr. Lutz would call Luv n' care.

- Jack Hakim Decl. at ¶ 16 includes statements by Mr. Lutz, which are hearsay and speculation.

- Jack Hakim Decl. at ¶ 17 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Tim McQuillen Decl. ¶ 12. The statement "At the time, this cup was performing far better than the no-spill cups Walgreens was selling." is a self serving and conclusory statement.

- Tim McQuillen Decl. ¶ 12. The statement "However, Mr. Lutz expressed no interest in carrying the cup." is hearsay.

- Tim McQuillen Decl. ¶ 12.  The statement "[H]e told me and Mr. Hakim that he did not view Walgreens as a destination for this type of baby sundry.  He explained to us that his best-selling cup was only selling about 25,000 to 35,000 units a year." is hearsay.

- Tim McQuillen Decl. ¶ 12.  The statement "Walgreens apparently did not believe there was a market for no-spill cups at its stores.  Mr. Lutz said he viewed it only as a minor impulse buy." is hearsay.

- Tim McQuillen Decl. ¶ 13.  The statement "Out of the blue in mid-2004, Mr. Lutz called and told me that he had to have Luv n' care's new no-spill cup, which was performing well in the marketplace." is hearsay.

- Tim McQuillen Decl. ¶ 13.  The statement "[Mr. Lutz] was instructed by his superiors to get Luv n' care to sell the 'best cup' at Walgreens as a 'Wow' item." is hearsay.

29. The co-operative advertisements and in-store promotions for this Luv n' care cup were effective in drawing consumers to stores.  In 2005, Luv n' care was selling on average a little more than 140,000 hard-spout cups per week in all stores.  When Walgreens would run an ad promoting this Luv n' care cup, Walgreens projected its stores would sell 85,000 cups that week, as compared to a normal week, where it projected weekly sales at 23,000 cups.    Edward Hakim Decl. ¶ 40; Jack Hakim Decl. ¶¶ 18-22; McQuillen Decl. ¶¶ 15-17.

**RESPONSE:**    Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation.  Further, the advertising and promotions were not "co-operative," but rather performed by LNC's clients who got a "rebate" for doing their own advertising – Plaintiffs had "basically no" advertising budget prior to 2009.  RSUF 27; 214-222.  DE 42, Buratti Decl., Ex. B at Page 31, lines 7-9.  As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 40 is a generalized and conclusory self-serving statement ("This cup had tremendous success at Walgreens").

- Jack Hakim Decl. at ¶ 18 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Jack Hakim Decl. at ¶ 19 is not disputed but is immaterial.**

- **Jack Hakim Decl. at ¶ 20 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 21 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 22 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 15. The statement "The promotion was successful." is conclusory, self serving, and not supported by evidence.**

- **Tim McQuillen Decl. ¶ 16. The statement "Walgreens' replenishment buyer, Nora Faassen, had contacted me and stated that based on current sales, Walgreens would, on average, need 23,000 units a week for basic replenishment, and 85,000 units per week when Walgreens ran store promotions advertising the cup." is hearsay evidence.**

- **Tim McQuillen Decl. ¶ 17. This paragraph is not disputed other than last statement that "[n]o other brand was selling anywhere near this amount of product at Walgreens' stores, or elsewhere." This is a self-serving statement not supported by evidence.**

30. The overall look of Luv n' care's hard-spout cup acquired secondary meaning among

    targeted consumers as being associated with one product source.  Edward Hakim Decl.

    ¶¶ 46-47, 50-52; Shamosh Decl. ¶ 18.

**RESPONSE:**  Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation.   No evidence supports a conclusion that acquired secondary meaning for any of plaintiffs' products exist.  See, *e.g.*,RSUF 214-32.  Thus, summary judgment of no acquired secondary meaning in Walgreens favor may be granted. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. at ¶ 46 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement,**

to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 50 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Edward Hakim Decl. at ¶ 51 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Nathan Shamosh Decl. ¶ 18. The statement "Luv n' care succeeded in catching the consumer's eye and making a strong commercial impression among consumers with the appearance of its cups." is a self serving statement. In addition, the statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation and not supported by any evidence.

- Nathan Shamosh Decl. ¶ 18. The statement "Consumers know the look of this cup and view it as a leading brand of no-spill cups on the market" is made without personal knowledge, and is a conclusory, self-serving statement. In addition, the statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

31. Luv n' care's soft-spout cup is the best selling no-spill cup since it was introduced into the market, selling over 64 million pieces in its first full five years (2004 to 2008) and over 25 million pieces in its first full two years (2004 and 2005). Edward Hakim Decl. ¶¶ 41, 43; Jack Hakim ¶ 24; Joseph Hakim ¶ 8.

**RESPONSE:**   Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation.   As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 41 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- **Edward Hakim Decl. at ¶ 43 is not disputed, but is immaterial.**

- **Jack Hakim Decl. at ¶ 24 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Joseph Hakim Decl. ¶ 8 is based on hearsay in that these numbers had not been produced before the close of fact discovery and were not generated in the regular course of business.**

32. Given that roughly 4 million babies are born each year in the United States, new mothers were likely to purchase a Luv n' care soft-spout cup. Edward Hakim Decl. ¶ 45.

**RESPONSE:**   Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. at ¶ 45 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. Even if the statements were true, they are immaterial.**

33. Because of the special appeal this no-spill cup has with consumers, Walmart made a corporate decision to get behind this cup, and it advertised and promoted this Luv n' care nearly every month in 2005, so that mothers near one of Walmart's over 3,800 stores would be aware of this Luv n' care cup and know that they could purchase it at Walmart. Edward Hakim Decl. ¶ 48; Shamosh Decl. ¶ 24.

**RESPONSE:**   Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. at ¶ 48 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Nathan Shamosh Decl. ¶ 24.  This paragraph is not disputed other than the part that states that Walmart's promotions drove sales, "which**

resulted in even greater consumer recognition of this Luv n' care cup."
That portion of the statement discussing consumer recognition is hearsay.

34. Other large retail customers, including Target, CVS, Kmart and Walgreens (but not

initially), also promoted Luv n' care's soft-spout cup to Luv n' care's target audience

through in-store promotions and co-operative advertising, which involved including

pictures of Luv n' care's cup in newspaper inserts, circulars and flyers.  Edward Hakim

Decl. ¶ 49.

**RESPONSE:**    Walgreens disputes this allegation because the proffered evidence is
generalized and conclusory self-serving statements by an interested person, constituting
hearsay, and/or lacking foundation.  As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. at ¶ 49 is a generalized and conclusory self-serving
  statement, which is not supported by any actual evidence.  The statement,
  to the extent it refers to anyone's statements or beliefs other than LNC's
  is hearsay and speculation.**

- **Plaintiffs did not disclose Target or CVS as an individual likely to have
  discoverable information that plaintiffs may rely upon at trial and as
  such any offering of Target or CVS based evidence after the close of
  discovery should not be considered.  See RSUF 95; Barten Opp MSJ Dec.
  Ex. 3.**

35. Luv n' care's soft-spout cup became the best selling baby sundry item in all of Walmart

stores.  Shamosh Decl. ¶ 16.

**RESPONSE:**    Walgreens disputes this allegation because the proffered evidence is
generalized and conclusory self-serving statements by an interested person.  As further
support for this dispute, Walgreens states:

- **Nathan Shamosh Decl. ¶ 16.  The statement "Sales of this Luv n' care
  product sky-rocketed through the roof." is conclusory, generalized,
  laudatory and self-serving statement, and not supported by evidence.**

36. Luv n' care's soft-spout cup became a Top 30 selling product among all products in all

product categories at Walmart.  Shamosh Decl. ¶ 16.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. As further support for this dispute, Walgreens states:

- Nathan Shamosh Decl. ¶ 16. The statement "Sales of this Luv n' care product sky-rocketed through the roof." is a conclusory, laudatory and self serving statement, not supported by evidence.

- Plaintiffs did not disclose Wal-Mart as an individual likely to have discoverable information that plaintiffs may rely upon at trial and as such any offering of Wal-Mart-based evidence after the close of discovery should not be considered. See RSUF 95; Barten Opp MSJ Dec. Ex. 3.

37. Luv n' care received Wal-Mart's Golden Cup Award and 2005 Item Driver Award for

its soft-spout cup. Edward Hakim Decl. ¶ 47; Shamosh Decl. ¶ 23.

**RESPONSE:** Walgreens disputes this allegation is immaterial and because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. Statements in this paragraph are immaterial and, to the extent it refers to anyone's statements or beliefs other than LNC's are hearsay and speculation.

- Nathan Shamosh Decl. ¶ 23. The statement "The innovative and eye-catching design, and the tremendous success of this cup . . ." is a self serving and conclusory statement unsupported by evidence.

38. Retail buyers were praising the high-customer awareness of and demand for

Luv n' care's soft-spout cup as the "MOTHER OF ALL SIPPY CUPS." Shamosh

Decl. ¶ 21.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:

- Nathan Shamosh Decl. ¶ 21. The statements in the e-mail from a Ms. Botkin who wrote "you were right, the 'MOTHER OF ALL SIPPY

CUPS! I was wowed. Honestly, you have never steered me wrong. Hats off to you.", are hearsay.

39. Because of the high consumer demand for and recognition of this cup, Walgreen came to Luv n' care to promote this cup as a "Wow" item, and it began to promote and sell this Luv n' care cup in May 2005 in a specially design 2-pack.  Edward Hakim Decl. ¶¶ 51-52; Jack Hakim Decl. ¶¶ 27-31; McQuillen Decl. ¶¶ 21-23.

**RESPONSE:  Walgreens does not dispute this allegation for the purpose of this motion.**

40. The overall look of Luv n' care's soft-spout cup acquired secondary meaning as being associated with one product source and is famous among consumers.  Edward Hakim Decl. ¶¶ 47, 50-52; Shamosh Decl. ¶¶ 19, 22.

**RESPONSE:    Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation.  No evidence supports a conclusion that acquired secondary meaning for any of plaintiffs' products exist.  See, e.g.,RSUF 214-32.  Thus, summary judgment may still issue in favor of Walgreens that the asserted design has not acquired secondary meaning.  As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 50 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 51 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Nathan Shamosh Decl. ¶ 19.  The statement "The Luv n' care brand soft-spout cup had become famous among retailers and consumers." is a self serving and conclusory statement, and based upon hearsay.**

- Nathan Shamosh Decl. ¶ 22 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

## II. Walgreen's Bad Faith/Acts Meant to Deceive

41. Before Luv n' care sold no-spill cups at Walgreens there was no market for this product in its stores. Its best selling brand was selling only 25,000 to 35,000 units per year. Jack Hakim Decl. ¶¶ 11, 22; McQuillen Decl. ¶¶ 13, 21.

RESPONSE: This statement disputes itself claiming Walgreens was selling but that it also had no market. Because the allegation it is self-contradictory and the proffered evidence is generalized and conclusory self-serving statements and lacks foundation, Walgreens disputes it. As further support for this dispute, Walgreens states:

- Jack Hakim Decl. at ¶ 11 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statements of Mr. Lutz are hearsay and/or lack foundation.

- Jack Hakim Decl. at ¶ 22 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 13. The statement "Out of the blue in mid-2004, Mr. Lutz called and told me that he had to have Luv n' care's new no-spill cup, which was performing well in the marketplace." is hearsay and/or lacks foundation.

- Tim McQuillen Decl. ¶ 13. The statement "[Mr. Lutz] was instructed by his superiors to get Luv n' care to sell the 'best cup' at Walgreens as a 'Wow' item. is hearsay and/or lacks foundation.

- Tim McQuillen Decl. ¶ 21. The statement "Mr. Santelli reached out to me and said that Walgreens wanted to expand its 'Wow' promotion. Like Mr. Lutz, Mr. Santelli mentioned that before selling the hard-spout Luv n' care brand no-spill cup, Walgreens' top selling brand was only selling 25,000 to 35,000 units a year." is hearsay and/or lacks foundation.

42. Even after Walgreens started selling Luv n' care cups the next best selling brand sold only 25,000 to 35,000 units per year. Jack Hakim Decl. ¶ 37; McQuillen Decl. ¶ 32.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements, constituting hearsay and/or lacking foundation. As further support for this dispute, Walgreens states:

- **Jack Hakim Decl. at ¶ 37** refers to statements by Mr. Lutz and Mr. Santelli. These statements are hearsay and speculation and lack foundation.

- **Tim McQuillen Decl. ¶ 32** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

43. Consumers went to Walgreens to buy Luv n' care cups, where they purchased over 2 million Luv n' care cups in 2005, and nearly 3 million Luv n' care cups in 2006. *See* Edward Hakim Decl. ¶ 44; Jack Hakim Decl. ¶¶ 18, 20, 22, 32; McQuillen Decl. ¶¶ 15-16, 24.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:

- **Jack Hakim Decl. at ¶ 18** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Jack Hakim Decl. at ¶ 20** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Jack Hakim Decl. at ¶ 22** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Jack Hakim Decl. at ¶ 32** is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- **Tim McQuillen Decl. ¶ 15.** The statement "The promotion was successful." is a conclusory, self serving statement.

- **Tim McQuillen Decl. ¶ 16.** The statement "Walgreens' replenishment buyer, Nora Faassen, had contacted me and stated that based on current sales, Walgreens would, on average, need 23,000 units a week for basic replenishment, and 85,000 units per week when Walgreens ran store promotions advertising the cup." is hearsay and/or lacks foundation.

- **Tim McQuillen Decl. ¶ 26. This paragraph is not disputed other than statement as to why Mr. Kruckman invited Mr. Hakim and Mr. McQuillen to visit Planogram rooms. This requires speculation.**

44. In December 2005, Jeff Kruckman became Walgreen's new buyer for baby sundry items, including no-spill cups. Jack Hakim Decl. ¶ 33; McQuillen Decl. ¶ 25.

**RESPONSE: Walgreens does not dispute this allegation.**

45. In early 2006, Kruckman invited Luv n' care's sales representative, Tim McQuillen and President, Jack Hakim, into Walgreens' Planogram room for baby sundry items and, in connection with having Luv n' care make a full presentation of its product line, including providing Kruckman with confidential information about its product line, Kruckman knowingly disclosed confidential information of Luv n' care's competitors' to Luv n care. Jack Hakim Decl. ¶ 33; McQuillen Decl. ¶ 26.

**RESPONSE: Walgreens does not dispute that "In early 2006, Kruckman invited Luv n' care's sales representative, Tim McQuillen and President, Jack Hakim, into Walgreens' Planogram room for baby sundry items and, in connection with having Luv n' care make a full presentation of its product line"; Walgreens disputes that during that or any other meeting, LNC "provid[ed] Kruckman with confidential information about its product line, Kruckman knowingly disclosed confidential information of Luv n' care's competitors' to Luv n care," since it is based on purported evidence that is immaterial, generalized, conclusory, and self-serving hearsay.   More significantly, the evidence cited simply does not support the latter proposition regarding confidential information – if any can exist in products that plaintiffs have sold since before 2006 (RSUF 66-67). As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 33 is not disputed, but is immaterial.**

- **Tim McQuillen Decl. ¶ 26. The statement "By May 2005, Luv n' care started selling its new cup at Walgreens. It quickly became a big selling item as well." is a conclusory and self serving statement.**

46. In April 2006, in response to a proposed price increase due to escalating oil prices, Kruckman said to Luv n' care's President and sales representative that he would take the price increase, provided Luv n' care agreed made two more shipments of the Luv n' care soft-spout cups at the old pricing. Jack Hakim Decl. ¶ 43; McQuillen Decl. ¶ 39, Ex. 2.

**RESPONSE: Walgreens does not dispute that Luv n' care made two more shipments. Walgreens disputes that Mr. Kruckman said he would take the price increase. Further, the alleged statements by Mr. Kruckman lack foundation. And a reason LNC gave Walgreens for the price increase had to do with Plaintiffs' pricing for Wal-Mart, not oil prices. DE 48 Ex. 4. As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 43 refers to statements by Jeff Kruckman. These statements are hearsay and/or lack foundation.**

- **Tim McQuillen Decl. ¶ 39. Walgreens does not dispute the proffered evidence of Mr. McQuillen in the cited paragraph.**

47. Luv n' care questioned why Walgreens wanted so much additional inventory so quickly, as Walgreens already had a projected 40-week supply of Luv n' care soft-spout cups. Jack Hakim Decl. ¶ 45; McQuillen Decl. ¶ 42.

**RESPONSE: Walgreens LNC's disputes that it had a 40-week supply as stated, since the allegedly supporting evidence is not supported by any evidence in Jack Hakim Decl. ¶ 45 or McQuillen Decl. ¶ 42 and Walgreens does not have historical inventory or projection information.**

48. Kruckman proffered two reasons for his request for additional inventory:

    a.    It is "fair business" to allow a buyer one last opportunity to buy at the old price; and

    b.    Walgreens was planning "5 ads" for the soft-spout cup, and it did not have an "ad history" with respect to that cup.

McQuillen Decl. ¶ 43, Ex. 4.

34

**RESPONSE:** Walgreens does not dispute "a" but disputes "b" to the extent that it is inconsistent with McQuillen Declaration Ex. 2, and is based on evidence that is generalized and conclusory self-serving statements that are speculative and lack foundation. See also RSUF 147-148, below. As further support for this dispute, Walgreens states:

- Tim McQuillen Decl. ¶ 43. The proffered Kruckman email contains hearsay and/or lacks foundation.

- Tim McQuillen Decl. ¶ 43. The statement "Unbeknownst to us, Mr. Kruckman was in the process of 'knocking off' Luv n' care's baby products, including no-spill cups . . ." is a generalized and conclusory self-serving statement.

- Tim McQuillen Decl. ¶ 43. The statement including the language " . . . which would help and better enable Walgreens to 'palm off' those products." is a generalized and conclusory self-serving statement that requires speculation.

49. For planning purposes, it takes well more than six months to design, approve, import into the United States and get to retail stores a product like a no-spill cup. Edward Hakim Decl. ¶ 18.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person not supported by any actual evidence. Specifically, Walgreens states Edward Hakim Decl. at ¶ 18 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

50. There is no reason to believe that Kruckman did not provide Walgreens' in-house direct import agent access to Walgreen's Planogram rooms and Luv n' care's products and confidential information the same way Kruckman gave access to Luv n' care. Jack Hakim Decl. ¶ 48; McQuillen Decl. ¶ 46.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, without any actual evidence or personal knowledge. As further support for this dispute, Walgreens states:

- **Jack Hakim Decl. at ¶ 48 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 46. The statement "I have no reason to doubt that Mr. Kruckman provided Atico access to such confidential information, so as to better enable Atico and Royal King Baby Product Co., a known intellectual property pirate in the industry, to 'knock-off' Luv n' care's entire product line, not just the products Walgreens was presently selling at its stores." is conclusory, self serving and made without personal knowledge as to what Mr. Kruckman provided Atico.**

51. Because of Kruckman's procurement of additional inventory, Walgreens had enough

inventory of Luv n' care's soft-spout cup many months into 2007. Jack Hakim Decl.

¶ 47; McQuillen Decl. ¶ 45.

**RESPONSE:** Walgreens disputes this allegation because it is based on evidence that is generalized and conclusory self-serving statements by an interested person that speaks to another's state of mind. Walgreens lacks information sufficient to dispute or deny the alleged facts and therefore denies. Further, this statement is unintelligible. As further support for this dispute, Walgreens states:

- **Jack Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 45 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence ("It also enabled Walgreens to sell, advertise and promote Luv n' care brand cups at the same time it was carrying look-alike copies, which would help and better enable Walgreens to 'palm off' those products.)**

52. On June 27, 2006, after previously confirming that he would accept the price increase,

Kruckman notified Luv n' care that he had found an "alternative source" for the

"WOW! product going forward to maintain our current price points." Jack Hakim

Decl. ¶ 49; McQuillen Decl. ¶ 47, Ex. 5.

**RESPONSE:** Walgreens disputes that Mr. Krukman confirmed he would accept the price increase, since this is based upon generalized and conclusory self-serving statements, which are not supported by any actual evidence. Walgreens does not dispute that Mr. Krukman

notified Luv n' care that he had found an "alternative source" for the "WOW! product going forward, that Walgreens sought to maintain its current price points, and that Walgreens sought "to obtain the best quality products and programs at the absolute best prices to give [its] consumer the best value possible while increasing shareholder value." RSUF 147-49, below (and cited testimony).  As further support for this dispute, Walgreens states:

- Jack Hakim Decl. at ¶ 49 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.  The alleged statement of Mr. Kruckman is hearsay and/or lacks proper foundation.

- Tim McQuillen Decl. ¶ 47.  The statement including the language " . . . Mr. Kruckman notified me and Mr. Hakim of Walgreens' decision to stop carrying the best-selling no-spill cups in Walgreens' history." is a generalized and conclusory self-serving statement that lacks proper foundation.  There is no dispute that Mr. Kruckman notified LNC that Walgreens decided to stop carrying LNC's product.

53. Through Walgreens' in-house direct import agent, Atico International USA, Inc. ("Atico"), Walgreen approved, agreed to purchase and put its mark on cups from Royal King Baby Product Co. ("Royal King"), a known intellectual property pirate.  Edward Hakim Decl. ¶ 44, 77, Ex. 1 (Ex. A thru O); Jack Hakim Decl. ¶ 46; McQuillen Decl. ¶ 46.

RESPONSE:  Walgreens does not dispute that the accused products are made by Royal King and supplied to Walgreens by Atico.  Walgreens disputes the remaining allegations in this paragraph because the statement and proffered evidence constitute generalized and conclusory self-serving statements by an interested person, constituting hearsay, hearsay within hearsay, and lacking foundation and evidentiary support.  As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 44 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 77 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 46 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Tim McQuillen Decl. ¶ 46. The statement "I have no reason to doubt that Mr. Kruckman provided Atico access to such confidential information, so as to better enable Atico and Royal King Baby Product Co., a known intellectual property pirate in the industry, to 'knock-off' Luv n' care's entire product line, not just the products Walgreens was presently selling at its stores." is a self serving statement.

54. Walgreens continued to promote Luv n' care cups after October 2006, when it was selling look-a-like cups, to bait consumers. Edward Hakim Decl. ¶ 58, Ex. 4; Jack Hakim Decl. ¶ 58, Ex. 1; Shamosh Decl. ¶ 31, Ex 5; McQuillen Decl. ¶ 58, Ex. 7.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff".

- Jack Hakim Decl. ¶ 58, Ex. 1: There is no evidence that supports the photographs are a fair and accurate depictions. Therefore, the photographs are hearsay and lack foundation and authenticity.

- Nathan Shamosh Decl. ¶ 31, Ex 5: There is no evidence that supports the photographs are a fair and accurate depictions. Therefore, the photographs are hearsay and lack foundation and authenticity.

- Tim McQuillen Decl. ¶ 58, Ex. 7: There is no evidence that supports the photographs are a fair and accurate depiction. Therefore, the photographs are hearsay and lack foundation and authenticity.

55. Walgreen continued to sell Luv n' care cups in the same space at Walgreen stores pursuant to the Planogram that was shown to Luv n' care in early 2006. Jack Hakim Decl. ¶ 56; McQuillen Decl. ¶ 56.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. As further support for this dispute, Walgreens states:

- Jack Hakim Decl. at ¶ 56 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 56. The statement "Walgreens simply chose to commingle its commissioned look-alikes with Luv n'care's well recognized and highly popular cups." is conclusory and self serving.

56. Walgreen stores commingled the look-a-like cups with Luv n' care cups, selling both of them in the same space at Walgreen stores. Edward Hakim Decl. ¶ 57; Jack Hakim Decl. ¶ 57; Shamosh Decl. ¶ 30; McQuillen Decl. ¶ 57.

**RESPONSE:** Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. See also RSUF 146-161. As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 57 is not disputed except for the statements characterizing Walgreens' products as "look-a-like copies".

- Jack Hakim Decl. at ¶ 57 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Nathan Shamosh Decl. ¶ 30. The statement ". . . "Walgreens 'palming off' look-a-like copies . . .", is a serving statement.

- Tim McQuillen Decl. ¶ 57. The statement "It apparently took Walgreens that much time, and likely even longer, to deplete its inventory of Luv n' care cups, fully exploit its consumers and wrongfully transition the goodwill and reputation associate with Luv n' care cups to its commissioned knock-offs.", is a self serving statement.

57. In addition, underneath Walgreens' signage for end-cap displays promoting Luv n' care soft-spout cups, Walgreens sold the look-a-like cups. Edward Hakim Decl. ¶ 58, Ex. 4; Jack Hakim Decl. ¶ 58, Ex. 1; Shamosh Decl. ¶ 31, Ex 5; McQuillen Decl. ¶ 58, Ex. 7.

**RESPONSE:**    Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation.  As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff".

- Jack Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff".

- Nathan Shamosh Decl. ¶ 31, Ex 5: There is no evidence that supports the photographs are a fair and accurate depiction.  Therefore, the photographs are hearsay and lack foundation and authenticity.

- McQuillen Decl. ¶ 58, Ex. 7:  There is no evidence that supports the photographs are a fair and accurate depiction.  Therefore, the photographs are hearsay and lack foundation and authenticity.

58. Consumers were actually confused.   For example, Ms. Brandy Thomas went to Walgreens to purchase Luv n' care soft-spout cups.   When she thought she was grapping two Luv n' care soft-spout 2-packs, she actually grabbed one of Walgreen's look-a-likes instead.   When she got home, one of the four cups did not work.   Ms. Thomas returned all four cups to Luv n' care, mistakenly believing the cup that failed was one of its cups, asking for her money back.   The cup that failed to work was one of the Royal King look-a-like cups.  Edward Hakim Decl. ¶ 76, Ex. 5.

**RESPONSE:** Walgreens disputes that consumers were actually confused for reasons stated in RSUF 118-121.  Further, the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation.  The statements by Ms. Brandy constitute hearsay evidence.  As further support for this dispute, Walgreens states:

- Edward Hakim Decl. at ¶ 76 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's, such as the email of Brandy Thomas, is hearsay and speculation, and lacks foundation.

59. Walgreens acted in bad faith.  Edward Hakim Decl. ¶¶ 52-84; Jack Hakim Decl. ¶¶ 33-

61; Shamosh Decl. ¶¶ 28-32; McQuillen Decl. ¶¶ 25-59.

**RESPONSE: Walgreens disputes this allegation because evidence cited is generalized, conclusory self serving statements by interested persons, constituting hearsay, and is contradicted by Mr. Kruckman's testimony and communications shown below and in RSUFs 147-151, 160, below.  As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 53 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 54 includes statements that are hearsay and require speculation.**

- **Edward Hakim Decl. at ¶ 55 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 56 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 57 is not disputed except for the statements characterizing Walgreens' products as "look-a-like copies."**

- **Edward Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff."**

- **Edward Hakim Decl. at ¶ 59 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 60 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 61 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- Edward Hakim Decl. at ¶ 62 is not disputed except for the statements characterizing Walgreens' product as a "look-a-like products."

- Edward Hakim Decl. at ¶ 63 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 64 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Edward Hakim Decl. at ¶ 65 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 66 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Edward Hakim Decl. at ¶ 67 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Edward Hakim Decl. at ¶ 68 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Edward Hakim Decl. at ¶ 69 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 70 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Edward Hakim Decl. at ¶ 71 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Edward Hakim Decl. at ¶ 72 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 73 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 74 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 75 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 76 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's, such as the email of Brandy Thomas, is hearsay and speculation.

- Edward Hakim Decl. at ¶ 77 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Edward Hakim Decl. at ¶ 78 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's, such as the email of Rebecca Jones, is hearsay and speculation, and lacks foundation.

- Edward Hakim Decl. at ¶ 79 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 80 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 81 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 82 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 83 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Edward Hakim Decl. at ¶ 84 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 33 is not disputed, but is immaterial.

- Jack Hakim Decl. at ¶ 34 is not disputed, but is immaterial.

- Jack Hakim Decl. at ¶ 35 is not disputed, but is immaterial.

- Jack Hakim Decl. at ¶ 36 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 37 refers to statements by Mr. Lutz and Mr. Santelli. These statements are hearsay and speculation.

- Jack Hakim Decl. at ¶ 38 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 39 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 40 is not disputed, but is immaterial.

- Jack Hakim Decl. at ¶ 41 is not disputed, but is immaterial.

- Jack Hakim Decl. at ¶ 42 is disputed, is immaterial and directly contradicts testimony by Jeff Kruckman. On pages 121 and 122 of Kruckman's deposition (Vol. I), Kruckman's testimony contradicts the allegation of "bad faith" and directly contradicts Jack Hakim's Declaration ¶ 42, where Jack states that "At no time did I try to 'dictate' any retail pricing to Mr. Kruckman . . .":

  > Q. What does that mean?
  > A.  Trying to come up with the best consumer value that I can for the cost that I can to make the customer have the most pleasant shopping experience that they can while enhancing my

44

shareholder value. That's my purpose.

Q.   Okay. And what does that involve with respect to Nuby products?

MR. BURATTI:  Object to form.

BY THE WITNESS:

A.   Well, it may have had something to do with the price increase that was given to me on the product that I was sourcing from Luv n' care which forced me to try and find an alternate source for the customer when they were giving me a price increase *and dictating my retail saying that I was not allowed to sell their product below what Walmart was selling it for.*

Barten Opp MSJ Dec. Ex. 10 at Vol I, pages 121:21 to 122:13; see also DE 48 Ex. 4.

- Jack Hakim Decl. at ¶ 43 refers to statements by Jeff Kruckman. These statements are hearsay and speculation and/or lack foundation.

- Jack Hakim Decl. at ¶ 44 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. What Mr. Kruckman wanted Jack Hakim and Tim McQuillen to believe is speculation.

- Jack Hakim Decl. at ¶ 45 includes the statement "Thus, Walgreens already had more than enough inventory." This statement requires speculation.

- Jack Hakim Decl. at ¶ 46 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 48 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 49 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 50 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The

statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 51 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 52 is a generalized and conclusory statement, which requires speculation.

- Jack Hakim Decl. at ¶ 53 is a generalized and conclusory statement, which requires speculation.

- Jack Hakim Decl. at ¶ 54 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 55 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 56 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 57 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Jack Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff".

- Jack Hakim Decl. at ¶ 59 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 60 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 61 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Nathan Shamosh Decl. ¶ 28. The statement "Because of the unlimited ways one can design a no-spill cup to create a commercial impression in the consumer's minds, the only reason to mimic another company's design is to tradeoff the goodwill and reputation of that company's

products." is a conclusory, self serving statement, unsupported by evidence.

- Nathan Shamosh Decl. ¶ 29.  The statement "Retailers know that the look of a no-spill cup is far more likely to catch the consumer's eye than the name of the product." is made without personal knowledge.

  - Nathan Shamosh Decl. ¶ 30.   The statement ". . . Walgreens 'palming off' look-a-like copies . . ." is a self serving statement.

  - Nathan Shamosh Decl. ¶ 31 includes reference to photographs. There is no evidence that supports the photographs are a fair an accurate depiction.  Therefore, the photographs are hearsay and lack foundation and authenticity

  - Nathan Shamosh Decl. ¶ 32 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

  - Tim McQuillen Decl. ¶ 25.   The statements in this paragraph are immaterial.

  - Tim McQuillen Decl. ¶ 26. No dispute other than statement as to why Mr. Kruckman invited Mr. Hakim and Mr. McQuillen to visit Planogram rooms.  This requires speculation.

  - Tim McQuillen Decl. ¶ 27 is a generalized and conclusory self-serving statement, which requires speculation.

  - Tim McQuillen Decl. ¶ 28.  The statement "[Mr. Kruckman] was impressed with the items we had shown and asked us to physically display what items we were proposing that Walgreens replace with Luv n' care products, and explain why." is hearsay and/or lacks foundation.

  - Tim McQuillen Decl. ¶ 29.  The statement "Mr. Kruckman permitted me and Mr. Hakim to view our competitor's private sales information, apparently for the purpose of making his job easier." is speculation, and made with a lack of personal knowledge.

  - Tim McQuillen Decl. ¶ 30.   The statements in this paragraph are immaterial.

- Tim McQuillen Decl. ¶ 31 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 32 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 33.  The statement including the language " . . . but was engaged in dishonest, deceitful and unethical conduct." is self serving.

- Tim McQuillen Decl. ¶ 33.  The statement including the language " . . . everything I saw him do was about promoting himself, making money off the hard work ad goodwill of others, including Luv n' care and its widely recognized and extremely popular products, and taking advantage of Walgreens' consumers." is self serving.

- Tim McQuillen Decl. ¶ 34.  The statement "Mr. Kruckman engaged in a pattern of dishonest and deceitful conduct designed to tradeoff the goodwill and reputation of Luv n' care baby products, including no-spill cups, and to confuse consumers into buying 'knock-offs' commissioned by him." is self serving.

- Tim McQuillen Decl. ¶ 35 is a generalized and conclusory self-serving statement, which requires speculation.

- Tim McQuillen Decl. ¶ 36 is a generalized and conclusory self-serving statement, which requires speculation.

- Tim McQuillen Decl. ¶ 37.  The statement including the langague " . . . a statement by [Mr. Kruckman] that he would take the price increase but, at least initially, not pass it on to customers . . ." is hearsay and or lacks foundation.

- Tim McQuillen Decl. ¶ 38.  The statement "On April 10, 2006, Mr. Kruckman agreed to take the prices increase . . . He emailed me: 'Tim – Just no time right now and I have bigger rocks to attend to. As far as the 2 pack let me make 2 more buys to get through the ads I have in the system and you can have your cost change." is hearsay and/or lacks foundation

- Tim McQuillen Decl. ¶ 39 is not disputed.

- Tim McQuillen Decl. ¶ 40 is a generalized and conclusory self-serving statement, which requires speculation.

- Tim McQuillen Decl. ¶ 41 is a generalized and conclusory self-serving statement, which requires speculation.

- Tim McQuillen Decl. ¶ 42 is a generalized and conclusory self-serving statement, which requires speculation and is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 43.  The proffered Kruckman email is hearsay and/or lacks foundation.

- Tim McQuillen Decl. ¶ 44.  The statement "Unbeknownst to us, Mr. Kruckman was in the process of 'knocking off' Luv n' care's baby products, including no-spill cups . . ." is self serving.

- Tim McQuillen Decl. ¶ 45.  The statement including the language " . . . which would help and better enable Walgreens to 'palm off' those products." is self serving.

- Tim McQuillen Decl. ¶ 46.  The statement "I have no reason to doubt that Mr. Kruckman provided Atico access to such confidential information, so as to better enable Atico and Royal King Baby Product Co., a known intellectual property pirate in the industry, to 'knock-off' Luv n' care's entire product line, not just the products Walgreens was presently selling at its stores." is self serving.

- Tim McQuillen Decl. ¶ 47.  This paragraph includes the language " . . . Mr. Kruckman notified me and Mr. Hakim of Walgreens' decision to stop carrying the best-selling no-spill cups in Walgreens' history."  This statement is hearsay, and/or lacks a foundation and self serving.  Mr. Kruckman's email is also hearsay and/or lacks foundation.

- Tim McQuillen Decl. ¶ 48.  The statement "Mr. Kruckman had said that he would take the price increase and maintain his desired price points." is hearsay and/or lacks foundation.

- Tim McQuillen Decl. ¶ 49.  The statement "Just one month earlier, Mr. Kruckman confirmed he was planning a new advertising campaign for Luv n' care cups." is hearsay and/or lacks foundation.

- Tim McQuillen Decl. ¶ 50.  The statements in this paragraph are not disputed.

- Tim McQuillen Decl. ¶ 51.  The statement "It is now apparent that Mr. Kruckman misled me and Mr. Hakim to guarantee that Walgreens had enough inventory of Luv n' care brand cups to stock its stores and promote long after Walgreens began selling knockoff copies at its stores."  is a self serving statement.

- Tim McQuillen Decl. ¶ 52.  The statement that includes the language " . . . I saw Walgreens commingle and sell the knockoff cups in the exact same space and shelving units I had seen in Walgreens' Planogram room. . . I had witnessed . . . Walgreens palming off its cups." is a self serving statement.

- Tim McQuillen Decl. ¶ 53 is a generalized and conclusory self-serving statement, which requires speculation and is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 54 is a generalized and conclusory self-serving statement, which requires speculation and is not supported by any actual evidence.

- Tim McQuillen Decl. ¶ 55 is a generalized and conclusory self-serving statement, which requires speculation and is not supported by any actual evidence

- Tim McQuillen Decl. ¶ 56.  The statement "Walgreens simply chose to commingle its commissioned look-alikes with Luv n'care's well recognized and highly popular cups." is conclusory and self serving.

- Tim McQuillen Decl. ¶ 57.  The statement "It apparently took Walgreens that much time, and likely even longer, to deplete its inventory of Luv n' care cups, fully exploit its consumers and wrongfully transition the goodwill and reputation associate with Luv n' care cups to its commissioned knock-offs." is self serving.

- Tim McQuillen Decl. ¶ 58 refers to photographs, There is no evidence that supports the photographs are a fair an accurate depiction.   Therefore, the photographs are hearsay and lack foundation and authenticity which lack foundation and authenticity.

- Tim McQuillen Decl. ¶ 59.  The statement "[Mr. Kruckman] was dismissive and showed no regard for Luv n' care's rights." "Indeed, he had already told me and Mr. Hakim on at least one occasion that he had purchased the new cups because they looked like the Luv n' car cups."   "Thus, when Mr. Hakim and I