# EXHIBIT "2"

# Todd Malynn

| | |
|---|---|
| **From:** | Todd Malynn |
| **Sent:** | Tuesday, June 23, 2009 10:27 AM |
| **To:** | 'Jason Buratti'; 'Morris Cohen'; James A. Gale, Esq.; Susan J. Latham; 'Scott Daniels'; 'RWoodesq@aol.com'; 'Rochelle Weisburg' |
| **Cc:** | 'Alan M. Weisberg'; 'bdk@schlamstone.com'; 'Jeff Kamenetsky'; 'Chapman, Floyd'; 'Scheffel, Robert' |

**Subject:** RE: Walgreens NY: Fax from Judge Chin

Jason:

This email follows up on our conversation on Friday, where the parties discussed a phased process. We have tentatively agreed, subject to reasonable deposition dates, that Plaintiffs would continue Walgreen's deposition to the extent that they can, with the remainder being left for the Court's resolution on Plaintiffs' motion to compel further testimony and production of documents.

Initially, let me reiterate Plaintiffs' position that Walgreens failed to comply with its obligations to provide a witness with the company's knowledge on the topics designated. It is obvious that Mr. Kruckman was not prepared to testify (or, more accurately, was prepared to not testify given his pre-deposition discussions with in-house and outside counsel). Walgreen's professed lack of understanding of the topics, in our opinion, was a litigation tactic. Furthermore, Walgreen's attempt to use the attorney-client privilege as a shield during Mr. Kruckman's deposition, in our opinion, was a misuse of the privilege, particular given the simultaneously offering of Kruchman as a witness based on what his attorneys instructed him to testify (insufficient though that testimony was).

Also, Plaintiffs timely served document requests and other written discovery. The Court's subsequent order, upon which Walgreen's relies, is inconsistent with the Court's prior directive. In our opinion, it will not excuse Walgreen's refusal to produce documents and respond to written discovery, or prevent discovery on and into its in-house supplier, Atico, which Walgreen failed to timely disclose in violation of Rule 26 of the Federal Rules of Civil Procedure. New York counsel has now located a copy of notes from the conference with Judge Chin confirming that the discovery cut off was initially set for May 7th, which demonstrates that Plaintiffs' discovery was timely when it was initially served. In addition, to my knowledge, Walgreen did not file objections to Plaintiffs' discovery requests within thirty days of service of those discovery requests. As a result, any and all of Walgreen's objections have been waived as a matter of law pursuant to the Federal Rules due to your client's failure to serve objections within its deadline to do so. If I am mistaken, please forward to me a copy of the served objections.

Putting that aside for a moment, and subject to reasonable deposition dates, Plaintiffs are willing to continue the deposition, at this juncture, without the Court's assistance, on the topics of Walgreen's profits on/sales of the Luv n' care products and the Royal King "alternatives" sold by Walgreens (*e.g.,* the two companies' hard-spout cups, soft-spout cups and comb and brush sets). With respect to packaging, Plaintiffs are willing, at this juncture, to limit questioning of Walgreens in the New York action to the soft-spout 2-pack packaging, and not go into the 2-pack on the hard-spout, or the 3-pack on the soft spout. Plaintiffs, however, reserve their rights on these issues.

I am unclear as to your offer to prepare a witness in the New York action to avoid duplication of testimony in connection with the Florida action. As you know, there was no similar limitation placed on or agreed to by Walgreens in connection with its depositions of Plaintiffs in the New York action, even though Plaintiffs had already been deposed in the Texas action. Thus, it is unclear to me what you are contemplating, or why you believe that our client's discovery should be limited based on other actions, but yours shouldn't. I expect that Walgreens realizes that it is subject to discovery in both actions, particularly given that Atico, initially along with Walgreens, chose to commence the Florida action against Plaintiffs. Moreover, considering how Walgreens has refused to produce documents in the New York action, it is unclear to me how any discovery in Florida would be considered duplicative.

I look forward to obtaining proposed deposition dates. I am also looking forward to know whether Walgreens will be designating anyone other than Mr. Kruckman, as you indicated might be the case.

Regards,

Todd

---

**From:** Todd Malynn
**Sent:** Friday, June 19, 2009 1:27 PM
**To:** 'Jason Buratti'; Morris Cohen; James A. Gale, Esq.; Susan J. Latham; Scott Daniels; RWoodesq@aol.com; 'Rochelle Weisburg'
**Cc:** Alan M. Weisberg; bdk@schlamstone.com; Jeff Kamenetsky; Chapman, Floyd; Scheffel, Robert
**Subject:** RE: Walgreens NY: Fax from Judge Chin

Jason:

This will confirm our conversation today about Plaintiffs' motion to compel Walgreens' Rule 30(b)(6) deposition and production of documents. We discussed a phased process whereby you would provide me available dates for Mr. Kruckman and potentially two (2) other witnesses in accordance with your prior proposal, after which Plaintiffs would move to compel on things as to which Walgreens refused to produce based on its objections (which we believe have no merit), including Walgreen's reliance on the Court's errant discovery cutoff, and effort to obtain summary judgment by denying discovery in reliance upon the same.

You were open to such a process, provided we reached agreement as to what occurred in the first phase. You requested that I provide you a confirmation/counter-proposal (as my understanding of what you are proposing, and what Plaintiffs want/think they would be getting in the first phase may differ). We should avoid any such ambiguity if possible. I was open to the process provided you gave me deposition dates in the near term in short order. I requested that you provide me with proposed dates early next week. At this point, you will be working on deposition dates of Walgreens' witnesses, and I will be working on a response to your letter.

Finally, as to your email below, please let me know if your interpretation of the Court's notes on your letter differs from what we discussed.

I look forward to speaking with you next week.

Regards,
Todd

---

**From:** Jason Buratti [mailto:JBuratti@cwiplaw.com]
**Sent:** Thursday, June 18, 2009 5:45 PM
**To:** Morris Cohen; James A. Gale, Esq.; Susan J. Latham; Todd Malynn; Scott Daniels; RWoodesq@aol.com
**Cc:** Alan M. Weisberg; bdk@schlamstone.com; Jeff Kamenetsky; Chapman, Floyd; Scheffel, Robert
**Subject:** Walgreens NY: Fax from Judge Chin

Counsel:

I received this fax on my PDA from our server in the last 40 minutes but was away from the office and our office had closed and any person who could meet the instruction to fax it to counsel had left the office. This was the first opportunity for us to forward it to counsel and you all (including our co-counsel) are all receiving it at the same time. Our office will transmit the required fax tomorrow morning to meet the Court's directive. I am forwarding you this e-copy as means to alert you as close in time to our notice.

Have a nice evening,
Jason