# EXHIBIT "4"

# EXHIBIT "4"

## Todd Malynn

| From: | Jason Buratti [JBuratti@cwiplaw.com] |
|---|---|
| Sent: | Friday, June 26, 2009 3:22 PM |
| To: | Todd Malynn |
| Cc: | Alan M. Weisberg; Jeff Kamenetsky; Chapman, Floyd; Scheffel, Robert; Ingrid Riera; Morris Cohen; James A. Gale, Esq.; Susan J. Latham; Rochelle Weisburg |
| Subject: | RE: LNC v. Walgreens (NY): Walgreens' Corporate Deposition Matter |
| Attachments: | 09-0626.CV.DR1.pdf |

Good afternoon, Todd:

We look forward to receiving your response. We will ask the witness to keep June 17 available and advise you promptly if a conflict arises (with an alternative date). We think it may be a good idea to hold an alternative date late the following week and would like to know if you want us to inquire.

You correctly note that Morris said last week he thought he'd responded to our May 26, 2009 proposal; we just did not receive (or at least I do not recall having received) it. During the call, I also said Walgreens would oppose plaintiffs' Motion to Amend or Alternatively Transfer even though Judge Chin said it was not authorized and appeared untimely, DE 62, and that you could rely on that if plaintiffs were not going to withdraw any part of the motion. Your email below asked us to let you know if our interpretation of the Court's annotated Order (DE 62) differs from what we discussed on the call, so we did not think you wanted a response.

Besides these two points, the remainder of your email addresses issue of record with which Walgreens disagrees but that the parties have sufficiently addressed in prior correspondence that we will not specify them unless they become material in the future.

We also attach a courtesy electronic copy of documents served by hand at your Miami office before it closed.

Have a nice weekend,
Jason

**Jason R. Buratti**
*Intellectual Property & Corporate Technology Litigation*
Christopher & Weisberg, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida* 33301
954.828.1488
1455 Pennsylvania Avenue, Suite 100
Washington, District of Columbia* 20004

6/29/2009

Facsimile: 954.828.9122
Electronic mail: jburatti@cwiplaw.com

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. If you are not the intended recipient, do not read, distribute, or reproduce this transmission. If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.
*Admitted in the District of Columbia and Commonwealth of Virginia and not yet in Florida (pending)

---

**From:** Todd Malynn [mailto:tmalynn@FeldmanGale.com]
**Sent:** Friday, June 26, 2009 5:42 PM
**To:** Jason Buratti; Morris Cohen; James A. Gale, Esq.; Susan J. Latham; Scott Daniels; Rochelle Weisburg
**Cc:** Alan M. Weisberg; bdk@schlamstone.com; Jeff Kamenetsky; Chapman, Floyd; Scheffel, Robert; Ingrid Riera
**Subject:** RE: LNC v. Walgreens (NY): Walgreens' Corporate Deposition Matter

Jason:

Thank you for your letter, which I actually expected earlier in the week. I will consider your counter proposal with my clients, and get back to you.

So the record is clear, Morris Cohen told you during our conference call last Friday that he responded (or thought he responded) to your original proposal, and was waiting your return call. It is clear that wires got crossed. There was no delay as you suggest. Both parties filed motions for summary judgment in the interim. (In addition, as you know and mentioned, on Thursday, June 18, 2009, my clients were forced to file a third-party complaint against Walgreen in the Florida action, where Walgreen was one of the original Plaintiffs, due to a pleading deadline to join parties in that action, a deadline dictated by your clients' original filings.)

During our call, you said that Walgreens stood behind its proposal. You acknowledged that Walgreens had not fulfilled its Rule 30(b)(6) obligations, even as narrowly construed by you. You indicated that Walgreens might have to designate two additional witnesses to fulfill its obligations.

I tentatively accepted your proposal to avoid unnecessary law and motion. I do not think I went beyond your proposal, as you now state, but it is useful to have a clear proposal in writing. I simply reserved Plaintiffs' right to move to compel the matters as to which we disagreed, and expressed our intention to move forward in that regard. You accepted Plaintiffs' reservation of rights, and said you would provide me with deposition dates early this week.

As to Walgreens' claim as to not having notice of Plaintiffs' trade-dress packaging claims against it, that is just wrong. Plaintiffs' Complaint, including Paragraphs 2, 13-19, 22-28, and 57-114, expressly allege that "Defendants" Kmart and Walgreen use infringing packaging. *E.g.*, Complaint ¶ 83 ("Defendants are intentionally using Plaintiffs' . . . packaging to trade off of Plaintiffs' reputation and goodwill and to create deception in the marketplace."). Walgreen joined and responded to Plaintiffs' trade-dress packaging claims in its Answer. *See* Walgreen's Answer, Docket Entry No. 12, at ¶¶ 2, 13-19, 22-28, 57-114, Sixth Affirmative Defense ("The alleged trade dress asserted by Plaintiffs as to its . . . packaging is functional and therefore not protectable under trade dress or trademark law."); Fifth Affirmative Defense ("The alleged

trademarks asserted by Plaintiffs as to its . . . packaging are not famous.").

We also disagree with your continuing attempts to withhold any discovery in the Florida action by using the New York action as a pretext. This is particularly glaring considering that you haven't actually produced any discovery in the New York action (other than a mere 45 pages, which were not produced in response to Plaintiffs' document requests, but were provided as part of a tactic to avoid providing deposition testimony). We previously asked you for the legal authority permitting you to willfully withhold relevant documents in Florida based on an action in a separate jurisdiction and have still never received any allegedly applicable authority.

The parties will also have to agree to disagree concerning the deadlines set by the Court, and Walgreen's refusal to produce documents and answer requests for admission and interrogatories, while, at the same time, violating Rule 26 of the Federal Rules of Civil Procedure by, among other things, failing to designate Atico in its initial disclosures. As you know, there was no written Scheduling Order until after Plaintiffs timely propounded their document requests and written discovery. I take from your email confirmation that Walgreens stands on its position and will not voluntarily produce documents, answer written discovery and provide relief for its violation of Rule 26, notwithstanding the fact that Walgreens has moved for summary judgment on two factually issues to which this discovery bears directly upon.

Finally, I have not heard back from you about your stated intention to oppose Plaintiffs' motion for leave to amend in addition to Plaintiffs' alternative request to transfer this case to Florida. You said last Friday that you believed that was what the Court had directed you to do, and relying upon your representation, I have not filed a letter or motion with the Court requesting reconsideration, as there was no such need. I will simply respond to your opposition, make a record and try to persuade the Court on these issues.

Again, I appreciate your response, and I will get back to you as to your proposal.

Regards,
Todd

---

**From:** Jason Buratti [mailto:JBuratti@cwiplaw.com]
**Sent:** Friday, June 26, 2009 9:49 AM
**To:** Todd Malynn; Morris Cohen; James A. Gale, Esq.; Susan J. Latham; Scott Daniels; Rochelle Weisburg
**Cc:** Alan M. Weisberg; bdk@schlamstone.com; Jeff Kamenetsky; Chapman, Floyd; Scheffel, Robert; Ingrid Riera
**Subject:** LNC v. Walgreens (NY): Walgreens' Corporate Deposition Matter

Todd:

We respond to your June 23, 2009 email following up on our conversation last Friday regarding Walgreens' May 26, 2009 offer to resolve plaintiffs' New York premotion hearing request letter for a discovery motion. You asked for our response yesterday, but we were (and still are)

attending to your co-counsel's emails from yesterday as noted in our correspondence this morning.

Last Friday, we discussed the offer advanced by Walgreens that went unanswered for nearly a month, which is attached. For our part, we did so not having appreciated that, Thursday night before the call, LNC filed a third party complaint against Walgreens in the Florida action.

Nevertheless, your email does not accept Walgreens' offer for compromise. Rather, you counter offer a continued deposition that would include more than your April Notice covered. For example, you've modified the offer by extending it to include issues Walgreens contends are not in this case, like packaging. Walgreens believes it had no notice of packaging claims until mid-May and still has not received a response to its letter (now also nearly a month old) requesting to know if plaintiffs were serious about maintaining packaging claims (unless you consider a motion for summary judgment on the unannounced claims a response). Your letter also broadens the Topics from the April Notice, for example, to include profits and sales of plaintiffs' products by Walgreens.

The Florida third party complaint also could affect Walgreens' discovery obligations and presently-pending subpoenas. As you know from our prior correspondence, including the May 26, 2009 email, the Florida case was intended to be about two Atico products that are different from the New York Walgreens products. LNC's third party complaint that appears to add to the Florida case substantially all of the issues in New York also would add Walgreens as a party. Given the outstanding Florida-based Rule 45 subpoenas directed to Walgreens and the pending Florida third party complaint against Walgreens, we think it best to hold off on the Florida-related discovery until motions practice in New York and Florida that affect the pleadings in Florida is complete and Walgreens' discovery obligations in or related to the Florida action are better understood. At a minimum, LNC must agree that any discovery will not be duplicative.

In the interim and in response to your counter offer regarding this matter, Walgreens will offer Jeff Kruckman or another designee for the profits/sales/costs topics of the April Notice, which should include only the Accused Products in the New York case. Walgreens will also offer Mr. Kruckman for the Sesame Beginnings brush and comb product (subject to the reservations in our attached email). The Florida products (that are the current WAGI three-pack soft spout and the WAGI two-pack hard spout cups; see also attached May 26, 2009 email) will not be the subject of this deposition (for reasons stated in the previous paragraph), which is the only modification to our May 26, 2009 proposal. Walgreens disagrees with your characterization of the conduct of the deposition and is surprised we did not receive a response to our proposal for nearly a month. Walgreens contends it was plaintiffs' Noticed Topics that caused the disconnect in the first place.

If you are agreeable to Walgreens' proposal, please confirm that agreement. Mr. Kruckman's first available date for the offer as modified is July 17, 2009. Walgreens is holding that date open at present, but can not offer the witness absent your confirming the scope will be limited to our May 26 offer less the Florida products.

As far as plaintiffs' untimely discovery requests, last October, Judge Chin set the close of discovery for May 1, 2009. He has adhered to his Ordered schedule twice subsequently. LNC's

6/29/2009

April 1, 2009 requests are untimely and plaintiffs should have raised any issue regarding the schedule the day after they served their requests while on April 2 call when Judge Chin restated his prior Order, not weeks later.

Finally, we understand that, based on a settlement agreement between the parties to the Texas case, the Texas-based subpoenas to Mr. Kruckman and Walgreens are no longer effective. If you have any other position, please advise us what that position is.

Thank you,
Jason

---

**From:** Todd Malynn [mailto:tmalynn@FeldmanGale.com]
**Sent:** Tuesday, June 23, 2009 1:27 PM
**To:** Jason Buratti; Morris Cohen; James A. Gale, Esq.; Susan J. Latham; Scott Daniels; RWoodesq@aol.com; Rochelle Weisburg
**Cc:** Alan M. Weisberg; bdk@schlamstone.com; Jeff Kamenetsky; Chapman, Floyd; Scheffel, Robert
**Subject:** RE: Walgreens NY: Fax from Judge Chin

Jason:

This email follows up on our conversation on Friday, where the parties discussed a phased process. We have tentatively agreed, subject to reasonable deposition dates, that Plaintiffs would continue Walgreen's deposition to the extent that they can, with the remainder being left for the Court's resolution on Plaintiffs' motion to compel further testimony and production of documents.

Initially, let me reiterate Plaintiffs' position that Walgreens failed to comply with its obligations to provide a witness with the company's knowledge on the topics designated. It is obvious that Mr. Kruckman was not prepared to testify (or, more accurately, was prepared to not testify given his pre-deposition discussions with in-house and outside counsel). Walgreen's professed lack of understanding of the topics, in our opinion, was a litigation tactic. Furthermore, Walgreen's attempt to use the attorney-client privilege as a shield during Mr. Kruckman's deposition, in our opinion, was a misuse of the privilege, particular given the simultaneously offering of Kruchman as a witness based on what his attorneys instructed him to testify (insufficient though that testimony was).

Also, Plaintiffs timely served document requests and other written discovery. The Court's subsequent order, upon which Walgreen's relies, is inconsistent with the Court's prior directive. In our opinion, it will not excuse Walgreen's refusal to produce documents and respond to written discovery, or prevent discovery on and into its in-house supplier, Atico, which Walgreen failed to timely disclose in violation of Rule 26 of the Federal Rules of Civil Procedure. New York counsel has now located a copy of notes from the conference with Judge Chin confirming that the discovery cut off was initially set for May 7th, which demonstrates that Plaintiffs' discovery was timely when it was initially served. In addition, to my knowledge, Walgreen did not file objections to Plaintiffs' discovery requests within thirty days of service of those

discovery requests. As a result, any and all of Walgreen's objections have been waived as a matter of law pursuant to the Federal Rules due to your client's failure to serve objections within its deadline to do so. If I am mistaken, please forward to me a copy of the served objections.

Putting that aside for a moment, and subject to reasonable deposition dates, Plaintiffs are willing to continue the deposition, at this juncture, without the Court's assistance, on the topics of Walgreen's profits on/sales of the Luv n' care products and the Royal King "alternatives" sold by Walgreens (*e.g.*, the two companies' hard-spout cups, soft-spout cups and comb and brush sets). With respect to packaging, Plaintiffs are willing, at this juncture, to limit questioning of Walgreens in the New York action to the soft-spout 2-pack packaging, and not go into the 2-pack on the hard-spout, or the 3-pack on the soft spout. Plaintiffs, however, reserve their rights on these issues.

I am unclear as to your offer to prepare a witness in the New York action to avoid duplication of testimony in connection with the Florida action. As you know, there was no similar limitation placed on or agreed to by Walgreens in connection with its depositions of Plaintiffs in the New York action, even though Plaintiffs had already been deposed in the Texas action. Thus, it is unclear to me what you are contemplating, or why you believe that our client's discovery should be limited based on other actions, but yours shouldn't. I expect that Walgreens realizes that it is subject to discovery in both actions, particularly given that Atico, initially along with Walgreens, chose to commence the Florida action against Plaintiffs. Moreover, considering how Walgreens has refused to produce documents in the New York action, it is unclear to me how any discovery in Florida would be considered duplicative.

I look forward to obtaining proposed deposition dates. I am also looking forward to know whether Walgreens will be designating anyone other than Mr. Kruckman, as you indicated might be the case.

Regards,
Todd

---

**From:** Todd Malynn
**Sent:** Friday, June 19, 2009 1:27 PM
**To:** 'Jason Buratti'; Morris Cohen; James A. Gale, Esq.; Susan J. Latham; Scott Daniels; RWoodesq@aol.com; 'Rochelle Weisburg'
**Cc:** Alan M. Weisberg; bdk@schlamstone.com; Jeff Kamenetsky; Chapman, Floyd; Scheffel, Robert
**Subject:** RE: Walgreens NY: Fax from Judge Chin

Jason:

This will confirm our conversation today about Plaintiffs' motion to compel Walgreens' Rule 30 (b)(6) deposition and production of documents. We discussed a phased process whereby you would provide me available dates for Mr. Kruckman and potentially two (2) other witnesses in accordance with your prior proposal, after which Plaintiffs would move to compel on things as

to which Walgreens refused to produce based on its objections (which we believe have no merit), including Walgreen's reliance on the Court's errant discovery cutoff, and effort to obtain summary judgment by denying discovery in reliance upon the same.

You were open to such a process, provided we reached agreement as to what occurred in the first phase. You requested that I provide you a confirmation/counter-proposal (as my understanding of what you are proposing, and what Plaintiffs want/think they would be getting in the first phase may differ). We should avoid any such ambiguity if possible. I was open to the process provided you gave me deposition dates in the near term in short order. I requested that you provide me with proposed dates early next week. At this point, you will be working on deposition dates of Walgreens' witnesses, and I will be working on a response to your letter.

Finally, as to your email below, please let me know if your interpretation of the Court's notes on your letter differs from what we discussed.

I look forward to speaking with you next week.

Regards,
Todd

---

**From:** Jason Buratti [mailto:JBuratti@cwiplaw.com]
**Sent:** Thursday, June 18, 2009 5:45 PM
**To:** Morris Cohen; James A. Gale, Esq.; Susan J. Latham; Todd Malynn; Scott Daniels; RWoodesq@aol.com
**Cc:** Alan M. Weisberg; bdk@schlamstone.com; Jeff Kamenetsky; Chapman, Floyd; Scheffel, Robert
**Subject:** Walgreens NY: Fax from Judge Chin

Counsel:

I received this fax on my PDA from our server in the last 40 minutes but was away from the office and our office had closed and any person who could meet the instruction to fax it to counsel had left the office. This was the first opportunity for us to forward it to counsel and you all (including our co-counsel) are all receiving it at the same time. Our office will transmit the required fax tomorrow morning to meet the Court's directive. I am forwarding you this e-copy as means to alert you as close in time to our notice.

Have a nice evening,
Jason

---

Todd Malynn
Attorney at Law
Feldman Gale, P.A.
880 West First Street
Suite 315
Los Angeles, CA 90012

6/29/2009

Tel: 213.625.5992 | Fax: 213.625.5993
tmalynn@FeldmanGale.com
www.FeldmanGale.com

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.
If the reader of this message is not the intended recipient, or the employer agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail or telephone, and delete the original message immediately.
Thank you.

Please visit http://www.FeldmanGale.com/ for more information about our Firm.

Todd Malynn
Attorney at Law
Feldman Gale, P.A.
880 West First Street
Suite 315
Los Angeles, CA 90012
Tel: 213.625.5992 | Fax: 213.625.5993
tmalynn@FeldmanGale.com
www.FeldmanGale.com

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.
If the reader of this message is not the intended recipient, or the employer agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail or telephone, and delete the original message immediately.
Thank you.

Please visit http://www.FeldmanGale.com/ for more information about our Firm.

6/29/2009