# EXHIBIT "7"

WALGREEN CO. FED.R. CIV. P. 30(B(6) DEPOSITION
DESIGNEE: JEFFREY KRUCKMAN

Jeffrey Todd Kruckman                                         May 13, 2009
CONTAINS CONFIDENTIAL PORTIONS

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

LUV N' CARE, LTD. and          )
ADMAR INTERNATIONAL,           )
INC.,                          )
          Plaintiffs,          )
     -vs-                      ) Case No.
WALGREEN CO. and KMART         ) 08 CIV 4457 (DC)
CORP.,                         )
          Defendants.          )

     The 30(b)(6) videotaped deposition of WALGREEN COMPANY by JEFFREY TODD KRUCKMAN, called for examination, taken pursuant to the Federal Rules of Civil Procedure of the United States District Courts pertaining to the taking of depositions, taken before NANCY A. GUIDOLIN, CSR No. 84-2531, a Notary Public within and for the County of DuPage, State of Illinois, and a Certified Shorthand Reporter of said state, at Walgreen Co., 102 Wilmot Road, 5th Floor, Deerfield, Illinois, on the 13th day of May, A.D. 2009, commencing at 4:49 p.m.

Jeffrey Todd Kruckman                                    May 13, 2009
CONTAINS CONFIDENTIAL PORTIONS

Page 96

1   Q. Okay. With reference to Exhibit 9, what
2   product displayed in Exhibit 9 is WIC NBR 582399?
3   MR. CHAPMAN: Objection to form.
4   MR. GALE: What number did you say?
5   MR. COHEN: I said 582399.
6   BY THE WITNESS:
7   A. Based on the image it appears to be
8   582399 in that image.
9   BY MR. COHEN:
10  Q. Which image? Could you tell me what
11  image that you are referring to.
12  A. Exhibit 9 -- I am sorry. Exhibit 8. I
13  am sorry.
14  Q. I am referring to Exhibit 9.
15  A. What is Exhibit 9?
16  Q. It's the Complaint.
17  A. Did I lose one?
18  MR. GALE: Let's see. I may have copped it.
19  BY THE WITNESS:
20  A. 582399 appears to be in Exhibit C.
21  BY MR. COHEN:
22  Q. Is it the product on the left or the
23  product on the right?
24  A. I can't be sure.

a2b49001-dbe5-4a9f-80e8-76cc053102cb

DEPOSITION OF JEFFREY KRUCKMAN INDIVIDUALLY
MAY 12-13, 2009

Jeffrey Todd Krukman                                May 12, 2009
CONTAINS CONFIDENTIAL PORTIONS

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK.


LUV N' CARE, LTD. and

ADMAR INTERNATIONAL,

INC.,

        Plaintiffs,

  -vs-                            Case No.

WALGREEN CO. and KMART            08 CIV 4457 (DC)

CORP.,

        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

       The videotaped deposition of JEFFREY

TODD KRUKMAN, called for examination, taken

pursuant to the Federal Rules of Civil Procedure of

the United States District Courts pertaining to the

taking of depositions, taken before NANCY A.

GUIDOLIN, CSR No. 84-2531, a Notary Public within

and for the County of DuPage, State of Illinois,

and a Certified Shorthand Reporter of said state,

at Walgreen Co., 104 Wilmot Road, 2nd Floor,

Deerfield, Illinois, on the 12th day of May, A.D.

2009, commencing at 2:02 p.m.

Jeffrey Todd Krukman                                    May 12, 2009
                CONTAINS CONFIDENTIAL PORTIONS

Page 60

1       MR. BURATTI:  Objection; compound.
2   BY THE WITNESS:
3       A.    I had the baby sundries category, which
4   was children.  I have had diapers, which we
5   classify as a category, baby formula, vaporizers
6   and humidifiers, lawn furniture, lawn and garden,
7   and that's all that I can recall at this point that
8   involved children's products.
9   BY MR. COHEN:
10      Q.    Let's start with baby sundries.  What's
11  included within that category?
12      A.    The product categories would include
13  bottles, cups, pacifiers, lotions, baths, oral pain
14  relief products and miscellaneous other -- syringes
15  and things of that nature.
16      Q.    Okay.  From '94 to the present during
17  what time frame were you involved in baby sundries?
18      A.    December of 2005 through March of 2009.
19      Q.    In March of 2009 did you switch to
20  another category?
21      MR. BURATTI:  Objection; misleading.
22  BY THE WITNESS:
23      A.    I did not switch to another category.
24  My categories were adjusted.

CONTAINS CONFIDENTIAL PORTIONS

Page 195

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

LUV N' CARE, LTD. and        )
ADMAR INTERNATIONAL,         )
INC.,                        )
        Plaintiffs,          )
    -vs-                     ) Case No.
WALGREEN CO. and KMART       ) 08 CIV 4457 (DC)
CORP.,                       )
        Defendants.          )

May 13, 2009

9:02 a.m.

THIS DEPOSITION CONTAINS CONFIDENTIAL INFORMATION

The videotaped deposition of JEFFREY TODD KRUCKMAN resumed pursuant to adjournment at Walgreen Co., 104 Wilmot Road, 2nd Floor, Deerfield, Illinois.

Page 240

1     Q.    So you are approving it for look,
2  correct?
3     MR. BURATTI:  Object to form.
4  BY THE WITNESS:
5     A.    Correct.
6  BY MR. COHEN:
7     Q.    What about for shape?
8     MR. BURATTI:  Object to form.
9  BY THE WITNESS:
10    A.    Approving it.  I don't really care that
11 much.
12 BY MR. COHEN:
13    Q.    You are approving it, though, correct?
14    MR. BURATTI:  Object to form.
15 BY THE WITNESS:
16    A.    I am approving to be sure that it is a
17 cup, a sippy cup, yes.
18 BY MR. COHEN:
19    Q.    Of the shape that meets your approval,
20 correct?
21    MR. BURATTI:  Object to form.
22 BY THE WITNESS:
23    A.    That it meets with mom's shape for
24 approval as a cup.

Page 241

1   BY MR. COHEN:
2       Q.    Did you speak to any moms?
3       MR. BURATTI:  Object to form.
4   BY THE WITNESS:
5       A.    I speak to moms every day.
6   BY MR. COHEN:
7       Q.    About this particular product?
8       A.    I don't recall.
9       Q.    Did you speak with respect to your
10  commercialization of this product with anyone else
11  in the course of your approval process?
12      MR. BURATTI:  Object to form.
13  BY THE WITNESS:
14      A.    I am sure that I spoke to them, but I
15  don't know why I would have -- I speak to everybody
16  every day.
17  BY MR. COHEN:
18      Q.    Who would you speak to to get approval
19  for this particular product outside of the company?
20      MR. BURATTI:  Object to form.
21  BY THE WITNESS:
22      A.    No one.
23  BY MR. COHEN:
24      Q.    Would you be approving it for function?

Page 242

1        MR. BURATTI:  Object to form.

2

3  BY THE WITNESS:

4        A.    It's assumed function.

5  BY MR. COHEN:

6        Q.    Would you be approving it for quality?

7        A.    It's assumed quality.

8        Q.    Would you assume the quality?

9        A.    Depending upon the supplier, yes.

10       Q.    From Atico would you assume the quality?

11       MR. BURATTI:  Object to form.

12  BY THE WITNESS:

13       A.    I assume that they would bring me the

14  best quality products that they can for the value

15  that I am trying to achieve.

16  BY MR. COHEN:

17       Q.    Do you tell them the quality that you

18  want?

19       MR. BURATTI:  Object to form.

20  BY THE WITNESS:

21       A.    Yes.

22  BY MR. COHEN:

23       Q.    Do you tell them the function that you

24  want?

Page 280

```
 1    BY THE WITNESS:
 2         A.    It's immaterial.
 3    BY MR. COHEN:
 4         Q.    Not for the purposes of this deposition.
 5    Answer the question.
 6         MR. BURATTI:  Object to form, argumentative.
 7    BY THE WITNESS:
 8         A.    What is the question?
 9         MR. COHEN:  Do you want to read back the
10    question?
11                    (WHEREUPON, the record was read
12                     as requested.)
13    BY THE WITNESS:
14         A.    It looks like a sippy cup.
15    BY MR. COHEN:
16         Q.    Are all sippy cups equally nice in terms
17    of appearance?
18         A.    It depends on your perception of them.
19         Q.    Your perception.
20         MR. BURATTI:  Object to form.
21    BY THE WITNESS:
22         A.    No.
23    BY MR. COHEN:
24         Q.    You think some are nicer than others?
```

Case 1:08-cv-04457-DC   Document 74-8   Filed 06/29/2009   Page 13 of 19
Jeffrey Todd Kruckman - Volume II                         May 13, 2009
CONTAINS CONFIDENTIAL PORTIONS

Page 281

1    MR. BURATTI: Object to form.
2    BY THE WITNESS:
3        A.    Yes.
4    BY MR. COHEN:
5        Q.    Is the Wagi product in Exhibit 13 nicer
6    than other sippy cups in the market in terms of the
7    appearance of its product?
8        MR. BURATTI: Object to form.
9    BY THE WITNESS:
10       A.    I would have to see all of the sippy
11   cups in the market to make that judgment, and I
12   don't have that available to me.
13   BY MR. COHEN:
14       Q.    Based on the products in the market that
15   you are aware of as a buyer, is the Wagi sippy cup
16   nicer in appearance than other products in the
17   marketplace?
18       MR. BURATTI: Object to form.
19   BY THE WITNESS:
20       A.    Some, yes.
21   BY MR. COHEN:
22       Q.    Which ones?
23       A.    I have no idea.
24       Q.    You said it's nicer in appearance than

1    Q.    What about the appearance of the
2    product?
3    A.    The appearance is superficial and not
4    necessarily indicative of quality.
5    Q.    Is appearance one of the factors that
6    you take -- excuse me, took into account when
7    making Exhibit 13?
8    MR. BURATTI:  Object to form.
9    BY THE WITNESS:
10   A.    I didn't make Exhibit 13.
11   BY MR. COHEN:
12   Q.    Was appearance one of the factors that
13   you took into account when you determined whether
14   or not you would buy the product in Exhibit 13?
15   A.    Yes.
16   Q.    Was the packaging one of the factors
17   that you took into account in determining whether
18   or not to buy the product listed in Exhibit 13?
19   A.    It was a factor, but the packaging could
20   be completely different, and I still would take it.
21   Q.    But was a factor in this particular
22   case?
23   A.    The main factor was our $3 price point.
24   Q.    So it was important to you to have a $3

1   Exhibit 13 and the Nuby product apart?
2         MR. BURATTI:  Object to form.
3   BY THE WITNESS:
4         A.   I don't know.
5   BY MR. COHEN:
6         Q.   So you don't know whether a consumer
7   could tell it apart or not?
8         MR. BURATTI:  Object to form and
9   argumentative.
10  BY THE WITNESS:
11        A.   No.
12  BY MR. COHEN:
13        Q.   So if you don't know whether they can
14  tell it apart, what do you think that a sign would
15  indicate if it were by a sign that said Luv n'
16  care?
17        MR. BURATTI:  Object to form and
18  argumentative.
19  BY THE WITNESS:
20        A.   I would think that if it were by a sign,
21  the consumer would either pick up the item as it
22  was a mistake or not.  I don't know what they would
23  do.
24

```
 1        Q.    Did you ever use any other sources for
 2   Wagi branded sippy cups?
 3        MR. BURATTI:  Object to form.
 4   BY THE WITNESS:
 5        A.    I don't believe so.  I don't know.
 6   BY MR. COHEN:
 7        Q.    You say that you had to find in the
 8   e-mail -- strike that.
 9              Referring back to the e-mail, it states
10   that, "We have had to find an alternate source for
11   the WOW product going forward."  Do you mean a
12   substitute for Luv n' care's product?
13        A.    No.
14        Q.    What do you mean?
15        A.    I needed a substitute for a $3 sippy cup
16   two pack.
17        Q.    And it didn't make a difference what
18   that product looked like?
19        MR. BURATTI:  Object to form.
20   BY THE WITNESS:
21        A.    I didn't say that.  It matters what it
22   looks like.  It doesn't matter whose name is on it.
23   BY MR. COHEN:
24        Q.    But it matters what it looks like?
```

1   BY THE WITNESS:
2       A.   If the product looked like a milk pale,
3   it wouldn't suffice.  So then I would care.  If it
4   looked like a sippy cup, I would be satisfied with
5   it as long as it was a sippy cup.
6   BY MR. COHEN:
7       Q.   So it had to have certain appearances
8   with respect to a sippy cup?
9       MR. BURATTI:  Object to form.
10  BY THE WITNESS:
11      A.   As we discussed yesterday, a vessel, a
12  cap and a spout.
13  BY MR. COHEN:
14      Q.   And that's all that was important?
15      A.   That's the starting criteria.
16      Q.   Do all sippy cups with vessels, spouts
17  and caps have the same types of popularity in the
18  market?
19      MR. BURATTI:  Object to form.
20  BY THE WITNESS:
21      A.   I wouldn't know what popularity refers
22  to.
23  BY MR. COHEN:
24      Q.   Referring to your sales.

Case 1:08-cv-04457-DC  Document 74-8  Filed 06/29/2009  Page 18 of 19
Jeffrey Todd Kruckman - Volume II                    May 13, 2009
CONTAINS CONFIDENTIAL PORTIONS

Page 486

```
 1   BY MR. COHEN:
 2       Q.    Who then is responsible for design
 3   changes other than consumers?
 4       MR. BURATTI:  Object to form.
 5   BY THE WITNESS:
 6       A.    Again, it's a number of opportunities.
 7   BY MR. COHEN:
 8       Q.    Mainly?
 9       A.    For sippy cups the manufacturer would be
10   someplace that may come up with design changes.
11       Q.    Are you aware of any design changes in
12   the Wagi sippy cups that came from the
13   manufacturer?
14       A.    I don't recall.
15       Q.    Does that mean that you do not recall
16   any changes being made or you do not recall one way
17   or the other?
18       MR. BURATTI:  Object to form.
19   BY THE WITNESS:
20       A.    I don't recall changes being made or
21   requested.
22   BY MR. COHEN:
23       Q.    Whose job would it be to request a
24   design change?
```

 1         MR. BURATTI:  Object to form.
 2    BY THE WITNESS:
 3         A.    Design change for?
 4    BY MR. COHEN:
 5         Q.    Sippy cup products.
 6         MR. BURATTI:  Same objection.  Object to form.
 7    BY THE WITNESS:
 8         A.    Which sippy cup products?
 9    BY MR. COHEN:
10         Q.    Wagi sippy cup products that we have
11   just referred to as 582399 and 582400.
12         MR. BURATTI:  Object to the form.  At
13   Walgreens?
14   BY MR. COHEN:
15         Q.    At Walgreens.
16         A.    Again, it could come from any number of
17   places.
18         Q.    Such as?
19         MR. BURATTI:  Object to form.
20   BY THE WITNESS:
21         A.    Such as consumers, factories, trade
22   companies, buyers, category managers, the same
23   thing there.  Divisional merchandise managers up to
24   Greg Wasson, the CEO of the company.