**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**CONFIDENTIAL/REDACTED**

| | |
|---|---|
| **LUV N' CARE, LTD. and**<br>**ADMAR INTERNATIONAL, INC.,**<br><br>　　　　**Plaintiffs,**<br>**vs.**<br><br>**WALGREEN CO. and**<br>**KMART CORP.,**<br><br>　　　　**Defendants.** | CIVIL ACTION NO.<br><br>08 CIV 4457 (DC/HP)<br><br><br>FILED UNDER SEAL |

---

**LUV N' CARE'S REPLY IN SUPORT OF ITS SEPARATE STATEMENT OF**
**UNCONTROVERTED FACTS AND RESPONSE TO STATEMENT OF ADDITIONAL**
**FACTS**

Plaintiff Luv n' care submits this Reply to Defendant's Response to Plaintiff's Separate Statement of Uncontroverted Facts and Response to Walgreens' Statement of Additional Facts ("RSUF"). Each Reply is set forth in bold italics and follows Defendant's Response which is set forth in bold type. The Response to Walgreen's Statement of Additional Facts is set forth immediately following this Reply. Each response follows the Additional Fact directly.

**_LUV N' CARE'S REPLY TO DEFENDANT'S RESPONSE TO STATEMENT OF_**
**_UNCONTROVERTED FACTS_**

I. **Luv n' care's Products and Packaging**

1. Luv n' care is a leading baby products company, established in early 1980s. Declaration of Nouri Edward Hakim ("Edward Hakim Decl.") ¶ 3; Declaration of Jack Ralph Hakim ("Jack Hakim Decl.") ¶5; Declaration of Tim McQuillen ("McQuillen Decl.") ¶ 5.

**RESPONSE: Walgreens does not dispute that LNC is a baby products company. Walgreens disputes that LNC is a "leading" baby products company because the proffered evidence represents generalized and conclusory self-serving statements by an interested**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

person, constituting hearsay, and/or lacking foundation. Moreover, this fact is immaterial to the issues in the present motion. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. ¶ 3 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence, i.e., that LNC "has grown into one of the leading baby products companies in the United States and around the World." The statement, to the extent it refers to anyone other than LNC's statements or beliefs, constitutes hearsay and speculation.**

- **Jack Hakim Decl. ¶ 5 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence, i.e., that LNC "is a leading brand of baby sundries in the United States, and has been a leading brand for about ten years." The statement, to the extent it refers to anyone other than LNC's statements or beliefs, constitutes hearsay and speculation.**

- **Tim McQuillen Decl. ¶ 5 is a generalized and conclusory statement, which is not supported by any evidence, i.e., that LNC "is *the* leading brand of baby sundries in the United States, and has been for about ten years." The statement, to the extent it refers to anyone other than LNC's statements or beliefs, constitutes hearsay and speculation.**

***REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.***

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 3 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1, 2, 4, 5, 6, and 7.*

*Co-founder of Luv n' care Jack Hakim Dec. 5 is based on his experience in and knowledge of the industry as set forth in his Dec. at 1, 2, 6, 7, and 8.*

*Independent sales representative Tim McQuillen Dec. 5 is based on his 20 + years experience in sales and knowledge of the industry as set forth in his Dec. at 2, 3, 4, 6, and 9.*

***Furthermore, Walgreen's hearsay objection is unavailing as it identifies no specific statement and the statements of the referenced declarants are within the scope of their personal knowledge.***

***Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support are prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence,***

2

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

***Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.***

2. Luv n' care sells baby products in over 150 fifty countries under several trademarks,

   including NUBY®.  Edward Hakim. Decl. ¶ 4.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. Moreover, this fact is immaterial to the issues in the present motion. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶ 4 contains a general and conclusory, self-serving statement that is not supported by any evidence.**

***REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.***

   ***More specifically:***

   ***Co-founder of Luv n' care Ed Hakim Dec. 4 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1, 2, and 3.***

***Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support are prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.***

3. In the United States, Luv n' care sells baby products in large major retail chains,

   including Walmart, Target, Baby's 'R Us, CVS, Kmart, and formerly Walgreens.

   Edward Hakim Decl. ¶ 5; Declaration of Joseph Hakim ("Joseph Hakim Decl.") ¶ 20;

   Declaration of Nathan Shamosh ("Shamosh Decl.") ¶ 1; McQuillen Decl. ¶ 7.

**RESPONSE: Walgreens does not dispute this allegation.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

4. Luv n' care sells baby products in over 60,000 retail stores in the United States, and no-spill cups in about 47,000 retail outlets, including over 3,600 Walmart stores and formerly including over 5,800 Walgreens stores. Edward Hakim Decl. ¶ 6; Joseph Hakim Decl. ¶ 20-21; *see also* Jack Hakim Decl. ¶¶ 11, 19; Shamosh Decl. ¶ 24; McQuillen Decl. ¶ 12, 17.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is immaterial and is comprised of generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Moreover, this paragraph is not limited to products at issue in LNC's motion, i.e. "sippy cups." On LNC's website, www.Nuby.com. Plaintiffs advertise many different products in addition to sippy cups. As further support for this dispute, Walgreens states:**

- **Edward Hakim. Decl. ¶ 6. Although not disputed, this evidence is immaterial.**

- **Joseph Hakim Decl. ¶ 20 is based on hearsay in that these numbers had not been produced before the close of fact discovery and were not generated in the regular course of business.**

- **Joseph Hakim Decl. ¶ 21 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence, i.e., that LNC's products have been "very widely sold."**

- **Jack Hakim Decl. at ¶ 11 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statements of Mr. Lutz are hearsay.**

- **Jack Hakim Decl. at ¶ 19 is not disputed but is immaterial.**

- **Tim McQuillen Decl. ¶ 12. The statement by Mr. McQuillen, "[a]t the time, this cup was performing far better than the no-spill cups Walgreens was selling" is a self serving and conclusory statement.**

- **Tim McQuillen Decl. ¶ 12. The statement by Mr. McQuillen, "[h]owever, Mr. Lutz expressed no interest in carrying the cup" is hearsay evidence.**

- **Nathan Shamosh Decl. ¶ 24. The asserted paragraph is not disputed other than the part that states that Walmart's promotions drove sales, "which resulted in even greater consumer recognition of this·Luv n' care cup." That portion of the statement discussing consumer recognition is hearsay and lacks any evidentiary support.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Tim McQuillen Decl. ¶ 12. Mr. McQuillen's statement that "[h]e told me and Mr. Hakim that he did not view Walgreens as a destination for this type of baby sundry. He explained to us that his best-selling cup was only selling about 25,000 to 35,000 units a year." is hearsay evidence.**

- **Tim McQuillen Decl. ¶ 12. Mr. McQuillen's statement "Walgreens apparently did not believe there was a market for no-spill cups at its stores. Mr. Lutz said he viewed it only as a minor impulse buy." This is hearsay evidence.**

- **Tim McQuillen Decl. ¶ 17. This paragraph is not disputed other than the last statement that "[n]o other brand was selling anywhere near this amount of product at Walgreens' stores, or elsewhere." This is a self serving statement not supported by evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 6 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1, 3, 4, and 5.*

*Co-founder of Luv n' care Jack Hakim Dec. 11 is based on his experience in and knowledge of the industry as set forth in his Dec. at 1 through 10.*

*Independent sales representative Tim McQuillen Dec. 12 and 17 is based on his 20 + years experience in sales and knowledge of the industry as set forth in his Dec. at 1 through 11, 13 through 16.*

*Joseph Hakim Dec.20 and 21 is based on his experience in and knowledge of the industry as set forth in his Dec. at 1, 2, and 3.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 24 is based on his 20 + years experience in and knowledge of the industry as set forth in his Dec. at 1 through 5, 15 through 17, 23, and 26.*

*Furthermore, Walgreen's hearsay objection to Jack Hakim is unavailing as he has personal knowledge of the numbers which are based on business records. As to Tim McQuillen, the hearsay objection is unavailing as the statements are admissions by a party opponent and/or statements of mental impression.*

5

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

5.  Luv n' care enjoys a strong reputation domestically and worldwide for making quality

    baby products, including no-spill cups. Edward Hakim Dec. 7; Jack Hakim Decl. ¶ 6;

    Shamosh Decl. ¶ 4; McQuillen Decl. ¶6.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is comprised of generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Further, there is no evidence to support this allegation or that links it to the products at issue in this action. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶ 7 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that LNC "enjoys a strong reputation," or that any of its products are "innovative and uniquely designed," let alone are the products at issue in this action.**

- **Jack Hakim Decl. at ¶ 6 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Nathan Shamosh Decl. ¶ 4 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that LNC "enjoys a strong reputation among retail buyers and consumers for its innovative and uniquely designed baby products, including its no-spill cups."**

- **Tim McQuillen Decl. ¶ 6 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence or related to the products in this action, that Luv n' care enjoys a strong reputation among the retail buyers and consumers for its innovative and uniquely designed baby products, including no-spill cups.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

  *More specifically:*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Co-founder of Luv n' care Ed Hakim Dec. 7 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1 through 6, 11, 15 through 18.*

*Co-founder of Luv n' care Jack Hakim Dec. 6 is based on his experience in and knowledge of the industry as set forth in his Dec. at 1 through 5.*

*Independent sales representative Tim McQuillen Dec. 6 is based on his 20 + years experience in sales and knowledge of the industry as set forth in his Dec. at 1 through 5.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 4 is based on his 20 + years experience in and knowledge of the industry as set forth in his Dec. at 1 through 3.*

*Furthermore, Walgreen's hearsay objection to Jack Hakim's Declaration is unavailing because he has personal knowledge as to his company's reputation in the industry.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

6. There are many different and alternative ways to shape, design, color and style a no-spill cup to catch a consumer's eye and distinguish one brand of cup from another. Edward Hakim Decl. ¶ 13, 35, Ex. 2-3, Shamosh Decl. ¶ 5.

**RESPONSE: Walgreens does not dispute that there is more than one way to shape, design, color and style each of the three basic features of a no-spill cup, which are set forth in LNC's SUF 7, below. Walgreens disputes that there are "many different and alternative ways" to shape, design, color and style a no-spill cup and that no-spill cup product designs distinguish one brand of cup from another" See RSUF 162-205; the proffered evidence is generalized and conclusory self-serving statements by interested persons, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶ 13 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Edward Hakim Decl. ¶ 35 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that there were no cups that look the way [Luv n' care's cups] look. The statement "Luv n' care's Gripper Cups, for example, does not look anything like the 'easy grip' cups sold by other leading brands.", directly contradicts Edward Hakim's deposition testimony where he testifies that other competitors have cups that include all the features of LNC's easy grip cups. DE 42, Declaration of Jason R. Buratti, Esq. Ex. A , Page 81:8-14; 81:18-22; and Page 82:1-10.**

- **Nathan Shamosh ¶ 5 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that "there are many different and alternative ways companies can creatively design, style and package a no-spill cup to catch a consumer's eye and create a demand for the product."**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 13 and 35 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 7 through 11, 14 through 19. With respect to the alleged inconsistency Walgreens misstates the law in  asserting  that trade dress should be evaluated on an element by element basis which is incorrect as a matter of law.  See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2nd Cir. 2008).  Thus the fact that other cups may incorporate different design is irrelevant.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 5 is based on his 20 + years experience in and knowledge of the industry as set forth in his Dec. at 1 through 4.*

*With respect to Walgreen's citation to  additional RSUF's 162 - 205 Luv n' care hereby incorporates its response and objections thereto as if set forth herein.  Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

7. There are only three basic features of a no-spill cup: ' A liquid-holding vessel that can be easily handled by young children; a cap that closes the vessel and helps keep liquid from spilling; and a means to dispense liquid, such as a spout or straw. Edward Hakim Decl. ¶ 10; Shamosh Decl. ¶ 6.

**RESPONSE: Walgreens does not dispute this allegation.**

8. The United States Patent & Trademark Office ("USPTO") has issued numerous design patents on no-spill cups, including caps and vessels for no-spill cups, protecting different designs from copying, and thus consumer confusion. Edward Hakim Decl. ¶ 31; Declaration of Todd M. Malynn, Ex. A to HH.

**RESPONSE: Walgreens does not dispute that the USPTO has issued numerous design patents on no-spill cups. LNC has no such design patents that protect the product designs they presently assert. See,** *e.g.,* **U.S. Pat. Nos. D454,642 and D425,994; RSUF 249-50, below (LNC's two design patents do not cover the asserted designs). Walgreens disputes that design patents protect from consumer confusion, which is the purpose of trademark and trade dress law.** *See* **15 U.S.C.** *et seq.* **Further, Walgreens states that Edward Hakim Decl. ¶ 31 is not disputed, but is immaterial as it does not pertain to any of the products in suit.**

*REPLY:  Design patents allow the patentee to exclude others from using infringing design thereby ensuring that the public can equate the design only with the one source. Furthermore, Walgreen's has adduced no evidence in support of its assertion regarding the capability of a design patent to protect against consumer confusion other than a generalized citation.  Walgreen's has, in any event not disputed the allegation.*

9. Each one of Luv n' care's four no-spill cups has a unique and distinctive overall look and product design. Edward Hakim Decl. ¶¶ 14,32, Ex. 1 (A-D); Shamosh Decl. ¶ 13.

**RESPONSE: Walgreens disputes this allegation because it is immaterial and because trade dress protection of product designs depends upon acquired secondary meaning of a product.** *Wal-mart Stores v. Samara Bros.,* **529 U.S. 205, 209 (2000). This allegedly uncontroverted fact is compound, general and conclusory because it covers product designs that plaintiffs have not asserted against Walgreens, and is based on hearsay and speculation. Moreover, the product design is functional and competitors use all of the**

**alleged trade dress features. RSUF 162-205 & DE 42, Buratti Decl. Ex. F and G. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶¶ 14, 32, Ex. 1 (A) and Ex. 1(D) are not asserted against Walgreens, so this statement is immaterial as to these two products. DE 1 at ¶¶ 39-43, ¶¶ 44-48 and DE 1 Exs. B, C. Further, these statements are generalized and conclusory self-serving statements, which are not supported by any actual evidence. These statements, to the extent it refers to anyone's statements or beliefs other than LNC's are hearsay and speculation.**

- **Edward Hakim Decl. ¶¶ 14, 32, Ex. 1 (B). These statements are generalized and conclusory self-serving statements, which are not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. ¶¶ 14, 32, Ex. 1 (C). These statements are generalized and conclusory self-serving statements, which are not supported by any actual evidence. The statements, to the extent they refer to anyone's statements or beliefs other than LNC's are hearsay and speculation.**

- **Nathan Shamosh Decl. ¶ 13. This statement is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 14 and 32 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 8 through 13, 15 through 19, 30, 35 through 41.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 13 is based on his 20 + years experience in and knowledge of the industry as set forth in his Dec. at 1 through 5, 9 through 12, and 14.*

*Furthermore, Walgreen's hearsay objection is unavailing because Ed Hakim has personal knowledge as to his company's reputation in the industry as well as the various competitive designs for other no-spill cups. Walgreen's response/objection that the unique and distinctive appearance of the no-spill cups is immaterial "because trade dress protection of product depend upon acquired secondary meaning of a product" is incorrect because for a product design to acquire secondary meaning it must not be generic. This cited fact is relevant to that issue. Walgreen's response/objection further asserts that trade dress should be evaluated on*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*an element by element basis which is incorrect as a matter of law. See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2nd Cir. 2008.*

*With respect to Walgreen's citation to additional RSUF's **162 – 205**, Luv n' care hereby incorporates its response and objections thereto as if set forth herein Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

    10.    Apart from having a cup, cap and chinking spout, there is no reason why a no-spill

            cup has to look like another cup on the market. Edward Hakim Decl. ¶¶ 15-17, 30, 34,

            35; Shamosh Decl. ¶ 5.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Additionally, there are only a limited number of options available to competitors to construct sippy cups and because numerous other competitors use the same or similar features to construct each of the three basic parts of a sippy cup. RSUF 162-205 & DE 42, Buratti Decl. Exs. F, G. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶ 15. This is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. ¶ 16 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. ¶ 17 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. ¶ 30 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. ¶ 34 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. ¶ 35 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that there were no**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

cups that look the way [Luv n' care's cups] look. The statement "Luv n' carets Gripper Cups, for example, does not look anything like the 'easy grip' cups sold by other leading brands" contradicts Edward Hakim's deposition testimony where he testified that other competitors have cups that include all the features of LNC's easy grip cups. DE 42, Buratti Decl., Ex. A, at pages 65:20-66:10; 75:17-77:16; pages 77:19-78:22; 79:20-80:9.

- Nathan Shamosh ¶ Decl. 5 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that "there are many different and alternative ways companies can creatively design, style and package a no-spill cup to catch a consumer's eye and create a demand for the product."

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 15 through 17, 30, 34 through 35 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1 through 13, 15 through 23, 25 through 27, 31 through 33, 36, and 37. Walgreen's response/objection in citing RSUF 162-205 and Buratti Dec. F and G further suggests that trade dress should be evaluated on an element by element basis which is incorrect as a matter of law. See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2nd Cir. 2008).*

*Vice President and Director of Sales, Nathan Shamosh Dec. 5 is based on his 20 + years experience in and knowledge of the industry as set forth in his Dec. at 1 through 3, 6, 9, 11 through 14.*

*Furthermore, Walgreen's hearsay objection is unavailing because it fails to identify statement in Ed Hakim's Dec. 30 that is hearsay and further Ed Hakim Dec. 30 is based on his personal knowledge as a product designer, patent holder and founder of a baby sundry company.*

*With respect to Walgreen's citation to additional RSUF's 162 - 205 Luv n' care hereby incorporates its response and objections thereto as if set forth herein Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

11.  The different shapes, designs, colors and styles of no-spill cups on the market are

ornamental.  They primarily are a form of marketing, a way to match a no-spill cup to

the tastes of consumers, and distinguish one brand from another. Edward Hakim

Decl. ¶¶ 13,27,32-33, Ex. 1 (A-D); Shamosh Decl. ¶ 9.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is based upon immaterial, generalized and conclusory self-serving statements by an interested person, and on statements that contradict earlier testimony. Further, Walgreens disputes this statement since the different shapes, designs and styles of no-spill cups on the market are functional and do not distinguish one brand from another. RSUF 162-205, DE 42, Buratti Dec. Ex. F and G. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. ¶¶ 13, 27, 32-33, Ex. 1 (A) and Ex. 1(D) are not asserted against Walgreens, so this statement is immaterial as to these two products. DE 1 at ¶¶ 39-43, ¶¶ 44-48 and DE 1 Exs. B, C.**

- **Nathan Shamosh Decl. ¶9. The statement "[t]he different shapes ... are ornamental." is inconsistent with Shamosh's deposition testimony where, on pg 137, lines 9-12, Shamosh testifies that the shape of the cup's design is contoured in such a way to make it "easy to hold"**

**CONFIDENTIAL ATTY EYES ONLY**



*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 13, 27, 32 through 33 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1 through 12, 14 through 23, 31, 36, and 37.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Vice President and Director of Sales, Nathan Shamosh Dec. 9 is based on his 20 + years experience in and knowledge of the industry as set forth in his Dec. at 1 through 6, 11 through 14.*

*Walgreen's response/objection in citing RSUF 162-205 and Buratti Dec. F and G further suggests that trade dress should be evaluated on an element by element basis which is incorrect as a matter of law. See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2nd Cir. 2008).*

*With respect to Walgreen's citation to additional RSUF's 162 - 205 Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

12.    The overall look of a no-spill cup is important to the success of the cup, both in terms of initial sales and brand loyalty. Edward Hakim Decl. ¶ 19-26, 28-29, 38, 80-84; Shamosh Decl. ¶¶ 10-12, 14-16.

**RESPONSE: Walgreens disputes this allegation. Pertinent purchasing decisions at Walgreens were made, according to Walgreens' category manager, based on consumer value, for example. RSUF 147-151, 160. This allegation is immaterial as to initial sales, since trade dress protection of product designs depends upon acquired secondary meaning of a product. *Wal-mart Stores v. Samara Bros.,* 529 U.S. 205, 209 (2000). Further, Walgreens disputes this statement since the evidence is based upon hearsay and speculation, and upon generalized and conclusory self-serving statements, which are not supported by any actual evidence. This allegation also blurs product packaging issues not in the case (RSUF 68-91) with product design trade dress. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 19 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 20 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

14

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Edward Hakim Decl. at ¶ 21 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 22 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 23 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 24 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 25 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 26 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 28 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that LNC's cups are sold in "creatively designed clear shrink wrap." To the contrary, Exhibits B, Fig. 4 of Edward Hakim's Declaration (DE 52) shows cups disposed within shrink wrap that is not clear and has prints and/or color. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 29 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 38 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the**

extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- **Edward Hakim Decl. at ¶ 80 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 81 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ~ 82 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 83 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 84 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Nathan Shamosh Decl. ¶ 10. The statement "Consumers, especially mothers, often select and purchase no-spill cups because of the way they look" is speculation, and based on lack of personal knowledge. This also contradicts Shamosh's deposition testimony where, on page 163, lines 6-11 of his deposition testimony, Shamosh testifies that he does not have an understanding of the different factors used to make a purchasing decision.**



- **Nathan Shamosh Decl. ¶ 10. The statement "If a cup functions well after it is purchases, the consumer will remember the cup by the way it looks and buy it again." Is speculation and based upon lack of personal knowledge.**

- **Nathan Shamosh Decl. ¶ 10. The statement "If the no-spill cup does not function well, the consumer will likely buy another cup that has a different**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

look or appearance." is speculation and based upon lack of personal knowledge.

- **Nathan Shamosh Decl. ¶ 11. The statement "If consumers research no-spill cups on the Internet before going to a store, they are likely to remember the cups by the way they look." is speculation and based upon lack of personal knowledge.**

- **Nathan Shamosh Decl. ¶ 11. The statement "For consumers that do not research a product such as a no-spill cup before going to a store, but generally remember the items they want to purchase, they, too, will likely remember and select the item they want to purchase at the store by the way it looks." is speculation, and based on a lack of personal knowledge.**

- **Nathan Shamosh Decl. ¶ 11. The statement "The look of a no-spill cup is extremely important to the commercial impression conveyed to the consumer about the source of the product." is speculation, and based on a lack of personal knowledge.**

- **Nathan Shamosh Decl. ¶ 12. The statement "If a no-spill cup does not have a distinctive look, then consumers might not purchase the cup a second time even if it functioned as well as expected." is speculation, and based on a lack of personal knowledge."**

- **Nathan Shamosh Decl. ¶ 14. The statement "The importance of the appearance and design of a no-spill cup is shown by the amazing success of the two Luv n' care cups at issue . . ." is a self serving statement. No evidence that "appearance" and "design" were reasons for any alleged "success" as opposed to functional aspects, the NUBY mark or otherwise.**

- **Nathan Shamosh Decl. ¶ 16. The statement "Sales of this Luv n' care product sky-rocketed through the roof." is a conclusory and self serving statement.**

***REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.***

***More specifically:***

***Co-founder of Luv n' care Ed Hakim Dec. 19 through 26, 28 through 29, 38, 80 through 84 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1 through 18, 27, 39 through 52, 54, 55, 56 through 80.***

17

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Vice President and Director of Sales, Nathan Shamosh Dec. 10 through 12, 14 through 16 is based on his 20 + years experience in and knowledge of the industry as set forth in his Dec. at 1 through 9, 13, 17 through 21.*

*Furthermore, Walgreen's speculation and lack of personal hearsay objections regarding Shamosh 10-12 is unavailing because Shamosh is alleging, and has testified that he is aware of the consumer research supports his conclusion. Walgreen's hearsay and speculations to objections to Hakim 19 through 26, 28, 29, 38, 81 through 83 are availing because the statement is based Hakim's personal knowledge and experience. The alleged contradiction with Shamosh's deposition is artificial. While Shamosh may not know what specific purchasing criteria were used by retailers, he has testified that he is awaiting consumer research related to company purchasing decision.*

*With respect to Walgreen's citation to additional RSUF's **145 – 151, 161 and 68-91**, Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

13.    In 2003, Luv n' care introduced two of its no-spill cups on the market: The Luv n' care brand hard-spout and soft-spout cup. Jack Hakim Decl. ¶¶ 9, 23; Shamosh Decl. ¶¶ 20, Ex. 1; McQuillen Decl. ¶¶ 11, 18.

**RESPONSE: Walgreens does not dispute that LNC introduced the asserted no-spill cup designs into the market in 2004. RSUF 66-67. Regarding the alleged 2003 introduction, Walgreens provides the following objections to the evidence used by LNC to support this alleged fact:**

- **Jack Hakim Decl. at ¶ 9 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 23 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 11. The statement ''Luv n' care's cup was already performing well in other stores. There was no other cup in the marketplace at**

18

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

that time that had the same overall look and appearance." is a conclusory and self serving statement. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation. This statement is also disputed by the many cups on the market having the same allegedly protectable features of plaintiff's cup DE 42, Buratti Declaration, Ex. F and G.

- Tim McQuillen Decl. ¶ 18.  The statement "Luv n' care introduced a new soft-spout cup at Walmart at the end of 2003, which it then rolled out to other stores. This product was an immediate success as well." is a self serving statement with no evidentiary support.

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 9 is based on his experience in and knowledge of the industry and personal knowledge as a participant as set forth in his Dec. at 1 through 4, 7, 8, 10, and 11.*

*Independent sales representative Tim McQuillen Dec. 11 and 15 is based on his 20 + years experience in sales and knowledge of the industry and the products' success as set forth in his Dec. at 1 through 8, 12 through 17.*

*Furthermore, Walgreen's hearsay objection to McQuillen is unavailing because it is based on his personal knowledge.*

*With respect to Walgreen's citation to  additional RSUF's 66-67,  Luv n' care hereby incorporates its response and objections thereto as if set forth herein.   Accordingly, this factual allegation remains un-refuted.  Indeed Walgreens disputes that the no-spill decisions were on the maintenance in 2003 ignoring the testimony of the witness that they were testing is evidenced.   Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support are prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

19

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

14.    In 2003, Luv n' care introduced two of its no-spill cups on the market: The Luv n'

care brand hard-spout and soft-spout cup.  Jack Hakim Decl. ¶¶ 9, 23; Shamosh Decl.

¶ 20, Ex. 1; McQuillen Decl. ¶¶ 11, 18.

a.    Both Luv n' care cups have a unique and distinct overall look and product design,
including a unique combination of features and ornamental designs: a. The trade
dress of Luv n' care's hard-spout, no-spill cup includes a custom-tinted,
translucent cylindrical shaped cup that gradually widens towards the top of the
cup, where it opens like a flower peddle to meet the cap, a custom colored and
shaped cap, with the appearance of a cap sitting on a cap look, and a spout with a
bulb-like base and a relatively pointy top;

b.    The trade dress of Luv n' care's soft-spout, no-spill includes an oval-shaped, clear-
silicone spout, resting on a circular, disc-like insert that is convex, raised above
and resting on the cap, providing a ridged or rounded layered-like appearance; a
custom-colored, bell-shaped cap with relief impressions along the sides; the cap is
on top of a clear or custom-colored translucent cup having a hour-glass shape in
front and back; the top portion of the cup possesses a hood-like design that starts
at the top and extends in a fluid, curved form downward ending near the bottom of
the cup; the middle portion of the cup has a series of inset wave and ripple-like
grooves that extend in a concave fashion toward the interior of cup; the bottom
and top of the cup have a bulbous-like shape, with. the top being more round than
the bottom of the cup.

Edward Hakim Decl. ¶¶ 36-37; Jack Hakim Decl. ¶¶ 9,25; Shamosh Decl. ¶¶ 13;
McQuillen Decl. ¶¶ 11, 19.

**RESPONSE: Walgreens disputes this recitation of the asserted trade dress elements.
Walgreens does not dispute that LNC asserts as trade dress those features identified for the
first time a trade dress chart produced on the last day of discovery, RSUF 105-110, below;
DE 44 at ¶¶ 36-40, or testified to during the May 29, 2009 corporate testimony of N. Ed.
Hakim.  Walgreens does not dispute that LNC introduced the asserted no-spill cup designs
into the market in 2004. RSUF 66-67. Regarding the alleged 2003 introduction and
remaining allegations in this paragraph, however, Walgreens provides the following
objections to the evidence including evidence purportedly supporting the alleged facts since
it is inconsistent with the trade dress chart:**

- **Edward Hakim Decl. ¶¶ 36-37 is inconsistent with the trade dress chart
provided on the last day of discovery. For example, plaintiffs allege in their
trade dress chart that a feature of their alleged trade dress includes "an oval
clear silicone spout which is attached to a silicone top of the cap", whereas in "
36-37 In his declaration, Mr. Hakim now alleges that their trade dress includes
"an oval-shaped, clear silicone spout, resting on a circular, disc-like insert that**

20

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

is convex, raised above and resting on the cap, providing a ridged or rounded layered-like appearance."

- **Jack Hakim Decl. ¶¶ 9, 25 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Nathan Shamosh Decl. ¶ 13 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 11 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that "Luv n' care's cup was already performing well in other stores. There was no other cup in the marketplace at that time that had the same overall look and appearance."**

- **Tim McQuillen Decl. ¶ 19 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that "[l]ike other Luv n' care products, this product has a very unique and distinctive look."**

- **Tim McQuillen Decl. ¶ 19 is inconsistent with the trade dress chart provided on the last day of discovery. The statement "There was not a single cup on the market that looked anything like this cup, and customers readily identified this cup by the way it looked, which was important to buyers." is a self serving statement without evidentiary basis or knowledge and based on hearsay.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 36 and 37 is not consistent with the trade dress provided in discovery. His actions further references that description.*

*Co-founder of Luv n' care Jack Hakim Dec. 9 and 25 is based on his experience in and knowledge of the industry and personal knowledge as set forth in his Dec. at 1 through 8, 10, 11, 22 through 24.*

*Independent sales representative Tim McQuillen Dec. 11 and 19 is based on his 20 + years experience in sales and knowledge of the industry and personal knowledge as set forth in his Dec. at 1 through 10, and 12. Also with respect to 1 through 19, Walgreens fails to identify any specific inconsistency with the alleged trade dress.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 13 is based on his 20 + years experience in and knowledge of the industry and personal knowledge as set forth in his Dec. at 1 through 13.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Furthermore, Walgreen's hearsay objection to McQuillen is unavailing because it is based on personal knowledge and the reputation of the company, unique appearance of the cups and his experience in sales.*

*With respect to Walgreen's citation to additional RSUF's **105-110, 66 and 67**, Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

15. When Luv n' care introduced its two no-spill cups into the market, no other cup had a similar overall look to the Luv n' care brand hard-spout cup. McQuillen Decl. ¶ 11.

**RESPONSE: Walgreens disputes this allegation. At least a dozen competitors have similar looks. RSUF 162-205. This dispute is immaterial, however, since trade dress protection of product designs depends upon acquired secondary meaning of a product. *Wal-mart Stores v. Samara Bros.*, 529 U.S. 205, 209 (2000). Further, Walgreens disputes the evidence supporting this statement since it is comprised of generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Tim McQuillen Decl. ¶ 11 is inconsistent with the trade dress chart provided on the last day of discovery. The statement "Luv n' care's cup was already performing well in other stores. There was no other cup in the marketplace at that time that had the same overall look and appearance" is conclusory, self serving, and based upon hearsay to the extent it refers to anyone's statements or beliefs other than LNC's.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Independent sales representative Tim McQuillen Dec. 11 is based on his 20 + years experience in sales and knowledge of the industry and personal knowledge as set forth in his Dec. at 1 through 10. Furthermore, there is no identification inconsistent with the trade dress as provided in discovery as set forth elsewhere.*

22

*Furthermore, Walgreen's hearsay objection is unavailing because McQuillen is based on his personal knowledge with the security of the Luv n' care cup. Walgreen's response/objection further asserts that trade dress should be evaluated on an element by element basis which is incorrect as a matter of law. See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2nd Cir. 2008). Walgreen's response/objection that the unique and distinctive appearance of the no-spill cups is immaterial "because trade dress protection of product depends upon acquired secondary meaning of a product" is incorrect because for a product design to acquire secondary meaning it must not be generic. This cited fact is relevant to that issue.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

16.  When Luv n' care introduced its two no-spill cups into the market, no other cup had a

   similar overall look to the Luv n' care brand soft-spout cup. McQuillen Decl. ¶ 18.

**RESPONSE: Walgreens disputes this allegation. At least a dozen competitors have similar looks. RSUF 162-205. This dispute is immaterial, however, since trade dress protection of product designs depends upon acquired secondary meaning of a product. *Wal-mart Stores v. Samara Bros.*, 529 U.S. 205, 209 (2000). Further, Walgreens disputes the evidence supporting this statement since it is comprised of generalized and conclusory self-serving statements by an interested person. As further support for this dispute, Walgreens states:**

- **Tim McQuillen Decl. ¶ 18. The statement "Luv n' care introduced a new soft-spout cup at Walmart at the end of 2003, which it then rolled out to other stores. This product was an immediate success as well." is conclusory and self serving and not supported by any evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

   *More specifically:*

*Independent sales representative Tim McQuillen Dec. 18 is based on his personal knowledge. Walgreen's response/objection further asserts that trade dress should be evaluated on an element by element basis which is incorrect as a matter of law. See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2nd Cir. 2008). Walgreen's response/objection that the*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*unique and distinctive appearance of the no-spill cups is immaterial "because trade dress protection of product depends upon acquired secondary meaning of a product" is incorrect because for a product design to acquire secondary meaning it must not be generic. This cited fact is relevant to that issue.*

*With respect to Walgreen's citation to additional RSUF's **162 - 205** Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

17.  The overall look of Luv n' care's hard-spout and soft-spout cups are cable of creating a commercial impression distinct from accompanying words or packaging. Edward Hakim Decl. ¶¶ 15,33,36-37; Shamosh Decl. ¶ 18.

**RESPONSE: Walgreens disputes this allegation. At least a dozen competitors have similar looks. RSUF 162-205. Walgreens also disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Additionally, there is no evidence to support this statement. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 15 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 33 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that no-spill designs are ornamental in nature, convey commercial impressions separate from any accompanying words or packaging, and may be inherently distinctive. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 36 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. Further, as shown below, the statement that the hard-spout, no-spill cup includes a unique combination of features and ornamental designs, directly contradicts Edward Hakim's deposition testimony where he testifies that *each of these features* is present in other competitors' cups:**

24

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**With regard to the no-spill cup, Plaintiffs testified that other competitors:**

*Use colored, tinted, generally cylindrical cups:*
**8  Q. All right, do other competitors that**
**9   we've talked about today, use colored, tinted,**
**10 generally cylindrical shaped cups?**
**11 A. Yes.**

**DE 42, Buratti Decl., Ex. A at Page 81, lines 8-11.**

*Sell cups having wider upper portions:*
**12 Q. Do some of those cups have [wider]**
**13  upper portions?**
**14  A.  Yes.**

**DE 42, Buratti Decl., Ex. A at Page 81, lines 12-14.**

*Sell cups with tinted caps:*
**18  Tinted caps?**
**19   A. Yes.**

**DE 42, Buratti Decl., Ex. A at Page 81, lines 18-19.**

*Sell caps that have a cap sitting 011. a cap look:*
**20   Do some of them use caps that have a**
**21  cap sitting on a cap look?**
**22  A. Yes.**

**DE 42, Buratti Decl., Ex. A at Page 81, lines 20-22.**

*Sell cups with spouts that have a bulb-like base and relatively pointed tops:*
**1   Do other competitors have cups with**
**2   spouts that have [bulb] like [bases]?**
**3   A. Yes.**
**4   Q. And pointy tops?**
**5   A. Yes.**
**6   Q. Relatively pointed tops?**
**7   A. Yes.**

**DE 42, Buratti Decl., Ex. A at Page 82, lines 1-7.**

*Sell cups that include folded inserts:*
**8   Do other competitors use packaging**
**9   that's folded and inserted into sippy cups?**
**10 A.  Yes.**

**DE 42, Buratti Decl., Ex. A at Page 82, lines 8-10.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Edward Hakim Decl. at ¶ 37 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. It recites features deemed as "unique" yet which appear in competitors' cups.**

- **Nathan Shamosh Decl. ¶ 18. The statement "Luv n' care succeeded in catching the consumer's eye and making a strong commercial impression among consumers with the appearance of its cups." is self serving and requires speculation.**

- **Nathan Shamosh Decl. ¶ 18. The statement "Consumers know the look of this cup and view it as a leading brand of no-spill cups on the market" is self serving and made with a lack of personal knowledge.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 15, 33, 36 through 37 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1 through 9, 13 through 24.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 18 is based on his 20 + years experience in and knowledge of the industry as set forth in his Dec. at 1 through 5, 10 through 14.*

*Walgreen's response/objection further asserts that trade dress should be evaluated on an element by element basis which is incorrect as a matter of law. See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2ⁿᵈ Cir. 2008). Walgreen's response/objection that the unique and distinctive appearance of the no-spill cups is immaterial "because trade dress protection of product depends upon acquired secondary meaning of a product" is incorrect because for a product design to acquire secondary meaning it must not be generic. This cited fact is relevant to that issue.*

*With respect to Walgreen's citation to additional RSUF's* **162 - 205** *Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

18.  The overall look of Luv n' care's soft-spout cup is inherently distinctive and a design patent application is pending. Edward Hakim Decl. ¶ 31, 37; McQuillen Decl. ¶ 19.

**RESPONSE: Walgreens disputes this allegation. At least a dozen competitors have similar looks. RSUF 162-205. This dispute is immaterial, however, since trade dress protection of product designs depends upon acquired secondary meaning of a product. *Wal-mart Stores* v. *Samara Bros.*, 529 U.S. 205, 209 (2000). Further, the evidence supporting this statement is comprised of generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 31 is not disputed, but is immaterial as it does not pertain to any of the products in suit.**

- **Edward Hakim Decl. at ¶ 37 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. It recites features deemed as "unique" yet which appear in competitors' cups.**

- **Tim McQuillen Decl. ¶ 19. The statement "Like other Luv n' care products, this product has a very unique and distinctive look." is a serving and unsupported statement.**

- **Tim McQuillen Decl. ¶ 19. The statement "There was not a single cup on the market that looked anything like this cup, and customers readily identified this cup by the way it looked, which was important to buyers." is self serving, and based on hearsay.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 37 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1 through 3, 5, 8, 9, 13 through 18. Furthermore Walgreen's misstates his declaration in that he actually refers to his "unique combination" of features.*

*Independent sales representative Tim McQuillen Dec. 19 is based on his 20 + years experience in sales and knowledge of the industry and personal knowledge as set forth in his Dec. at 1 through 7.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Walgreen's response/objection further asserts that trade dress should be evaluated on an element by element basis which is incorrect as a matter of law. See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2nd Cir. 2008). Walgreen's response/objection that the unique and distinctive appearance of the no-spill cups is immaterial "because trade dress protection of product depends upon acquired secondary meaning of a product" is incorrect because for a product design to acquire secondary meaning it must not be generic. This cited fact is relevant to that issue.*


*With respect to Walgreen's citation to additional RSUF's **162 - 205** Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

19.  Luv n' care sells its hard-spout, no-spill cup in clear plastic shrink wrap single-item displays, and consumers can visibly see the cups. Edward Hakim Decl. ¶¶ 28, 52; Shamosh Decl. ¶ 29.

**RESPONSE: Walgreens does not dispute this allegation although it is immaterial.**

20.  Luv n' care generally sold its soft-spout, no-spill cup in clear plastic shrink wrap single-item displays, so that consumers could visibly see the cups. Edward Hakim Decl. ¶ 28, 52; Shamosh Decl. ¶ 29.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. In addition, LNC's packaging identified in exhibits supporting its motion is a 2-pack that impairs a consumer's ability to view at least a part of the cup. DE 52 (N. Ed. Hakim Dec.) at Ex. 2-B, Fig. 4, right side. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 28 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence that LNC's cups are sold in "creatively designed clear shrink wrap." To the contrary, Exhibit B (Fig. 4) of Edward Hakim's Declaration shows cups disposed within shrink**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

wrap that is not clear and has prints and/or color. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- **Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Nathan Shamosh Decl. ¶ 29. The statement "Retailers know that the look of a no-spill cup is far more likely to catch the consumer's eye than the name of the product." is made without personal knowledge, and is based upon speculation and upon hearsay to the extent it refers to anyone's statements or beliefs other than LNC's.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 28 is a statement of fact. Furthermore while the wrap may have color and/or print, it is primarily translucent and the product design is readily visible, Dec. 48 is based on Ed Hakim's personal knowledge as to Walgreens conduct and review of Walgreens products and packaging*

*Vice President and Director of Sales, Nathan Shamosh Dec. 29 is based on his 20 + years experience in and knowledge of the industry as set forth generally in his Declaration.*

*Furthermore, Walgreen's hearsay objection to Shamosh 29 is unavailing because Shamosh's statement is based upon his knowledge and experience in sales industry. Indeed no specific statement alleged to be hearsay has been identified.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

21.   For use at Walgreen stores, Luv n' care specially designed a unique clear plastic shrink wrap 2-pack combination for Luv n' care's soft-spout, no-spill cups. Edward Hakim Decl. ¶ 52; Jack Hakim Decl. ¶ 31; McQuillen Decl. ¶ 23.

29

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 31 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Tim McQuillen Decl. ¶ 23 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

    *More specifically:*

    *Co-founder of Luv n' care Ed Hakim Dec. 52 is based on his knowledge of Walgreen's contact as well as his knowledge of the product's success.*

    *Co-founder of Luv n' care Jack Hakim Dec. 31 is based on his personal knowledge of the matters set forth on personal knowledge of the statement of Walgreens, a party opponent.*

    *Independent sales representative Tim McQuillen Dec. 23 is based on McQuillen's personal knowledge.*

*Furthermore, Walgreen's hearsay objection to Hakim's Dec. 31 is unavailing because it is based upon admissions by a party opponent. Walgreen's objection to McQuillen 23 is unavailing because the reported statement is an admission of a party opponent and a statement of pertinent mental impressions.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

22. The trade dress of Luv n' care specially designed clear plastic packaging includes the following unique combination of features and ornamental designs: (a) a see-through, form-fitted shrink-wrapped plastic surface having (i) a colorful band positioned at the top, which encircles the two enclosed cups beneath their caps; (ii) relatively thick, child-like block lettering having a border and shadow effect and being centered within the colorful band and spelling out the words "No Spill Cup"; (iii) the phrase "2-pack" positioned in the upper left portion of the front of the packaging, just above the word "No" in the phrase "No-Spill Cup"; (iv) Walgreen's promotional "Wow" sticker positioned at the bottom right, next to the trademark NUBY®; and (b) a uniquely shaped cardboard insert wedged between the two cups and visible within the shrink-wrap and having: a colorful, bordered oval shape printed on its outward face wherein the trademark is centered and portrayed in large block lettering. Edward Hakim Decl. ¶ 53.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. Walgreens was not aware of and was never put on notice of any packaging claims until after the close of discovery. RSUF 68-93, below. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 53 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 53 is based on his personal knowledge. Walgreen's assertion alleging lack of notice of the packaging claim is nothing but an omission that it failed to conduct proper and timely discovery in the issues of packaging. RSUF 84 indeed*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*belies Walgreen's assertion and reveals that it has had the opportunity and indeed has already concluded during in this issue.*

*With respect to Walgreen's citation to additional RSUF's **68** through **93**, Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

23. Luv n' care's soft-spout cup remains visible to the consumer in the specially

designed 2-pack packaging. Edward Hakim Decl. ¶ 53.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, and because at least some of the product is not visible through the packaging. See DE 52, N. Ed. Hakim Declaration at Ex. B (Fig. 4). As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 53 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Walgreens in essence conceals that the spout cup remains visible by contending that only at least some of the product is not visible. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

24. Luv n' care's specially designed 2-pack packaging is inherently distinctive. Edward

Hakim Decl. ¶¶ 52 - 53.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person and supported by no evidence. Further, most of the packaging is simply descriptive. For example, "2-Pack" or Walgreens' own marking, "WOW!" See DE 52, N. Ed. Hakim Declaration at Ex. B (Fig. 4). As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 53 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 52 and 53 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1 through 13, 15 through 19.*

*Indeed, to the extent that Walgreens has raised a question concerning the design of Walgreen's products and packaging, such information is in the possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. Walgreens has presented no evidence of its contention that the packaging is simply descriptive. Consequently, Luv n' care has presented competent evidence that the packaging is inherently distinctive through testimony. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

25.  Luv n' care's hard-spout cup is a top selling no-spill cup in the United States, selling about 30 million pieces in its first full five years (2004 to 2008) and over 12 million pieces in its first full two years (2004 and 2005). Edward Hakim Decl. ¶ 19; Joseph Hakim ¶ 7.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation and because at least some of the product is not visible through the packaging. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 19 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Joseph Hakim Decl. ¶ 7 is based on hearsay in that these number had not been produced before the close of fact discovery and were not generated in the regular course of business.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 19 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1 through 9, 13 through 18, 20 through 29.*

*Joseph Hakim Dec. 7 is based on his experience in and knowledge of the industry as set forth in his Dec. at 1 through 3.*

*Furthermore, Walgreen's hearsay objection is unavailing because the statement falls within the business record exception to the hearsay rule. Furthermore, any failure of Walgreens to obtain any needed discovery is strictly its own.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

26.     Given that roughly 4 million babies are born each year in the United States, new mothers were likely to purchase a Luv n' care hard-spout cup. Edward Hakim Decl. ¶ 45.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**RESPONSE: Walgreens disputes this allegation because it is immaterial and'' because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 45 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec.45 is based on readily available public records and accordingly is not hearsay.*

*Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

27.    Luv n' care's large retail customers, including Walgreen, promoted Luv n' care's hard spout cup to Luv n' care's target audience through in-store promotions or co-operative advertising, which involved including pictures of Luv n' care's cup in newspaper inserts, circulars and flyers, and ran advertisements about every other month. Jack Hakim Decl. ¶¶ 16-17, 19-21; McQuillen Decl. ¶¶ 14, 16-17.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation,. In fact, LNC testified to the contrary by stating that before 2009, LNC had ''basically no'' advertising budget in the United States. DE 42, Buratti Decl., Ex. B at Page 31, lines 7-9. As further support for this dispute, Walgreens states:**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Jack Hakim Decl. at ¶ 16 includes statements by Mr. Lutz, which are hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 17 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 19 is not disputed but is immaterial.**

- **Jack Hakim Decl. at ¶ 20 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 21 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 14. The statement "Walgreen buyers, including Mr. Lutz, have informed me that Walgreens will not promote just any product as a "Wow" item. To be a 'Wow' item, Walgreens had to perceive strong customer demand for, and customer awareness of the particular product brand. The idea, as conveyed to me at various times by Mr. Lutz and others at Walgreens, is to provide a well-recognized and popular product at a volume-based price where a customer would think 'Wow', Walgreens is selling a product I want at a great price." is hearsay evidence.**

- **Tim McQuillen Decl. ¶ 16. The statement "Walgreens' replenishment buyer, Nora Faassen, had contacted me and stated that based on current sales, Walgreens would, on average, need 23,000 units a week for basic replenishment, and 85,000 units per week when Walgreens ran store promotions advertising the cup." is hearsay evidence.**

- **Tim McQuillen Decl. ¶ 17. This paragraph is not disputed other than last statement that "[n]o other brand was selling anywhere near this amount of product at Walgreens' stores, or elsewhere." This statement is a self serving statement not supported by evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 16, 17, 19 through 21 is based on his personal in and discussions with Walgreens.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Independent sales representative Tim McQuillen Dec. 14, 16 through 17 is based on his personal knowledge.*

*Furthermore, Walgreen's hearsay objection to the adverse are unavailing because the statements are based on admissions by party opponent, Walgreens, or constitute statements of Walgreen's present mental impressions.*

*With respect to the referenced testimony concerning advertising budgets, the statement that the largest retail chains in the United States, including Walmart and Walgreens, advertised and promoted Luv n' care's cups themselves, with and without any advertising allowances. The cooperative ads for Luv n' care cups was effective. For example, Walgreens would run advertisements and promotions for Luv n' care hard-spout cup every other month, and sales of this cup would jump dramatically, from about 23,000 units per week to 85,000 units per week, when Walgreens promoted the cup. Similarly, Walmart's monthly advertisements and promotion of Luv n' care's soft-spout cup contributed to this cup becoming the #1 selling cup in the United States. Therefore, the purpose of an advertising budget, even one earmarked by product, was being completely fulfilled through cooperative advertisements by large retail chains, including Walmart and Walgreens. See AMF ¶¶¶¶ 55, 56, 59,66, 67, 73.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

28.  Because of the consumer demand for and recognition of this cup, Walgreen came to Luv n' care to promote this cup as a "Wow" item, where a consumer would think, "Wow," that is a product I want at a good price, and promoted it as a "Wow" item for 3 years. Jack Hakim Decl. ¶¶ 14-17; McQuillen Decl. ¶¶ 12-13.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 14 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Jack Hakim Decl. at ¶ 15 contains statements that are pure speculation. It is speculation on the part of J. Hakim in stating the reasons why Mr. Lutz would call Luv n' care.**

- **Jack Hakim Decl. at ¶ 16 includes statements by Mr. Lutz, which are hearsay and ·speculation.**

- **Jack Hakim Decl. at ¶ 17 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Tim McQuillen Decl. ¶ 12. The statement "At the time, this cup was performing far better than the no-spill cups Walgreens was selling." is a self serving and conclusory statement.**

- **Tim McQuillen Decl. ¶ 12. The statement "However, Mr. Lutz expressed no interest in carrying the cup." is hearsay.**

- **Tim McQuillen Decl. ¶ 12. The statement "[H]e told me and Mr. Hakim that he did not view Walgreens as a destination for this type of baby sundry. He explained to us that his best-selling cup was only selling about 25,000 to 35,000 units a year." is hearsay.**

- **Tim McQuillen Decl. ¶ 12. The statement "Walgreens apparently did not believe there was a market for no-spill cups at its stores. Mr. Lutz said he viewed it only as a minor impulse buy." is hearsay.**

- **Tim McQuillen Decl. ¶ 13. The statement "Out of the blue in mid-2004, Mr. Lutz called and told me that he had to have Luv n' care's new no-spill cup, which was performing well in the marketplace." is hearsay.**

- **Tim. McQuillen Decl. ¶ 13. The statement "[Mr. Lutz] was instructed by his superiors to get Luv n' care to sell the 'best cup' at Walgreens as a 'Wow' item." is hearsay.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 14 through 17 is based on his personal knowledge and discussions with Walgreens personnel.*

*Independent sales representative Tim McQuillen Dec. 12 through 13 is based on his personal knowledge and discussions with Walgreens.*

38

*Furthermore, Walgreen's hearsay objections are unavailing because the statements are based on admissions by Walgreens, a party opponent.*

*Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

29.     The co-operative advertisements and in-store promotions for this Luv n' care cup were effective in drawing consumers to stores. In 2005, Luv n' care was selling on average a little more than 140,000 hard-spout cups per week in all stores. When Walgreens would run an ad promoting this Luv n' care cup, Walgreens projected its stores would sell 85,000 cups that week, as compared to a normal week, where it projected weekly sales at 23,000 cups. Edward Hakim Decl. ¶ 40; Jack Hakim Decl. ¶¶ 18-22; McQuillen Decl. ¶¶ 15-17.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Further, the advertising and promotions were not "co-operative," but rather performed by LNC's clients who got a "rebate" for doing their own advertising - Plaintiffs had "basically no" advertising budget prior to 2009. RSUF 27; 214-222. DE 42, Buratti Decl., Ex. B at Page 31, lines 7-9. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 40 is a generalized and conclusory self-serving statement ("This cup had tremendous success at Walgreens").**

- **Jack Hakim. Decl. at ¶ 18 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. ¶ 19 is not disputed but is immaterial.**

- **Jack Hakim Decl. at ¶ 20 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Jack Hakim Decl. at '¶ 21 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 22 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 15. The statement "The promotion was successful." is conclusory, self serving, and not supported by evidence.**

- **Tim McQuillen Decl. ¶ 16. The statement "Walgreens' replenishment buyer, Nora Faassen, had contacted me and stated that based on current sales, Walgreens would, on average, need 23,000 units a week for basic replenishment, and 85,000 units per week when Walgreens ran store promotions advertising the cup." is hearsay evidence.**

- **Tim McQuillen Decl. ¶ 17. This paragraph is not disputed other than last statement that "[n]o other brand was selling anywhere near this amount of product at Walgreens' stores, or elsewhere." This is a self-serving statement not supported by evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 40 is based on his personal knowledge.*

*Co-founder of Luv n' care Jack Hakim Dec. 18 through 22 is based on his personal knowledge and discussions with Walgreens personnel.*

*Independent sales representative Tim McQuillen Dec. 15 through 17 is based on his personal knowledge and discussions with Walgreens personnel.*

*Furthermore, Walgreen's hearsay objections are unavailing because the statements are based on admissions by Walgreens, a party opponent.*

*With respect to the referenced testimony concerning advertising budgets, the statement that the largest retail chains in the United States, including Walmart and Walgreens, advertised and promoted Luv n' care's cups themselves, with and without any advertising allowances. The cooperative ads for Luv n' care cups was effective. For example, Walgreens would run advertisements and promotions for Luv n' care hard-spout cup every other month, and sales of this cup would jump dramatically, from about 23,000 units per week to 85,000 units per week, when Walgreens promoted the cup. Similarly, Walmart's monthly advertisements and promotion of Luv n' care's soft-spout cup contributed to this cup becoming the #1 selling cup*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*in the United States. Therefore, the purpose of an advertising budget, even one earmarked by product, was being completely fulfilled through cooperative advertisements by large retail chains, including Walmart and Walgreens. See AMF ¶¶¶ 55, 56, 59,66, 67, 73.*

*With respect to Walgreen's citation to additional RSUF's 27, 214-222, Luv n' care hereby incorporates its response and objections thereto as if set forth herein.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

30. The overall look of Luv n' care's hard-spout cup acquired secondary meaning among targeted consumers as being associated with one product source. Edward Hakim Decl. ¶¶ 46-47, 50-52; Shamosh Decl. ¶ 18.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. No evidence supports a conclusion that acquired secondary meaning for any of plaintiffs' products exist. See, e.g., RSUF 214-32. Thus, summary judgment of no acquired secondary meaning in Walgreens favor may be granted. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 46 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 50 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 51 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the**

extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- **Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Nathan Shamosh Decl. ¶ 18. The statement "Luv n' care succeeded in catching the consumer's eye and making a strong commercial impression among consumers with the appearance of its cups." is a self serving statement. In addition, the statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation and not supported by any evidence.**

- **Nathan Shamosh Decl. ¶ 18. The statement "Consumers know the look of this cup and view it as a leading brand of no-spill cups on the market" is made without personal knowledge, and is a conclusory, self-serving statement. In addition, the statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 46 through 47, and 50 through 52 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as set forth in his Dec. at 1 through 8, 20 through 24, 26, 27, 38 through 45, 48, 49, and 54.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 18 is based on his 20 + years experience in and knowledge of the industry as set forth in his Dec. at 1 through 5, 9 through 17, and 19 through 21.*

*Furthermore, Walgreen's hearsay objections are unavailing because the statements are based on personal knowledge of the success of the cooperative advertisements or representations inference from that information.*

*With respect to Walgreen's citation to additional RSUF's 214-232, Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Significantly, with respect to the referenced testimony concerning advertising budgets, the statement that the largest retail chains in the United States, including Walmart and Walgreens, advertised and promoted Luv n' care's cups themselves, with and without any advertising allowances. The cooperative ads for Luv n' care cups was effective. For example, Walgreens would run advertisements and promotions for Luv n' care hard-spout cup every other month, and sales of*

*this cup would jump dramatically, from about 23,000 units per week to 85,000 units per week, when Walgreens promoted the cup.  Similarly, Walmart's monthly advertisements and promotion of Luv n' care's soft-spout cup contributed to this cup becoming the #1 selling cup in the United States.  Therefore, the purpose of an advertising budget, even one earmarked by product, was being completely fulfilled through cooperative advertisements by large retail chains, including Walmart and Walgreens.  See AMF ¶¶¶ 55, 56, 59,66, 67, 73.*

*Indeed, Walgreens does not deny that marketing campaign printing were undertaken and ineffective.   Furthermore, third party advertising may also establish secondary meaning. Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

31.    Luv n' care's soft-spout cup is the best selling no-spill cup since it was introduced into the market, selling over 64 million pieces in its first full five years (2004 to 2008) and over 25 million pieces in its first full two years (2004 and 2005). Edward Hakim Decl. ¶¶ 41,43; Jack Hakim ¶ 24; Joseph Hakim ¶ 8.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 41 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 43 is not disputed, but is immaterial.**

- **Jack Hakim Decl. at ¶ 24 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Joseph Hakim Decl. ¶ 8 is based on hearsay in that these numbers had not been produced before the close of fact discovery and were not generated in the regular course of business.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.**

**More specifically:**

**Co-founder of Luv n' care Ed Hakim Dec. 41 is based on his personal knowledge. Significantly, there is no dispute as to the quantity of sales.**

**Co-founder of Luv n' care Jack Hakim Dec. 24 is based on his personal knowledge.**

**Joseph Hakim Dec. 8 is based on his experience in and knowledge of the industry and personal knowledge as set forth in his Dec. at 1 through 3.**

**Furthermore, Walgreen's hearsay objection is unavailing because the figures are based on business records.**

**Furthermore, any issue with respect to discovery is Walgreen's own fault. If Walgreen's has failed to receive any discovery it believes it needs, it has no one to blame but itself.**

**Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.**

32.   Given that roughly 4 million babies are born each year in the United States, new

mothers were likely to purchase a Luv n' care soft-spout cup. Edward Hakim Decl.

¶ 45.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is immaterial, generalized and conclusory self-serving statements by an interested person. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 45 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. Even if the statements were true, they are immaterial.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.**

**More specifically:**

**Co-founder of Luv n' care Ed Hakim Dec. 45 is based readily available in public records. Indeed, Walgreens does not even dispute the accuracy or that of the statement.**

**Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.**

33.  Because of the special appeal this no-spill cup has with consumers, Walmart made a corporate decision to get behind this cup. and it advertised and promoted this Luv n' care nearly every month in 2005, so that mothers near one of Walmart's over 3.800 stores would be aware of this Luv n' care cup and know that they could purchase it at Walmart. Edward Hakim. Decl. ¶ 48; Shamosh Decl. ¶ 24.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 48 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Nathan Shamosh Decl. ¶ 24. This paragraph is not disputed other than the part that states that Walmart's promotions drove sales, "which resulted in even greater consumer recognition of this Luv n' care cup." That portion of the statement discussing consumer recognition is hearsay.**

**REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.**

45

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 48 is based on his personal knowledge.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 24 is based on his personal knowledge.*

*Additionally, Walgreen's has cited to no contrary evidence. Furthermore, Walgreen identifies no statement it contends is hearsay. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

> 34. Other large retail customers, including Target, CVS, Kmart and Walgreens (but not
>
> initially), also promoted Luv n' care's soft-spout cup to Luv n' care's target audience
>
> through in-store promotions and co-operative advertising, which involved including
>
> pictures of Luv n' care's cup in newspaper inserts, circulars and flyers. Edward
>
> Hakim Decl. ¶ 49.

**RESPONSE: Walgreens disputes tins allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 49 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Plaintiffs did not disclose Target or CVS as an individual likely to have discoverable information that plaintiffs may rely upon at trial and as such any offering of Target ·or CVS based evidence after the close of discovery should not be considered. See RSUF 95; Barten Opp MSJ Dec. Ex. 3.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

46

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Co-founder of Luv n' care Ed Hakim Dec. 49 is based on his personal knowledge.*

*Furthermore, Walgreen's fails to specify any statement that it believes to be hearsay.*

*With respect to Walgreen's citation to additional RSUF 95 Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Furthermore, any issue with respect to discovery is Walgreen's own fault. If Walgreen has failed to receive any discovery it believes it needs, it has no one to blame but itself. Luv n' care deponents testified concerning these parties. Any fault of Walgreen's to take their depositions is there own. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

35.   Luv n' care's soft-spout cup became the best selling baby sundry item in all of

Walmart stores. Shamosh Decl. ¶ 16.

**RESPONSE: Walgreens disputes this allegation because the. proffered evidence is generalized and conclusory self-serving statements by an interested person. As further support for this dispute, Walgreens states:**

- **Nathan Shamosh Decl. ¶ 16. The statement "Sales of this Luv n' care product sky-rocketed through the roof." is conclusory, generalized, laudatory and self-serving statement, and not supported by evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Vice President and Director of Sales, Nathan Shamosh Dec. 16 is based on his personal knowledge as further set forth in his Dec. at 15, 17, 23 and 24.*

*Furthermore Walgreen has cited no contrary evidence. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

36.     Luv n' care's soft-spout cup became a Top 30 selling product among all products in

all product categories at Walmart. Shamosh Decl. ¶ 16.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. As further support for this dispute, Walgreens states:**

- **Nathan Shamosh Decl. ¶ 16. The statement "Sales of this Luv n' care product sky-rocketed through the roof." is a conclusory, laudatory and self serving statement, not supported by evidence.**

- **Plaintiffs did not disclose Wal-Mart as an individual likely to have discoverable information that plaintiffs may rely upon at trial and as such any offering of Wal-Mart-based evidence after the close of discovery should not be considered. See RSUF 95; Barten Opp MSJ Dec. Ex. 3.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Vice President and Director of Sales, Nathan Shamosh Dec. 16 is based on his personal knowledge as set forth in Dec. 15, 17, 23 and 24.*

*With respect to Walgreen's citation to additional RSUF 95 Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Furthermore, any issue with respect to discovery is Walgreen's own fault. If Walgreen has failed to receive any discovery it believes it needs, it has no one to blame but itself. Furthermore Walgreen has cited no contrary evidence. Accordingly, this factual allegation remains un-refuted. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

37.    Luv n' care received Wal-Mart's Golden Cup Award and 2005 Item Driver Award

for its soft-spout cup. Edward Hakim Decl. ¶ 47; Shamosh Decl. ¶ 23.

**RESPONSE: Walgreens disputes this allegation is immaterial and because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. Statements in this paragraph are immaterial and, to the extent it refers to anyone's statements or beliefs other than LNC's are hearsay and speculation.**

- **Nathan Shamosh Decl. ¶ 23. The statement "The innovative and eye-catching design, and the tremendous success of this cup.. ." is a self serving and conclusory statement unsupported by evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 47 is based on his 30 + years experience in and knowledge of the industry, his knowledge of product design and personal knowledge or represents a fair comment on the sales evidence*

*Vice President and Director of Sales, Nathan Shamosh Dec. 23 is based on his 20 + years experience in and knowledge of the industry and personal knowledge as set forth in his Dec. at .*

*Furthermore Walgreen's hearsay objection fails to identify any specific statement that is hearsay. Furthermore Walgreen's has cited no contrary evidence. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

38.    Retail buyers were praising the high-customer awareness of and demand for Luv n'

care's soft-spout cup as the "MOTHER OF ALL SIPPY CUPS." Shamosh Decl. ¶

21.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Nathan Shamosh Decl. ¶ 21. The statements in the e-mail from a Ms. Botkin who wrote "you were right, the 'MOTHER OF ALL SIPPY CUPS! I was wowed. Honestly, you have never steered me wrong. Hats off to you.", are hearsay.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Vice President and Director of Sales, Nathan Shamosh Dec. 21 is based on his personal knowledge.  Indeed the subject email has been attached to the declaration.  It is being offered to show the commercial success of the cup and therefore does not constitute hearsay.*

*Walgreen has filed to cite any contradictory evidence.  Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

39.    Because of the high consumer demand for and recognition of this cup, Walgreen

came to Luv n' care to promote this cup as a "Wow" item, and it began to promote

and sell this Luv n' care cup in May 2005 in a specially design 2-pack. Edward

Hakim Decl. ¶¶ 51-52; Jack Hakim Decl. ¶¶ 27-31; McQuillen Decl. ¶¶ 21-23.

**RESPONSE: Walgreens does not dispute this allegation for the purpose of this motion.**

50

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

40.    The overall look of Luv n' care's soft-spout cup acquired secondary meaning as

being associated with one product source and is famous among consumers. Edward

Hakim Decl. ¶¶ 47, 50-52; Shamosh Decl. ¶¶ 19, 22.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. No evidence supports a conclusion that acquired secondary meaning for any of plaintiffs' products exist. See, e.g., RSUF 214-32. Thus, summary judgment may still issue in favor of Walgreens that the asserted design has not acquired secondary meaning. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 50 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence .**

- **Edward Hakim Decl. at ¶ 51 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Nathan Shamosh Decl. ¶ 19. The statement "The Luv n' care brand soft-spout cup had become famous among retailers and consumers." is a self serving and conclusory statement, and based upon hearsay.**

- **Nathan Shamosh Decl. ¶ 22 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Co-founder of Luv n' care Ed Hakim Dec. 47, 50 through 52  is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design as further set forth in his Dec. at 38 through 43, 46, 48 and 49..*

*Vice President and Director of Sales, Nathan Shamosh Dec. 19  and 22 is based on his 20 + years experience in and knowledge of the industry and his personal knowledge  as further set forth in his Dec. at 1 through 4, 9 through 13, 15 through 18.*

*Furthermore, Walgreen's hearsay objection are unavailing because Nathan Shamosh is competent to testify as to his company's reputation in the industry.*

*Walgreen's citation to RSUF 214 through 232 does not support their position as third party advertising may establish secondary meaning.  Furthermore with respect to Walgreen's citation to  additional RSUF's 214 through 232,  Luv n' care hereby incorporates its response and objections thereto as if set forth herein.   Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

## II.    Walgreen's Bad Faith/Acts Meant to Deceive

41.    Before Luv n' care sold no-spill cups at Walgreens there was no market for this product in its stores. Its best selling brand was selling only 25,000 to 35,000 units per year.  Jack Hakim Decl. ¶¶ 11,22; McQuillen Decl. ¶¶ 13, 21.

**RESPONSE: This statement disputes itself claiming Walgreens was selling but that it also had no market. Because the allegation it is self-contradictory and the proffered evidence is generalized and conclusory self-serving statements and lacks foundation, Walgreens disputes it. As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 11 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statements of Mr. Lutz are hearsay and/or lack foundation.**

- **Jack Hakim Decl. at ¶ 22 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 13. The statement "Out of the blue in mid-2004, Mr. Lutz called and told me that he had to have Luv n' care's new no-spill cup,**

52

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

which was performing well in the marketplace.'' is hearsay and/or lacks foundation.

- Tim McQuillen Decl. ¶ 13. The statement ''[Mr. Lutz] was instructed by his superiors to get Luv n' care to sell the 'best cup' at Walgreens as a 'Wow' item. is hearsay and/or lacks foundation.

- Tim McQuillen Decl. ¶ 21. The statement ''Mr. Santelli reached out to me and said that Walgreens wanted to expand its 'Wow' promotion. Like Mr. Lutz, Mr. Santelli mentioned that before selling the hard-spout Luv n' care brand no-spill cup, Walgreens' top selling brand was only selling 25,000 to 35,000 units a year.'' is hearsay and/or lacks foundation

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 11 and 22 is based on his experience in and knowledge of the industry and his personal knowledge as set forth in his Dec. at 1 through 4, 8 through 10, 14, 15 through 21.*

*Independent sales representative Tim McQuillen Dec. 13 and 21 is based personal knowledge.*

*Furthermore, Walgreen's hearsay and foundation objection are unavailing because they are based on admissions by Walgreen, a party opponent..*

*Walgreen has cited no contrary evidence. Accordingly, this factual allegation remains un-refuted. Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*
.

42.     Even after Walgreens started selling Luv n' care cups the next best selling brand

sold only 25,000 to 35,000 units per year. Jack Hakim. Decl. ¶ 37; McQuillen

Decl. ¶ 32.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements, constituting hearsay and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 37 refers to statements by Mr. Lutz and Mr. Santelli. These statements are hearsay and speculation and lack foundation.**

- **Tim McQuillen Decl. ¶ 32 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 37 is based on his personal knowledge and represents a fair inference from that knowledge. He has further testified as to the basis for his conclusion and accordingly the speculation and foundation objections are without merit.*

*Independent sales representative Tim McQuillen Dec. 32 is based on his personal knowledge and represents a fair inference from that knowledge. He has further testified as to the evidentiary basis for his conclusion and accordingly the speculation objections is without merit. The statement represents a fair inference from the facts of the situation as an explanation for Walgreen's conduct.*

*Furthermore, Walgreen's hearsay objection is unavailing because the allegation is based on statements of Walgreen, a party opponent.*

*Further, Walgreen has cited no contrary evidence. Accordingly, this factual allegation remains un-refuted. Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

43.    Consumers went to Walgreens to buy Luv n' care cups, where they purchased over 2 million Luv n' care cups in 2005, and nearly 3 million Luv n' care cups in 2006. *See* Edward Hakim Decl. ¶ 44; Jack Hakim Decl. ¶¶ 18, 20,22,32; McQuillen Decl. 15-16, 24.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 18 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 20 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 22 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 32 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 15. The statement "The promotion was successful." is a conclusory, self serving statement.**

- **Tim McQuillen Decl. ¶ 16. The statement "Walgreens' replenishment buyer, Nora Faassen, had contacted me and stated that based on current sales, Walgreens would, on average, need 23,000 units a week for basic replenishment, and 85,000 units per week when Walgreens ran store promotions advertising the cup." is hearsay and/or lacks foundation.**

- **Tim McQuillen Decl. ¶ 26. This paragraph is not disputed other than statement as to why Mr. Kruckman invited Mr. Hakim and Mr. McQuillen to visit Planogram rooms. This requires speculation.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 18, 20, 22 and 32 is based on his personal knowledge.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Independent sales representative Tim McQuillen Dec. 15, 16 and 26 is based on his personal knowledge.*

*Furthermore, Walgreen's hearsay objections are unavailing because they are based on admissions of Walgreen a party opponent. McQuillen's testimony sets forth the basis for the inference explains his interpretation of the situation. Accordingly, the foundation and speculation objections are unavailing.*

*Walgreen has cited no contrary evidence and indeed has failed to cite any evidence to contradict Luv n' care's explanation of Kruckman's conduct. Accordingly, this factual allegation remains un-refuted. Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

44.    In December 2005, Jeff Kruckman became Walgreen's new buyer for baby sundry items, including no-spill cups. Jack Hakim Decl. ¶ 33; McQuillen Decl. ¶ 25.

**RESPONSE: Walgreens does not dispute this allegation.**

45.    In early 2006, Kruckman invited Luv n' care's sales representative, Tim McQuillen and President, Jack Hakim, into Walgreens' Planogram room for baby sundry items, and, in connection with having Luv n' care make a full presentation of its product line, including providing Kruckman with confidential information about its product line, Kruckman knowingly disclosed confidential information of Luv n' care's competitors' to Luv n care. Jack Hakim Decl. ¶ 33; McQuillen Decl. ¶ 26.

**RESPONSE: Walgreens does not dispute that "In early 2006, Kruckman invited Luv n' care's sales representative, Tim McQuillen and President, Jack Hakim, into Walgreens' Plano gram room for baby sundry items and, in connection with having Luv n' care make a full presentation of its product line"; Walgreens disputes that during that or any other meeting, LNC "provid[ed] Kruckman with confidential information about its product line,**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**Kruckman knowingly disclosed confidential information of Luv n' care's competitors' to Luv n care," since it is based on purported evidence that is immaterial, generalized, conclusory, and self-serving hearsay. More significantly, the evidence cited simply does not support the latter proposition regarding confidential information - if any can exist in products that plaintiffs have sold since before 2006 (RSUF 66-67). As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 33 is not disputed, but is immaterial.**

- **Tim McQuillen Decl. ¶ 26. The statement "By May 2005, Luv n' care started selling its new cup at Walgreens. It quickly became a big selling item as well." is a conclusory and self serving statement.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*With respect to Walgreen's citation to additional RSUF's 66 and 67 Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Walgreen has cited no evidence contrary to the allegation. Walgreen significantly has raised no issue with and appears to concede that it disclosed competitors confidential information. Walgreen's response further ignores confidential information such as pricing, strategy and similar in suggesting that no confidential information could be associated with Plaintiff's products. Furthermore, Walgreen has cited no contrary evidence. Accordingly, this factual allegation remains un-refuted. Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

46. In April 2006, in response to a proposed price increase due to escalating oil prices, Kruckman said to Luv n' care's President and sales representative that he would take the price increase, provided Luv n' care agreed made two more shipments of the Luv n' care soft-spout cups at the old pricing. Jack Hakim Decl. ¶ 43; McQuillen Decl. ¶ 39, Ex. 2.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**RESPONSE: Walgreens does not dispute that Luv n' care made two more shipments. Walgreens disputes that Mr. Kruckman said he would take the price increase. Further, the alleged statements by Mr. Kruckman lack foundation. And a reason LNC gave Walgreens for the price increase had to do with Plaintiffs' pricing for Wal-Mart, not oil prices. DE 48 Ex. 4. As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 43 refers to statements by Jeff Kruckman. These statements are hearsay and/or lack foundation.**

- **Tim McQuillen Decl. ¶ 39. Walgreens does not dispute the proffered evidence of Mr. McQuillen in the cited paragraph.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 43 is based on his personal knowledge.*

*Independent sales representative Tim McQuillen Dec. 39 is based on his personal knowledge.*

*Walgreen's hearsay objection is unavailing is the statement is based on an admission by Walgreen a party opponent. So to is the foundation argument since the alleged statement merely reports what Walgreen conveyed to Luv n' care.*

*With respect to DE 48 Ex. 4 McQuillen's Dec. explains Luv n' care view of the email. Furthermore, pertinent information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

47.    Luv n' care questioned why Walgreens wanted so much additional inventory so

quickly, as Walgreens already had a projected 40-week supply of Luv n' care soft-

spout cups. Jack Hakim Decl. ¶ 45; McQuillen Decl. ¶ 42.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**RESPONSE: Walgreens LNC's disputes that it had a 40-week supply as stated, since the allegedly supporting evidence is not supported by any evidence in Jack Hakim Decl. ¶ 45 or McQuillen Decl. ¶ 42 and Walgreens does not have historical inventory or projection information.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 43 is based on his personal knowledge.*

*Independent sales representative Tim McQuillen Dec. 39  is based on his personal knowledge.*

*Significantly, Walgreen has cited no evidence in support of its assertion that it does not have historical inventory projection or projection information.  Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition.  At the very least additional discovery should be allowed on this issue.  Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

48.    Kruckman proffered two reasons for his request for additional inventory:

   a.   It is "fair business" to allow a buyer one last opportunity to buy at the old price; and

   b.   Walgreens was planning "5 ads" for the soft-spout cup, and it did not have an "ad history" with respect to that cup.

McQuillen Decl. ¶ 43, Ex.4.

**RESPONSE: Walgreens does not dispute "a" but disputes "b" to the extent that it is inconsistent with McQuillen Declaration Ex. 2, and is based on evidence that is generalized and conc1usory self-serving statements that are speculative and lack foundation. See also RSUF 147-148, below. As further support for this dispute, Walgreens states:**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Tim McQuillen Decl. ¶ 43. The proffered Kruckman email contains hearsay and/or lacks foundation.**

- **Tim McQuillen Decl. ¶ 43. The statement "Unbeknownst to us, Mr. Kruckman was in the process of 'knocking off' Luv n' care's baby products, including no-spill cups... " is a generalized and conclusory self-serving statement.**

- **Tim McQuillen Decl. ¶ 43. The statement including the language "...which would help and better enable Walgreens to 'palm off' those products." is a generalized and conclusory self-serving statement that requires speculation.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Independent sales representative Tim McQuillen Dec. 43 accurately recounts the email received from Kruckman which speaks for itself and is an admission by Walgreen a party opponent. The referenced additional quotations are not cited in Dec 43 and need not be addressed.*

*Walgreen's citation to RSUF 147-148 does nothing to contradict the substance of this allegation. Accordingly, this factual allegation remains un-refuted. With respect to Walgreen's citation to additional RSUF's 147 and 148, Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

49. For planning purposes, it takes well more than six months to design, approve, import into the United States and get to retail stores a product like a no-spill cup.

Edward Hakim Decl. ¶ 18.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person not supported by any actual evidence. Specifically, Walgreens states Edward Hakim Decl. at ¶ 18 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.**

 **More specifically:**

 **Co-founder of Luv n' care Ed Hakim Dec. 18 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design and personal knowledge as set forth in his Dec. at 1 through 3, 8 through 10, and 14 through 17.**

**Walgreen's has cited no contrary evidence. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.**

 50. There is no reason to believe that Kruckman did not provide Walgreens' in-house direct import agent access to Walgreen's Plano gram rooms and Luv n' care's products and confidential information the same way Kruckman gave access to Luv n' care. Jack Hakim Decl. ¶ 48; McQuillen Decl. ¶ 46.

**RESPONSE: Walgreens disputes this allegation because the .proffered evidence is generalized and conclusory self-serving statements by an interested person, without any actual evidence or persona~ knowledge. As further support for this dispute, Walgreens states:**

-  **Jack Hakim Decl. at ¶ 48 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

-  **Tim McQuillen Decl. ¶ 46. The statement "I have no reason to doubt that Mr. Kruckman provided Atico access to such confidential information, so as to better enable Atico and Royal King Baby Product Co., a known intellectual property pirate in the industry, to 'knock-off' Luv n' care's entire product line, not just the products Walgreens was presently selling at its stores." is conclusory, self serving and made without personal knowledge as to what Mr. Kruckman provided Atico.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.**

**More specifically:**

**Co-founder of Luv n' care Jack Hakim Dec. 48 is based on his personal knowledge.**

**Independent sales representative Tim McQuillen Dec. 46 is based on his personal knowledge..**

**Furthermore Walgreen's has cited no contrary evidence. Also, further information on this topic is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully informed corporate representative for deposition.. At the very least additional discovery should be allowed on this issue. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.**

51.    Because of Kruckman's procurement of additional inventory, Walgreens had enough inventory of Luv n' care's soft-spout cup many months into 2007. Jack Hakim Decl. ¶ 47; McQuillen Decl. ¶ 45.

**RESPONSE: Walgreens disputes this allegation because it is based on evidence that is generalized and conclusory self-serving statements by an interested person that speaks to another's state of mind. Walgreens lacks information sufficient to dispute or deny the alleged facts and therefore denies. Further, this statement is unintelligible. As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 45 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence ("It also enabled Walgreens to sell, advertise and promote Luv n' care brand cups at the same time it was carrying look-alike copies, which would help and better enable Walgreens to 'palm off' those products.)**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

***REPLY:** Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*Luv n' care believes that the statement concededly omitting a word a phrase "to last" is nevertheless fully understandable. Walgreen's has cited no contrary evidence. Notwithstanding its assertion to the contrary, such information would appear to be in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

52.    On June 27, 2006, after previously confirming that he would accept the price increase, Kruckman notified Luv n' care that he had found an "alternative source" for the "WOW! product going forward to maintain our current price points." Jack Hakim Decl. ¶ 49; McQuillen Decl. ¶ 47, Ex. 5.

**RESPONSE: Walgreens disputes that Mr. Kruckman confirmed he would accept the price increase, since this is based upon generalized and conclusory self-serving statements, which are not supported by any actual evidence. Walgreens does not dispute that Mr. Kruckman notified Luv' n' care that he had found an "alternative source" for the "WOW! Product going forward, that Walgreens sought to maintain its current price points, and that Walgreens sought "to obtain the best quality products and programs at the absolute best prices to give [its] consumer the best value possible while increasing shareholder value." RSUF 147-49, below (and cited testimony). As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 49 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation. The alleged statement of Mr. Kruckman is hearsay and/or lacks proper foundation.**

- **Tim McQuillen Decl. ¶ 47. The statement including the language" ...Mr. Kruckman notified me and Mr. Hakim of Walgreens' decision to stop carrying the best-selling no-spill cups in Walgreens' history." is a generalized**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**and conclusory self-serving statement that lacks proper foundation. There is
no dispute that Mr. Kruckman notified LNC that Walgreens decided to stop
carrying LNC's product.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in
the supporting referenced declarations, is within the scope of the Declarants' knowledge upon
which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 49 is based on his personal knowledge.*

*Independent sales representative Tim McQuillen Dec. 47 is based on his personal
knowledge.*

*Furthermore, Walgreen's hearsay objection with respect to Hakim specifies no statement he
contends is hearsay and with respect to McQuillen is unavailing because the alleged
statement is based on an admission by Walgreen's, a party opponent. With respect to
foundation objection to Hakim, no specific issues is identified. With respect to McQuillen,
McQuillen is competent to testify as to what Kruckman conveyed and is accordingly
unavailing.*

*Further, Walgreen's has cited no contrary evidence. Furthermore, such information is in the
sole possession of Walgreen who refused to respond to timely discovery requests and failed to
produce a fully prepared corporate representative for deposition. At the very least additional
discovery should be allowed on this issue. With respect to Walgreen's citation to additional
RSUF's 147-149, Luv n' care hereby incorporates its response and objections thereto as if set
forth herein. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion
that the statement is "conclusory, generalized and self-serving" is not a proper objection and
simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.
At the very least, because Luv n' care's allegation of fact is based upon competent evidence,
Walgreen's response/objection goes to the weight of the evidence and creates at most a
material issue of fact for resolution by the jury.*

53.    Through Walgreens' in-house direct import agent, Atico International USA, Inc.

("Atico"), Walgreen approved, agreed to purchase and put its mark on cups from

Royal King Baby Product Co. ("Royal King"), a known intellectual property

pirate. Edward Hakim Decl. ¶¶ 44, 77, Ex. 1 (Ex. A thru O); Jack Hakim Decl. ¶

46; McQuillen Decl. ¶ 46.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**RESPONSE: Walgreens does not dispute that the accused products are made by Royal King and supplied to Walgreens by Atico. Walgreens disputes the remaining allegations in this paragraph because the statement and proffered evidence constitute generalized and conclusory self-serving statements by an interested person, constituting hearsay, hearsay within hearsay, and lacking foundation and evidentiary support. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 44 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim. Decl. at ¶ 77 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence .**

- **Jack Hakim Decl. at ¶ 46 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Tim McQuillen Decl. ¶ 46. The statement "I have no reason to doubt that Mr. Kruckman provided Atico access to such confidential information, so as to better enable Atico and Royal King Baby Product Co., a known intellectual property pirate in the industry, to 'knock-of' Luv n' care's entire product line, not just the products Walgreens was presently selling at its stores." is a self serving statement.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 44 and 77 are based on his on his 30 + years experience in and knowledge of the industry and his knowledge of product design and personal knowledge.*

*Co-founder of Luv n' care Jack Hakim Dec. 46 is based on his personal knowledge as to what he has learned and represent a fair inference from those facts.*

*Independent sales representative Tim McQuillen Dec. 46 is based on his personal knowledge and represent a fair inferences from those facts.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Further, Walgreen's has cited no contrary evidence. Furthermore, any such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. With respect to Walgreen's citation to additional RSUF's, Luv n' care hereby incorporates its response and objections thereto as if set forth herein.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

54.   Walgreens continued to promote Luv n' care cups after October 2006, when it was selling look-a-like cups, to bait consumers. Edward Hakim Decl. ¶ 58, Ex. 4; Jack Hakim Decl. ¶ 58, Ex. 1; Shamosh Decl. ¶ 31, Ex 5; McQuillen Decl. ¶ 58, Ex. 7.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff".**

- **Jack Hakim Decl. ¶ 58, Ex. 1: There is no evidence that supports the photographs are a fair and accurate depiction. Therefore, the photographs are hearsay and lack foundation and authenticity.**

- **Nathan Shamosh Decl. ¶ 31, Ex 5: There is no evidence that supports the photographs are a fair and accurate depictions. Therefore, the photographs are hearsay and lack foundation and authenticity.**

- **Tim McQuillen Decl. ¶ 58, Ex. 7: There is no evidence that supports the photographs are a fair and accurate depiction. Therefore, the photographs are hearsay and lack foundation and authenticity.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

66

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Co-founder of Luv n' care Ed Hakim Dec. 58 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design  and his personal knowledge and his reference to the "knockoff" is a fair inference from that evidence. No challenge is raised to the authenticity or foundation for the photographic evidence.*

*Co-founder of Luv n' care Jack Hakim Dec. 58 is based on personal knowledge as set forth also in Dec. 55 and 56.*

*Independent sales representative Tim McQuillen Dec. 58  is based on his 20 + years experience in sales and knowledge of the industry as set forth in his Dec. at 55 and 56.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 31  is based on his personal knowledge.  Further he took the referenced photograph.*

*Furthermore, Walgreen's authenticity and foundation objection to the photographic evidence are unavailing because the photographs are accurate depictions or representative of what each declarant saw.  The photos have been authenticated by Nathan Shamosh.*

*Further, Walgreen's has cited no contrary evidence.  Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition.  At the very least additional discovery should be allowed on this issue.*

*Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

 55. Walgreen continued to sell Luv n' care cups in the same space at Walgreen stores pursuant to the Planogram that was shown to Luv n' care in early 2006. Jack Hakim Decl. ¶ 56; McQuillen Decl. ¶ 56.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. As further support for this dispute, Walgreens states:**

- **Jack Hakim Decl. at ¶ 56 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Tim McQuillen Decl. ¶ 56. The statement "Walgreens simply chose to commingle its commissioned look-alikes with Luv n' care's well recognized and highly popular cups." is conclusory and self serving.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Jack Hakim Dec. 56 is based on personal knowledge.*

*Independent sales representative Tim McQuillen Dec. 56 is based on personal knowledge.*

*Further, Walgreen's has cited no contrary evidence. Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

56. Walgreen stores commingled the look-a-like cups with Luv n' care cups, selling both of them in the same space at Walgreen stores. Edward Hakim Decl. ¶ 57; Jack Hakim Decl. ¶ 57; Shamosh Decl. ¶ 30; McQuillen Decl. ¶ 57.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. See also RSUF 146-161. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 57 is not disputed except for the statements characterizing Walgreens' products as "look-a-like copies".**

- **Jack Hakim Decl. at ¶ 57 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Nathan Shamosh Decl. ¶ 30. The statement ". . . "Walgreens 'palming off' look-a-like copies. . .", is a serving statement.**

- **Tim McQuillen Decl. ¶ 57. The statement "It apparently took Walgreens that much time, and likely even longer, to deplete its inventory of Luv n' care cups, fully exploit its consumers and wrongfully transition the goodwill and reputation associate with Luv n' care cups to its commissioned knock-offs.", is a self serving statement.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 57 is a fair characterization of the evidence that Walgreen's as selling look-alike copies.*

*Co-founder of Luv n' care Jack Hakim Dec. 57 is based on is personal knowledge.*

*Independent sales representative Tim McQuillen Dec. 57 is based on his personal knowledge and a fair characterization of the evidence.*

*Vice President and Director of Sales, Nathan Shamosh Dec. 30   is  a fair characterization of the evidence.*

*Further, Walgreen's has cited no contrary evidence.  Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition.  At the very least additional discovery should be allowed on this issue.*

*Accordingly, this factual allegation remains un-refuted.  Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

57.    In addition, underneath Walgreens' signage for end-cap displays promoting Luv n'

care soft-spout cups, Walgreens sold the look-a-like cups. Edward Hakim Decl. ¶

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

58, Ex. 4; Jack Hakim Decl. ¶ 58, Ex. 1; Shamosh Decl. ¶ 31, Ex 5; McQuillen

Decl. ¶ 58, Ex. 7.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conc1usory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff".**

- **Jack Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff".**

- **Nathan Shamosh Decl. ¶ 31, Ex 5: There is no evidence that supports the photographs are a fair and accurate depiction. Therefore, the photographs are hearsay and lack foundation and authenticity.**

- **McQuillen Decl. ¶ 58, Ex. 7: There is no evidence that supports the photographs are a fair and accurate depiction. Therefore, the photographs are hearsay and lack foundation and authenticity.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 58 is based on personal knowledge and represents a fair characterization of the evidence.*

*Co-founder of Luv n' care Jack Hakim Dec. 58 is based on personal knowledge and represents a fair characterization of the evidence.*

*Independent sales representative Tim McQuillen Dec. 58  is based on personal knowledge that the photograph is an accurate depiction and emblamtic of what he saw.*

*Director of Sales, Nathan Shamosh Dec. 31  is based on personal knowledge and indeed Shamosh has testified he took the photograph.*

*Furthermore, Walgreen's foundation, authentication and hearsay objections are unavailing because each declarant has testified that the photograph at issue accurately depicts or is emblematic of what he saw.*

70

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Further, Walgreen's has cited no contrary evidence. Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

58. Consumers were actually confused. For example, Ms. Brandy Thomas went to Walgreens to purchase Luv n' care soft-spout cups. When she thought she was grapping two Luv n' care soft-spout 2-packs, she actually grabbed one of Walgreen's look-a-likes instead. When she got home, one of the four cups did not work. Ms. Thomas returned all four cups to Luv n' care, mistakenly believing the cup that failed was one of its cups, asking for her money back. The cup that failed to work was one of the Royal King look-a-like cups. Edward Hakim Decl. ¶ 76, Ex. 5.

**RESPONSE: Walgreens disputes that consumers were actually confused for reasons stated in RSUF 118-121. Further, the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. The statements by Ms. Brandy constitute hearsay evidence. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 76 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's, such as the email of Brandy Thomas, is hearsay and speculation, and lacks foundation.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**REPLY:** *Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 76 is based on personal knowledge and sworn testimony by Ms. Thomas. The attached email speaks for itself ad adequately sets forth the foundation for Ms. Thomas' statements.*

*Further, Walgreen's has cited no contrary evidence. Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. With respect to Walgreen's citation to additional RSUF's 118-121, Luv n' care hereby incorporates its response and objections thereto as if set forth herein.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

59.    Walgreens acted in bad faith. Edward Hakim Decl. ¶¶ 52-84; Jack Hakim Decl. ¶¶

33-61; Shamosh Decl. ¶¶ 28-32; McQuillen Decl. ¶¶ 25-59.

**RESPONSE:** Walgreens disputes this allegation because evidence cited is generalized, conclusory self serving statements by interested persons, constituting hearsay, and is contradicted by Mr. Kruckman's testimony and communications shown below and in RSUFs 147-151, 160, below. As further support for this dispute, Walgreens states:

- **Edward Hakim Decl. at ¶ 52 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 53 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 54 includes statements that are hearsay and require speculation.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Edward Hakim Decl. at ¶ 55 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 56 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 57 is not disputed except for the statements characterizing Walgreens' products as "look-a-like copies."**

- **Edward Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff."**

- **Edward Hakim Decl. at ¶ 59 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 60 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 61 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 62 is not disputed except for the statements characterizing Walgreens' product as a "look-a-like products."**

- **Edward Hakim Decl. at ¶ 63 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 64 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 65 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 66 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Edward Hakim Decl. at ¶ 67 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 68 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 69 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 70 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 71 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 72 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 73 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 74 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 75 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. ¶ 76 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to the extent it refers to anyone's statements or beliefs other than LNC's, such as the email of Brandy Thomas, is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 77 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 78 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.  The statement, to**

74

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

the extent it refers to anyone's statements or beliefs other than LNC's, such as the email of Rebecca Jones, is hearsay and speculation, and lacks foundation.

- **Edward Hakim Decl. at ¶ 79 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 80 is a generalized and conclusory self-serving statement, which is not .supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 81 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 82 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 83 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 84 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 33 is not disputed, but is immaterial.**

- **Jack Hakim Decl. at ¶ 34 is not disputed, but is immaterial.**

- **Jack Hakim Decl. at ¶ 35 is not disputed, but is immaterial.**

- **Jack Hakim Decl. at ¶ 36 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 37 refers to statements by Mr. Lutz and Mr. Santelli. These statements are hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 38 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 39 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 40 is not disputed, but is immaterial.**

- **Jack Hakim Decl. at ¶ 41 is not disputed, but is immaterial.**

- **Jack Hakim Decl. at ¶ 42 is disputed, is immaterial and directly contradicts testimony by Jeff Kruckman. On pages 121 and 122 of Kruckman's deposition (Vol. I), Kruckman's testimony contradicts the allegation of "bad faith" and directly contradicts Jack Hakim's Declaration ¶ 42, where Jack states that "At no time did I try to 'dictate' any retail pricing to Mr. Kruckman. . .":**

  > **Q. What does that mean?**
  > **A. Trying to come up with the best consumer value that I can for the cost that I can to make the customer have the most pleasant shopping experience that they can while enhancing my shareholder value. That's my purpose.**
  > **Q. Okay. And what does that involve with respect to Nuby products?**
  > **MR. BURATTI: Object to form.**
  > **BY THE WITNESS:**
  > **A. Well, it may have had something to do with the price increase that was given to me on the product that I was sourcing from Luv n' care which forced me to try and find an alternate source for the customer when they were giving me a price increase *and dictating my retail saying that I was not allowed to sell their product below what Walmart was selling it for.***

**Barten Opp MSJ Dec. Ex. 10 at Vol I, pages 121:21 to 122:13; see also DE 48 Ex. 4.**

- **Jack Hakim Decl. at ¶ 43 refers to statements by Jeff Kruckman. These statements are hearsay and speculation and/or lack foundation.**

- **Jack Hakim Decl. at ¶ 44 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. What Mr. Kruckman wanted Jack Hakim and Tim McQuillen to believe is speculation.**

- **Jack Hakim Decl. at ¶ 45 includes the statement "Thus, Walgreens already had more than enough inventory." This statement requires speculation.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Jack Hakim Decl. at, 46 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 47 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 48 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 49 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 50 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 51 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Jack Hakim Decl. at ¶ 52 is a generalized and conclusory statement, which requires speculation.**

- **Jack Hakim Decl. at ¶ 53 is a generalized and conclusory statement, which requires speculation.**

- **Jack Hakim Decl. at ¶ 54 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 55 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 56 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 57 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Jack Hakim Decl. at ¶ 58 is not disputed except for the statements characterizing Walgreens' product as a "knockoff".**

- **Jack Hakim Decl. at ¶ 59 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 60 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Jack Hakim Decl. at ¶ 61 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.

- Nathan Shamosh Decl. ¶ 28. The statement "Because of the unlimited ways one can design a no-spill cup to create a commercial impression in the consumer's minds, the only reason to mimic another company's design is to tradeoff the goodwill and reputation of that company's products." is a conclusory, self serving statement, unsupported by evidence.

- Nathan Shamosh Decl. ¶ 29. The statement "Retailers know that the look of a no-spill cup is far more likely to catch the consumer's eye than the name of the product." is made without personal knowledge.

- Nathan Shamosh Decl. ¶ 30. The statement ". . . Walgreens 'palming off' look-a-like copies. . ." is a self serving statement.

- Nathan Shamosh Decl. ¶ 31 includes reference to photographs. There is no evidence that supports the photographs are a fair an accurate depiction. Therefore, the photographs are hearsay and lack foundation and authenticity.

- Nathan Shamosh Decl. ¶ 32 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.

- Tim McQuillen Decl. ¶ 25. The statements in this paragraph are immaterial.

- Tim McQuillen Decl. ¶ 26. No dispute other than statement as to why Mr. Kruckman invited Mr. Hakim and Mr. McQuillen to visit Planogram rooms. This requires speculation.

- Tim McQuillen Decl. ¶ 27 is a generalized and conclusory self-serving statement, which requires speculation.

- Tim McQuillen Decl. ¶ 28. The statement "[Mr. Kruckman] was impressed with the items we had shown and asked us to physically display what items we were proposing that Walgreens replace with Luv n' care products, and explain why." is hearsay and/or lacks foundation.

- **Tim McQuillen Decl. ¶ 29. The statement "Mr. Kruckman permitted me and Mr. Hakim to view our competitor's private sales information, apparently for the purpose of making his job easier." is speculation, and made with a lack of personal knowledge.**

- **Tim McQuillen Decl. ¶ 30. The statements in this paragraph are immaterial.**

- **Tim McQuillen Decl. ¶ 31 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 32 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 33. The statement including the language ". . . but was engaged in dishonest, deceitful and unethical conduct." is self serving.**

- **Tim McQuillen Decl. ¶ 33. The statement including the language ". . . everything I saw him do was about promoting himself, making money off the hard work ad goodwill of others, including Luv n' care and its widely recognized and extremely popular products, and taking advantage of Walgreens' consumers." is self-serving.**

- **Tim McQuillen Decl. ¶ 34. The statement "Mr. Kruckman engaged in a pattern of dishonest and deceitful conduct designed to tradeoff the goodwill and reputation of Luv n' care baby products, including no-spill cups, and to confuse consumers into buying 'knock-offs' commissioned by him." is self serving.**

- **Tim McQuillen Decl. ¶ 35 is a generalized and conclusory self-serving statement, which requires speculation.**

- **Tim McQuillen Decl. ¶ 36 is a generalized and conclusory self-serving statement, which requires speculation.**

- **Tim McQuillen Decl. ¶ 37. The statement including the language ". . . a statement by [Mr. Kruckman] that he would take the price increase but, at least initially, not pass it on to customers. . ." is hearsay and or lacks foundation.**

- **Tim McQuillen Decl. ¶ 38. The statement "On April 10, 2006, Mr. Kruckman agreed to take the prices increase. . . He emailed me: 'Tim - Just no time right now and I have bigger rocks to attend to. As far as the 2 pack let me make 2 more buys to get through the ads I have in the system and you can have your cost change." Is hearsay and/or lacks foundation.**

- **Tim McQuillen Decl. ¶ 39 is not disputed.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Tim McQuillen Decl. ¶ 40 is a generalized and conclusory self-serving statement, which requires speculation.**

- **Tim McQuillen Decl. ¶ 41 is a generalized and conclusory self-serving statement, which requires speculation.**

- **Tim McQuillen Decl. ¶ 42 is a generalized and conclusory self-serving statement, which requires speculation and is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 43. The proffered Kruckman email is hearsay and/or lacks foundation.**

- **Tim McQuillen Decl. ¶ 44. The statement "Unbeknownst to us, Mr. Kruckman was in the process of 'knocking off' Luv n' care's baby products, including no-spill cups . . . " is self serving.**

- **Tim McQuillen Decl. ¶ 45. The statement including the language ". . . which would help and better enable Walgreens to 'palm off' those products." is self serving.**

- **Tim McQuillen Decl. ¶ 46. The statement "I have no reason to doubt that Mr. Kruckman provided Atico access to such confidential information, so as to better enable Atico and Royal King Baby Product Co., a known intellectual property pirate in the industry, to 'knock-off' Luv n' care's entire product line, not just the products Walgreens was presently selling at its stores." is self serving.**

- **Tim McQuillen Decl. ¶ 47. This paragraph includes the language ". . . Mr. Kruckman notified me and Mr. Hakim of Walgreens' decision to stop carrying the best-selling no-spill cups in Walgreens' history." This statement is hearsay, and/or lacks a foundation and self serving. Mr. Kruckman's email is also hearsay and/or lacks foundation.**

- **Tim McQuillen Decl. ¶ 48. The statement "Mr. Kruckman had said that he would take the price increase and maintain his desired price points." is hearsay and/or lacks foundation.**

- **Tim McQuillen Decl. ¶ 49. The statement "Just one month earlier, Mr. Kruckman confirmed he was planning a new advertising campaign for Luv n' care cups." is hearsay and/or lacks foundation.**

- **Tim McQuillen Decl. ¶ 50. The statements in this paragraph are not disputed.**

- **Tim McQuillen Decl. ¶ 51. The statement "It is now apparent that Mr. Kruckman misled me and Mr. Hakim to guarantee that Walgreens had enough inventory of Luv n' care brand cups to stock its stores and promote**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

long after Walgreens began selling knockoff copies at its stores." is a self serving statement.

- **Tim McQuillen Decl. ¶ 52. The statement that includes tile language". . . I saw Walgreens commingle and sell the knockoff cups in the exact same space and shelving units I had seen in Walgreens' Plano gram room. . . I had witnessed . . .Walgreens palming off its cups." is a self serving statement.**

- **Tim McQuillen Decl. ¶ 53 is a generalized and conclusory self-serving statement, which requires speculation and is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 54 is a generalized and conclusory self-serving statement, which requires speculation and is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 55 is a generalized and conclusory self-serving statement, which requires speculation and is not supported by any actual evidence.**

- **Tim McQuillen Decl. ¶ 56. The statement "Walgreens simply chose to commingle its commissioned look-alikes with Luv n' care's well recognized and highly popular cups." is conclusory and self-serving.**

- **Tim McQuillen Decl. ¶ 57. The statement "It apparently took Walgreens that much time, and likely even longer, to deplete its inventory of Luv n' care cups, fully exploit its consumers and wrongfully transition the goodwill and reputation associate with Luv n' care cups to its commissioned knock-offs." is self serving.**

- **Tim McQuillen Decl. ¶ 58 refers to photographs, There is no evidence that supports the photographs are a fair an accurate depiction. Therefore, the photographs are hearsay and lack foundation and authenticity which lack foundation and authenticity.**

- **Tim McQuillen Decl. ¶ 59. The statement "[Mr. Kruckman] was dismissive and showed no regard for Luv n' care's rights." "Indeed, he had already told me and Mr. Hakim on at least one occasion that he had purchased the new cups because they looked like the Luv n' car cups." "Thus, when Mr. Hakim and I confronted Mr. Kruckman about infringing upon Luv n' care's intellectual property rights, he told us, "I understand that", you have do to [sic] what you need to do "to protect the product." But he did not care because, he said to us, Royal King had agreed to indemnify Walgreens." are self-serving speculation that lacks foundation.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.**

**More specifically:**

**Co-founder of Luv n' care Ed Hakim Dec. 52 through 84 is based on his personal knowledge and represents a fair characterization of that evidence..**

**Co-founder of Luv n' care Jack Hakim Dec. 33 through 61 is based on his personal knowledge and represents a fair characterization of that evidence.**

**Independent sales representative Tim McQuillen Dec. 25 through 59 is based on his personal knowledge and represents a fair characterization of that evidence.**

**Vice President and Director of Sales, Nathan Shamosh Dec. 28 through 32 is based on his on his personal knowledge and represents a fair characterization of that evidence.**

**Furthermore, Walgreen's hearsay, foundation and speculation objections are unavailing because the cited evidence is based on admission by Walgreen, a party opponent, represents a fair interpretation of the evidence or is adequately supported by the additional supporting allegations in the declaration.**

**Further, Walgreen's has cited no contrary evidence. Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue.**

**With respect to Walgreen's citation to additional RSUF's 147-151, 160, Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

60. Although there are many alternative ways to shape, design, color and style a hard-spout cup, Walgreens decided to sell a hard-spout cup that includes essentially the same unique combination of features and ornamental designs that form the trade dress of Luv n' care's hard-spout cup, which was Walgreen's best-selling cup. Edward Hakim Decl. ¶¶ 63-65.

**RESPONSE: There are not "many alternative different and alternative ways" to shape, design, color and style a no-spill cup and that no-spill cup product designs distinguish one brand of cup from another" - rather, the record clearly establishes that there are only a few ways to design these products and that therefore the asserted traded dress is functional as a matter of law. See RSUF 162-205. Beyond that, Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation and for reasons stated in Walgreens' Motion for Summary Judgment. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 63 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 64 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 65 is a generalized and conclusory ·self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 63 through 65 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design and personal knowledge.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

*Further, Walgreen's has cited no contrary evidence. Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue. With respect to Walgreen's citation to additional RSUF's, 162 -205 Luv n' care hereby incorporates its response and objections thereto as if set forth herein. Luv n' care further states that Walgreen's response/objection further asserting that trade dress should be evaluated on an element by element basis which is incorrect as a matter of law. See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2ⁿᵈ Cir. 2008)*

*Walgreen's has failed to identify any statement it deems to be hearsay. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

    61.    Although there are many alternative ways to shape, design, color and style a hard-spout cup, Walgreens decided to sell a soft-spout cup that includes essentially the same unique combination of features and ornamental designs that form the trade dress of Luv n' care's soft-spout cup, which was the best-selling cup in the United States. Edward Hakim Decl. ¶¶ 66-70.

**RESPONSE: There are not "many alternative different and alternative ways" to shape, design, color and style a no-spill cup and that no-spill cup product designs distinguish one brand of cup from another" - rather, the record clearly establishes that there are only a few ways to design these products and that therefore the asserted traded dress is functional as a matter of law. See RSUF 162-205. Walgreens further disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constitutes hearsay, and/or lacks foundation and for reasons stated in Walgreens' Motion for Summary Judgment. As further support for this dispute, Walgreens states:**

    •    **Edward Hakim Decl. at ¶ 66 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

- **Edward Hakim Decl. at ¶ 67 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 68 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

- **Edward Hakim Decl. at ¶ 69 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim Decl. at ¶ 70 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 66 through 70  is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design and personal knowledge..*

*Further, Walgreen's has cited no contrary evidence.  Furthermore, such information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition.  At the very least additional discovery should be allowed on this issue.  With respect to Walgreen's citation to  additional RSUF's, Luv n' care hereby incorporates its response and objections thereto as if set forth herein.  Walgreen's response/objection further asserting  that trade dress should be evaluated on an element by element basis which is incorrect as a matter of law.  See Cartier Inc. v. Sardell Jewelry, Inc., 294 Fed.Appx. 615, 620 (2nd Cir. 2008)*

*Walgreen's has failed to identify any particular statement it believes are hearsay. Accordingly, this factual allegation remains un-refuted.   Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case.  At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

62.    Walgreen chose to likewise sell its knockoff soft-spout cup in a clear plastic 2-pack

shrink: wrap, with a similar combination of features and ornamental designs.

Edward Hakim Decl. ¶ 71.

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person. A cursory examination of the packaging illustrates all the differences - like the giant blue stripe and the mark W AGI on the Walgreens product. DE 52 Ex. B Fig.4. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 71 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 71 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design and personal knowledge as set forth also in Dec. 72.*

*Further information on this subject is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue.*

*Walgreen's referenced cursory examination reveals the numerous common elements to the trade dress as opposed to the differences as set forth in Hakim's declaration. Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

63.    Walgreen's took steps in its packaging to increase the likelihood of confusion.

Edward Hakim Decl. ¶¶ 72-74.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**RESPONSE: Walgreens disputes this allegation because the proffered evidence is generalized and conclusory self-serving statements by an interested person, constituting hearsay, and/or lacking foundation. Walgreens took steps to distinguish its own products, for example using Walgreens' "ticker symbol" WAG and adding an "I" so to indicate the source of the product was a Walgreen Co. product - hence the W AGI. See DE 52 Ex. B Fig. 4. As further support for this dispute, Walgreens states:**

- **Edward Hakim Decl. at ¶ 72 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim. Decl. at ¶ 73 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

- **Edward Hakim. Decl. at ¶ 74 is a generalized and conclusory self-serving statement, which is not supported by any actual evidence. The statement, to the extent it refers to anyone's statements or beliefs other than LNC's is hearsay and speculation.**

*REPLY: Luv n' care states that the cited fact is supported by competent evidence, as set out in the supporting referenced declarations, is within the scope of the Declarants' knowledge upon which the cited fact is based and/or is a fair characterization of that evidence.*

*More specifically:*

*Co-founder of Luv n' care Ed Hakim Dec. 72 through 74 is based on his 30 + years experience in and knowledge of the industry and his knowledge of product design and personal knowledge.*

*Furthermore, additional information is in the sole possession of Walgreen who refused to respond to timely discovery requests and failed to produce a fully prepared corporate representative for deposition. At the very least additional discovery should be allowed on this issue.*

*Accordingly, this factual allegation remains un-refuted. Walgreen's assertion that the statement is "conclusory, generalized and self-serving" is not a proper objection and simply a statement that the allegation and/or factual support is prejudicial to Walgreen's case. At the very least, because Luv n' care's allegation of fact is based upon competent evidence, Walgreen's response/objection goes to the weight of the evidence and creates at most a material issue of fact for resolution by the jury.*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

## DEFENDANT WALGREEN CO.'S STATEMENT OF ADDITIONAL FACTS

Pursuant to Fed. R. Civ. Proc. 56 and Local Rule 56.1, plaintiffs Luv n' Care, Ltd. and

Admar International, Inc. (collectively, "Plaintiffs") submit this Response to Defendant's

Statement of Additional  Facts.  Plaintiffs' response is submitted in support of Plaintiffs's

Motion for Summary Judgment.   Plaintiffs' response includes objections, citations to evidence,

and a response to Walgreen's alleged material facts, including a response of "disputed" when an

alleged *evidentiary fact* is proffered, not for what it allegedly says, but for *an inference*

Defendant is asking this Court. rather than the trier-of-fact, to draw when the inference is plainly

disputed.  Plaintiffs also object where an alleged fact is immaterial, including where Defendant

claims there is an absence of evidence, when evidence of the particular thing claimed is

customarily not kept.  Plaintiffs' response also includes additional material facts and citations to

evidence, annexed hereto, which plainly show that summary judgment in favor of Defendant is

impermissible.  It is the trier-of-fact's role to weigh consider and balance the facts, and to render

a decision based thereon.


### Plaintiffs' Products

64.    Plaintiffs Luv n' Care, Ltd. (LNC) and Admar International, Inc. (Admar) sell

sippy cups designed for use by babies and toddlers.  Declaration of Jason R. Buratti, Esq.

Supporting Defendant Walgreen Co.'s Motion for Summary Judgment, Docket No. (DE) 42

(Buratti Dec) Ex. D. ***Objection:***  Not supported by evidence cited.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

65.    LNC's CEO testified "a sippy cup is – it's a cup an infant or young child can sip from.  That's why it's called a sippy cup."  Buratti Dec Ex. A at III:117:18-20.  ***Objections:*** Unsupported (deposition transcript not provided), immaterial, and incomplete/out of context. ***Disputed:***  Mr. N. Edward Hakim, Luv n' care's CEO, testified that "sippy cup" is a general term that can refer to any cup a child or infant can sip from, including the category of goods at issue, which is no-spill or spill-proof cups – cups that come in all shapes, designs, colors and styles.

66.    Plaintiffs have sold their asserted designs since 2004, but have no evidence of sales prior to that date.  Buratti Dec. Ex. B at I:162:9-19.  ***Objection:***  Unsupported/misstates evidence cited.  ***Disputed:***  Plaintiffs have sold both the Luv n' care brand hard-spout and the Luv n' care brand soft-spout no-spill cups prior to 2004, and have submitted evidence of sales prior to 2004.  ***Disputed:***  *See* Plaintiffs' Statement of Additional Material Facts in Opposition to Defendant's Motion for Partial Summary Judgment (hereinafter, "AMF") at ¶¶ 15, 118.

67.    On May 20, 2009, LNC's President Joseph Hakim testified:

> Q.  And I want to make sure, my question is
> not when did you start, because you already
> established that you only know it was sometime
> prior to 2004.  My question is about evidence.
> Sitting here today, the only evidence that you
> have shows that you used the asserted Luv 'N Care
> designs in 2004?
> A.  That's all I have.  I know it's at
> least 2004 back. When we changed - we changed our
> systems over, we don't have that data, that I
> could go back before that.

Buratti Dec. Ex. B at I:162:9-19.  ***Objection:***  Incomplete/out of context.  ***Disputed:***  It is clear from the testimony in the cited transcript that Mr. Joseph Hakim was referring to sales data

stored in Luv n' care's computer system, for which he was responsible.  Mr. Hakim is not in

sales, was not responsible for sales, was not designated as a Rule 30(b)(6) deponent for sales,

and has no personal knowledge of that side of the business.  He testified that, due to a change in

Luv n' care's computer system, Luv n' care's computer did not have sales data prior to 2004.

Mr. Hakim was not testifying as to what other individuals at Luv n' care know or about any other

evidence of sales prior to 2004.

## Plaintiffs' Complaint Allegations Are Limited To The Gripper Cup And The No-Spill Cup.

68.        In their May 2008 Complaint, plaintiffs claim Walgreens infringed unregistered

trade dress in two "sippy cups" shown in Complaint Exs. B and C.  DE 1 at ¶¶ 39-48 (facts), 82-

84 (Count).  ***Admitted in part/disputed in part:*** Plaintiffs also asserted that Walgreens infringed

unregistered trade dress in its packaging trade dress for such products.  Walgreen expressly

alleged as its Fifth Affirmative Defense, filed on Aug. 6, 2008, in reponse to the Complaint,

that: "The alleged trademarks asserted by Plaintiffs as to its product designs ***and packaging*** are

not famous."   Similarly, Walgreen's Sixth Affirmative Defense stated that: "The alleged trade

dress asserted by Plaintiffs as to its product designs ***and packaging*** is functional and therefore

not protectable under trade dress or trademark law."  (D.E.# 12).   Therefore, it is clear that

Walgreen was fully aware that Plaintiffs were alleging that Walgreen had infringed its packaging

trade dress.  *See* AMF ¶¶114.

69.        Plaintiffs' Complaint asserts the Gripper Cup against Walgreens. DE 1 at ¶¶ 39-

43 & Ex. B.  ***Admitted.***

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

70.        Plaintiffs' Gripper Cup is shown in Exhibit B to the Complaint. DE 1 at Ex. B.

*Admitted.*

71.        On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

>          Q.   The overall - sorry, the trade dress.
>           The naked trade dress that's on the right side of
>          exhibit B.
>          A.   It comes in a variety of colors.  You
>          could make it in any color.

Buratti Dec. Ex. A at II:66:7-11.

*Objection:*  Unsupported/misstates record.  *Disputed.*  This quoted excerpt was in response to an

inquiry by defense counsel as to whether Plaintiffs were claiming trade dress protection in a

color, alone, or in the overall look of the product.  Neither defense counsel nor the deponent, in

this excerpt, was attempting to quantify the number of colors used, or speak to the nature of the

colors (stock or  custom) used in the trade dress of the Luv n' care cups.

72.        Plaintiffs' Complaint asserts the No-Spill Cup against Walgreens, DE. 1 at ¶¶

44-48 & Ex. C.  *Admitted.*

73.        Plaintiffs' No-Spill Cup is shown in Exhibit C to the Complaint. DE 1 at Ex. C.

*Admitted.*

74.        On May 20, 2009, LNC's President Joseph Hakim testified:

>          Q.  Is exhibit B to the complaint, an
>          asserted design, contain an asserted design?
>          A.   Is B an asserted design?  I believe so.
>          Q.  And C?
>          A.   I believe so.

Buratti Dec. Ex. B at I:27:12-16.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**Admitted.**

75.    The Complaint does not allege that plaintiffs' alleged trade dress is "not functional." DE. 1. **Objection:** Immaterial. "Not functional" is not the standard. The components of a protectable trade dress may serve a function. The standard is whether the overall appearance of a product or its packaging is primarily non-functional. **Disputed:** Plaintiffs have alleged that the products and packaging at issue serve as trademarks in interstate commerce, *i.e.,* are primarily non-functional. *See* Complaint ¶ 17 ("The appearance of Plaintiffs' products . . . are distinctive symbols which serve as trademarks of Luv n' care's products in interstate commerce, both in the United States and worldwide."); *id.* ("The appearance of Plaintiffs' . . . packaging . . . are distinctive symbols which serve as trademarks of Luv n' care's products . . . .").

76.    Plaintiffs' Complaint does not accuse Walgreens of "copying" the product or the product packaging shown in Ex. A to the Complaint. DE. 1 at ¶¶ 30-38, Ex. A. **Admitted.**

77.    Plaintiffs' Complaint does not accuse Walgreens on "copying" the product or the product packaging shown in Ex. E to the Complaint. DE. 1 at ¶¶ 53-56, Ex. A. **Admitted.**

78.    LNC markets each of the asserted designs under Admar's registered trademark NUBY®. DE. 1 at ¶11. **Objection:** Immaterial, lacks probative value as the question does not pertain to the Luv n' care comb and brush set, but speaks in generalities. Federal law is clear that a protectable trade dress can comprise of a unique combination of entirely common and wholly functional features. **Objection:** Misstates testimony/taken out of context. Plaintiffs' testimony was that they have "not seen one." Ex. A at I:87:9-14 ("I'm not saying that they don't

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

[use balls], but that [I haven't] seen any."). ***Disputed:*** The quoted excerpt, when read in context, says only that, *if a competitor did use balls at the end of the tines of their combs*, "[t]hey would alternate them" because it would not "work if every one had a ball. They would be too close together." Ex. A at I:87:15:88:1. That is quite different from saying that a competitor's comb uses "balls on the end of the tines of the comb," which Plaintiffs had not seen. Ex. A at I:87:9-14. ***Objection to extent read out of context:*** As before, Mr. Hakim was not referring to the unique and distinctive look of the Luv n' care comb and crush set. *See* Ex. A at I:88:15-18 ("We all have our own particular shape, and every one is totally different than the next persons. I don't know of anyone that makes a comb and brush like any other maker."). Defense counsel was talking about general features; he was not asking about the look unique to the Luv n' care product. *See* Ex. A at I:80:15-16.

79.    LNC sells each of the asserted designs under Admar's registered trademark NUBY®. DE. 1 at ¶11. ***Objection:*** Immaterial, lacks probative value as the question does not pertain to the Luv n' care cup, but speaks in generalities. Federal law is clear that a protectable trade dress can comprise of a unique combination of entirely common and wholly functional features. ***Disputed/objection to extent read out of context:*** Mr. Hakim made clear that the above testimony was not referring to the unique and distinctive look of the Luv n' care hard-spout cup. Ex. A at I:75:22-76:10 & I:79:1-6. Defense counsel made clear that he was talking about general features in sippy cups; he was not asking about the look unique to the Luv n' care cup. Ex. A at I:80:15-16 ("I'm talking about general features of sippy cups").

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

80.       The NUBY® mark appears prominently on the Gripper Cup in at least seven

locations. Buratti Dec. Ex. A at I:31:22-32:15. ***Objection:*** Unsupported/misstates record.

***Disputed:*** The NUBY® mark does <u>not</u> appear seven times on the product.  Nor does it appear

prominently; rather, it appears discretely, molded into the cup in see-through lettering.

***Disputed:*** *See* Opp. Decl. of N. Edward Hakim, at ¶ 21. ***Objection:*** Immaterial to issues raised

by Defendant's motion.  Walgreen does not claim on summary judgment that there is no

likelihood of confusion resulting from its sales of its commissioned knockoff cups, which have

the same overall look and are sold in similar, intentionally deceptive packaging under its

unknown WAGI® mark.

81.       On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q. Right.  No spill, Veri-Flo, and Nuby
> are registered trademark in the small print.
>  That's four on the packaging, right?
> A.  Right.
> Q.   And then it also appears on the product
> itself?
> A.  Yes, on the very face of the product.
> Q.  How many times?
> A.  To the fact [sic] of the product, which is
> engraved, that's on the - it's embedded and
> engraved in the silicone spout. Not good lighting
> in here.  It may be on the bottom.  Let's see.
> It's on the bottom.
> Q.  So, seven times the word Nuby appears
> on the exhibit 39 product?
> A.  That's correct.

Buratti Dec. Ex. A at I:31:22-32:15; Declaration of Garrett A. Barten, Esq. Supporting

Defendant Walgreen Co.'s Opposition to Plaintiffs' Motion for Partial Summary Judgment

(Barten MSJ Opp. Dec.) Ex. 1 (photograph of "exhibit 39" – plaintiffs' asserted Gripper Cup

94

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

shown in DE 1 Ex. B).  ***Disputed, objection:***  Unfair question/misstates record.  The record

testimony was plainly referring to Exhibit 39, which shows both the product and its packaging,

not "the exhibit 39 product."  ***Disputed:***  The trademark discretely appears 3 times on the

product.  *See* Opp. Decl. of N. Edward Hakim, at ¶ 21.  Ex. A at II:57:17-20.  ***Objection:***

Immaterial to issues raised by Defendant's motion.  Walgreen does not claim on summary

judgment that there is no likelihood of confusion resulting from its sales of its commissioned

knockoff cups, which have the same overall look and sold in similar, intentionally deceptive

packaging under its unknown WAGI® mark.

82.      The Complaint contains no Count alleging that Walgreens infringed any

packaging trade dress.  DE. 1.  ***Disputed:***  Plaintiffs' Complaint, including without limitation

Paragraphs 2, 13-19, 22-28, and 57-114, are not limited to the allegations in paragraphs 29-56,

and expressly allege that both "Defendants" (plural) use infringing packaging.  Walgreen is one

of the two Defendants accused of infringing upon Plaintiffs' packaging trade dress.  *E.g.,*

Complaint ¶ 83 ("Defendants are intentionally using Plaintiffs' product designs and packaging to

trade off of Plaintiffs' reputation and goodwill and to create deception in the marketplace.").

***Disputed:*** Walgreen expressly alleged as its Fifth Affirmative Defense, filed on Aug. 6, 2008, in

reponse to the Complaint, that: "The alleged trademarks asserted by Plaintiffs as to its product

designs ***and packaging*** are not famous."   Similarly, Walgreen's Sixth Affirmative Defense

stated that: "The alleged trade dress asserted by Plaintiffs as to its product designs ***and***

***packaging*** is functional and therefore not protectable under trade dress or trademark law."

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

(D.E.# 12). Therefore, it is clear that Walgreen was fully aware that Plaintiffs were alleging that Walgreen had infringed its packaging trade dress. *See* AMF ¶114.

83.        The Complaint contains no specific description of packaging. DE 1. ***Disputed:*** Plaintiffs' Complaint, including without limitation Paragraphs 2, 13-19, 22-28, and 57-114, are not limited to the allegations in paragraphs 29-56, and expressly allege that both "Defendants" (plural) use infringing packaging. Walgreen is one of the two Defendants accused of infringing upon Plaintiffs' packaging trade dress. *E.g.,* Complaint ¶ 83 ("Defendants are intentionally using Plaintiffs' product designs and packaging to trade off of Plaintiffs' reputation and goodwill and to create deception in the marketplace."). ***Disputed:*** Walgreen expressly alleged as its Fifth Affirmative Defense, filed on Aug. 6, 2008, in reponse to the Complaint, that: "The alleged trademarks asserted by Plaintiffs as to its product designs ***and <u>packaging</u>*** are not famous." Similarly, Walgreen's Sixth Affirmative Defense stated that: "The alleged trade dress asserted by Plaintiffs as to its product designs ***and <u>packaging</u>*** is functional and therefore not protectable under trade dress or trademark law." (D.E.# 12). Therefore, it is clear that Walgreen was fully aware that Plaintiffs were alleging that Walgreen had infringed its packaging trade dress. *See* AMF ¶114.

84.        Plaintiffs disclosed for the first time on May 20, 2009 packaging was being asserted against Walgreens. Buratti Dec. Buratti Dec. Ex. A at I:18:17-19. ***Objection:*** Unsupported, the deposition testimony cited does not support this contention; and defense counsel's cross-referenced argument is neither evidence, nor an accurate characterization of the complaint. ***Disputed:*** Plaintiffs' Complaint, including without limitation Paragraphs 2, 13-19,

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

22-28, and 57-114, expressly allege that both "Defendants" (plural) use infringing packaging.

Walgreen is one of the two Defendants accused of infringing upon Plaintiffs' packaging trade

dress. *E.g.,* Complaint ¶ 83 ("Defendants are intentionally using Plaintiffs' product designs and

packaging to trade off of Plaintiffs' reputation and goodwill and to create deception in the

marketplace."). ***Disputed:*** Walgreen expressly alleged as its Fifth Affirmative Defense, filed on

Aug. 6, 2008, in reponse to the Complaint, that: "The alleged trademarks asserted by Plaintiffs as

to its product designs ***and packaging*** are not famous."    Similarly, Walgreen's Sixth Affirmative

Defense stated that: "The alleged trade dress asserted by Plaintiffs as to its product designs ***and***

***packaging*** is functional and therefore not protectable under trade dress or trademark law."

(D.E.# 12).   Therefore, it is clear that Walgreen was fully aware that Plaintiffs were alleging that

Walgreen had infringed its packaging trade dress. *See* AMF ¶ 114.

      85.      On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Is packaging part of the trade dress
> that's asserted against Walgreens in this case?
> A.  Yes.

Buratti Dec. Ex. A at I:18:17-19. ***Objection:*** Immaterial.  Walgreen expressly alleged as its

Fifth Affirmative Defense, filed on Aug. 6, 2008, in response to the Complaint, that: "The

alleged trademarks asserted by Plaintiffs as to its product designs ***and packaging*** are not

famous."   Similarly, Walgreen's Sixth Affirmative Defense stated that: "The alleged trade dress

asserted by Plaintiffs as to its product designs ***and packaging*** is functional and therefore not

protectable under trade dress or trademark law."  (D.E.# 12).   Therefore, it is clear that Walgreen

was fully aware that Plaintiffs were alleging that Walgreen had infringed its packaging trade

dress. *See* AMF ¶114. **Objection:** The date of the deposition is immaterial. Defendant agreed

to take the deposition on May 20, 2009. Defendant could have noticed and taken Mr. Hakim's

deposition on an earlier occasion. The fact that Defendant waited to May 20, 2009 to depose Mr.

Hakim, and Mr. Hakim confirmed an allegation in the complaint, only means that Defendant

waited until May 20th to cross-examine Mr. Hakim as to the packaging allegation it expressly

acknowledged and alleged affirmative defenses to nearly ten (10) months earlier. *See* AMF

¶114.

86.      The only packaging depicted in the Complaint is for Complaint Ex. A, which

plaintiffs assert against KMart. See DE 1 at ¶ 30-38. **Disputed:** Plaintiffs' Complaint, including

without limitation Paragraphs 2, 13-19, 22-28, and 57-114, are not limited to the allegations in

paragraphs 29-56, and expressly allege that both "Defendants" (plural) use infringing packaging.

Walgreen is one of the two Defendants accused of infringing upon Plaintiffs' packaging trade

dress. *E.g.,* Complaint ¶ 83 ("Defendants are intentionally using Plaintiffs' product designs and

packaging to trade off of Plaintiffs' reputation and goodwill and to create deception in the

marketplace."). **Disputed:** Walgreen expressly alleged as its Fifth Affirmative Defense, filed on

Aug. 6, 2008, in reponse to the Complaint, that: "The alleged trademarks asserted by Plaintiffs as

to its product designs ***and packaging*** are not famous." Similarly, Walgreen's Sixth Affirmative

Defense stated that: "The alleged trade dress asserted by Plaintiffs as to its product designs ***and***

***packaging*** is functional and therefore not protectable under trade dress or trademark law."

(D.E.# 12). Therefore, it is clear that Walgreen was fully aware that Plaintiffs were alleging that

Walgreen had infringed its packaging trade dress. *See* AMF ¶114.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

87.        The word "packaging" in Paragraph 83 of the Complaint refers to the Ex. A

product asserted against Kmart.  DE 1.  ***Disputed:***  Plaintiffs' Complaint, including without

limitation Paragraphs 2, 13-19, 22-28, and 57-114, are not limited to the allegations in

paragraphs 29-56, and expressly allege that both "Defendants" (plural) use infringing packaging.

Walgreen is one of the two Defendants accused of infringing upon Plaintiffs' packaging trade

dress.  *E.g.,* Complaint ¶ 83 ("Defendants are intentionally using Plaintiffs' product designs and

packaging to trade off of Plaintiffs' reputation and goodwill and to create deception in the

marketplace.").  ***Disputed:*** Walgreen expressly alleged as its Fifth Affirmative Defense, filed on

Aug. 6, 2008, in reponse to the Complaint, that: "The alleged trademarks asserted by Plaintiffs as

to its product designs ***and packaging*** are not famous."   Similarly, Walgreen's Sixth Affirmative

Defense stated that: "The alleged trade dress asserted by Plaintiffs as to its product designs ***and***

***packaging*** is functional and therefore not protectable under trade dress or trademark law."

(D.E.# 12).   Therefore, it is clear that Walgreen was fully aware that Plaintiffs were alleging that

Walgreen had infringed its packaging trade dress.  *See* AMF ¶114.

88.        The Court ordered that discovery closed on May 1, 2009.  DE 25, 27.

***Objection:*** Immaterial.  Local Civil Rule 56.1. Statements of Material Facts on Motion for

Summary Judgment provides  that: Upon any motion for summary judgment pursuant to Rule 56

of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate,

short and concise statement, in numbered paragraphs, of the material facts as to which the

moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to

the causes of action or defenses asserted in the pleadings.  . ***Disputed.***  The Court originally set a

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

a discovery cut-off of May 7, 2009 during a teleconference on November 7, 2008 in which the

Court announced discovery would close in six (6) months.  On April 2, 2009 during a subsequent

teleconference, the Court announced that discovery would close on May 1, 2009.  See

Declaration of Morris Cohen,  DE 81 at ¶¶ 3, 4, 5, 6, 47; Declaration of Rochelle Weisburg, DE

80 at ¶¶ 3, 4, 5, 27, 30.

89.       Plaintiffs did not state any allegation of packaging trade dress infringement

against Walgreens until after discovery closed on May 1, 2009.  DE 1; Buratti Decl. ¶ 17; Buratti

Dec. Ex. I; Buratti Dec. Ex. A at I:18:17-19.  **Disputed:**  Plaintiffs' Complaint, including without

limitation Paragraphs 2, 13-19, 22-28, and 57-114, are not limited to the allegations in

paragraphs 29-56, and expressly allege that both "Defendants" (plural) use infringing packaging.

Walgreen is one of the two Defendants accused of infringing upon Plaintiffs' packaging trade

dress.  *E.g.,* Complaint ¶ 83 ("Defendants are intentionally using Plaintiffs' product designs and

packaging to trade off of Plaintiffs' reputation and goodwill and to create deception in the

marketplace.").  **Disputed:** Walgreen expressly alleged as its Fifth Affirmative Defense, filed on

Aug. 6, 2008, in reponse to the Complaint, that: "The alleged trademarks asserted by Plaintiffs as

to its product designs ***and packaging*** are not famous."   Similarly, Walgreen's Sixth Affirmative

Defense stated that: "The alleged trade dress asserted by Plaintiffs as to its product designs ***and***

***packaging*** is functional and therefore not protectable under trade dress or trademark law."

(D.E.# 12).  Therefore, it is clear that Walgreen was fully aware that Plaintiffs were alleging that

Walgreen had infringed its packaging trade dress.  *See* AMF ¶ 114.

90.       On May 28 and 29, 2009, Walgreens' counsel wrote to plaintiffs:

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

We write concerning plaintiffs' intentions concerning the packaging trade dress claims allegedly asserted against Walgreens. It is not entirely clear to us whether plaintiffs actually intend to assert packaging trade dress claims against Walgreens. To the extent plaintiffs actually intend to assert trade dress in packaging, we believe these late-advanced claims are improper and should be dismissed.

Certainly, no packaging claims are stated against Walgreens in the Complaint. However, after the May 1, 2009 close of fact discovery (and during the May ~~12~~ 20 and ~~13~~ 21 corporate depositions of Ed Hakim), plaintiffs noted for the first time that they were asserting some sort of trade dress claims based on packaging. While it's still not entirely clear to us what those packaging claims are, they appear to include packaging (1) 1-pack Gripper Cup, (2) 2-pack Gripper Cup, (3) 1-pack Sport Sipper, and (4) No-Spill hard-spout cup. For (1) and (2), a Gripper Cup is shown without packaging in Ex. B to the Complaint. For (4), a No-Spill Cup is shown with an instruction sheet folded inside in Ex. C to the Complaint. For (3), a Sport Sipper is shown in Ex. A to the Complaint, but that product and packaging is specifically restricted in the body of the Complaint to direct claims at defendant KMart and not Walgreens. Plaintiff LNC's CEO confirmed during corporate testimony that no packaging is shown in Ex. B to the Complaint and that the insert in Ex. C is merely an instruction sheet.

It is fundamentally and manifestly unfair, not to mention prejudicial and costly, that Walgreens must defend against packaging claims that were not in the Complaint and that it did not have notice of until at or after the close of discovery. Please immediately advise us whether plaintiffs intend to assert trade dress in the packaging and provide us with a detailed statement of what each packaging claim is and when plaintiffs contend Walgreens had notice - with specific identification of the notice vehicle plaintiffs believe would support the Court's finding that these claims are properly noticed. We reserve the right to request the Court preclude any packaging claims by plaintiffs against Walgreens and will do so if we do not have a specific notice-supporting response from you by the end of the week.

Buratti Dec. Ex. I; see also Buratti Dec. ¶ 17.[1]; see also Barten Opp. MSJ Dec. Ex. 9. ***Objection:***

Immaterial. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary

---

[1] The strikethrough was a correction to the original May 28, 2009 letter sent on May 29, 2009.

Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short

and concise statement, in numbered paragraphs, of the material facts as to which the moving

party contends there is no genuine issue to be tried. The purported fact is not relevant to the

causes of action or defenses asserted in the pleadings.

91.      As of the deadline for filing dispositive motions, plaintiffs had not responded to

the letter of the previous paragraph. Buratti Decl. ¶ 17. ***Objection:*** Immaterial. Local Civil Rule

56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any

motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there

shall be annexed to the notice of motion a separate, short and concise statement, in numbered

paragraphs, of the material facts as to which the moving party contends there is no genuine issue

to be tried. The purported fact is not relevant to the causes of action or defenses asserted in the

pleadings.

92.      Plaintiffs do not assert that Walgreens infringes Plaintiffs' NUBY® trademark.

DE. 1. ***Admitted in part/disputed in part.*** Plaintiffs have not brought a claim for trademark

infringement; however, Plaintiff have alleged that Walgreen deliberately decided to sell

knockoffs made by Royal King Baby Products Co. ("Royal King") that copied and imitated

Plaintiffs' products, packaging and trademarks. *See, e.g.,* Complaint ¶¶ 24-25.

93.      No accused Walgreens product bears the word NUBY. See, *e.g.*, DE 1 Ex. B,

C.

**Plaintiffs' Non-Disclosure of Persons with Discoverable Information that They May Use at
Trial (or Summary Judgment)**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

94.        Plaintiffs served their Initial Disclosures on November 21, 2008. Barten Opp.

MSJ Dec. Ex. 3. ***Objection:*** Immaterial.  Local Civil Rule 56.1. Statements of Material Facts on

Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant

to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion

a separate, short and concise statement, *in numbered paragraphs*, of the material facts as to

which the moving party contends there is no genuine issue to be tried.  The purported fact is not

relevant to the causes of action or defenses asserted in the pleadings.

95.        In their Initial Disclosures, Plaintiffs identified only Nouri E. Hakim, Joseph

Hakim, Scott Carlson, and Nathan Shamosh as individuals having relevant information.  Barten

Opp. MSJ Dec. Ex. 3. ***Objection:*** Local Civil Rule 56.1. Statements of Material Facts on Motion

for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule

56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a

separate, short and concise statement, in numbered paragraphs, of the material facts as to which

the moving party contends there is no genuine issue to be tried.  The purported fact is not

relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an

improper assertion.

96.          Plaintiffs have not supplemented their November 21, 2008 Initial Disclosures.

See Barten Opp. MSJ Dec. ¶ 9 and Ex. 3. ***Objection:*** Immaterial.  Local Civil Rule 56.1.

Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion

for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall

be annexed to the notice of motion a separate, short and concise statement, in numbered

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion.

97.    Plaintiffs have never identified Timothy McQuillan, Jack Hakim, or Brandy Thomas as individuals likely to have discoverable information that Plaintiffs may use to support their claims or defenses. See Barten Opp. MSJ Dec. Ex. 5.  ***Objection:*** Immaterial.   Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion.  ***Disputed:*** Plaintiffs identified these individuals in discovery, *inter alia,* by way of supplemental response to interrogatory.

98.    Walgreens served its First Set of Interrogatories on January 20, 2009.  Barten Opp MSJ Dec. Ex. 2.  ***Objection:*** Immaterial.   Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion.  ***Admitted.***

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

99.          Walgreens Interrogatory No. 1 asks:

> Identify each person having knowledge of information relevant to the subject
> matter of this action and identify all documents relating to your response to this
> interrogatory, including the location and custodian of said documents.

Barten Opp MSJ Dec. Ex. 2. **Objection:** Immaterial. Local Civil Rule 56.1. Statements of
Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary
judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to
the notice of motion a separate, short and concise statement, in numbered paragraphs, of the
material facts as to which the moving party contends there is no genuine issue to be tried. The
purported fact is not relevant to the causes of action or defenses asserted in the pleadings.
Accordingly it is an improper assertion. **Admitted.**.

100.        Plaintiffs responded to Interrogatory No. 1 on February 23, 2009. Barten Opp
MSJ Dec. Ex. 4. . **Objection:** Immaterial. Local Civil Rule 56.1. Statements of Material Facts
on Motion for Summary Judgment provides that: Upon any motion for summary judgment
pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice
of motion a separate, short and concise statement, in numbered paragraphs, of the material facts
as to which the moving party contends there is no genuine issue to be tried. The purported fact is
not relevant to the causes of action or defenses asserted in the pleadings. Accordingly it is an
improper assertion. **Admitted.**

101.        Plaintiffs' February 23, 2009 response to Interrogatory No. 1 identified N.
Edward Hakim, Joseph Hakim, Scott Carlson, and Nathan Shamosh. Barten Opp MSJ Dec. Ex. 4
at 4-5. **Objection:** Immaterial. Local Civil Rule 56.1. Statements of Material Facts on Motion

105

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.    The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.    Accordingly it is an improper assertion.    *Admitted.*

102.         The Court Ordered that discovery closed on May 1, 2009.  DE 25, 27.

*Objection:* Immaterial.  Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings. *Disputed.*  The Court originally set a a discovery cut-off of May 7, 2009 during a teleconference on November 7, 2008 in which the Court announced discovery would close in six (6) months.  On April 2, 2009 during a subsequent teleconference, the Court announced that discovery would close on May 1, 2009.  See Declaration of Morris Cohen,  DE 81 at ¶¶ 3, 4, 5, 6, 47; Declaration of Rochelle Weisburg, DE 80 at ¶¶ 3, 4, 5, 27, 30.

103.         Plaintiffs supplemented their response to Interrogatory No. 1 on May 1, 2009. Barten Opp MSJ Dec. Ex. 5; see also Declaration of Garrett A. Barten Supporting Defendant Walgreen Co.'s Oppositions to Plaintiffs' Motion to Amend the Complaint, filed today ("Barten

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Do Not Amend Declaration") Ex. 7 (showing transmittal email). ***Objection:*** Immaterial. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. The purported fact is not relevant to the causes of action or defenses asserted in the pleadings. Accordingly it is an improper assertion. ***Admitted.***

104. In their Supplemental Responses served on May 1, 2009, plaintiffs identified the following individuals: N. Edward Hakim, Joseph Hakim, Jack Hakim, Nouri E. Hakim, Abraham Saul Hakim, Scott Carlson, Rebecca Jones, Nathan Shamosh, Steve Pickering, Scotty Law, Wanda Chaney, Tim McQuillan, Damien Martinez, Mayer Lichtman, Maria Burnell, Mary Reeves (Mary Paul), Karen Lee, E.L. "Bubba" Via, Jr., Bruce Isaacson, James Holley, Jeff Kruckman, Brandy Thomas, Walter McCullough, Ted D'Amico, Nicole Provost-Heron, Andrea Krick, Daniel Forbes, Dalbir S. Khurana, Wachira Sachdev. Barten Opp MSJ Ex. 5. ***Objection:*** Immaterial. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. The purported fact is not relevant to the causes of action or defenses asserted in the pleadings. Accordingly it is an improper assertion. ***Admitted.***

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**Plaintiffs' Trade Dress Charts Provided on the Last Day of Discovery**

105.    Plaintiffs produced a trade dress chart on May 1, 2009 listing the allegedly

protectable elements of their asserted designs.  Buratti Dec. Exs. Q, R; Barten Do Not Amend

Declaration Ex. 6 (attaching Buratti Dec. Ex. Q, DX 41).  ***Objection:***  A trade dress does not

need individually "protectable elements."  Federal law is clear that a protectable trade dress can

comprise of a unique combination of entirely common and wholly functional features.

***Admitted in part:***  Plaintiffs produced a trade dress chart on May 1, 2009 that provides a

description of the main things consumers visually see and would consider, at a minimum, the

overall look of the Luv n' care brand product designs and packaging, which Walgreen bought,

liked, promoted and copied.

106.    Plaintiffs' trade dress chart does not identify Walgreens copied Plaintiffs'

alleged unregistered trade dress. Buratti Dec. Exs. Q, R.  ***Objection:***  Immaterial.  The chart was

an exhibit in the Texas litigation against Royal King and was produced in the New York

litigation.  Walgreen's buyer and Rule 30(b)(6) designee, Jeff Kruckman, admitted he

commissioned the "alternative source" for Luv n' care products and approved Royal King's

look-a-likes sold by Walgreens under Walgreen's newly derived mark, which Kruckman came

up with.  ***Disputed:***  Plaintiffs' Rule 30(b)(6) designee plainly testified that "Royal King" refers

to both "Royal King/Walgreens" because "They're the same person" from Plaintiffs' viewpoint.

Ex. A at I:77:22-78:2.

107.    On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  So, let me then, separate exhibit 40
> into a two page document that has the no spill

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

> sipper cup, and the hard tipped no spill cup.
> Exhibit 40 contains products that are asserted
> against Walgreens, correct?
> A.   That's correct.  On the no spill
> drinking cup, and the second page, which is the
> no spill sippy cup.

Buratti Dec. Ex. A at I:47:17-48:2; Buratti Dec. Ex. R (and Q).  ***Objection:***  Immaterial.  This

testimony simply reiterates that defense counsel created an exhibit that contains two of the

products at issue.  ***Disputed:***  Plaintiffs are also asserting claims against Walgreen for copying

the Luv n' care brand comb and brush set and Plaintiffs' trade dress packaging, which also are

included in the trade dress chart. *See* D.E.# 1.

108.     On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.   Now, I'll hand you exhibit DX 41, which
> contains documents bearing production numbers
> 203301 through 11. This is one -
> A.   That's correct.
> Q.   This is one big table, right?
> A.   That's right.
> Q.   Exhibit 41?  You said, that's correct?
> A.   Yes.

Buratti Dec. Ex. A at I:48:3-10; Barten Do Not Amend Dec. Ex. 6 (transmittal email showing

production numbers).  ***Admitted:***  Mr. Hakim was handed the exhibit, which contained one big

table.

109.     Plaintiffs' May 1, 2009 trade dress chart describes the alleged trade dress of the

Gripper Cup to include the following elements: (1) a colored or tined bell-shaped cap; (2) an oval

clear silicone spout which is attached to a silicone top of the cap; (3) a colored cup, the cup

having a hood-like shape on it with a wave like appearance in the face-like area in front of and

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

below the hood; and (4) the combination and arrangement of said elements.  Buratti Dec. Exs. Q,

R.  ***Disputed/objection to extent read out of context:***  Mr. Hakim testified that Luv n' care uses

custom colors, which are mixed for Luv n' care cups, not stock colors.  The caps for the Luv n'

care brand soft-spout cups include a clear silicone spout that rests on a clear oval insert attached

to the top of the custom colored cap, which gives the cap a ridged or rounded, layered-like

appearance.  The best evidence of the cap and the unique and distinctive overall look of Luv n'

care's trade dress is ***the product itself***, for which a design patent is pending, and which Walgreen

chose to promote and copy.  Further, the Luv n' care clear silicone spout, which rests on a clear

oval insert attached to the top of a custom colored bell-shaped cap and provides the cap with a

ridged/rounded, layered-like appearance, work together to help give the Luv n' care brand cup a

unique and distinctive look.  The best evidence of the top of the cup, and the unique and

distinctive overall look of Luv n' care's trade dress is the product itself, for which a design patent

is pending, and which Walgreen chose to promote and copy.  Further, neither a photograph nor a

written description can effectively simulate or bring to life what consumers see when using and

purchasing the cup, both in terms of this element (the Luv n' care hooded-look and wave-like

appearance) and how it contributes to the overall appearance of the cup.  The best evidence of

the cup, and the unique and distinctive overall look of Luv n' care's trade dress is the product

itself, for which a design patent is pending, and which Walgreen chose to promote and copy.

  110.  Plaintiffs' May 1, 2009 trade dress chart describes the alleged trade dress of the

No-Spill Cup to include includes the following elements: (1) a colored tinted generally

cylindrical cup with a wider portion; (2) a colored or tinted cap, having a cap sitting on a cap

look, with a spout having a bulb-like base and a relatively pointed top; (3) no outer packaging;

(4) a folded inner paper insert; and (5) the combination and arrangement of the aforesaid

elements.  Buratti Dec. Ex. Q-R.  ***Objection:***  A trade dress does not need any individually

"protectable elements."  Federal law is clear that a protectable trade dress can comprise of a

unique combination of entirely common and wholly functional features.  ***Disputed/objection to***

***extent read out of context:***  Plaintiffs' trade dress chart provides a description of the main things

consumers visually see and would consider, at a minimum, the overall look of the Luv n' care

brand hard-spout cup.  The best evidence of the overall look of the Luv n' care hard-spout cup is

the product itself, which Walgreens bought, liked, promoted and copied.  ***Objection:***  A trade

dress does not need any individually "protectable elements."  Federal law is clear that a

protectable trade dress can comprise of a unique combination of entirely common and wholly

functional features.  Further,   Plaintiffs' trade dress chart provides a description of the main

things consumers visually see and would consider, at a minimum, the overall look of the Luv n'

care brand hard-spout cup.  The best evidence of the overall look of the Luv n' care hard-spout

cup is the product itself, which Walgreens bought, liked, promoted and copied.  Further,

Plaintiffs' trade dress chart provides a description of the main things consumers visually see and

would consider, at a minimum, the overall look of the Luv n' care brand hard-spout cup.  The

best evidence of the overall look of the Luv n' care hard-spout cup is the product itself, which

Walgreens bought, liked, promoted and copied.

**Plaintiffs' Officers, Employees and Agents, Including Undisclosed Individuals and
Individuals Who Testified They Had No Knowledge, Gave Summary Judgment
Declarations that Change Plaintiffs' Trade Dress Claims and Are Inconsistent with
Plaintiffs' Initial Disclosures**

111.    Plaintiffs' motion for partial summary judgment is based primarily on the self-serving, conclusory declarations of their employees, including Nouri Edward Hakim (CEO and founder of Luv n' Care and President of Admar), Jack Hakim (President of Luv n' Care and Vice-President of Admar), Nathan Shamosh (Vice President and Director of Sales for Luv n' Care), and Tim McQuillan (Luv n' Care's Sales Representative since 1987). See DE 47, 48, 50, 52, 54.[2]  ***Admitted in part/Disputed in part:***  Plaintiffs have submitted accurate and truthful declarations from Nouri Edward Hakim (CEO and founder of Luv n' Care and President of Admar), Jack Hakim (President of Luv n' Care and Vice-President of Admar), Nathan Shamosh (Vice President and Director of Sales for Luv n' Care), and Tim McQuillan (Luv n' Care's Sales Representative since 1987).  They have also submitted Declarations from Joseph Hakim (President of Luv n' care), Todd Malynn (trial counsel for Luv n' care) and Morris Cohen (trial counsel for Luv n' care).  Plaintiffs have submitted also Declarations in Opposition to Defendants Motion for Summary Judgment form Rochelle Weisburg (trial cousnel to Luv n' care), Morris Cohen (trial cousnel to Luv n' care), Joseph Hakim (Presidenti of Luv n' care), Nouri Edward Hakim (CEO and founder of Luv n' Care and President of Admar) and Todd Malynn (trial counsel to Luv n' care).  The declarations are truthful and accurate and speak for themselves.  Walgreen's assertion that they are self-serving and conclusory is a simple concession that they are prejudicial to Walgreen's case.

112.    Plaintiffs' motion for partial summary judgment and supporting declarations describe the elements of the alleged trade dress differently than the May 1, 2009 trade dress

---

[2] RSUFs 1, 2, 4-6, 9-18, 20-38, 40-43, 45, and 48-63 each depend upon generalized and conclusory, self-serving and speculative or unsupported paragraphs of Plaintiffs' declarations.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

charts.  DE 49 at 12 & n.3 & Ex. 3; DE 52 ¶ 36, 37.  **Disputed.**  The chart was an exhibit in the Texas litigation against Royal King and was produced in the New York litigation.  The Declaration of Nouri Ed Hakim contains a description of the trade dress at issue in this litigation at ¶¶ 36, 37 and 53.  The description therein does not conflict with the description in the May 1, 2009 trade dress chart.

113.    Timothy McQuillan and Jack Hakim gave declarations supporting plaintiffs' motion for summary judgment.  DE 48, 50.  **Admitted**

114.    An Affidavit of Brandy Thomas (Thomas Affidavit) was exhibited to Plaintiff Luv n' Care's CEO's declaration supporting plaintiffs' motion for summary judgment.  DE 52 Ex. 5. **Admitted**

115.    Plaintiffs' November 21, 200 Initial Disclosures did not identify Timothy McQuillan, Jack Hakim or Brandy Thomas.    Barten Opp MSJ Dec. Ex. 3.   **Objection:** Immaterial. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion. **Admitted in part/Denied in part.**  The Initial Disclosure does not specifically idenitify those individuals but reserves the right to disclose further information.  Those individuals were identified in a Supplemental Response to Interrogatories dated May 1, 2009.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

116.     Plaintiffs' February 23, 2009 response to Interrogatory No. 1 did not identify Timothy McQuillan, Jack Hakim or Brandy Thomas.  Barten Opp MSJ Dec. Ex. 4.  ***Objection:*** Immaterial. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion. ***Admitted in part/Denied in part.***  The original response to Interrogatory 1 does not specifically identify those individuals.  Those individuals were identified in a Supplemental Response to Interrogatories dated May 1, 2009.

117.     The first time Plaintiffs identified Timothy McQuillan, Jack Hakim, and Brandy Thomas as having knowledge relevant to the subject matter of this action was in their May 1, 2009 Supplemental Response to Interrogatory No. 1.  Barten Opp MSJ Dec. Ex. 5.  ***Objection:*** Immaterial. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion. ***Admitted.***

114

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

118.    The Thomas Affidavit is dated December 17, 2008 but describes events that allegedly occurred "in approximately the summer of 2007.  DE 52 Ex. 5 at ¶ 3 and notary block.  ***Admitted.***  The Declaration however speaks for itself.

119.    The Thomas Affidavit states that "Upon learning of this mistake I agreed to give this affidavit."  DE 52 Ex. 5.  ***Admitted.***  The Declaration however speaks for itself.

120.        On May 20, 2009, Joseph Hakim testified:

**CONFIDENTIAL ATTY EYES ONLY**



*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)



*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)



Barten Opp MSJ Dec. Ex. 9 84:1-86 :9;



*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)



*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)



Barten Opp MSJ Dec. Ex. 9 at 90:2-93:20;



Barten Opp MSJ Dec. Ex. 9 at 95:19-21; and



Barten Opp MSJ Dec. Ex. 9 at 97:12-21.  **Disputed.**  The transcript attached as Ex. 9 to the

Barten Opp. MSJ DE 82 is not a transcript but a letter from Walgreen's counsel.  **Objection**

Immaterial. . Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary

Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short

and concise statement, in numbered paragraphs, of the material facts as to which the moving

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

party contends there is no genuine issue to be tried. The purported fact is not relevant to the causes of action or defenses asserted in the pleadings. Accordingly it is an improper assertion. ***Admitted*** insofar as the transcript speaks for itself.

121.    Nathan Shamosh gave a declaration supporting plaintiffs' motion for summary judgment. DE 47. ***Admitted.***

122.    Nathan Shamosh testified he has no personal knowledge as to what products were sold to Walgreens. Barten Opp MSJ Dec. Ex. 6. ***Disputed.*** There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82. ***Objection:*** Unsupported/misstates record. Immaterial. Mr Shamosh testified in other areas of the deposition that he had some knowledge of what products were sold to Walgreens. Furthermore, Mr. Shamosh' declaration details that he was aware of other Luv n' care products being sold at Walgreen. Shamosh Dec. ¶¶ 30-32. Furthermore, the fact that Nathan Shamosh may not know the detailed list of products sold by Luv n' care to Walgreen does not mean that Luv n' care does not know such information. ***Admitted*** insofar as the transcript speaks for itself.

123.    Plaintiffs' Initial Disclosures identifies Mr. Shamosh as having discoverable information that they may rely upon at trial regarding "Sales and distribution of Plaintiffs' products including the infringing products sold by Defendants, damages to sales, lost profits, damage to the reputation and good will of Plaintiffs, and deceptive and unfair trade practices by defendants." Barten Opp MSJ Dec. Ex. 3 at 4. ***Objection:*** Immaterial. ***Admitted*** insofar as the transcript speaks for itself.

124.    On May 7, 2009, Nathan Shamosh testified:

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**CONFIDENTIAL ATTY EYES ONLY**



Barten Opp MSJ Dec. Ex. 6 at 43:7-12. ***Disputed.*** The transcript attached as Ex. 6 to the Barten

Opp. MSJ DE 73 is not a transcript but a trade dress chart. ***Objection:*** Immaterial. ***Admitted***

that the transcript is accurate.

125.    Nathan Shamosh testified he has no personal knowledge as to which LNC

products were sold by Walgreens marked with a "Wow" price point. Barten Opp MSJ Dec. Ex. 6

at 46:2-4. ***Disputed.*** There is no deposition transcript of Nathan Shamosh attached to Barten

Opp MSJ Dec. DE 82. ***Objection.*** Immaterial. The fact that Nathan Shamosh may not know the

detailed list of products sold by Luv n' care to Walgreen does not mean that Luv n' care does not

know such information. ***Admitted*** insofar as the transcript speaks for itself.

126.    Nathan Shamosh testified:

**CONFIDENTIAL ATTY EYES ONLY**



Barten Opp MSJ Dec. Ex. 6 at 46:2-4. ***Disputed.*** There is no deposition transcript of Nathan

Shamosh attached to Barten Opp MSJ Dec. DE 82. ***Admitted*** insofar as the transcript speaks for

itself.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

127.    Nathan Shamosh testified he has no personal knowledge as to who determined the price points for Walgreens when Walgreens was a customer for LNC. Barten Opp MSJ Dec. Ex. 6 at 46:12-14. ***Disputed.*** There is no depsoition transcript of Nathan Shamosh attached to the court filing. ***Objection.*** Immaterial as to whether Nathan Shamosh knew this information. By way of further objection., this information is in the possession of Walgreens who has failed to produce timely discovery. Accordingly, it is Luv n' care's position that additional discovery is warranted under Rule 56f.

128.    On  May 7, 2009 Nathan Shamosh testified:

**CONFIDENTIAL ATTY EYES ONLY**



Barten Opp MSJ Dec. Ex. 6 at 46:12-14. ***Disputed.*** There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82. ***Objection.*** Immaterial as to whether Nathan Shamosh knew this information. By way of further objection., this information is in the possession of Walgreens who has failed to produce timely discovery. Accordingly, it is Luv n' care's position that additional discovery is warranted under Rule 56f. ***Admitted*** insofar as the transcript speaks for itself.

129.    Nathon Shamosh testified he had no involvement with the dealings with Walgreens until Jack Ralph Hakim retired in about the last year-and-a-half. Barten Opp MSJ Dec. Ex. 6 at 46:20-23. ***Disputed.*** There is no deposition transcript of Nathan Shamosh attached

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

to Barten Opp MSJ Dec. DE 82. ***Objection.***   Immaterial.   ***Admitted*** insofar as the transcript speaks for itself.

130.          On May 7, 2009 Nathan Shamosh testified:
### CONFIDENTIAL ATTY EYES ONLY



Barten Opp MSJ Dec. Ex. 6 at 46:20-23.  ***Disputed.***  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82.  ***Objection.***  Immaterial as to whether Nathan Shamosh knew this information.  By way of further objection., this information is in the possession of Walgreens who has failed to produce timely discovery.  Accordingly, it is Luv n' care's position that additional discovery is warranted under Rule 56f.  ***Admitted***  that the transcript is accurate.

131.          Nathan Shamosh testified he has no personal knowledge as to whether Walgreen's sale of product has damaged the reputation of LNC. Barten Opp MSJ Dec.  Ex. 6 at 110:4-8.  ***Disputed.***  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82.  ***Objection.***  Immaterial as to whether Nathan Shamosh knew this information. There are other evidentiary sources for this information.

132.          On May 7, 2009 Nathan Shamosh testified:
### CONFIDENTIAL ATTY EYES ONLY



123

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Barten Opp MSJ Dec. Ex. 6 at 110:4-8.  ***Disputed.***  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82.  ***Objection.***  Immaterial as to whether Nathan Shamosh knew this information.  There are other evidentiary sources for this information.  ***Admitted*** that the transcript is accurate.

133.    Nathan Shamosh testified he has no personal knowledge as to whether plaintiffs' products have been sold by LNC without the word Nuby on it.  Barten Opp MSJ Dec. Ex. 6 at 120:11-14.  ***Disputed.***  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82.  ***Objection.***  Immaterial as to whether Nathan Shamosh knew this information.  There are other evidentiary sources for this information.  ***Admitted*** insofar as the transcript speaks for itself.

134.    On May 7, 2009 Nathan Shamosh testified:

**CONFIDENTIAL ATTY EYES ONLY**

Barten Opp MSJ Dec. Ex. 6 at 120:11-14.  ***Disputed.***  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82.  ***Objection.***  Immaterial as to whether Nathan Shamosh knew this information.  There are other evidentiary sources for this information.  ***Admitted*** insofar as the transcript speaks for itself.

135.    Nathan Shamosh testified he has no personal knowledge as to whether Walgreens has ever bought the sport sipper made by LNC. Barten Opp MSJ Dec. Ex. 6 at 200:4-

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

7.  ***Disputed.***  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ

Dec. DE 82.  ***Objection.***  Immaterial as to whether Nathan Shamosh knew this information.

There are other evidentiary sources for this information.  By way of further objection., this

information is in the possession of Walgreens who has failed to produce timely discovery.

Accordingly, it is Luv n' care's position that additional discovery is warranted under Rule 56f.

***Admitted*** insofar as the transcript speaks for itself.

136.            On May 7, 2009 Nathan Shamosh testified:

> Q.  To your knowledge, did Walgreens ever buy the
> sport sipper made by Luv N' Care?
> A.  I don't know.  I didn't have direct dealings
> with Walgreens.

Barten Opp MSJ Dec. Ex. 6 at 200:4-7.  ***Disputed.***  There is no deposition transcript of Nathan

Shamosh attached to Barten Opp MSJ Dec. DE 82.  ***Objection.***  Immaterial as to whether Nathan

Shamosh knew this information.  There are other evidentiary sources for this information.  By

way of further objection., this information is in the possession of Walgreens who has failed to

produce timely discovery.  Accordingly, it is Luv n' care's position that additional discovery is

warranted under Rule 56f.  ***Admitted*** insofar as the transcript speaks for itself.

137.            On May 7, 2009 Nathan Shamosh testified:

**CONFIDENTIAL ATTY EYES ONLY**



*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Barten Opp MSJ Dec. Ex. 6 at 200:10-14.  **Disputed.**  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82.  **Objection.**  Immaterial as to whether Nathan Shamosh knew this information.  There are other evidentiary sources for this information.  By way of further objection., this information is in the possession of Walgreens who has failed to produce timely discovery.  Accordingly, it is Luv n' care's position that additional discovery is warranted under Rule 56f.  **Admitted** that the transcript is accurate.

138.        Nathan Shamosh testified he has no personal knowledge of plaintiff Admar International. Barten Opp MSJ Dec. Ex. 6 at 200:15-17.  **Disputed.**  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82.  **Objection.**  Immaterial as to whether Nathan Shamosh knew this information.  There are other evidentiary sources for this information.  **Admitted** insofar as the transcript speaks for itself.

139.        On May 7, 2009 Nathan Shamosh testified:

**CONFIDENTIAL ATTY EYES ONLY**

Barten Opp MSJ Dec. Ex. 6 at 200:15-17.  **Disputed.**  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82.  **Objection.**  Immaterial as to whether Nathan Shamosh dealt directly with Walgreen.  **Admitted** insofar as the transcript speaks for itself.

140.        Nathan Shamosh testified he did not deal directly with Walgreens. Barten Opp MSJ Dec. Ex. 6 at 213:25-214:1-3.  **Disputed.**  There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82.  **Objection.**  Immaterial **.**  Immaterial as to

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

whether Nathan Shamosh dealt directly with Walgreen. ***Admitted*** insofar as the transcript speaks for itself.

141.        Nathan Shamosh testified:

### CONFIDENTIAL ATTY EYES ONLY



Barten Opp MSJ Dec. Ex. 6 at 213:25-214:1-3. ***Disputed.*** There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82. ***Objection.*** Immaterial **.** Immaterial as to whether Nathan Shamosh dealt directly with Walgreen. ***Admitted*** that the transcript is accurate.

142.        Nathan Shamosh's counsel acknowledged that Mr. Shamosh testified at least eight times during his deposition that he had no personal involvement with Walgreens. Barten Opp MSJ Dec. Ex. 6 196:12-17. ***Disputed.*** There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82. ***Objection.*** Immaterial. Plaintiffs' litigation counsel is not a witness in this case and this alleged fact is immaterial under Local Rule 56.1.

143.        Nathan Shamosh testified:

### CONFIDENTIAL-ATTY EYES ONLY



127

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Barten Opp MSJ Dec. Ex. 6 196:12-17. **Disputed.** There is no deposition transcript of Nathan Shamosh attached to Barten Opp MSJ Dec. DE 82. **Objection.** Immaterial. Plaintiffs' litigation counsel is not a witness in this case and this alleged fact is immaterial under Local Rule 56.1. **Admitted** that the transcript is accurate.

144.    Exhibits 1 and 2 to Mr. Shamosh's Declaration constitute or contain hearsay. See DE 47 at Exs. 1, 2. **Objection:** Immaterial. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. The purported fact is not relevant to the causes of action or defenses asserted in the pleadings but is rather an evidentiary issue. **Disputed:** They further would constitute exceptions to hearsay as recorded recollection or statements of mental impression.

145.    Exhibits 1 and 2 to Mr. Shamosh's Declaration lack foundation. See DE 47 at Exs. 1, 2. **Objection:** Immaterial. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. The purported fact is not relevant to the causes of action or defenses asserted in the pleadings but is rather an evidentiary

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

issue. **Disputed:** Shamosh has testified as to the origin of the emails and has adequately laid a foundation. See Shamosh Dec. ¶¶ 20, 21.

**Plaintiffs' Arguments of Lies, Deception and Copying Are Based On Inadmissible Evidence Contradicted by Walgreens' Testimony**

146.    Plaintiffs claim Walgreens "lied" to induce Plaintiffs into two more shipments at the agreed upon price. DE 49 at 2-4. **Admitted**.

147.    An email plaintiffs identified in this context (DE 49 at DE 48 ¶ 38-41 & Ex. 2), from Walgreens category manager, Jeffrey Kruckman, states "let me make two 2 more buys to get through the ads I have in the system…." DE 48 Ex. 2. **Admitted.** Plaintiffs further state in response however that the email represents only part of the exchange between Luv n' care and Walgreen's on the subject as more fully set forth in the Declarations of Tim McQuillen and Jack Hakim.

148.    The email is consistent with Mr. Kruckman's other statements to plaintiffs and their agents that he sought to "cover my planning." DE 48, McQuillan Dec., at Ex. 4. **Disputed.** As set forth in the Declarations of Tim McQuillen and Jack Hakim, Walgreens was attempting to secure infringing knock-offs but neeeded te additional supplies to allow his plot to thicken. Immaterial and inconclusive. The testimony of Kruckman is disputed and particulary disputed as it relates to the desing of Walgreens to knockoff Plaintiffs designs. Plaintiffs admit that the testimony is accurately transcribed but deny its truth and have submitted competing evidence in the form of the Declarations of Ed Hakim DE 52, Nathan Shamosh DE 47, Jack Hakim DE 50 and Tim McQuillen DE 52. Furthermore, Walgreens itself has sole possession of evidence related to this question and Walgreen's failed to respond to discovery or produce a propery

129

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

prepared corporate representative.  At the very least thi Court should allow additional discovery
on this issue.

149.            On May 13, 2009, Jeffrey Kruckman testified:

> Q.   What is expected of you as a buyer and a
> category manager?
> ***
> A.   To obtain the best quality products and
> programs at the absolute best prices to give our
> consumer the best value possible while increasing
> shareholder value.

Barten Opp. MSJ Dec. Ex. 10 at 246:22-247-5.

> Let's talk about Exhibit 13 first.  What
> list of attributes are you looking for when you
> evaluate a sample corresponding to Exhibit 13?
> A.   Any number of possible things from what
> I feel it can hold as a retail price point to what
> it cost me to handle it, what it cost to acquire
> it, what the product will merchandise like in the
> stores and how much of a statement that I can make
> to the consumer.  Will it make a nice, colorful
> display?  Will it be worthy of shelf space or table
> space?  The attributes are endless.  There's no one
> thing.  I mean, I could go on for a long time.
> What the name of the product is, can we change the
> name of the product, can we play with packaging.
> There are dozens of things that you do.  It's all
> about being the best value in mom's perception.
> It's all about the customer at Walgreens.
> Q.   For the accused product in 13, what
> retail price point were you looking for?
> A.   I was looking for that item to be at
> approximately a $3 retail.

Barten Opp MSJ Dec. Ex. 10 at 318:11-319:7

> Q.   So you were looking for a lower cost on
> the Exhibit 13 [an accused Walgreens' product

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

> sold under the mark WAGI] product than you
> had for Nuby products?
> A.    In conjunction with being a better
> value, yes.
> Q.    With respect to being a better value,
> what goes into that?
> ***
> A.    A better performing product.

Barten Opp. MSJ Dec. Ex. 10 at 322:15-24.  **Objection:**  Immaterial and inconclusive.  The

testimony of Kruckman is disputed and particulary disputed as it relates to the desing of

Walgreens to knockoff Plaintiffs designs.  Plaintiffs admit that the testimony is accurately

transcribed but deny its truth and have submitted competing evidence in the form of the

Declarations of Ed Hakim DE 52, Nathan Shamosh DE 47,  Jack Hakim DE 50 and Tim

McQuillen DE 52. Furthermore, Walgreens itself has sole possession of evidence related to this

question and Walgreen's failed to respond to discovery or produce a propery prepared corporate

representative.  At the very least this Court should allow additional discovery on this issue. .

   150.    Walgreens' category manager and buyer, Jeffrey Kruckman, repeatedly testified

he found a better consumer value than plaintiffs offered, as exemplified by this excerpt:

> Q.    But was a factor in this particular
> case?
> A.    The main factor was our $3 price point.
> Q.    So it was important to you to have a $3
> price point; is that correct?
> A.    That was part of our WOW strategy that
> was on Exhibit 13 as well as the Luv n' care
> product.
> Q.    Were you trying to give the consumer a
> good value?
> A.    I have stated that several times.
> That's my job to give the consumer a good value.
> Q.    Did you feel that you were giving the

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

consumer a good value?
A.   I know that I gave the consumer a good value.
Q.   Were you asking the consumer to evaluate one competitor's product against another to determine if there was good value?
A.   Not at all.
Q.   You were just asking them to randomly pick a product without knowing what the other products were like?
A.   This product on the shelf has no relation other than the fact that it's a sippy cup with all of the rest of the sippy cups.

Barten Opp. MSJ Dec. Ex. 10 at 325:21-326:22.  ***Objection:***  Immaterial and inconclusive.  The testimony of Kruckman is disputed and particulary disputed as it relates to the desing of Walgreens to knockoff Plaintiffs designs.  Plaintiffs admit that the testimony is accurately transcribed but deny its truth and have submitted competing evidence in the form of the Declarations of Ed Hakim DE 52, Nathan Shamosh DE 47,  Jack Hakim DE 50 and Tim McQuillen DE 52. Furthermore, Walgreens itself has sole possession of evidence related to this question and Walgreen's failed to respond to discovery or produce a propery prepared corporate representative.  At the very least this Court should allow additional discovery on this issue.

151.    Mr. Kruckman informed plaintiffs that "due to the price increases that Luv 'N Care is looking for we have had to find an alternate source for the WOW! Product going forward to maintain our current price points."  DE 49 Ex. 5.  ***Admitted.***  that Kruckman gave that excuse as his pretext.

152.    Plaintiffs argue in their motion that Walgreens "misleadingly transitioned consumers."  DE 49 at 2-4.  ***Admitted***.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

153.     Plaintiffs provide two photographs that allegedly depict LNC products next to Walgreens products.  DE 52 Ex. 4.  ***Admitted***.

154.     The two photographs are grainy.  DE 52 Ex. 4.  ***Objection:***  Immaterial.  Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion.  Furthermore the quality of the photograph is irrelevant as it clearly depicts LNC products next to Walgreen knock-offs.

155.     The two photographs are barely discernible.  DE 52 Ex. 4.  ***Objection:*** Immaterial.  Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion. Furthermore the quality of the photograph is irrelevant as it clearly depicts LNC products next to Walgreen knock-offs.

156.     The two photographs are unauthenticated. DE 52 Ex. 4.  ***Disputed.***  Nathan Shamosh authenitcated the pictures in  his Declaration at ¶¶ 30-32, DE 47.  The other Declarants

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

testified that they had witnessed similar displays. See Tim McQuillen Dec. at 58, DE 48; Ed

Hakim Dec. at ¶¶57-59, DE 52; Jack Hakim Dec. at ¶ 58, DE 50.

157.    The two photographs lack foundation. See generally DE 52 & Ex. 4. ***Disputed.***

Nathan Shamosh authenitcated the pictures in his Declaration at ¶¶ 30-32, DE 47. The other

Declarants testified that they had witnessed similar displays. See Tim McQuillen Dec. at 58, DE

48; Ed Hakim Dec. at ¶¶57-59, DE 52; Jack Hakim Dec. at ¶ 58, DE 50.

158.    Were the photographs admissible, they only show a single instance of such an

event having happened at a single Walgreens store. DE 52 Ex. 4. ***Disputed.*** The Declarants

testified that they regularly witnessed these sorts of displays on mulitple occasions. See Nathan

Shamosh Dec. at ¶¶ 30-32, DE 47; Tim McQuillen Dec. at 58, DE 48; Ed Hakim Dec. at ¶¶57-

59, DE 52; Jack Hakim Dec. at ¶ 58, DE 50.

159.    Nothing in the two photographs indicates a Walgreens customer could not have

placed the items on the shelves as depicted. See DE 52 & Ex. 4. ***Disputed.*** The Declarants

testified that they regularly witnessed these sorts of displays on mulitple occasions. See Nathan

Shamosh Dec. at ¶¶ 30-32, DE 47; Tim McQuillen Dec. at 58, DE 48; Ed Hakim Dec. at ¶¶57-

59, DE 52; Jack Hakim Dec. at ¶ 58, DE 50.

160.    On May 13, 2009, Jeffrey Kruckman testified:

> Q.   You were just asking them to randomly
> pick a product without knowing what the other
> products were like?
> A.   This product on the shelf has no
> relation other than the fact that it's a sippy cup
> with all of the rest of the sippy cups.
> Q.   And you feel that a consumer would pay
> no attention to any other cup on the market when

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

buying this product?
A.   If a consumer is in the market to buy
this product, they are not a brand shopper and
would not perceive that as being any other need to
look.  This is a price point item.

Barten Opp MSJ Dec. Ex. 10 at 326:17-327:5.   *Objection*   Immaterial. Lack of foundation.

Hearsay.  *Admitted* The testimony of Kruckman is disputed and particulary disputed as it relates

to the design of Walgreens to knockoff Plaintiffs designs.  Plaintiffs admit that the testimony is

accurately transcribed but deny its truth and have submitted competing evidence in the form of

the Declarations of Ed Hakim DE 52, Nathan Shamosh DE 47,  Jack Hakim DE 50 and Tim

McQuillen DE 52. Furthermore, Walgreens itself has sole possession of evidence related to this

question and Walgreen's failed to respond to discovery or produce a propery prepared corporate

representative.  At the very least this Court should allow additional discovery on this issue.

There is no evidence that this happened in any more than one store.  See DE 52 & Ex. 4.

*Objection.* Vague and unclear what fact is being asserted.   *Disputed.* If it is an assertion

concerning Walgreen's decision to comingle its own knock-off products with other brands. The

Declarants testified that they regularly witnessed these sorts of displays on mulitple occasions.

See Nathan Shamosh Dec. at  ¶¶ 30-32, DE 47; Tim McQuillen Dec. at 58, DE 48; Ed Hakim

Dec. at ¶¶57-59, DE 52; Jack Hakim Dec. at ¶ 58, DE 50.  Furthermore, Walgreens itself has

sole possession of evidence related to this question and Walgreen's failed to respond to

discovery or produce a propery prepared corporate representative.  At the very least this Court

should allow additional discovery on this issue

135

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

161.     There is no evidence that this happened in any more than one store.  ***Disputed.***
Record evidence shows that Walgreen's engaged in a pattern of such misconduct.  The evidence
shows similar instances occurred in at least three different states and five cites over a period of
months.  See Decl. of Ed Hakim at ¶¶ 57, 58, DE 52; Decl. of Tim McQuillen at ¶¶ 56, 57, 58
DE 48; Decl. of Jack Ralph Hakim at ¶¶ 56, 57, 58 DE 50; and Nathan Shamosh at ¶¶ 30, 31 at
DE 47.

**Plaintiffs' Alleged Trade Dress Elements In The Gripper Cup And No-Spill Cup Are
Commonly Used By Numerous Competitors And Functional**

162.     Plaintiffs ignored evidence of competitors' cups (other than Walgreens' cups) in
their Motion.  See generally DE 49.  ***Objection:***  Immaterial/Unsupported/Irrelevant and Taken
out of context.  The Motion sets forth its legal and factual basis as do the supporting
Declarations.  Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary
Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the
Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short
and concise statement, in numbered paragraphs, of the material facts as to which the moving
party contends there is no genuine issue to be tried.  The purported fact is not relevant to the
causes of action or defenses asserted in the pleadings.  The issue is is whether Defendants have
infringed Plaintiff's trade dress.  ***Disputed.***

163.     On May 20, 2009, LNC's CEO Nouri Ed Hakim testified that there are "roughly
12 other competitors in the market":

> Q.  So, that's roughly 12 other competitors
> in the market, right?

136

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

A.   I would think so.

Buratti Dec. Ex. A at I:72:22-73:2.  ***Objection:***  Unsupported/misstates testimony.  Right after

the quoted excerpt, in his very next breath, Mr. Hakim plainly clarified and qualified his answer:

He would <u>not</u> consider each of the twelve companies named by defense counsel as "a

competitor" or a "major player."  Ex. A at I:73:2-4.  ***Disputed:***  Mr. Hakim testified that Luv n'

care only has "about four" or "five" competitors.  Ex. A at I:73:18-21 ("Q.  But there's about a

dozen that you're aware of?  A.  Not major players, there's only about four."); Ex. A at I:74:8-10

("the only people that we consider our competition would be Playtex, Gerber, Even Flo, Avent,

and Munchkins.").  With respect to other baby sundry items, such as a comb and brush set, there

are even fewer competitors.  Ex. A at I:83:13-84:5 ("Q.  What other competitors make combs

and brushes for infants?  A.  I would say First Years.  I would say, I think Gerber still does.

They've discontinued so much, but I think Gerber still does. . . . There's not many of us left. . . .

That's about it.").

164.    Playtex is a competitor of LNC.  Buratti Dec. Ex. A at I:69:16-73:4.  ***Disputed in***

***part:***  Mr. Hakim testified that "Playtex certainly doesn't make as many cups as they used to."

Ex. A at I:72:20-21.  Playtex also does not make a comb and brush set.  Ex. A at I:83:13-84:5.

***Objection:***  Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and

56(f), because (a) Defendant has not fulfilled its obligations to provide deposition testimony

related to this fact under Fed.R.Civ.P. 30(b)(6), (b) Defendant failed to produce any documentary

evidence or answer any request for admission or interrogatory related to this fact either in its

initial disclosures or in response to Plaintiffs' written discovery requests, and (c) Defendant

failed to identify Atico International, a material witness and indispensible party with knowledge of this fact, in its initial disclosures.  *See* Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl. Malynn.

  165.  Gerber is a competitor of LNC. Buratti Dec. Ex. A at I:69:16-73:4.  ***Admitted.***

  166.  Sassy/Mam is a competitor of LNC. Buratti Dec. Ex. A at I:69:16-73:4.

***Objection, disputed:***  Unsupported/misstates testimony.  Ex. A at I:73:12-13 ("I would not consider Sassy[/]Mam a competitor, no.").  ***Objection:*** Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and 56(f), because (a) Defendant has not fulfilled its obligations to provide deposition testimony related to this fact under Fed.R.Civ.P. 30(b)(6); (b) Defendant failed to produce any documentary evidence or answer any request for admission or interrogatory related to this fact either in its initial disclosures or in response to Plaintiffs' written discovery requests; and (c) Defendant failed to identify Atico International, a material witness and indispensible party with knowledge of this fact, in its initial disclosures.  *See* Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl. Malynn.

  167.  First Years is a competitor of LNC. Buratti Dec. Ex. A at I:69:16-73:4.

***Objection, disputed in part:***  Unsupported/misstates testimony.  Ex. A at I:73:18-21 ("Q.  But there's about a dozen that you're aware of?  A.  Not major players, there's only about four."); Ex. A at I:74:8-10 ("the only people that we consider our competition would be Playtex, Gerber, Even Flo, Avent, and Munchkins.").  First Years competes in comb and brush sets.  Ex. A at I:83:13-84:5.  ***Objection:*** Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and 56(f), because (a) Defendant has not fulfilled its obligations to provide deposition

testimony related to this fact under Fed.R.Civ.P. 30(b)(6); (b) Defendant failed to produce any

documentary evidence or answer any request for admission or interrogatory related to this fact

either in its initial disclosures or in response to Plaintiffs' written discovery requests; and (c)

Defendant failed to identify Atico International, a material witness and indispensible party with

knowledge of this fact, in its initial disclosures.  *See* Opp. Decl. Morris Cohen; Opp. Decl.

Weisburg; Opp. Decl. Malynn.

168.    Even Flo is a competitor of LNC. Buratti Dec. Ex. A at I:69:16-73:4.  ***Disputed***

***in part:***  Even Flo no longer makes a comb and brush set.  Ex. A at I:83:13-84:5.  ***Objection:***

Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and 56(f), because

(a) Defendant has not fulfilled its obligations to provide deposition testimony related to this fact

under Fed.R.Civ.P. 30(b)(6); (b) Defendant failed to produce any documentary evidence or

answer any request for admission or interrogatory related to this fact either in its initial

disclosures or in response to Plaintiffs' written discovery requests, and (c) Defendant failed to

identify Atico International, a material witness and indispensible party with knowledge of this

fact, in its initial disclosures.  Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl.

Malynn.

169.    Munchkins is a competitor of LNC. Buratti Dec. Ex. A at I:69:16-73:4.

***Disputed in part:***  Munchkins does not make a comb and brush set.  Ex. A at I:83:13-84:5.

***Disputed in part***: Munchkins, like Walgreen, has also engaged in deceptively selling knockoffs

of Luv n' care's products.  *See* AMF ¶145-146.  ***Objection:*** Plaintiffs object to this purported fact

pursuant to Fed.R.Civ.P. 26, 30(b)(6), and 56(f), because (a) Defendant has not fulfilled its

obligations to provide deposition testimony related to this fact under Fed.R.Civ.P. 30(b)(6); (b)

Defendant failed to produce any documentary evidence or answer any request for admission or

interrogatory related to this fact either in its initial disclosures or in response to Plaintiffs' written

discovery requests, and (c) Defendant failed to identify Atico International, a material witness

and indispensible party with knowledge of this fact, in its initial disclosures.  Opp. Decl. Morris

Cohen; Opp. Decl. Weisburg; Opp. Decl. Malynn.

170.    ABC/Development is a competitor of LNC. Ex. A at I:69:16-73:4.  ***Objection,***

***disputed:***  Unsupported/misstates testimony.  Ex. A at I:73:18-21 ("Q.  But there's about a dozen

that you're aware of?  A.  Not major players, there's only about four."); Ex. A at I:74:8-10 ("the

only people that we consider our competition would be Playtex, Gerber, Even Flo, Avent, and

Munchkins.").  With respect to other baby sundry items, such as a comb and brush set, there are

even fewer competitors.  Ex. A at I:83:13-84:5 ("Q.  What other competitors make combs and

brushes for infants?  A.  I would say First Years.  I would say, I think Gerber still does.  They've

discontinued so much, but I think Gerber still does. . . . There's not many of us left. . . . That's

about it.").  ***Objection:*** Speculation, lack of foundation/personal knowledge.  Ex. A at I:70:6-16

("I'm not sure exactly. . . .They're not a big player, if they are [even in the field].").  ***Objection:***

Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and 56(f), because

(a) Defendant has not fulfilled its obligations to provide deposition testimony related to this fact

under Fed.R.Civ.P. 30(b)(6); (b) Defendant failed to produce any documentary evidence or

answer any request for admission or interrogatory related to this fact either in its initial

disclosures or in response to Plaintiffs' written discovery requests; and (c) Defendant failed to

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

identify Atico International, a material witness and indispensible party with knowledge of this

fact, in its initial disclosures.  Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl.

Malynn.

171.    Avent is a competitor of LNC. Buratti Dec. Ex. A at I:69:16-73:4.  ***Admitted.***

172.    Playskool is a competitor of LNC. Buratti Dec. Ex. A at I:69:16-73:4.  ***Admitted***
***in part.***  Playskool contracts with Luv n' care to make one of its cups.

173.    Plaintiffs testified that there "could be 30 or 40 or 20" competitors in the sippy

cup market.  Buratti Dec. Ex. A at I:73:22-74:2.  ***Objection, disputed:***  Unsupported/misstates

testimony.  The quoted excerpt refers to sippy cups in general, not entities that were directly

competing against Plaintiffs, and was in reference to companies that make "100 cups a year"

with "hand paint on them.  Really.  They go out and sell them like that, and that's what they do.

They may get $20.00 a cup."  Ex. A at I:75:6-12.  ***Objection:*** Plaintiffs object to this purported

fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and 56(f), because (a) Defendant has not fulfilled its

obligations to provide deposition testimony related to this fact under Fed.R.Civ.P. 30(b)(6); (b)

Defendant failed to produce any documentary evidence or answer any request for admission or

interrogatory related to this fact either in its initial disclosures or in response to Plaintiffs' written

discovery requests; and (c) Defendant failed to identify Atico International, a material witness

and indispensible party with knowledge of this fact, in its initial disclosures.  Opp. Decl. Morris

Cohen; Opp. Decl. Weisburg; Opp. Decl. Malynn.

174.    This Figure shows exemplary sippy cups made by competitors.  Buratti Dec.

Exs. F, G.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**Figure:  Exemplary Competing Product Designs**



***Objection***: Plaintiffs' object to Defendant's use of such unauthenticated, distorted and

manipulated photographic evidence, which it submitted for the purpose of comparing it to

Plaintiffs' asserted trade dress, because Defendant failed to comply with the authentication

requirements of Fed.R.Evid. 901 and 1002.  Defendant's unauthenticated, distorted and

manipulated photographic comparisons are not admissible unless authenticated as a comparison

made by the trier of fact or by expert witnesses with specimens that have also been authenticated.

Moreover, Defendant's unauthenticated manipulated photographs are inadmissible because

Defendant has failed to submit the original undistorted, unmanipulated photographs.  Similarly,

Defendant has submitted no evidence of the date the purported competing cups were first offered

in commerce; thus, there is no evidence to suggest that such predated Plaintiffs' trade dress.

Furthermore, even if such photographic comparisons were authenticated, they should be

excluded under Fed.R.Evid. 403 because their probative value is substantially outweighed by the

danger of confusion of the issues and unfair prejudice because Defendant is seeking through use

of such photographs, and portions thereof, to improperly dissect Plaintiffs' trade dress into its

individual elements when it must be evaluated as a whole pursuant to statute and binding

142

caselaw.   Finally, Plaintiffs object to such photographic comparisons because Defendant is

improperly asking this Court to weigh and evaluate (unauthenticated) evidence when that is the

province of the jury.  ***Disputed:*** Luv n' care's products are unique and distinctive, both when

they were first released into the market in 2003, and today, except for Royal King's knockoffs

and the one Munchkin knockoff. *See* AMF  ¶¶15, 41-42, 145-146; Opp. Decl. of N. Edward

Hakim, at ¶¶5, 6. ***Objection:*** Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26,

30(b)(6), and 56(f), because (a) Defendant failed to identify a expert to testify as to such

comparisons and to authenticate the specimens and the comparisons thereof; (b) Defendant has

not fulfilled its obligations to provide deposition testimony related to this fact under Fed.R.Civ.P.

30(b)(6); (c) Defendant failed to produce any documentary evidence or answer any request for

admission or interrogatory related to this fact either in its initial disclosures or in response to

Plaintiffs' written discovery requests; and (d) Defendant failed to identify Atico International, a

material witness and indispensible party with knowledge of this fact, in its initial disclosures.

Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl. Malynn.  ***Objections and disputed:***

Unsupported by proffered evidence, which lacks foundation, personal knowledge, probative

value, authenticity and reliability.  There is *no evidence* of when any of these allegedly

competing cups were first offered for sale in the market (before or after Plaintiffs' products),

whether any of them have even been offered for sale on the market, whether they are even spill-

proof cups for children, and whether some are even different cups or simply different colored

versions of the same cup.  Finally, none of the depicted cups look like the Luv n' care cups

Walgreens copied (save for the other knockoffs shown).

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**Gripper Cup**

175.    Plaintiffs' trade dress chart alleges an element of the Gripper Cup trade dress is "a colored or tinted bell-shaped cap."  Buratti Dec. Ex. A at I:65:20-66:10; Buratti Dec. Exs. Q, R.  ***Disputed/objection to extent read out of context:***  Mr. Hakim testified that Luv n' care uses custom colors, which are mixed for Luv n' care cups, not stock colors.  The caps for the Luv n' care brand soft-spout cups include a clear silicone spout that rests on a clear oval insert attached to the top of the custom colored cap, which gives the cap a ridged or rounded, layered-like appearance.  The best evidence of the cap and the unique and distinctive overall look of Luv n' care's trade dress is ***the product itself***, for which a design patent is pending, and which Walgreen chose to promote and copy.

176.    Competitors of plaintiffs in the sippy cup market sell sippy cups having a colored or tinted bell-shaped cap.  Buratti Dec. Ex. A at I:75:17-80:9; Buratti Dec. Ex. F.



***Objection***: Plaintiffs' object to Defendant's use of such unauthenticated, distorted and manipulated photographic evidence, which it submitted for the purpose of comparing it to Plaintiffs' asserted trade dress, because Defendant failed to comply with the authentication requirements of Fed.R.Evid. 901 and 1002.  Defendant's unauthenticated, distorted and manipulated photographic comparisons are not admissible unless authenticated as a comparison made by the trier of fact or by expert witnesses with specimens that have also been authenticated.  Moreover, Defendant's unauthenticated manipulated photographs are inadmissible because Defendant has failed to submit the original undistorted, unmanipulated photographs.  Similarly,

144

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Defendant has submitted no evidence of the date the purported competing cups were first offered in commerce; thus, there is no evidence to suggest that such predated Plaintiffs' trade dress. Furthermore, even if such photographic comparisons were authenticated, they should be excluded under Fed.R.Evid. 403 because their probative value is substantially outweighed by the danger of confusion of the issues and unfair prejudice because Defendant is seeking through use of such photographs, and portions thereof, to improperly dissect Plaintiffs' trade dress into its individual elements when it must be evaluated as a whole pursuant to statute and binding caselaw. Finally, Plaintiffs object to such photographic comparisons because Defendant is improperly asking this Court to weigh and evaluate (unauthenticated) evidence when that is the province of the jury. ***Disputed:*** Luv n' care's products are unique and distinctive, both when they were first released into the market in 2003, and today, except for Royal King's knockoffs and the one Munchkin knockoff. *See* AMF ¶41-42, 15, 145-146; Decl. of Opp Decl. of Nouri Ed Hakim, at ¶¶ 5,6. ***Objection:*** Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and 56(f), because (a) Defendant failed to identify a expert to testify as to such comparisons and to authenticate the specimens and the comparisons thereof; (b) Defendant has not fulfilled its obligations to provide deposition testimony related to this fact under Fed.R.Civ.P. 30(b)(6); (c) Defendant failed to produce any documentary evidence or answer any request for admission or interrogatory related to this fact either in its initial disclosures or in response to Plaintiffs' written discovery requests; and (d) Defendant failed to identify Atico International, a material witness and indispensible party with knowledge of this fact, in its initial disclosures. Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl. Malynn. ***Objections and disputed:***

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Unsupported by proffered evidence, which lacks foundation, personal knowledge, probative value, authenticity and reliability.  There is *no evidence* of when any of these allegedly competing cups were first offered for sale in the market, whether any of them have been sold on the market, and whether they are even different cups.  None of the depicted caps (save the Munchkin cap, another knockoff that has received a cease and desist letter, and is shown in the middle) include a clear silicone spout that rests on a clear oval silicone insert attached to the top of the custom-colored cap, which gives the cap a ridged/rounded, layered-like appearance.  Moreover, the photographs provided appear to cut off the tops of the depicted caps, so as to preclude a meaningful comparison.  There is *no evidence* of the actual sizes of the caps of these allegedly competing cups, as no scale was provided for each picture.  There is *no evidence* that the caps for these allegedly competing cups use the same custom colors.  None of the caps (save Munchkin knockoff) look like the cap for the Luv n' care cup.  In fact, at least one of the photographs has been altered to remove the handles going into both sides of the cap, which plainly contributes to an overall different look.  Finally, there is *no evidence* that the cups with the depicted caps (save for the infringing Munchkin cup), when viewed as a whole, look like the Luv n' care brand cup.

      

177.    On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  All right, do the other competitors, to Luv 'N Care's knowledge, use colored caps on their sippy cups?
> A.  I would think both categories use colored caps, in one form or another.

146

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

> . . .
> Q.  No one else uses a bell shaped cap?
> A.  Royal King does.
> Q.   Anybody else, to Luv 'N Care's
>  knowledge?
> A.  I think recently Munchkins is doing
> that.

Buratti Dec. Ex. A at I:75:17-77:16.  ***Admitted in part, disputed/objection to extent taken out of***

***context:***  Mr. Hakim plainly testified that nobody other than Royal King and recently Munchkins

(two infringers) have cups that use a similar "bell shaped cap."  Ex. A at I:77:11-18 ("Q.

Anybody else?  A.  No.").  In addition, he pointed out that, although other companies use colors

for their cups, Walgreen's commissioned knockoffs have a color scheme that simulates the

custom colors used by the Luv n' care cups, such that consumers would be unable to distinguish

the cups by their colors.

178.    Plaintiffs' trade dress chart alleges an element of the Gripper Cup trade dress is

"an oval clear silicone spout which is attached to a silicone top of the cap."  Buratti Dec. Ex. A at

I:65:20-66:10; Buratti Dec. Ex. Q, R.  ***Disputed/objection to extent read out of context:***  The

Luv n' care clear silicone spout, which rests on a clear oval insert attached to the top of a custom

colored bell-shaped cap and provides the cap with a ridged/rounded, layered-like appearance,

work together to help give the Luv n' care brand cup a unique and distinctive look.  The best

evidence of the top of the cup, and the unique and distinctive overall look of Luv n' care's trade

dress is the product itself, for which a design patent is pending, and which Walgreen chose to

promote and copy.

147

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

179.    Competitors of plaintiffs in the sippy cup market sell sippy cups having an oval

clear silicone spout which is attached to a silicone top of the cap.  Buratti Dec. Ex. A at I:75:17-

80:9; Buratti Dec. Ex. F.



***Objection***: Plaintiffs' object to Defendant's use of such unauthenticated, distorted and

manipulated photographic evidence, which it submitted for the purpose of comparing it to

Plaintiffs' asserted trade dress, because Defendant failed to comply with the authentication

requirements of Fed.R.Evid. 901 and 1002.  Defendant's unauthenticated, distorted and

manipulated photographic comparisons are not admissible unless authenticated as a comparison

made by the trier of fact or by expert witnesses with specimens that have also been authenticated.

Moreover, Defendant's unauthenticated manipulated photographs are inadmissible because

Defendant has failed to submit the original undistorted, unmanipulated photographs.  Similarly,

Defendant has submitted no evidence of the date the purported competing cups were first offered

in commerce; thus, there is no evidence to suggest that such predated Plaintiffs' trade dress.

Furthermore, even if such photographic comparisons were authenticated, they should be

excluded under Fed.R.Evid. 403 because their probative value is substantially outweighed by the

danger of confusion of the issues and unfair prejudice because Defendant is seeking through use

of such photographs, and portions thereof, to improperly dissect Plaintiffs' trade dress into its

individual elements when it must be evaluated as a whole pursuant to statute and binding

caselaw.   Finally, Plaintiffs object to such photographic comparisons because Defendant is

improperly asking this Court to weigh and evaluate (unauthenticated) evidence when that is the

province of the jury.  ***Disputed:*** Luv n' care's products are unique and distinctive, both when

they were first released into the market in 2003, and today, except for Royal King's knockoffs

and the one Munchkin knockoff. *See* AMF ¶¶ 15, 148-149; Opp. Decl. of Nouri Ed Hakim, at ¶¶

5,6. ***Objection:*** Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and

56(f), because (a) Defendant failed to identify a expert to testify as to such comparisons and to

authenticate the specimens and the comparisons thereof, (b) Defendant has not fulfilled its

obligations to provide deposition testimony related to this fact under Fed.R.Civ.P. 30(b)(6); (c)

Defendant failed to produce any documentary evidence or answer any request for admission or

interrogatory related to this fact either in its initial disclosures or in response to Plaintiffs' written

discovery requests; and (d) Defendant failed to identify Atico International, a material witness

and indispensible party with knowledge of this fact, in its initial disclosures.  Opp. Decl. Morris

Cohen; Opp. Decl. Weisburg; Opp. Decl. Malynn. ***Objections and disputes:*** Unsupported by

proffered evidence, which lacks foundation, personal knowledge, probative value, authenticity

and reliability.  There is *no evidence* of when any of these allegedly competing cups were first

offered for sale in the market, whether any of them have been sold on the market, and whether

they are even different cups.  There is *no evidence* that the soft-spouts for these allegedly

competing cups rest on a clear oval silicon top to a custom colored bell-shape cap, which

together provide a ridged/rounded, layered-like appearance and contribute to the overall look of

the Luv n' care cup.  The proffered pictures, in fact, purposefully cut off the spouts from the tops

of the caps to prevent anyone from actually seeing the tops of the allegedly competing cups, and

making an apples-to-apples comparison.  There is *no evidence* of the actual sizes of the spouts, as

no scale was provided for each picture.  None of the spouts (save for the infringing knockoffs)

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

even look like the spout for the Luv n' care cup.  Finally, except for the depicted Royal King and

Munchkin knockoffs, there is *no evidence* that the cups with the depicted spouts, when viewed as

a whole, look like the Luv n' care brand cup.



180.    On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Do any of those other competitors that
> we've discussed, use an oval, clear, silicone
> spout?
> A. Two.  Royal King - when I tell you
> Royal King, I can say Royal King/Walgreens.
> They're the same person.
>  ......
> Q.   All right, does any other competitor
> attach the silicone top, the silicone spout to
> the silicone top of the cap?
> A.   That's my design.  The only people who
> copied is Walgreens and Munchkins.
> Q.   Munchkins copied?
> A.   Yes.
> Q.   Do any of the other competitors use a
> colored cup?
> A.   Everybody uses a colored cup.

Buratti Dec. Ex. A at I:77:19-78:22.

181.    Plaintiffs' trade dress chart alleges an element of the Gripper Cup trade dress is

"a colored cup, the cup having a hood-like shape on it with a wave like appearance in the face-

like area in front of and below the hood."  Buratti Dec. Ex. A at I:65:20-66:10; Buratti Dec. Exs.

Q, R.  ***Disputed/objection to extent read out of context:***  Neither a photograph nor a written

description can effectively simulate or bring to life what consumers see when using and

purchasing the cup, both in terms of this element (the Luv n' care hooded-look and wave-like

150

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

appearance) and how it contributes to the overall appearance of the cup. The best evidence of the cup, and the unique and distinctive overall look of Luv n' care's trade dress is the product itself, for which a design patent is pending, and which Walgreen chose to promote and copy.

182.     Competitors of Plaintiffs in the sippy cup market sell sippy cups having a colored cup, the cup having a hood-like shape on it with a wave like appearance in the face-like area in front of and below the hood. Buratti Dec. Ex. A at I:75:17-80:9; Buratti Dec. Ex. F.



***Objection***: Plaintiffs' object to Defendant's use of such unauthenticated, distorted and manipulated photographic evidence, which it submitted for the purpose of comparing it to Plaintiffs' asserted trade dress, because Defendant failed to comply with the authentication requirements of Fed.R.Evid. 901 and 1002. Defendant's unauthenticated, distorted and manipulated photographic comparisons are not admissible unless authenticated as a comparison made by the trier of fact or by expert witnesses with specimens that have also been authenticated. Moreover, Defendant's unauthenticated manipulated photographs are inadmissible because Defendant has failed to submit the original undistorted, unmanipulated photographs. Similarly, Defendant has submitted no evidence of the date the purported competing cups were first offered in commerce; thus, there is no evidence to suggest that such predated Plaintiffs' trade dress. Furthermore, even if such photographic comparisons were authenticated, they should be excluded under Fed.R.Evid. 403 because their probative value is substantially outweighed by the danger of confusion of the issues and unfair prejudice because Defendant is seeking through use

of such photographs, and portions thereof, to improperly dissect Plaintiffs' trade dress into its

individual elements when it must be evaluated as a whole pursuant to statute and binding

caselaw.   Finally, Plaintiffs object to such photographic comparisons because Defendant is

improperly asking this Court to weigh and evaluate (unauthenticated) evidence when that is the

province of the jury. ***Disputed:*** Luv n' care's products are unique and distinctive, both when

they were first released into the market in 2003, and today, except for Royal King's knockoffs

and the one Munchkin knockoff. *See* AMF ¶¶ 41-42, 15, 145-146; Opp. Decl. of Nouri Ed

Hakim, at ¶¶ 5,6. ***Objection:*** Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26,

30(b)(6), and 56(f), because (a) Defendant failed to identify a expert to testify as to such

comparisons and to authenticate the specimens and the comparisons thereof; (b) Defendant has

not fulfilled its obligations to provide deposition testimony related to this fact under Fed.R.Civ.P.

30(b)(6); (c) Defendant failed to produce any documentary evidence or answer any request for

admission or interrogatory related to this fact either in its initial disclosures or in response to

Plaintiffs' written discovery requests; and (d) Defendant failed to identify Atico International, a

material witness and indispensible party with knowledge of this fact, in its initial disclosures.

Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl. Malynn. ***Objection and disputed:***

Unsupported by proffered evidence, which lacks foundation, personal knowledge, probative

value, authenticity and reliability.   There is *no evidence* of when any of the depicted cups (except

for Royal Kings' infringing cup) were first offered for sale in the market, whether any of them

have been sold on the market, and whether they are even different cups.   Luv n' care's hooded

look with inset waves, which create a unique front and back look to the cup, is distinctive and

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

was unique to the Luv n' care brand cup. There is *no evidence* of the actual sizes of the depicted

cups, as no scale was provided for each picture. There is *no evidence* that any cup vessel,

including other vessels with an hour-glass shape, look like the Luv n' care cup (except for the

Royal King and Munchkin knockoff cups). The proffered pictures plainly support this point.

Also, at least one of the pictures has been adulterated to cut off handles, in an obvious attempt to

manipulate the viewer into thinking the cups look similar. Finally, except for the knockoff cups,

there is *no evidence* that the cups with the depicted vessels, the caps and spouts of which are not

shown, when viewed as a whole, look like the Luv n' care brand soft-spout cup.



183.     On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  All right, so, other competitors use
> hood like shapes?
> A.  Yes.
> Q.  Other competitors have cups with wave
> like appearances on them?
> A.  Yes.
> Do other competitors have cups with
> wave like appearances in face like areas?
> A.  Yes.
> Q.  And do those face like areas appear in
> front of and below the hood portions of the cups?
> A.  Yes.

Buratti Dec. Ex. A at I:79:20-80:9. ***Objection:*** Immaterial, lacks probative value, does not

pertain to the Luv n' care cup, but speaks in generalities. Federal law is clear that a protectable

trade dress can comprise of a unique combination of entirely common and wholly functional

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

features.  ***Disputed/objection to extent read out of context:***  Mr. Hakim made clear that the

above testimony was not referring to the unique and distinctive hooded and wave like appearance

of Luv n' care's hour-glass shape cup, which is how Mr. Hakim originally understood the

question.  Ex. A at I:79:1-6 ("Q.  Do other competitors use a cup having a hood like shape on it?

A.  I would say only Walgreens, and here again, every time I say Walgreens, it also includes

Royal King.  Walgreens, Royal King, and Munchkins.").  Defense counsel likewise made clear

that he was talking about general features; he was not asking about the look unique to the Luv n'

care cup.  Ex. A at I:80:15-16 ("I'm talking about general features of sippy cups").

184.    There are no other elements of the Gripper Cup asserted against Walgreens in

addition to the elements listed in Exhibits Q and R.  Buratti Dec. Ex. A at I:65:20-66:10.

***Objection:***  Calls for a legal conclusion, vague and ambiguous.  The best evidence of the overall

look of the Luv n' care trade dress is the product itself, for which a design patent is pending, and

which Walgreen chose to promote and copy.  The in-person overall look and appearance of the

Luv n' care soft-spout cup comprises its trade dress.  ***Disputed in part:***  Plaintiffs' trade dress

chart provides a description of the main things consumers visually see and would consider, at a

minimum, the overall look of this Luv n' care cup (and its packaging), which Walgreen bought,

liked, promoted and copied.  Plaintiffs dispute any construction of the trade dress chart that

would be inconsistent with its plain language and an in-person visual inspection of the cup, and

any such construction of Mr. Hakim's testimony, as defense counsel did not dig into the meaning

of the listed elements but was very superficial in his questioning.  At no point did he show Mr.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Hakim the product, walk Mr. Hakim through its trade dress, and request that he explain the

elements of the product's overall look.

    185.    On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Now, for the exhibit B product, that's
> on the first page of exhibit 40, are there any
> other elements besides the four elements that are
> bulleted there, that are the naked product trade
> dress that's asserted against Walgreens?
> A.  I don't believe so.
> Q.  We need to lock you down on this, all
> right?  We need to understand that there's no
> more elements coming.  That's part of the purpose
> of this deposition, especially when we agreed to
> conduct them afterwards, so I want to get a yes
> or a no from you.
> A.  I don't believe so.

Buratti Dec. Ex. A at I:65:20-66:10; Buratti Dec. Exs. Q, R.  ***Objection:***  Calls for a legal

conclusion, lack of foundation, vague and ambiguous, no stated meaning of trade dress elements,

let alone "naked product trade dress."  ***Admitted in part, disputed to extent read out of context:***

Plaintiffs' trade dress chart provides a description of the main things consumers visually see and

would consider, at a minimum, the overall look of this Luv n' care brand cup, which Walgreens

bought, liked, promoted and copied.  Plaintiffs dispute any construction of the trade dress chart

that would be inconsistent with its plain language and an in-person visual inspection of this cup,

and any such construction of Mr. Hakim's testimony.  Defense counsel did not provide a

definition for trade-dress "elements" or ask follow-up questions asking Mr. Hakim to

explain/elaborate on the listed elements.  The questioning was very superficial.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

186.    LNC maintains a website at www.nuby.com. See <www.nuby.com>(visited May 19, 2009 and on other dates, including June 4, 2009). Buratti Dec. Ex. D. **Admitted.**

187.    LNC's website describes the Gripper Cup as having functional features.  Buratti Dec. Ex D. **Objection.**  Immaterial, not probative, how LNC's website might describe individual features does not speak to whether the *overall* look of the Luv n' care soft-spout cup is primarily non-functional, the federal standard for a protectable trade dress. **Disputed:** The overall look of the Luv n' care soft-spout cup is not dictated by any individual functional feature.  There are many alternative ways to shape, design, style and color a no-spill cup, which has only three basic features visible to the consumer:  a vessel, a cap and a spout.  There is no need to copy the design and overall look of the Luv n' care cup.  This fact is evidenced by the many design patents issued by the United States Patent & Trademark Office ("USPTO") covering no-spill cups, caps and vessels, and the many different alternative shapes, designs, styles and colors of cups on the market.  *See* AMF ¶¶6, 8, 11.  Put simply, the overall look of Luv n' care's cup is primarily non-functional.

188.    LNC's website states its Gripper Cup is "easy to use." Buratti Dec. Ex. D. **Objection:**  Immaterial, not probative, this generalized statement does not pertain to the *look* of the Luv n' care soft-spout cup. **Disputed:**  All no-spill cups are easy to use by nature, as they are made for toddlers and young children.  "Easy to use" is puffery and can be said of any viable no-spill cup.  There is no need to copy the design and overall look of the Luv n' care cup.  This fact is evidenced by the many design patents issued by the United States Patent & Trademark Office covering no-spill cups, caps and vessels, and the many different alternative shapes, designs,

styles and colors of cups on the market.  *See* AMF ¶¶¶ 6, 8, 11.  Put simply, the overall look of

Luv n' care's cup is primarily non-functional.

189.    LNC's website states its Gripper Cup is "easy to clean." Buratti Dec. Ex. D.

**Objection:**  Immaterial, not probative, this generalized statement does not pertain to the *look* of

the Luv n' care soft-spout cup.  **Disputed:**  The Luv n' care soft-spout cup is easy to clean in part

because it has one less part to clean; it does not have a detachable valve inside the cup.

Consumers can remove the valves in other spill-proof cups, and have a sippy cup that is just as

easy to clean, without affecting the look of those cups.  Valves are ***internal*** devices that are not

part of the overall look of a cup.  There is no need to copy the design and overall look of the Luv

n' care cup.  This fact is evidenced by the many design patents issued by the United States Patent

& Trademark Office covering no-spill cups, caps and vessels, and the many different alternative

shapes, designs, styles and colors of cups on the market.  *See* AMF ¶¶¶ 6, 8, 11.  Put simply, the

overall look of Luv n' care's cup is primarily non-functional.

190.    LNC's website states its Gripper Cup is "perfect for little hands to hold and

toddlers on the go."  Buratti Dec. Ex. D.  **Objection:**  Immaterial, not probative, this generalized

statement does not speak to whether the overall *look* of this cup is primarily non-functional, the

federal standard for a protectable trade dress.  **Disputed:**  All no-spill cups are made for little

hands to hold and for ease of use.  Such puffery is marketing, intending to appeal to the varying

tastes of consumers, and can be said of any viable no-spill cup.  There is no need to copy the

design and overall look of the Luv n' care cup.  There are many cups that made for little hands to

hold but look nothing like the overall shape, design, style and color of the Luv n' care cup, for

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

which a design patent is pending, and which Walgreen promoted and copied.  This fact is

evidenced by the many design patents issued by the United States Patent & Trademark Office

covering no-spill cups, caps and vessels, and the many different alternative shapes, designs,

styles and colors of cups on the market.  *See* AMF ¶¶¶ 6, 8, 11.  Put simply, the overall look of

Luv n' care's cup is primarily non-functional.

191.    LNC's website states its Gripper Cup "prevents spills." Buratti Dec. Ex. D.

***Objection:*** Immaterial, not probative, this generalized statement does not pertain to the *look* of

the Luv n' care soft-spout cup.  ***Disputed:***  Many different cups in this category prevent spills

and/or reduce leaks.  There is simply no need to copy the design and overall look of the Luv n'

care cup.  This fact is evidenced by the many design patents issued by the United States Patent &

Trademark Office covering no-spill cups, caps and vessels, and the many different alternative

shapes, designs, styles and colors of cups on the market.  *See* AMF ¶¶¶ 6, 8, 11.  Put simply, the

overall look of Luv n' care's cup is primarily non-functional.

192.    LNC's website states its Gripper Cup "reduces leaks." Buratti Dec. Ex. D.

***Objection:*** Immaterial, not probative, this generalized statement does not pertain to the *look* of

the Luv n' care soft-spout cup.  ***Disputed:***  Many different cups in this category prevent spills

and/or reduce leaks.  There is simply no need to copy the design and overall look of the Luv n'

care cup.  This fact is evidenced by the many design patents issued by the United States Patent &

Trademark Office covering no-spill cups, caps and vessels, and the many different alternative

shapes, designs, styles and colors of cups on the market.  *See* AMF ¶¶¶ 6, 8, 11.  Put simply, the

overall look of Luv n' care's cup is primarily non-functional.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

193.     LNC's website states its Gripper Cup has a "unique 1 piece valve."  Buratti

Dec. Ex. D.  **Objection:**  Immaterial, not probative, does not pertain to the *look* of the Luv n' care

soft-spout cup.  **Disputed:**  This Luv n' care cup has a patented one-piece valve, rather than some

other multi-part internal mechanism to prevents spills and/or reduce leaks, and that is *not seen* by

the consumer.  This patent only requires that the spout be soft and designed for a child's mouth;

it otherwise has no bearing on the *look* of the cup, including the style and color of the spout, the

shape, design, style and color of the top of the cup, the shape, design, style and color of the cap,

and the shape, design, style and color of the vessel.  There is simply no need to copy the design

and overall look of the Luv n' care cup.  This fact is evidenced by the many design patents issued

by the United States Patent & Trademark Office covering no-spill cups, caps and vessels, and the

many different alternative shapes, designs, styles and colors of cups on the market.  *See* AMF

¶¶ 6, 8, 11.  Put simply, the overall look of Luv n' care's cup is primarily non-functional.

194.     LNC's customer sheets describe the utilitarian features of the Gripper Cup.

Buratti Dec. Ex..J.  **Objection.**  Immaterial, not probative, how LNC's customer sheets might

describe individual features does not speak to whether the *overall look* of the Luv n' care soft-

spout cup is primarily non-functional, the federal standard for a protectable trade dress.

**Disputed:**  The overall look of the Luv n' care soft-spout cup is not dictated by any of its

functional features.  There are many alternative ways to shape, design, style and color a no-spill

cup, which has only three basic features visible to the consumer:  a vessel; a cap and a spout.

There is no need to copy the design and overall look of the Luv n' care cup.  This fact is

evidenced by the many design patents issued by the United States Patent & Trademark Office

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

covering no-spill cups, caps and vessels, and the many different alternative shapes, designs, styles and colors of cups on the market. *See* AMF ¶¶ 6, 8, 11. Put simply, the overall look of Luv n' care's cup is primarily non-functional.

**No-Spill Cup**

195.    The No-Spill Cup is sold in a variety of colors. Buratti Dec. Ex. D. **Objection:** Misstates the record. **Disputed:** The Luv n' care hard-spout cups have a custom tinted, translucent vessel and a darker, custom colored cap; the tints and colors are specially mixed for the Luv n' care brand hard-spout cup. *See* AMF ¶ 16.

196.    The trademark NUBY® appears on LNC's No-Spill Cup at least one time. Buratti Dec. Ex. D. **Objection, disputed:** Misstates the record. The trademark appears on the bottom of the Luv n' care hard-spout cup, which would not be apparent to most consumers. **Objection:** Immaterial to issues raised by Defendant's motion. Walgreen does not claim on summary judgment that there is no likelihood of confusion resulting from its sales of its commissioned knockoff cups, which have the same overall look and sold in similar, intentionally deceptive packaging under its unknown WAGI® mark.

197.    Plaintiffs' trade dress chart alleges a protectable element of the No-Spill Cup traded dress is "a colored tinted generally cylindrical cup with a wider portion." Buratti Dec. Exs. Q, R. **Objection:** A trade dress does not need any individually "protectable elements." Federal law is clear that a protectable trade dress can comprise of a unique combination of entirely common and wholly functional features. **Disputed/objection to extent read out of context:** Plaintiffs' trade dress chart provides a description of the main things consumers

160

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

visually see and would consider, at a minimum, the overall look of the Luv n' care brand hard-spout cup.  The best evidence of the overall look of the Luv n' care hard-spout cup is the product itself, which Walgreens bought, liked, promoted and copied.

198.    Competitors of plaintiffs in the sippy cup market sell sippy cups having a colored tinted generally cylindrical cup with a wider portion. Buratti Dec.  Ex. A at I:81:8-19; Buratti Dec. Ex. G.



**Objection**: Plaintiffs' object to Defendant's use of such unauthenticated, distorted and manipulated photographic evidence, which it submitted for the purpose of comparing it to Plaintiffs' asserted trade dress, because Defendant failed to comply with the authentication requirements of Fed.R.Evid. 901 and 1002.  Defendant's unauthenticated, distorted and manipulated photographic comparisons are not admissible unless authenticated as a comparison made by the trier of fact or by expert witnesses with specimens that have also been authenticated.  Moreover, Defendant's unauthenticated manipulated photographs are inadmissible because Defendant has failed to submit the original undistorted, unmanipulated photographs.  Similarly, Defendant has submitted no evidence of the date the purported competing cups were first offered in commerce; thus,

161

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

there is no evidence to suggest that such predated Plaintiffs' trade dress. Furthermore,

even if such photographic comparisons were authenticated, they should be excluded

under Fed.R.Evid. 403 because their probative value is substantially outweighed by the

danger of confusion of the issues and unfair prejudice because Defendant is seeking

through use of such photographs, and portions thereof, to improperly dissect Plaintiffs'

trade dress into its individual elements when it must be evaluated as a whole pursuant to

statute and binding caselaw.   Finally, Plaintiffs object to such photographic comparisons

because Defendant is improperly asking this Court to weigh and evaluate

(unauthenticated) evidence when that is the province of the jury. ***Disputed:*** Luv n' care's

products are unique and distinctive, both when they were first released into the market in

2003, and today, except for Royal King's knockoffs and the one Munchkin knockoff. *See*

AMF 145-146, 15, 41-42; Opp. Decl. of Nouri Ed Hakim, at ¶¶ 5,6. ***Objection:*** Plaintiffs

object to this purported fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and 56(f), because (a)

Defendant failed to identify a expert to testify as to such comparisons and to authenticate

the specimens and the comparisons thereof, (b) Defendant has not fulfilled its obligations

to provide deposition testimony related to this fact under Fed.R.Civ.P. 30(b)(6); (c)

Defendant failed to produce any documentary evidence or answer any request for

admission or interrogatory related to this fact either in its initial disclosures or in response

to Plaintiffs' written discovery requests; and (d) Defendant failed to identify Atico

International, a material witness and indispensible party with knowledge of this fact, in

its initial disclosures.  Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl.

162

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Malynn.  ***Objection and disputed:***  Misstates the records, lacks foundation, personal

knowledge, probative value, authenticity and reliability.  There is *no evidence* of when

any of the depicted cups were first offered for sale in the market, whether any of them

have been sold on the market, and whether they are even different cups.  There is *no*

*evidence* of the actual sizes of these allegedly competing cups, as no scale was provided

for each picture.  The depicted cups do not have the same or even a similar custom tinted,

translucent cylindrical cup that widens towards the top the way the Luv n' care cup

widens.  Moreover, the depicted cups, when viewed as a whole, do not look like the Luv

n' care cup, which is unique and distinctive, as can be readily seen by even these pictures.

199.    On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  All right, do other competitors that
> we've talked about today, use colored, tinted,
> generally cylindrical shaped cups?
> A.  Yes.
> Q.  Do some of those cups have lighter
> upper portions?
> A.  Yes.
> Q.  Do other competitors that we've
> discussed today use colored caps?
> A.  Yes.
> Q.  Tinted caps?
> A.  Yes.

Buratti Dec. Ex. A, at.I at 81:8-19.  ***Objection:***  Immaterial, lacks probative value as the question

does not pertain to the Luv n' care cup, but speaks in generalities.  Federal law is clear that a

protectable trade dress can comprise of a unique combination of entirely common and wholly

functional features.  ***Disputed/objection to extent read out of context:***  Mr. Hakim made clear

that the above testimony was not referring to the unique and distinctive look of the Luv n' care

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

hard-spout cup. Ex. A at I:75:22-76:10 ("Q. And tinted caps? A. No. Q. No one else uses

tinted caps? A. The only one that I know that uses tinted caps [other than Royal King], maybe,

would be Munchkin."). Defense counsel made clear that he was talking about general features in

sippy cups; he was not asking about the look unique to the Luv n' care cup. Ex. A at I:80:15-16

("I'm talking about general features of sippy cups").

200.    Plaintiffs' trade dress chart alleges a protectable element of the No-Spill Cup

trade dress is "a colored or tinted cap, having a cap sitting on a cap look, with a spout having a

bulb-like base and a relatively pointed top." Buratti Dec. Ex. A at I:66:11-67:11; Buratti Dec.

Exs. Q, R. ***Objection:*** A trade dress does not need any individually "protectable elements."

Federal law is clear that a protectable trade dress can comprise of a unique combination of

entirely common and wholly functional features. ***Disputed/objection to extent read out of***

***context:*** Plaintiffs' trade dress chart provides a description of the main things consumers

visually see and would consider, at a minimum, the overall look of the Luv n' care brand hard-

spout cup. The best evidence of the overall look of the Luv n' care hard-spout cup is the product

itself, which Walgreens bought, liked, promoted and copied.

201.    Competitors of plaintiffs in the sippy cup market sell sippy cups having a

colored or tinted cap, having a cap sitting on a cap look, with a spout having a bulb-like base and

a relatively pointed top. Buratti Dec. Ex. A at I:81:15-82:7; Buratti Dec. Exs. G, Q, R.



*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**Objection**: Plaintiffs' object to Defendant's use of such unauthenticated, distorted and manipulated photographic evidence, which it submitted for the purpose of comparing it to Plaintiffs' asserted trade dress, because Defendant failed to comply with the authentication requirements of Fed.R.Evid. 901 and 1002. Defendant's unauthenticated, distorted and manipulated photographic comparisons are not admissible unless authenticated as a comparison made by the trier of fact or by expert witnesses with specimens that have also been authenticated. Moreover, Defendant's unauthenticated manipulated photographs are inadmissible because Defendant has failed to submit the original undistorted, unmanipulated photographs. Similarly, Defendant has submitted no evidence of the date the purported competing cups were first offered in commerce; thus, there is no evidence to suggest that such predated Plaintiffs' trade dress. Furthermore, even if such photographic comparisons were authenticated, they should be excluded under Fed.R.Evid. 403 because their probative value is substantially outweighed by the danger of confusion of the issues and unfair prejudice because Defendant is seeking through use of such photographs, and portions thereof, to improperly dissect Plaintiffs' trade dress into its individual elements when it must be evaluated as a whole pursuant to statute and binding caselaw. Finally, Plaintiffs object to such photographic comparisons because Defendant is improperly asking this Court to weigh and evaluate (unauthenticated) evidence when that is the province of the jury. **Disputed:** Luv n' care's products are unique and distinctive, both when they were first released into the market in 2003, and today, except for Royal King's knockoffs and the one Munchkin knockoff. *See*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

AMF 15, 41-42, 145-146; Opp. Decl. of Nouri Ed Hakim, at ¶¶ 5,6.  ***Objection:*** Plaintiffs

object to this purported fact pursuant to Fed.R.Civ.P. 26, 30(b)(6), and 56(f), because (a)

Defendant failed to identify a expert to testify as to such comparisons and to authenticate

the specimens and the comparisons thereof; (b) Defendant has not fulfilled its obligations

to provide deposition testimony related to this fact under Fed.R.Civ.P. 30(b)(6); (c)

Defendant failed to produce any documentary evidence or answer any request for

admission or interrogatory related to this fact either in its initial disclosures or in response

to Plaintiffs' written discovery requests; and (d) Defendant failed to identify Atico

International, a material witness and indispensible party with knowledge of this fact, in

its initial disclosures.  Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl.

Malynn.  ***Objection and disputed:***  Misstates the records, lacks foundation, personal

knowledge, probative value, authenticity and reliability.  There is *no evidence* of when

any of the depicted cups were first offered for sale in the market, whether any of them

have been sold on the market, and whether they are even different cups.  There is *no*

*evidence* of the actual sizes of the caps of these allegedly competing cups, as no scale was

provided for each picture.  Moreover, the caps do not have the same or even a similar

look, including a custom tinted cap, cap-sitting-on-cap look, and spout with a bulb-like

base and pointed top.  Finally, there is *no evidence* that the depicted cups, when viewed

as a whole, look like the Luv n' care cup.

166

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)



202.    On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q. Do some of them use caps that have a
> cap sitting on a cap look?
> A.  Yes.
> Q.  Do other competitors have cups with
> spouts that have bold [sic] like faces?
> A.  Yes.
> Q.  And pointy tops?
> A.  Yes.
> Q.  Relatively pointed tops?
> A.  Yes.

Buratti Dec. Ex. A at I:81:20-82:7.  ***Objection:***  Immaterial, lacks probative value as the question does not pertain to the Luv n' care cup, but speaks in generalities.  Federal law is clear that a protectable trade dress can comprise of a unique combination of entirely common and wholly functional features.  ***Disputed/objection to extent read out of context:***  Mr. Hakim made clear that the above testimony was not referring to the unique and distinctive look of the Luv n' care hard-spout cup.  Ex. A at I:75:22-76:10 & I:79:1-6.  Defense counsel made clear that he was talking about general features in sippy cups; he was not asking about the look unique to the Luv n' care cup.  Ex. A at I:80:15-16 ("I'm talking about general features of sippy cups").

203.    Plaintiffs' trade dress chart alleges a protectable element of the No-Spill Cup trade dress is a "folded inner paper insert."  Buratti Dec. Ex. A at I:66:11-67:11; Buratti Dec. Exs. Q, R.  ***Objection:***  A trade dress does not need any individually "protectable elements."

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Federal law is clear that a protectable trade dress can comprise of a unique combination of entirely common and wholly functional features.  ***Disputed/objection to extent read out of context:***  Plaintiffs' trade dress chart provides a description of the main things consumers visually see and would consider, at a minimum, the overall look of the Luv n' care brand hard-spout cup.  The best evidence of the overall look of the Luv n' care hard-spout cup is the product itself, which Walgreens bought, liked, promoted and copied.

204.     Competitors of plaintiffs in the sippy cup market sell sippy cups having a folded inner paper insert. Buratti Dec. Ex. A at I:82:8-10; Buratti Dec. Ex. G.  ***Admitted in part/Disputed in part:***  <u>Other competitors may use packaging that is folded and inserted into their cups; however, the Defendant provided no evidence that any such inserts look like Plaintiffs' insert</u> .  ***Objection***: Plaintiffs' object to Defendant's use of such unauthenticated, distorted and manipulated photographic evidence, which it submitted for the purpose of comparing it to Plaintiffs' asserted trade dress, because Defendant failed to comply with the authentication requirements of Fed.R.Evid. 901 and 1002.  Defendant's unauthenticated, distorted and manipulated photographic comparisons are not admissible unless authenticated as a comparison made by the trier of fact or by expert witnesses with specimens that have also been authenticated. Moreover, Defendant's unauthenticated manipulated photographs are inadmissible because Defendant has failed to submit the original undistorted, unmanipulated photographs.  Similarly, Defendant has submitted no evidence of the date the purported competing cups were first offered in commerce; thus, there is no evidence to suggest that such predated Plaintiffs' trade dress. Furthermore, even if such photographic comparisons were authenticated, they should be

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

excluded under Fed.R.Evid. 403 because their probative value is substantially outweighed by the

danger of confusion of the issues and unfair prejudice because Defendant is seeking through use

of such photographs, and portions thereof, to improperly dissect Plaintiffs' trade dress into its

individual elements when it must be evaluated as a whole pursuant to statute and binding

caselaw.   Finally, Plaintiffs object to such photographic comparisons because Defendant is

improperly asking this Court to weigh and evaluate (unauthenticated) evidence when that is the

province of the jury.  ***Disputed:*** Luv n' care's products are unique and distinctive, both when

they were first released into the market in 2003, and today, except for Royal King's knockoffs

and the one Munchkin knockoff. *See* AMF 15, 41-42, 145-146; Opp. Decl. of Nouri Ed Hakim,

at ¶¶ 5,6. ***Objection:*** Plaintiffs object to this purported fact pursuant to Fed.R.Civ.P. 26,

30(b)(6), and 56(f), because (a) Defendant failed to identify a expert to testify as to such

comparisons and to authenticate the specimens and the comparisons thereof; (b) Defendant has

not fulfilled its obligations to provide deposition testimony related to this fact under Fed.R.Civ.P.

30(b)(6); (c) Defendant failed to produce any documentary evidence or answer any request for

admission or interrogatory related to this fact either in its initial disclosures or in response to

Plaintiffs' written discovery requests; and (d) Defendant failed to identify Atico International, a

material witness and indispensible party with knowledge of this fact, in its initial disclosures.

Opp. Decl. Morris Cohen; Opp. Decl. Weisburg; Opp. Decl. Malynn.

      205.    On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Do other competitors use packaging
> that's folded and inserted into sippy cups?
> A.  Yes.

169

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Buratti Dec. Ex. A at I:82:8-10. ***Admitted in part/Disputed in part:*** <u>Defendant has provided no</u>
<u>evidence that any such inserts *look* like Plaintiffs' insert</u>.

206.    There are no other elements of the No-Spill Cup asserted against Walgreens in
addition to the elements listed in Buratti Dec. Exhibits Q and R.  Ex. A at I:66:11-18.  ***Objection:***
Calls for a legal conclusion, vague and ambiguous.  The best evidence of the overall look of the
Luv n' care trade dress is the product itself, which Walgreen chose to promote and copy.  The in-
person overall look and appearance of the Luv n' care soft-spout cup comprises its trade dress.
***Disputed in part:***  Plaintiffs' trade dress chart provides a description of the main things
consumers visually see and would consider, at a minimum, the overall look of this Luv n' care
brand cup, which Walgreens bought, liked, promoted and copied.  Plaintiffs dispute any
construction of the trade dress chart that would be inconsistent with its plain language and an in-
person visual inspection of this cup, and any such construction of Mr. Hakim's testimony.
Defense counsel did not provide a definition for trade-dress "elements" or ask follow-up
questions concerning asking Mr. Hakim to explain/elaborate on the listed elements.  The
questioning was very superficial.

207.    On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  For the exhibit C product, which is
> depicted on the left side of the second page of
> exhibit 40, are there any other elements besides
> the four - well, for the naked product, the first
> three elements, are there any other naked trade
> dress elements, besides those three bullet
> points, asserted against Walgreens?
> A.   I don't believe so.

Buratti Dec. Ex. A at I:66:11-18. **Objection:** Calls for a legal conclusion, lack of foundation, vague and ambiguous, no stated meaning of trade dress elements, let alone "naked trade dress elements." ***Admitted in part, disputed to extent read out of context:*** Plaintiffs' trade dress chart provides a description of the main things consumers visually see and would consider, at a minimum, the overall look of this Luv n' care brand cup, which Walgreens bought, liked, promoted and copied. Plaintiffs dispute any construction of the trade dress chart that would be inconsistent with its plain language and an in-person visual inspection of this cup, and any such construction of Mr. Hakim's testimony. Defense counsel did not provide a definition for trade-dress "elements," let alone "naked trade dress elements," or ask follow-up questions concerning asking Mr. Hakim to explain/elaborate on the listed elements. The questioning was very superficial.

208.    Plaintiffs' website describes the No-Spill Cup in functional language. Buratti Dec. Ex. D. **Objection.** Immaterial, not probative, how LNC's website might describe individual features does not speak to whether the overall *look* of the Luv n' care hard-spout cup is primarily non-functional, the federal standard for a protectable trade dress. **Disputed:** The overall look of the Luv n' care hard-spout cup is not dictated by any functional features. There are many alternative ways to shape, design, style and color a no-spill cup, which has only three basic features visible to the consumer: a vessel, a cap and a spout. There is no need to copy the design and overall look of the Luv n' care cup. This fact is evidenced by the many design patents issued by the United States Patent & Trademark Office covering no-spill cups, caps and vessels, and the many different alternative shapes, designs, styles and colors of cups on the

market.  *See* AMF ¶¶¶ 6, 8, 11.  Put simply, the overall look of Luv n' care's cup is primarily

non-functional.

209.    LNC's website states its No-Spill Cup "features the Dual-flo<sup>TM</sup> valve that can

be adjusted to control the flow of liquid. The easy to use spout is hard and robust perfect for

toddlers with newly formed sharp teeth." Buratti Dec. Ex. D.  **Objection:**  Immaterial, not

probative, does not speak to whether the overall *look* of the Luv n' care soft-spout cup is

primarily non-functional, the federal standard for a protectable trade dress.  **Disputed:**  All no-

spill cups have some sort of internal valve.  Whether the internal valve can be adjusted to control

the flow of liquid has nothing to do with the *appearance* of the cup.  Also, all hard-spout cups

can be marketed and puffed as "robust," "good" or "perfect" to toddlers with newly formed sharp

teeth.  That is why a consumer may prefer a hard-spout over a soft-spout cup.  But there is

simply no need to copy the design and overall look of the Luv n' care cup.  This fact is

evidenced by the many design patents issued by the United States Patent & Trademark Office

covering no-spill cups, caps and vessels, and the many different alternative shapes, designs,

styles and colors of cups on the market.  *See* AMF ¶¶¶ 6,8, 11.  Put simply, the overall look of

Luv n' care's cup is primarily non-functional.

210.    LNC's customer sheets describe the utilitarian features of its cups.  Buratti Dec.

Ex. J.  **Objection.**  Immaterial, not probative, how LNC's customer sheets might describe

individual features does not speak to whether the overall look of the Luv n' care hard-spout cup

is primarily non-functional, the federal standard for a protectable trade dress.  **Disputed:**  The

overall look of the Luv n' care hard-spout cup is not dictated by any functional features.  There

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

are many alternative ways to shape, design, style and color a no-spill cup, which has only three basic features visible to the consumer:  a vessel, a cap and a spout.  There is no need to copy the design and overall look of the Luv n' care cup.  This fact is evidenced by the many design patents issued by the United States Patent & Trademark Office covering no-spill cups, caps and vessels, and the many different alternative shapes, designs, styles and colors of cups on the market.  *See* AMF ¶¶¶ 6, 8, 11.  Put simply, the overall look of Luv n' care's cup is primarily non-functional.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

**Plaintiffs Never Attempted To Register Their Trade Dress, Despite The Admitted
Importance Of Obtaining Registrations**

211.    LNC has not applied to register the asserted designs as trade dress with the

USPTO. See <www.uspto.gov> (visited June 4, 2009).  ***Objection/disputed to extent read out of***

***context:***  Irrelevant, immaterial.  There are many factors that go into a decision to register a trade

dress.  One factor is whether there is a design patent application pending for the product, which

is the case for the Luv n' care soft-spout cup.  A defendant's decision to copy a particular trade

dress may occur before the holder of a protectable trade dress registers it with the USPTO, and is

evidence of secondary meaning.  In this situation, an infringement action moots any need to file

for a registration, particularly when a design patent application is already pending with the

USPTO.  This is the situation at bar.

212.    On May 21, 2009 LNC's CEO Nouri Ed Hakim testified:

A.  I would register what I can register.
Q.  So, you would register the trade dress,
if it was up to you, as CEO?
A.  Me, personally, I would register
whatever I could register, without just a sure
waste of money.

Buratti Dec. Ex. A at II:173:1-6.  ***Objection/disputed to extent read out of context:***  Irrelevant,

immaterial, taken completely out of context.  There are many factors that go into a decision to

register a trade dress.  One factor is whether there is a design patent application pending for the

product, which is the case for the Luv n' care soft-spout cup.  A defendant's decision to copy a

particular trade dress may occur before the holder of a protectable trade dress registers it with the

USPTO, and is evidence of secondary meaning.  In this situation, an infringement action moots

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

any need to file for a registration, particular when a design patent application is already pending with the USPTO. This is the situation at bar.

213.    Plaintiffs ignored that they did not attempt to register their trade dress in their Motion. See generally DE 49. ***Objection/disputed to extent read out of context:*** Irrelevant, immaterial, taken completely out of context. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. The purported fact is not relevant to the causes of action or defenses asserted in the pleadings. Accordingly it is an improper assertion. The Motion sets forth its legal and factual basis as do the supporitng Declarations. Also there are many factors that go into a decision to register a trade dress. One factor is whether there is a design patent application pending for the product, which is the case for the Luv n' care soft-spout cup. A defendant's decision to copy a particular trade dress may occur before the holder of a protectable trade dress registers it with the USPTO, and is evidence of secondary meaning. In this situation, an infringement action moots any need to file for a registration, particular when a design patent application is already pending with the USPTO. This is the situation at bar.

**Plaintiffs Have No Reliable Advertising Evidence**

214.    Before 2009, LNC had "basically no" advertising budget in the United States. Buratti Dec. Ex. B at I:31:7-17. ***Objection/disputed to extent read out of context:*** Immaterial

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

given that the largest retail chains in the United States, including Walmart and Walgreens, advertised and promoted Luv n' care's no-spill cups themselves, with and without any advertising allowances. The cooperative ads for Luv n' care cups was effective. For example, Walgreens would run advertisements and promotions for Luv n' care hard-spout cup every other month, and sales of this cup would jump dramatically, from about 23,000 units per week to 85,000 units per week, when Walgreens promoted the cup. Similarly, Walmart's advertisements and promotion of Luv n' care's soft-spout cup contributed to this cup becoming the #1 selling cup in the United States. Therefore, the purpose of a large advertising budget was being completely fulfilled through cooperative advertisements by large retail chains, including Walmart and Walgreens. *See* AMF ¶¶ 55, 56, 59, 66, 67, 73.

215.    Admar does not advertise in the U.S. at all. Buratti Dec. Ex. B at I:29:6-17.

**Objection:** Irrelevant. The success of the advertising done by Luv n' care and its retailers also inures to Admar's benefit.

216.    Plaintiffs testified to have given "advertising allowances" to their customers in the form of a rebate to offset costs of advertising in circulars and the like. Buratti Dec. Ex. B at I:47:2-8. **Objection:** Unsupported (testimony omitted from transcript submitted).

**Objection/disputed to extent read out of context:** Some large retail chains, such as Walgreens, chose to advertise and promote Luv n' care brand cups without any subsidy, rebate or offset, due to the enormous demand for and special appeal and consumer recognition of the Luv n' care brand cups. *See* AMF ¶74.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

217.    Plaintiffs testified, that this allowance would "give [their customers] a certain percentage, based upon their sales, for ***them*** to advertise with."  Buratti Dec. Ex. B (emphasis added) at I:47:2-8.  ***Objection/disputed to extent read out of context:***    Cooperate advertising by large retain chains, which by its nature is targeted to customers of the products advertised, uses the same artwork and serves the same function as general advertising, but it is more cost-effective, and in the case of Luv n' care cups, was far more effective in making a commercial impression among targeted consumers.  *See* AMF ¶56.

218.    Plaintiffs cannot ascribe the portion of the non-plaintiff advertising done on any particular product, let alone the asserted products in suit. Buratti Dec. Ex B at II:16:6-13.  ***Objection:***  Misstates testimony.  Record cited concerned financial information stored on Plaintiffs' computer system; it did not concern other types of evidence.  It also did not concern "non-plaintiff" or large retail advertising, but simply "direct" expenditures. Ex. B at II:16:6-17:2.  ***Objection/disputed to extent read out of context:***    Immaterial given that the largest retail chains in the United States, including Walmart and Walgreens, advertised and promoted Luv n' care's cups themselves, with and without any advertising allowances.  The cooperative ads for Luv n' care cups was effective.  For example, Walgreens would run advertisements and promotions for Luv n' care hard-spout cup every other month, and sales of this cup would jump dramatically, from about 23,000 units per week to 85,000 units per week, when Walgreens promoted the cup.  Similarly, Walmart's monthly advertisements and promotion of Luv n' care's soft-spout cup contributed to this cup becoming the #1 selling cup in the United States. Therefore, the purpose of an advertising budget, even one earmarked by product, was being

completely fulfilled through cooperative advertisements by large retail chains, including

Walmart and Walgreens.  *See* AMF ¶¶ 55, 56, 59, 66, 67, 73.

219.    Plaintiffs' advertisements discuss function  attributes of their product designs.

Buratti Dec. Ex. A at II:111:16-17.  **Objection.**  Immaterial, not probative, does not speak to any

particular product or whether the overall look of any Luv n' care product is primarily non-

functional, the federal standard for a protectable trade dress.  **Disputed:**  The overall look and

appearance of a Luv n' care product is not dictated by any functional features.  There are many

alternative ways to shape, design, style and color baby products, including no-spill cups and

comb and brush sets.  There is no need to copy the design and overall look of a Luv n' care

product.  Put simply, the overall look of Luv n' care's cup is primarily non-functional.

220.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.   What advertising are you aware of that
> promotes the functional attributes of the gripper
> cup?
> A.   Specifically, only promotes the
> function attributes?
> Q.   No, no, I'm not separating, but I
> understand it may do both, but my first question
> promotes functional attributes?
> A.   That may include some functionality?
> Q.   Sure.
> A.   All of the advertisement probably
> includes some form of functionality.

Buratti Dec. Ex. A at II:111:12-17.  **Objection.**  Immaterial, not probative, does not speak to any

particular product or whether the overall look of any Luv n' care product is primarily non-

functional, the federal standard for a protectable trade dress.  **Disputed:**  The overall look and

appearance of a Luv n' care product is not dictated by any functional features.  There are many

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

alternative ways to shape, design, style and color baby products, including no-spill cups and comb and brush sets.  There is no need to copy the design and overall look of a Luv n' care product.  Put simply, the overall look of Luv n' care's cup is primarily non-functional.

     221.     On May 29, 2009, LNC's President Joseph Hakim testified:

> Q.  There's a lot of different costs here in
> Exhibits 55 and 56.  Are they apportionable to a
> 8  byproduct basis?
> A  How?
> Q  Can I -- can I apportion these costs --
> A  To a specific item?
> Q  Yes.
> A  No.

Buratti Dec. Ex B at II:16:6-13.  ***Objection:***  Immaterial.  Record cited concerned financial information stored on Plaintiffs' computer system; it did not concern other types of evidence.  It also did not concern "non-plaintiff" or large retailer advertising, but simply "direct" expenditures.  Ex. B at II:16:6-17:2.  ***Objection/disputed to extent read out of context:*** Immaterial given that the largest retail chains in the United States, including Walmart and Walgreens, advertised and promoted Luv n' care's cups themselves, with and without any advertising allowances.  The cooperative ads for Luv n' care cups was effective.  For example, Walgreens would run advertisements and promotions for Luv n' care hard-spout cup every other month, and sales of this cup would jump dramatically, from about 23,000 units per week to 85,000 units per week, when Walgreens promoted the cup.  Similarly, Walmart's monthly advertisements and promotion of Luv n' care's soft-spout cup contributed to this cup becoming the #1 selling cup in the United States.  Therefore, the purpose of an advertising budget, even

179

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

one earmarked by product, was being completely fulfilled through cooperative advertisements by

large retail chains, including Walmart and Walgreens.  *See* AMF ¶¶¶ 55, 56, 59, 66, 67, 73.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

222.     Plaintiffs ignored that they have no reliable advertising evidence in their

Motion.  See generally DE 49.  ***Objection/disputed to extent read out of context:***  Irrelevant,

immaterial, taken completely out of context.  Local Civil Rule 56.1. Statements of Material Facts

on Motion for Summary Judgment provides that: Upon any motion for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice

of motion a separate, short and concise statement, in numbered paragraphs, of the material facts

as to which the moving party contends there is no genuine issue to be tried.  The purported fact is

not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an

improper assertion.  The Motion sets forth its legal and factual basis as do the supporitng

Declarations.  The statement further ignores the ample evidence of 3rd party advertsing and

public notoriety as set forth in the suporting Declarations.  See e.g.  Nathan Shamosh Dec. ¶¶ 20,

21, 22, and 24, DE 47; Ed Hakim Dec. 48, 49 and 50, DE 52; Tim McQuillen Dec.  ¶¶ 21, 22,

23, 24 and 55, DE 48; Jack Hakim Dec. ¶¶ 16 through 22, DE 50.

**Plaintiffs Have No Survey Evidence**

223.     Plaintiffs have not conducted any consumer survey of their own with regard to

the Gripper Cup. Buratti Dec. Ex. A at I:56:13-20.  ***Objection/disputed to extent read out of***

***context:***  Plaintiffs have conducted no consumer survey at this juncture, and the Court has ruled

that no expert testimony will be permitted to confirm secondary meaning at this point in time.

224.     Plaintiffs have not conducted any consumer survey of their own with regard to

the No-Spill Cup. Buratti Dec. Ex. A at I:56:13-20.  ***Objection/ disputed to extent read out of***

***context:***  Plaintiffs have conducted no survey at this juncture, but Plaintiffs did retain an expert,

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

who reviewed the consumer survey Royal King conducted on the Luv n' care hard-spout cup,

provided a report on this survey, and was made available to Walgreens to depose.  One reason

Plaintiffs did not pay for survey evidence is because Royal King did, and its survey showed that

Luv n' care's hard-spout cup has acquired distinctiveness.  *See* AMF ¶¶ 148, 150.  Royal King's

own survey evidence showed that over 30% of targeted consumers (mothers with young

children), even in locations where Luv n' care does not sell many cups, *just by looking at the*

*cup*, knew that Luv n' care's hard-spout cup came from one source.  *See* AMF ¶150.

      225.     Plaintiffs have not conducted any consumer survey of their own with regard to

the Comb/Brush Set. Buratti Dec. Ex. A at I:56:13-20.  ***Objection/disputed to extent read out of***

***context:***  Plaintiffs have conducted no consumer survey at this juncture, and the Court has ruled

that no expert testimony will be permitted to confirm secondary meaning at this point in time.

      226.     When ask why they never conducted a survey, LNC's CEO testified "why

should we? We're the market leader….there is no reason to." Buratti Dec. Ex. A at I:56:21-57:6.

***Objection/ disputed to extent read out of context:***  Plaintiffs' state-of-mind included the fact that

Royal King retained an expert to conduct a consumer survey on Plaintiffs' hard-spout cup; this

survey confirmed Plaintiffs' belief that its hard-spout cup had acquired secondary meaning.

Plaintiffs' expert reviewed and provided a report on this survey, and Plaintiffs' expert was made

available to Walgreens.  Given that Luv n' care's soft-spout cup is the #1 selling cup in the

United States (not just the #1 selling cup at Walgreens like Plaintiffs' hard-spout cup), has

received more publicity and more awards, and in Plaintiffs' opinion is both inherently distinctive

and famous among consumers, Luv n' care's CEO reasonably believed he did not need to spend

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

upwards to $100,000 on survey evidence, particularly in light of the number of products Royal

King and Walgreens copied. *See* AMF ¶¶ 144, 105, 110. Both Luv n' care cups are the best

selling cup in the United States. *See* AMF ¶¶ 105, 81, 110. Before 2006, when Walgreen

copied Luv n' care's two marketing leading cups, it was likely that every mother in the United

States had purchased a Luv n' care no-spill cup, and knew precisely what they looked like. *See*

AMF ¶¶ 54, 65, 71.

227.    On May 20, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q. But my question was, why didn't Luv 'N
> Care ever do a survey regarding, for example,
> secondary meaning?
> A. Didn't need to.
> Q. For what?
> A. Didn't need to. It's a simple case.

Buratti Dec. Ex. A at I:57:22-58:3. ***Objection/ disputed to extent read out of context:***

Walgreen's omits the very next passage from Luv n' care's CEO's testimony, where he plainly

testified that Royal King's own consumer survey showed that Luv n' care's hard-spout cup had

acquired secondary meaning. Ex. A at I:58:15-18. It follows that Luv n' care's soft-spout cup,

which had greater sales, received product awards for its design, and was the subject of even more

cooperate advertising and unsolicited media coverage, acquired secondary meaning as well. *See*

AMF ¶¶ 62, 66, 67, 68

228.    Plaintiffs ignored that they never took a survey in their Motion. See generally

DE 49. ***Objection/disputed to extent read out of context:*** Irrelevant, immaterial, taken

completely out of context. Local Civil Rule 56.1. Statements of Material Facts on Motion for

Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion.  The Motion sets forth its legal and factual basis as do the supporitng Declarations.

## Plaintiffs Have No Evidence Of Unsolicited Media Coverage

229.     Plaintiffs testified there has been no unsolicited media coverage that highlights the look of the Gripper Cup.  Buratti Dec. Ex. A at III:151:10-13.  ***Objection/ disputed to extent read out of context:***  Plaintiffs testified that there *was* "unsolicited media coverage for Luv n' care's gripper cup," and provided examples.  Ex. A at III: 149:19-150:13.  As Walgreen's heading to this section indicates, that is the import of Walgreen's questioning.  Even if the unsolicited media coverage didn't exclusively highlight the look of the cup, that doesn't mean that there is no evidence of unsolicited media coverage.

230.     Plaintiffs testified that they were "not sure" whether there had been any unsolicited media coverage with respect to the No-Spill Cup.  Buratti Dec. Ex. A at III: 151:14-20.  ***Objection/ disputed to extent read out of context:***  Luv n' care's CEO testified to articles in Small World and Juvenile magazines, which he thought were about Luv n' care's hard-spout cup but could not be sure.  Ex. A at III: 151:14-20.

231.     Plaintiffs testified that there are 200,000 blogs related to their products sold under their NUBY® trademark that they found on a Google® search.  Buratti Dec. Ex. B at

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

II:20:20-22:4. ***Admitted/objection to extent read out of context:*** Mr. Hakim further testified as

below. Ex. B at II:20:20-22:4.

232. Plaintiffs ignored in their Motion that they could not specify any unsolicited

media coverage during discovery or depositions. See generally DE 49. ***Objection/disputed to***

***extent read out of context:*** Irrelevant, immaterial, taken completely out of context. Local Civil

Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon

any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure,

there shall be annexed to the notice of motion a separate, short and concise statement, in

numbered paragraphs, of the material facts as to which the moving party contends there is no

genuine issue to be tried. The purported fact is not relevant to the causes of action or defenses

asserted in the pleadings. Accordingly it is an improper assertion. The Motion sets forth its

legal and factual basis as do the supporitng Declarations.

## Plaintiffs' Patents Describe All Of The Alleged Trade Dress Features Of The Gripper Cup And The No-Spill Cup

233. Plaintiffs ignored their own patents in their Motion. See generally DE 49.

***Objection/disputed to extent read out of context:*** Irrelevant, immaterial, taken completely out

of context. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary

Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short

and concise statement, in numbered paragraphs, of the material facts as to which the moving

party contends there is no genuine issue to be tried. The purported fact is not relevant to the

causes of action or defenses asserted in the pleadings. Accordingly it is an improper assertion.

185

The Motion sets forth its legal and factual basis as do the supporitng Declarations. Furthermore, because the central advance of the patents is irrelevant to the infringing trade dress, the patents are not relevant.

234.    At least four patents describe and depict features of the No-Spill and Gripper Cups, including the "overall look" of these asserted product designs.  Buratti Dec. Ex. A at II:183:10-16 (No- Spill Cup); Buratti Dec. Ex. A at II:186:6-16 (Gripper Cup); Buratti Dec. Exs. K-N.  ***Objection:*** Immaterial.  The subject patents show that there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress.  Plaintiffs' trade dress focuses on the ***outer*** appearance of Plaintiffs' no-spill cups.  *See* Decl. of Nouri E. Hakim, ¶¶¶ 36, 37, 38.  On the other hand, in each of the subject patents, its central advance focuses on a spill proof valve and liquid dispensing system that is ***internal*** to the product and has nothing to do with the **outward** appearance, *i.e*, Plaintiffs' trade dress.  Accordingly, there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress and the patents provide no evidence on the issue of functionality.  *See* AMF ¶20-39.

235.    LNC's CEO, Nouri Edward Hakim is listed as a named inventor on U.S. Patent Nos. 7,243,814, 6,357,620, 6,321,931, and 6,994,225.  Buratti Dec. Ex. A at II:194:11-20; Buratti Dec. Exs. K-N.  ***Admitted.***

236.    The patents from Paragraph 100 are assigned to Admar International, Inc. (Admar). Buratti Dec. Ex. A at II:194:11-20.  ***Objection:***  Immaterial.  The subject patents show that there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress.  Plaintiffs' trade dress focuses on the ***outer*** appearance of Plaintiffs' no-

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

spill cups.  *See* Decl. of Nouri E. Hakim, ¶¶¶ 7, 3, 6, 37, 38.  On the other hand, in each of the

subject patents, its central advance focuses on a spill proof valve and liquid dispensing system

that is ***internal*** to the product and has nothing to do with the **outward** appearance, *i.e*, Plaintiffs'

trade dress.  Accordingly, there is no overlap between the "central advance" of the patents and

the essential features of Plaintiffs' trade dress and the patents provide no evidence on the issue of

functionality.  *See* AMF ¶ 20-39.  ***Disputed:***  Mr. Hakim assigned all of the subject patents to

Luv n' care, not to Admar.  *See* Opp. Decl. of Morris E. Cohen, ¶129, Ex. 39.

237.    Plaintiffs testified that their patents "spea[k] for themselves" Buratti Dec. Ex. A

at II:144:7-21.  ***Objection***:  Immaterial.  The subject patents show that there is no overlap

between the "central advance" of the patents and the essential features of Plaintiffs' trade dress.

Plaintiffs' trade dress focuses on the ***outer*** appearance of Plaintiffs' no-spill cups.  *See* Decl. of

Nouri E. Hakim, ¶¶ ¶36, 37, 38.  On the other hand, in each of the subject patents, its central

advance focuses on a spill proof valve and liquid dispensing system that is ***internal*** to the

product and has nothing to do with the **outward** appearance, *i.e*, Plaintiffs' trade dress.

Accordingly, there is no overlap between the "central advance" of the patents and the essential

features of Plaintiffs' trade dress and the patents provide no evidence on the issue of

functionality.  Moreover, without proper determination of what the claims of the subject utility

patents are, this Court may not consider them as relevant evidence, let alone undisputed fact.  *See*

AMF ¶ 20-39.

238.    Alleged inventor N.E. Hakim testified that the Figure 10(B) of U.S. Patent

Number 6,994,225 illustrates the asserted product design of the Gripper Cup. Buratti Dec. Ex. A

187

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

at II:186:6-16.  **Objection/ disputed to extent read out of context:**  The patent includes a black and white line drawing that merely shows general shape and not the other aspects of the overall visual impression of the products at issue.  The main purpose of the drawing is simply to depict the location of the valve assembly and valve holders within the interior of the cup and the Patent.  It does not show the coloring and tinting that make up part of the trade dress and, therefore, does not include the combination and arrangement of those elements.  **Objection:** Immaterial.  The subject patents show that there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress.  Plaintiffs' trade dress focuses on the ***outer*** appearance of Plaintiffs' no-spill cups.  *See* Decl. of Nouri E. Hakim, ¶¶¶ 36, 37, 38. On the other hand, in each of the subject patents, its central advance focuses on a spill proof valve and liquid dispensing system that is ***internal*** to the product and has nothing to do with the **outward** appearance, *i.e*, Plaintiffs' trade dress.  Accordingly, there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress and the patents provide no evidence on the issue of functionality.  Moreover, without proper determination of what the claims of the subject utility patents are, this Court may not consider them as relevant evidence, let alone undisputed fact.  *See* AMF ¶20-39.

239.    On May 21, 2009 LNC's CEO, Nouri Edward Hakim Testified:

> Q.  Does figure ten depict Luv 'N Care's no
> spill gripper cup that's asserted against
> Walgreens?  Sorry, figure ten.
> A.  The outside shape, yes.
> Q.  Side shape?
> A.  The outside shape, yes.
> Q.  The outside shape.
> A.  For all these.

188

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Q.  An overhead view?
A.  The outside shape.  The physical shape
of the spout and the cup, yes.

Buratti Dec. Ex. A at II:186:6-16.  ***Objection/ disputed to extent read out of context:***  The patent

includes a black and white line drawing that merely shows general shape and not the other

aspects of the overall visual impression of the products at issue.  The main purpose of the

drawing is simply to depict the location of the valve assembly and valve holders within the

interior of the cup and the Patent.  It does not show the coloring and tinting that make up part of

the trade dress and, therefore, does not include the combination and arrangement of those

elements.  ***Objection***: Immaterial.  The subject patents show that there is no overlap between the

"central advance" of the patents and the essential features of Plaintiffs' trade dress.  Plaintiffs'

trade dress focuses on the ***outer*** appearance of Plaintiffs' no-spill cups.  *See* Decl. of Nouri E.

Hakim, ¶¶¶ 36, 37, 38.  On the other hand, in each of the subject patents, its central advance

focuses on a spill proof valve and liquid dispensing system that is ***internal*** to the product and has

nothing to do with the ***outward*** appearance, *i.e*, Plaintiffs' trade dress.  *See* AMF ¶20-39.

Accordingly, there is no overlap between the "central advance" of the patents and the essential

features of Plaintiffs' trade dress and the patents provide no evidence on the issue of

functionality.  Moreover, without proper determination of what the claims of the subject utility

patents are, this Court may not consider them as relevant evidence, let alone undisputed fact.

240.    This Figure shows Fig. 10(B) from U.S. Patent No. 6,994,225 (left) and

plaintiffs' Gripper Cup from Exhibit B from the Complaint (right).

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

| FIG. 10(B) from U.S. Pat. No. 6,994,225 | Plaintiffs' Gripper Cup |
|---|---|
|  |  |

**Objection**: Plaintiffs' object to Defendant's use of such unauthenticated, distorted and manipulated photos and images, which are submitted for the purpose of comparing Plaintiffs' patent with Plaintiffs' trade dress, because Defendant failed to comply with the authentication requirements of Fed.R.Evid. 901 and 1002. Defendant's unauthenticated, distorted and manipulated photographic comparisons are not admissible unless authenticated as a comparison made by the trier of fact or by expert witnesses with specimens that have also been authenticated. Moreover, Defendant's unauthenticated manipulated images are inadmissible because Defendant has failed to submit the original undistorted, unmanipulated images. Furthermore, even if such comparison was authenticated, it should be excluded under Fed.R.Evid. 403 because their probative value is substantially outweighed by the danger of confusion of the issues and unfair prejudice because Defendant is seeking through use of such photographs and images to improperly compare Plaintiffs patent with its trade dress appearance. Finally, Plaintiffs object to such comparison because Defendant is improperly asking this Court to weigh and evaluate (unauthenticated) evidence when that is the province of the jury. **Disputed**: The '225 Patent is a method patent directed toward an: "[i]mproved no-spill drinking products including a nipple or soft spout having a valve incorporated therein. The valve is designed to provide an enhanced no-

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

spill function providing an extremely secure seal against accidental liquid flow form the nipple

or spout when the use is not drinking therefrom." *See* Ex. N, '225 Patent, Abstract. The central

advance of this patent is to incorporate a flow control valve into the nipple itself. Although Fig.

10 of the '225 Patent does provide a generalized depiction of Plaintiffs' cup, that appearance

does not form part of any claim, nor is that image part of the "central advance" of the patent.

Thus, as a threshold matter, that disclosure is irrelevant to considerations of functionality.

***Objection*:** Immaterial. The subject patents show that there is no overlap between the "central

advance" of the patents and the essential features of Plaintiffs' trade dress. Plaintiffs' trade dress

focuses on the ***outer*** appearance of Plaintiffs' no-spill cups. *See* Decl. of Nouri E. Hakim, ¶¶¶

36, 37, 38. On the other hand, in each of the subject patents, its central advance focuses on a

spill proof valve and liquid dispensing system that is ***internal*** to the product and has nothing to

do with the **outward** appearance, *i.e*, Plaintiffs' trade dress. *See* AMF ¶20-39. Accordingly,

there is no overlap between the "central advance" of the patents and the essential features of

Plaintiffs' trade dress and the patents provide no evidence on the issue of functionality.

Moreover, without proper determination of what the claims of the subject utility patents are, this

Court may not consider them as relevant evidence, let alone undisputed fact.

| FIG. 10(B) from U.S. Pat. No. 6,994,225 | Plaintiffs' Gripper Cup |
| --- | --- |

191

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)



241.    The 6,994,225 patent discloses, "The embodiments of the drinking products with a nipple are, of course, provided for use by babies…The spout is preferably a soft spout which is part of a soft lid, e.g. a lid and spout made of silicone."  Buratti Dec. Ex. N, '225 Patent at Col. 5, ln. 28-34.  **Objection:** Immaterial.  The subject patents show that there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress. Plaintiffs' trade dress focuses on the ***outer*** appearance of Plaintiffs' no-spill cups.  *See* Decl. of Nouri E. Hakim, ¶¶¶ 36, 37, 38.  On the other hand, in each of the subject patents, its central advance focuses on a spill proof valve and liquid dispensing system that is ***internal*** to the product and has nothing to do with the **outward** appearance, *i.e*, Plaintiffs' trade dress.  *See* AMF ¶ 20-39.  Accordingly, there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress and the patents provide no evidence on the issue of functionality.  Moreover, without proper determination of what the claims of the subject utility patents are, this Court may not consider them as relevant evidence, let alone undisputed fact.

***Disputed***: The '225 Patent is a method patent directed toward an: "[i]mproved no-spill drinking products including a nipple or soft spout having a valve incorporated therein.  The valve is designed to provide an enhanced no-spill function providing an extremely secure seal against

192

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

accidental liquid flow form the nipple or spout when the use is not drinking therefrom." *See*

AMF ¶20-39. The central advance of this patent is to incorporate a flow control valve into the

nipple itself. Although Fig. 10 of the '225 Patent does provide a generalized depiction of

Plaintiffs' cup, that appearance does not form part of any claim, nor is that image part of the

"central advance" of the patent. Thus, as a threshold matter, that disclosure is irrelevant to

considerations of functionality. Furthermore, there is no claim requiring the use of silicone let

alone the use of clear silicone. Thus while the Patent discloses silicone as one possible material,

there is no requirement that silicone be used. *See* AMF ¶20-39.

242.    The 6,994,225 patent discloses "A gripping area for use to hold the cup more

securely…this grip area can be in the form of a series of contours in the cup." Buratti Dec. Ex.

N, '225 Patent at Col. 20, ln. 22-25. **Objection:** Immaterial. The subject patents show that there

is no overlap between the "central advance" of the patents and the essential features of Plaintiffs'

trade dress. Plaintiffs' trade dress focuses on the ***outer*** appearance of Plaintiffs' no-spill cups.

*See* Decl. of Nouri E. Hakim, ¶¶¶ 36, 37, 38. On the other hand, in each of the subject patents,

its central advance focuses on a spill proof valve and liquid dispensing system that is ***internal*** to

the product and has nothing to do with the **outward** appearance, *i.e*, Plaintiffs' trade dress. *See*

AMF ¶20-39. Accordingly, there is no overlap between the "central advance" of the patents and

the essential features of Plaintiffs' trade dress and the patents provide no evidence on the issue of

functionality. Moreover, without proper determination of what the claims of the subject utility

patents are, this Court may not consider them as relevant evidence, let alone undisputed fact.

***Disputed***: The '225 Patent is a method patent directed toward an: "[i]mproved no-spill drinking

products including a nipple or soft spout having a valve incorporated therein.  The valve is

designed to provide an enhanced no-spill function providing an extremely secure seal against

accidental liquid flow form the nipple or spout when the use is not drinking therefrom."  *See*

AMF ¶20-39.  The central advance of this patent is to incorporate a flow control valve into the

nipple itself.  Although Fig. 10 of the '225 Patent does provide a generalized depiction of

Plaintiffs' cup, that appearance does not form part of any claim, nor is that image part of the

"central advance" of the patent.  *See* AMF ¶20-39.  Thus, as a threshold matter, that disclosure is

irrelevant to considerations of functionality.

243.    The 6,994,225 patent discloses "The nipple can be constructed out of any of the

flexible materials currently used in the art of baby bottle nipple construction, or any other

suitable flexible materials for use in such a nipple. Such materials are preferably soft, elastic, and

made of a material which is harmless to the user."  Buratti Dec. Ex. N, '225 Patent at Col. 6, ln.

11-16.  *Objection*: Immaterial.  The subject patents show that there is no overlap between the

"central advance" of the patents and the essential features of Plaintiffs' trade dress.  Plaintiffs'

trade dress focuses on the *outer* appearance of Plaintiffs' no-spill cups.  *See* Decl. of Nouri E.

Hakim, ¶¶¶ 36, 37, 38.  On the other hand, in each of the subject patents, its central advance

focuses on a spill proof valve and liquid dispensing system that is *internal* to the product and has

nothing to do with the *outward* appearance, *i.e*, Plaintiffs' trade dress.  *See* AMF ¶20-39.

Accordingly, there is no overlap between the "central advance" of the patents and the essential

features of Plaintiffs' trade dress and the patents provide no evidence on the issue of

functionality.  Moreover, without proper determination of what the claims of the subject utility

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

patents are, this Court may not consider them as relevant evidence, let alone undisputed fact.

**Disputed**: The '225 Patent is a method patent directed toward an: "[i]mproved no-spill drinking

products including a nipple or soft spout having a valve incorporated therein.  The valve is

designed to provide an enhanced no-spill function providing an extremely secure seal against

accidental liquid flow form the nipple or spout when the use is not drinking therefrom."  *See*

AMF ¶20-39.  The central advance of this patent is to incorporate a flow control valve into the

nipple itself.  Although Fig. 10 of the '225 Patent does provide a generalized depiction of

Plaintiffs' cup, that appearance does not form part of any claim, nor is that image part of the

"central advance" of the patent.  *See* AMF ¶20-39.  Thus, as a threshold matter, that disclosure is

irrelevant to considerations of functionality.

244.    Alleged inventor Hakim testified that the Figure 5 of U.S. Patent Number

7,243,814, illustrates the asserted No-Spill Cup product.  Buratti Dec. Ex. A at II:140: 6-15.

**Objection/ disputed to extent read out of context:** The patent includes a black and white line

drawing that merely shows general shape and not the other aspects of the overall visual

impression of the products at issue.  The main purpose of the drawing is simply to depict the

location of the valve assembly and valve holders within the interior of the cup and the Patent.  It

does not show the coloring and tinting that make up part of the trade dress and, therefore, does

not include the combination and arrangement of those elements.  Furthermore, the patent

drawing does not depict the same spout shape shown on the products at issue in the Complaint

**Objection:** Immaterial.  The subject patents show that there is no overlap between the "central

advance" of the patents and the essential features of Plaintiffs' trade dress.  Plaintiffs' trade dress

focuses on the ***outer*** appearance of Plaintiffs' no-spill cups. *See* Decl. of Nouri E. Hakim, ¶¶¶

36, 37, 38.  On the other hand, in each of the subject patents, its central advance focuses on a

spill proof valve and liquid dispensing system that is ***internal*** to the product and has nothing to

do with the **outward** appearance, *i.e*, Plaintiffs' trade dress.  *See* AMF ¶20-39.  Accordingly,

there is no overlap between the "central advance" of the patents and the essential features of

Plaintiffs' trade dress and the patents provide no evidence on the issue of functionality.

Moreover, without proper determination of what the claims of the subject utility patents are, this

Court may not consider them as relevant evidence, let alone undisputed fact.  ***Disputed***: The '814

Patent is a continuation of the '931 Patent and, like that patent, is directed toward spill-proofing a

sippy cup.  This patent focuses on and further develops no-spill valve technology.  The subject

invention "relates to a no-spill cup assembly with an improved valve mechanism to prevent

liquid from flowing out of the cup when not desired."  *See* Ex. K, '814 Patent, Field of Invention.

Significantly, the valve technology is incorporated into the cup and is not even visible.  *See* e.g.

Ex. K, '814 Patent, Fig. 2 (depicting the arrangement of cup, valve system and lid)  There is no

requirement of any particular shapes for the exterior appearance.  *See* AMF ¶20-39.

    245.    On May 21, 2009 LNC's CEO, Nouri Edward Hakim Testified:

> Q.  Take a look now at figure five -
> A.  Okay.
> Q.  - in the 814 patent that is exhibit 42.
> A.  Okay.
> Q.  That appears to look more like exhibit
> 36.
> A.  Yes.
> Q.  And is it, in fact, a graphical
> representation of the product that's exhibit 36?
> A.  That's correct.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Buratti Dec. Ex. A at II:140: 6-15.

246.    This Figure shows Fig. 5(a) from U.S. Patent No. 7,243,814 (left) and plaintiffs'

No-Spill Cup from Exhibit C from the Complaint (right).

**U.S. Pat. No. 7,243,814**     **Plaintiffs' No- Spill**
**FIG. 5(a)**               **Cup (DE 1 Ex. C)**



**Objection**: Plaintiffs' object to Defendant's use of such unauthenticated, distorted and

manipulated photos and images, which are submitted for the purpose of comparing Plaintiffs'

patent with Plaintiffs' trade dress, because Defendant failed to comply with the authentication

requirements of Fed.R.Evid. 901 and 1002.  Defendant so manipulated the images that nothing

even appears on the left side of the grouping.  Defendant's unauthenticated, distorted and

manipulated photographic comparisons are not admissible unless authenticated as a comparison

made by the trier of fact or by expert witnesses with specimens that have also been authenticated.

Moreover, Defendant's unauthenticated manipulated images are inadmissible because Defendant

has failed to submit the original undistorted, unmanipulated images.  Furthermore, even if such

comparison was authenticated, it should be excluded under Fed.R.Evid. 403 because their

probative value is substantially outweighed by the danger of confusion of the issues and unfair

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

prejudice because Defendant is seeking through use of such photographs and images to

improperly compare Plaintiffs patent with its trade dress appearance.    Finally, Plaintiffs object to

such comparison because Defendant is improperly asking this Court to weigh and evaluate

(unauthenticated) evidence when that is the province of the jury.    ***Disputed***: The '814 Patent is a

continuation of the '931 Patent and, like that patent, is directed toward spill-proofing a sippy cup.

This patent focuses on and further develops no-spill valve technology.    The subject invention

"relates to a no-spill cup assembly with an improved valve mechanism to prevent liquid from

flowing out of the cup when not desired."    *See* Ex. K, '814 Patent, Field of Invention.

Significantly, the valve technology is incorporated into the cup and is not even visible.    *See* e.g.

Ex. K, '814 Patent,  Fig. 2 (depicting the arrangement of cup, valve system and lid).    There is no

requirement of any particular shapes for the exterior appearance.    ***Objection***: Immaterial.    The

subject patents show that there is no overlap between the "central advance" of the patents and the

essential features of Plaintiffs' trade dress.    Plaintiffs' trade dress focuses on the ***outer***

appearance of Plaintiffs' no-spill cups.    *See* Decl. of Nouri E. Hakim, ¶¶¶ 36, 37, 38.    On the

other hand, in each of the subject patents, its central advance focuses on a spill proof valve and

liquid dispensing system that is ***internal*** to the product and has nothing to do with the ***outward***

appearance, *i.e*, Plaintiffs' trade dress.    *See* AMF ¶20-39.    Accordingly, there is no overlap

between the "central advance" of the patents and the essential features of Plaintiffs' trade dress

and the patents provide no evidence on the issue of functionality.    Moreover, without proper

determination of what the claims of the subject utility patents are, this Court may not consider

them as relevant evidence, let alone undisputed fact.    ***Disputed***: The '814 Patent is a continuation

198

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

of the '931 Patent and, like that patent, is directed toward spill-proofing a sippy cup.  This patent

focuses on and further develops no-spill valve technology.  The subject invention "relates to a

no-spill cup assembly with an improved valve mechanism to prevent liquid from flowing out of

the cup when not desired."  *See* Ex. K,  '814 Patent, Field of Invention.  Significantly, the valve

technology is incorporated into the cup and is not even visible.  *See* e.g. Ex. K, '814 Patent Fig. 2

(depicting the arrangement of cup, valve system and lid).  There is no requirement of any

particular shapes for the exterior appearance.  *See* AMF ¶20-39.

| FIG. 5(a) from U.S. Pat. No. 7,243,814 | Plaintiffs' No-Spill Cup |
|---|---|
| |  |

247.     U.S. Pat. No. 7,243,814 ("the '814 patent") claims, "an apparatus as claimed in

claim 1, wherein said apparatus comprises a cap for a cup, said cap comprising a soft spout."

Buratti Dec. Ex. K, '814 Patent, Claim 14.  ***Objection:*** Immaterial.  The subject patents show

that there is no overlap between the "central advance" of the patents and the essential features of

Plaintiffs' trade dress.  Plaintiffs' trade dress focuses on the ***outer*** appearance of Plaintiffs' no-

spill cups.  *See* Decl. of Nouri E. Hakim, ¶¶ 36, 37, 38.  On the other hand, in each of the

subject patents, its central advance focuses on a spill proof valve and liquid dispensing system

that is **internal** to the product and has nothing to do with the **outward** appearance, *i.e*, Plaintiffs' trade dress. *See* AMF ¶20-39. Accordingly, there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress and the patents provide no evidence on the issue of functionality. Moreover, without proper determination of what the claims of the subject utility patents are, this Court may not consider them as relevant evidence, let alone undisputed fact. **Disputed**: The '814 Patent is a continuation of the '931 Patent and, like that patent, is directed toward spill-proofing a sippy cup. This patent focuses on and further develops no-spill valve technology. The subject invention "relates to a no-spill cup assembly with an improved valve mechanism to prevent liquid from flowing out of the cup when not desired." *See* Ex. K, '814 Patent Field of Invention. Significantly, the valve technology is incorporated into the cup and is not even visible. *See* e.g. Ex. K, Fig. 2 (depicting the arrangement of cup, valve system and lid). There is no requirement of any particular shapes for the exterior appearance. *See* AMF ¶20-39.

248. The '814 patent claims "an apparatus according to claim 23, comprising a cup, and wherein said cap is further provided with finger grips on the outside of said cap to facilitate screwing of said cap on and off of said cup." Buratti Dec. Ex. K, '814 Patent, Claim 34. **Objection**: Immaterial. The subject patents show that there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress. Plaintiffs' trade dress focuses on the **outer** appearance of Plaintiffs' no-spill cups. *See* Decl. of Nouri E. Hakim, ¶¶¶ 36, 37, 38. On the other hand, in each of the subject patents, its central advance focuses on a spill proof valve and liquid dispensing system that is **internal** to the product and has nothing to

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

do with the **outward** appearance, *i.e*, Plaintiffs' trade dress. *See* AMF ¶¶20-39. Accordingly, there is no overlap between the "central advance" of the patents and the essential features of Plaintiffs' trade dress and the patents provide no evidence on the issue of functionality. Moreover, without proper determination of what the claims of the subject utility patents are, this Court may not consider them as relevant evidence, let alone undisputed fact. ***Disputed***: The '814 Patent is a continuation of the '931 Patent and, like that patent, is directed toward spill-proofing a sippy cup. This patent focuses on and further develops no-spill valve technology. The subject invention "relates to a no-spill cup assembly with an improved valve mechanism to prevent liquid from flowing out of the cup when not desired." *See* Ex. K, '814 Patent, Field of Invention. Significantly, the valve technology is incorporated into the cup and is not even visible. *See* e.g. Ex. K, '814 Patent, Fig. 2 (depicting the arrangement of cup, valve system and lid). There is no requirement of any particular shapes for the exterior appearance. *See* AMF ¶¶20-39.

249.    LNC has two issued design patents related to sippy cups. See Barten MSJ Opp. Dec. Ex. 7, 8. ***Objection:*** Immaterial and irrelevant. There is no cause of action asserted for infringement of design patent. Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. The purported fact is not relevant to the causes of action or defenses asserted in the pleadings. Accordingly it is an improper assertion.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

250.    No LNC design patent on a sippy cup covers a design asserted against

Walgreens.  Compare Exs. A and B with DE. 1 at Exs. B, C.  ***Objection:*** Immaterial and

irrelevant. There is no cause of action asserted for infringement of design patent.  Local Civil

Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon

any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure,

there shall be annexed to the notice of motion a separate, short and concise statement, in

numbered paragraphs, of the material facts as to which the moving party contends there is no

genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses

asserted in the pleadings.  Accordingly it is an improper assertion.

**Plaintiffs Unreliable Sales Information Cannot Be Attributed To The Trade Dress Of
Plaintiffs' Products**

251.    Plaintiffs' sales data does not identify what portion of sales is attributable to

product design. Buratti Decl. ¶¶ 23-25.  ***Objection:***  Immaterial.  Sales data merely needs to be

attributable to the products at issue not to the product design or any other particular form of

intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected

and accounted for.   The number of cups sold show that, as of 2006, when Walgreen's copied

Luv n' care's cup designs, every mother of a small child in the United States had likely

purchased both Luv n' care cups, and knew those cups by the way they looked.  *See* AMF ¶¶70,

16-19.  ***Disputed:***  Accountants do not "attribute" sales; they report sales data.  Plaintiffs have

declared, based on their own personal knowledge and experience in baby product sales, that the

look of a cup is what drives product sales.  Attribution is not something shown by raw sales data.

See AMF ¶ 12-13.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

252.    Before May 20, 2009, plaintiffs' provided only total sales by Wal-Mart of non-specific products, which are not pertinent to Walgreens.  Buratti Decl. ¶¶ 23-25.

**Objection/disputed:**  Plaintiffs produced all the invoices and back-up data showing total product sales, including sales at Walmart and Walgreens.  At all times Walgreens could have performed its own sales compilation but declined.  *See* Fed.R.Civ.P. 33(d).  At deposition, Plaintiffs testified to sales totals as well.  **Objection/disputed/misstates record:**  Joseph Hakim testified that Walmart sales of "door knocker pacifiers," "nasal aspirators," "cherry actuating pacifiers," "butterfly pacifiers with dots and 9 oz. Nuby contoured skirted bottles" were not pertinent, <u>not</u> that sales at Walmart of the products at issue in this case were not pertinent.  Ex. B at I:18:16-19:6.

253.    On May 20, 2009 , LNC's President Joseph Hakim testified:

> Q.  And as a general proposition, what kind of products are in the later stack, that is not relevant?
> A.  That is not relevant?  Can I look at them?
> Q.  You can.
> A.  Okay, types of things are, like, the Wal-Mart sales, which I don't think is pertinent to Walgreens . . . .

Buratti Dec. Ex. B at I:18:16-19:2.  **Objection/disputed/misstates record:**  In an obvious attempt to deceive the Court, Walgreen omitted pertinent testimony with ellipses.  Joseph Hakim plainly testified that Walmart sales of "door knocker pacifiers," "nasal aspirators," "cherry actuating pacifiers," "butterfly pacifiers with dots and 9 oz. Nuby contoured skirted bottles" were not pertinent, <u>not</u> that sales at Walmart of the products at issue in this case were not pertinent.  Ex. B

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

at I:18:16-19:6.  Moreover, Defense counsel called for a legal conclusion and failed to define the legal term "relevant" for the deponent.

254.     Plaintiffs are aware that a portion of their sales of the Gripper Cup is attributable to their patents.  Buratti Dec. Ex. A at II:61:7-15.  ***Objection:***  Immaterial.  ***Disputed:*** Misstates testimony, Mr. Hakim stated that he was aware of a "possibility" not a certainty. Moreover, Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of a cup is what drives product sales.  Moreover, even if consumers purchased a cup due in part to some utility does not mean that the overall look of the cup has not acquired secondary meaning or is not primarily non-functional.  The premises are entirely consistent with each other.

255.     On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

**CONFIDENTIAL ATTY EYES ONLY**



Buratti Dec. Ex. A at II:61:7-15.  ***Objection:***  Immaterial.  ***Disputed:***  Misstates testimony, Mr. Hakim stated that he was aware of a "possibility" not a certainty.  Moreover, Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of a cup is what drives product sales.  Moreover, even if consumers purchased a cup due in

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

part to some utility does not mean that the overall look of the cup has not acquired secondary

meaning or is not primarily non-functional. The premises are entirely consistent with each other.

256.     Plaintiffs have no knowledge as to what portion of their sales of the Gripper

Cup is attributable to their patents. Buratti Dec. Buratti Dec. Ex. A at II:60:13-61:3. ***Objection***:

Misstates testimony, immaterial. ***Disputed:*** Sales data merely needs to be attributable to the

products at issue, not to the patent or any other particular form of intellectual property; to suggest

otherwise ignores the reality of how sales revenue is collected and accounted for. The fact that

Luv n' care's CEO does not know what portion of sales is attributable to a patent does not mean

that Plaintiffs have no knowledge on this topic. Plaintiffs have declared, based on their own

personal knowledge and experience in baby product sales, that the look of their cups is a

signature, drives product sales and is important for brand loyalty. See AMF ¶12-13.

257.     On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

**CONFIDENTIAL ATTY EYES ONLY**



*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Buratti Dec. Ex. A at II:60:13-61:3. ***Objection***: Immaterial. ***Disputed:*** Sales data merely needs to be attributable to the products at issue, not to the patent or any other particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for. The fact that Luv n' care's CEO does not know what portion of sales is attributable to a patent, and that he, personally, does not have evidence of that, does not mean that Plaintiffs have no knowledge on this topic. Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty. See AMF ¶12-13.

258.    Plaintiffs have no knowledge as to what portion of their sales of the Gripper Cup is attributable to their copyrights. Buratti Dec. Ex. A at II:87:9-12. ***Objection***: Misstates testimony, immaterial. ***Disputed:*** Sales data merely needs to be attributable to the products at issue, not to a copyright or any other particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for. The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to a copyright does not mean that Plaintiffs have no knowledge on this topic. Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty. See AMF ¶12-13.

259.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

**CONFIDENTIAL ATTY EYES ONLY**



*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Buratti Dec. Ex. A at II:87:9-12.  **Objection**:  Immaterial.  **Disputed:** Sales data merely needs to

be attributable to the products at issue, not to a copyright or any other particular form of

intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected

and accounted for.  The fact that Luv n' care's CEO does not know what portion of sales, if any,

is attributable to a copyright does not mean that Plaintiffs have no knowledge on this topic.

Plaintiffs have declared, based on their own personal knowledge and experience in baby product

sales, that the look of their cups is a signature, drives product sales and is important for brand

loyalty.  See AMF ¶12-13.

      260.      Plaintiffs have no knowledge as to what portion of their sales of the Gripper

Cup is attributable to its silicone spout. Buratti Dec. Ex. A at II:71:4-7.  **Objection**:  Misstates

testimony, immaterial.  **Disputed:** Sales data merely needs to be attributable to the products at

issue, not to any particular feature of such product or any particular form of intellectual property;

to suggest otherwise ignores the reality of how sales revenue is collected and accounted for.  The

fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to a

silicone spout does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have

declared, based on their own personal knowledge and experience in baby product sales, that the

look of their cups is a signature, drives product sales and is important for brand loyalty.  *See*

AMF ¶12-13.

      261.      On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

**CONFIDENTIAL ATTY EYES ONLY**

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)



Buratti Dec. Ex. A at II:71:4-7.  **Objection**:  Immaterial.  **Disputed:**  Sales data merely needs to be attributable to the products at issue, not to any particular feature of such product or any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for.  The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to a silicone spout does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶ 12-13.

262.    Plaintiffs have no knowledge as to what portion of their sales of the Gripper Cup is attributable to the fact that it fits easily into a small baby's hands. Ex. A at II:71:8-11. **Objection**:  Misstates testimony, immaterial.  **Disputed:**  Sales data merely needs to be attributable to the products at issue, not to any particular feature of such product or any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for.  The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to this ornamental feature does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶ 12-13.

263.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Q.  Do you know what portion of the sales
of the gripper cup are apportionable to the fact
that it fits easily in baby's small hands?
 A.  No.

Buratti Dec. Ex. A at II:71:8-11.

264.    Plaintiffs have no knowledge as to what portion of their sales of the Gripper

Cup is attributable to the fact that it is made from substantially break resistant plastic.  Buratti

Dec. Ex. A at II:71:12-16.  **Objection**:  Misstates testimony, immaterial.  **Disputed:**  Sales data

merely needs to be attributable to the products at issue, not to any particular feature of such

product or any particular form of intellectual property; to suggest otherwise ignores the reality of

how sales revenue is collected and accounted for.  The fact that Luv n' care's CEO does not

know what portion of sales, if any, is attributable to the fact that they make a quality no-spill cup

does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on

their own personal knowledge and experience in baby product sales, that the look of their cups is

a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶¶12-13.

265.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

### CONFIDENTIAL ATTY EYES ONLY



Buratti Dec. Ex. A at II:71:12-16.  **Objection**:  Immaterial.  **Disputed:**  Sales data merely needs

to be attributable to the products at issue, not to any particular feature of such product or any

particular form of intellectual property; to suggest otherwise ignores the reality of how sales

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

revenue is collected and accounted for.  The fact that Luv n' care's CEO does not know what

portion of sales, if any, is attributable to the fact that they make a quality no-spill cup does not

mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on their

own personal knowledge and experience in baby product sales, that the look of a cup is what

drives product sales and is important for brand loyalty.  *See* AMF ¶ 12-13.

266.    Plaintiffs have no knowledge as to what portion of their sales of the Gripper

Cup is attributable to their NUBY® trademark. Buratti Dec. Ex. A at II:74:15-76:1.  **Objection**:

Misstates testimony, immaterial.  **Disputed:**  Sales data merely needs to be attributable to the

products at issue, not to any particular form of intellectual property reflected therein; to suggest

otherwise ignores the reality of how sales revenue is collected and accounted for.  The fact that

Luv n' care's CEO does not know what portion of sales, if any, is attributable to their trademark

does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on

their own personal knowledge and experience in baby product sales, that the look of their cups is

a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶ 12-13.

267.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

**CONFIDENTIAL ATTY EYES ONLY**



*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)



Buratti Dec. Ex. A at II:74:15-76:1. ***Objection***: Immaterial. Walgreens does not claim on summary judgment that there is no likelihood of confusion. ***Disputed:*** Sales data merely needs to be attributable to the products at issue, not to any particular form of intellectual property reflected therein; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for. The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to their trademark does not mean that Plaintiffs have no knowledge on this topic. Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty. *See* AMF ¶12-13.

268.     Plaintiffs have no knowledge as to what portion of their sales of the No-Spill Cup is attributable to their NUBY® trademark. Buratti Dec. Ex. A. at II:119:9-120:1. ***Objection***: Misstates testimony, immaterial. ***Disputed:*** Sales data merely needs to be attributable to the products at issue, not to any particular form of intellectual property reflected therein; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for. The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to their trademark does not mean that Plaintiffs have no knowledge on this topic. Plaintiffs have declared, based on

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

their own personal knowledge and experience in baby product sales, that the look of their cups is

a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶12-13.

269.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Do you know what portion of the sales
> of the hard tipped sippy cup, that's asserted in
> this case, are attributable to the Nuby trademark
> that appears on the body of the cup?
> A.  I would say a fair percentage.
> Q.  More than half?
> A.  Can't pin it down to a half.  I know
> the Nuby name is a trusted name, so it's going to
> stop the consumer, and then what's in their head,
> why they buy it, I think they buy it because they
> trust the brand.  They assume the brand is going
> to work, or they wouldn't buy it to begin with.
> So, they're buying it for the aesthetic look of
> it, because they trust it's going to work.  It's
> made by Nuby.

Buratti Dec. Ex. A. at II:119:9-120:1.  **Objection**:  Immaterial.  Walgreens does not claim on

summary judgment that there is no likelihood of confusion.  **Disputed:**  Sales data merely needs

to be attributable to the products at issue, not to any particular form of intellectual property

reflected therein; to suggest otherwise ignores the reality of how sales revenue is collected and

accounted for.  The fact that Luv n' care's CEO does not know what portion of sales, if any, is

attributable to their trademark does not mean that Plaintiffs have no knowledge on this topic.

Plaintiffs have declared, based on their own personal knowledge and experience in baby product

sales, that the look of their cups is a signature, drives product sales and is important for brand

loyalty.  *See* AMF ¶12-13.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

270.     Plaintiffs have no knowledge as to what portion of their sales of the No-Spill

Cup is attributable to their patents. Buratti Dec. Ex. A. at II:124:15-19.  **Objection**:  Misstates

testimony; immaterial.  Sales data merely needs to be attributable to the products at issue, not to

any particular form of intellectual property reflected therein; to suggest otherwise ignores the

reality of how sales revenue is collected and accounted for.  **Disputed:**  The fact that Luv n'

care's CEO does not know what portion of sales, if any, is attributable to a patent does not mean

that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on their own

personal knowledge and experience in baby product sales, that the look of their cups is a

signature, drives product sales and is important for brand loyalty.  *See* AMF ¶ 12-13.

271.     On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Do you know what portion of the sales
> are attributable to the patent protection over
> the exhibit C to the complaint product that's in
> exhibit 36?
> A.  Six?  Do not.

Buratti Dec. Ex. A. at II:124:15-19.

272.     Plaintiffs have no knowledge as to what portion of their sales of the No-Spill

Cup is attributable to its dual flow feature. Buratti Dec. Ex. A at II:122:20-123:1.  **Objection**:

Misstates testimony, immaterial.  Sales data merely needs to be attributable to the products at

issue, not to any particular feature of such product or any particular form of intellectual property;

to suggest otherwise ignores the reality of how sales revenue is collected and accounted for.

**Disputed:**  The fact that Luv n' care's CEO does not know what portion of sales, if any, is

attributable to this product feature does not mean that Plaintiffs have no knowledge on this topic.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty. *See* AMF ¶12-13.

273.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.   You don't know what portion of the sales of the hard tipped no spill cup are attributable to the dual flow feature?
> A.   I do not.

Buratti Dec. Ex. A at II:122:20-123:1. **Objection**: Immaterial. Sales data merely needs to be attributable to the products at issue, not to any particular feature of such product or any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for. **Disputed:** The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to this product feature does not mean that Plaintiffs have no knowledge on this topic. Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty. *See* AMF ¶12-13.

274.    Plaintiffs have no knowledge as to what portion of their sales of the No-Spill Cup is attributable to its reversible valve. Buratti Dec. Buratti Dec. Ex. A at II:123:11-13. **Objection**: Misstates testimony, immaterial. Sales data merely needs to be attributable to the products at issue, not to any particular feature of such product or any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for. **Disputed:** The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to this product feature does not mean that Plaintiffs have no

knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶ 12-13.

275.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Do you know what portion of the sales
> are attributable to that valve being reversible?
> A.  No, I do not.

Buratti Dec. Ex. A at II:123:11-13.  **Objection**:  Immaterial.  Sales data merely needs to be attributable to the products at issue, not to any particular feature of such product or any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for.   **Disputed:**  The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to this product feature does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶ 12-13.

276.    Plaintiffs have no knowledge as to what portion of their sales of the No-Spill Cup is attributable to its no-spill feature.  Buratti Dec. Ex. A at II:123:2-4.  **Objection**:  Misstates testimony, immaterial.  Sales data merely needs to be attributable to the products at issue, not to any particular feature of such product or any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for.  **Disputed:** The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to consumers wanting a no-spill cup, rather than a different type of cup, does not mean that

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

Plaintiffs have no knowledge on this topic. Plaintiffs have declared, based on their own personal

knowledge and experience in baby product sales, that the look of their cups is a signature, drives

product sales and is important for brand loyalty. *See* AMF ¶ 12-13.

      277.      On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Do you know what portion of the sales
> are attributable to the no spill feature?
> A.  I do not.

Buratti Dec. Ex. A at II:123:2-4. ***Objection***: Immaterial. Sales data merely needs to be

attributable to the products at issue, not to any particular feature of such product or any particular

form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is

collected and accounted for. ***Disputed:*** The fact that Luv n' care's CEO does not know what

portion of sales, if any, is attributable to consumers wanting a no-spill cup, rather than a different

type of cup, does not mean that Plaintiffs have no knowledge on this topic. Plaintiffs have

declared, based on their own personal knowledge and experience in baby product sales, that the

look of their cups is a signature, drives product sales and is important for brand loyalty. *See*

AMF ¶ 12-13.

      278.      Plaintiffs have no knowledge as to what portion of their sales of the

Comb/Brush Set is attributable to its NUBY® trademark. Buratti Dec. Ex. A at II:219:2-5.

***Objection***: Misstates testimony, immaterial. Sales data merely needs to be attributable to the

products at issue, not to any particular form of intellectual property reflected therein; to suggest

otherwise ignores the reality of how sales revenue is collected and accounted for. ***Disputed:***

The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

their trademark does not mean that Plaintiffs have no knowledge on this topic. Plaintiffs have

declared, based on their own personal knowledge and experience in baby product sales, that the

look of their cups is a signature, drives product sales and is important for brand loyalty. *See*

AMF ¶12-13.

279.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Do you know what portion of the sales
> of this product that's exhibit 46 is attributable
> to the trademark Nuby on the product?
> A.  No, I don't.

Buratti Dec. Ex. A at II:219:2-5. ***Objection***:  Immaterial. Sales data merely needs to be

attributable to the products at issue, not to any particular form of intellectual property reflected

therein; to suggest otherwise ignores the reality of how sales revenue is collected and accounted

for. Walgreens does not claim on summary judgment that there is no likelihood of confusion.

***Disputed:***  The fact that Luv n' care's CEO does not know what portion of sales, if any, is

attributable to their trademark does not mean that Plaintiffs have no knowledge on this topic.

Plaintiffs have declared, based on their own personal knowledge and experience in baby product

sales, that the look of their cups is a signature, drives product sales and is important for brand

loyalty. *See* AMF ¶12-13.

280.    Plaintiffs have no knowledge as to what portion of their sales of the

Comb/Brush Set is attributable to the fact that this product is marketed as soft and gentle on a

baby's scalp. Buratti Dec. Ex. A at II:219:12-15. ***Objection***:  Misstates testimony, immaterial.

Sales data merely needs to be attributable to the products at issue, not to any particular feature of

such product or any particular form of intellectual property; to suggest otherwise ignores the

reality of how sales revenue is collected and accounted for.  ***Disputed:***  The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to their trademark does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶12-13.

281.    On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  Do you know what portion of the sales
> are attributable to the fact that this product is
> marketed as soft and gentle on a baby's scalp?
> A.  No, I do not.

Buratti Dec. Ex. A at II:219:12-15.  ***Objection***:  Immaterial.  Sales data merely needs to be attributable to the products at issue, not to any particular feature of such product or any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for.  ***Disputed:***  The fact that Luv n' care's CEO does not know what portion of sales, if any, is attributable to this product feature does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶12-13.

282.    Plaintiffs have no knowledge as to what portion of their sales of the Comb/Brush Set is attributable to the soft-grip handle. Buratti Dec. Ex. A at II:219:19-22.

***Objection***:  Misstates testimony, immaterial.  Sales data merely needs to be attributable to the products at issue, not to any particular feature of such product or any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

and accounted for.  **Disputed:**  The fact that Luv n' care's CEO does not know what portion of

sales, if any, is attributable to this product feature does not mean that Plaintiffs have no

knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge and

experience in baby product sales, that the look of their cups is a signature, drives product sales

and is important for brand loyalty.  *See* AMF ¶¶12-13.

     283.     On May 21, 2009, LNC's CEO Nouri Ed Hakim testified:

> Q.  [D] you know what portion of
> the sales are attributable to the soft grip
> handle?
> A.  No, I don't.

Buratti Dec. Ex. A at II:219:19-22.  **Objection**:  Immaterial.  Sales data merely needs to be

attributable to the products at issue, not to any particular feature of such product or any particular

form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is

collected and accounted for.  **Disputed:**  The fact that Luv n' care's CEO does not know what

portion of sales, if any, is attributable to this product feature does not mean that Plaintiffs have

no knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge

and experience in baby product sales, that the look of their cups is a signature, drives product

sales and is important for brand loyalty.  *See* AMF ¶¶12-13.

     284.     Plaintiffs produced sales data that does not indicate what portion of the sales

was due to initial or repeat customers.  Buratti Dec. Ex. B at II:7:12-8:17.  **Objection:**

Immaterial.  **Disputed:**  The high volume of sales of both Luv n' care cups evidences a large

number of repeat customers.  Luv n' care outsold the target market, new mothers, ***by more than***

***4 to 1,*** thereby, deeply penetrating the market.  *See* AMF ¶71.  Sales invoices and spreadsheets

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

timely produced in this case, without more, show that parents nationwide repurchased Luv n'

care cups at a high rate, totaling **over 94 million cups sold in 5 years**, and **over 37 million cups**

**in the first 2 years**, when about 8 million babies were born. *See* AMF ¶ 70.

285.    On May 29, 2009, LNC's President Joseph Hakim testified:

> Q.   I'm going to hand you exhibits labeled
> Hakim 10, 11 and 13 that are part of Defendants'
> Exhibit 30 in this case.  My questions probably can
> be answered generally, so I'm going to ask that
> first and see if you can answer generally.
> A.   Okay.
> Q.   Can you identify in exhibits Hakim 10, 11
> or 13 what sales are repeat sales?
> A.   Which sales are repeat sales?
> Q.   Yes.
> A.   Talking about at a consumer level?
> Q.   Yes.
> A   No.
> Q .   Does Luv N' Care have any information that
> would show an initial versus a repeat sale for an
> easy grip, hard and soft comb and brush?
> A.    These documents as you see them cannot
> give whether or not a consumer is buying a
> repetitive product or not.
> Q.   Can the McQuillan database generate such a
> report?
> A.  No, because the consumer doesn't buy
> directly from Luv N' Care.
> Q.   So then Luv N' Care has no -- no
> information itself about what it -- what percentage
> of the asserted products are sold in the initial
> versus the repeat stage?
> A. Not from reports.

Buratti Dec. Ex. B at II:7:12-8:17.  **Objection:**  Misstates the testimony; immaterial.  Mr. Hakim

clearly stated that the reports he was being shown did not and could not reflect that type of

consumer-level data because Luv n' care does not sell directly to the consumers; its retailers do

220

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

that.  ***Disputed:***  The high volume of sales of both Luv n' care cups evidences a large number of repeat customers.  Luv n' care outsold the target market, new mothers, ***by more than 4 to 1***, thereby, deeply penetrating the market.  *See* AMF ¶ 71  Sales invoices and spreadsheets timely produced in this case, without more, show that parents nationwide repurchased Luv n' care cups at a high rate, totaling ***over 94 million cups sold in 5 years***, and ***over 37 million cups in the first 2 years***, when about 8 million babies were born.  *See* AMF ¶70.

286.    Plaintiffs' sales numbers do not indicate what portion of the sales is attributable to the plaintiffs' common-law trademarks.  Buratti Dec. Ex. A at II:120:15-121:9.  ***Objection***: Misstates testimony, immaterial.  Sales data merely needs to be attributable to the products at issue, not to any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for.  ***Disputed:***  The fact that Luv n' care's CEO does not know what portion of sales is attributable to common law trademark does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶¶ 12-13.

287.    On May 20, 2009 LNC's CEO Edward Hakim testified:

> Q.  All right, are those sales - what
> portion of those sales are attributable to the no
> spill trademark?  I'm just showing you also, in
> conjunction with these questions, defendant's
> exhibit eight.
> A.  The no spill trademark is not shown on
> this cup.
> Q.  Its shown on the advertising materials.
> This is an excerpt from the web site - from Luv
> 'N Care's web site.

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

A.  Oh, do I know what sales of this cup -
the success, or what percentage of the sales are
because of this web site page?
Q.  Are because the product is marketed in
connection with a no spill, with a little TM,
which indicates a common law trademark.
A.  Well, I don't know that.

Buratti Dec. Ex. A at II:120:15-121:9.  **Objection**:  Immaterial.  Sales data merely needs to be attributable to the products at issue, not to any particular form of intellectual property; to suggest otherwise ignores the reality of how sales revenue is collected and accounted for.  **Disputed:** The fact that Luv n' care's CEO does not know what portion of sales is attributable to common law trademark does not mean that Plaintiffs have no knowledge on this topic.  Plaintiffs have declared, based on their own personal knowledge and experience in baby product sales, that the look of their cups is a signature, drives product sales and is important for brand loyalty.  *See* AMF ¶12-13.

288.    Plaintiffs ignore in their motion that they cannot attribute any sales data to their asserted trade dress.  See generally DE 49.  **Objection:** Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment provides that: Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  The purported fact is not relevant to the causes of action or defenses asserted in the pleadings.  Accordingly it is an improper assertion.  **Disputed:**  Sales data merely needs to be attributable to the products at issue, not to any particular form of intellectual property reflected therein; to

222

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

suggest otherwise ignores the reality of how sales revenue is collected and accounted for.

Plaintiffs have declared, based on their own personal knowledge and experience in baby product

sales, that the look of their cups is a signature, drives product sales and is important for brand

loyalty.  *See* AMF ¶12-13.

Dated: July 16, 2009                    Respectfully submitted,

                                        **LAW OFFICES OF MORRIS COHEN, P.C.**
                                        One Penn Plaza, Suite 2527
                                        New York, NY 10119

                                        and

                                        **FELDMAN GALE, P.A.**
                                        One Biscayne Tower, 30th Floor
                                        2 South Biscayne Boulevard
                                        Miami, Florida 33131
                                        Telephone:  305-358-5001
                                        Facsimile:  305-358-3309

                                        By: /s Todd M. Malynn
                                        Morris E. Cohen / MC-4620
                                         E-mail: MCohen@ipcases.com
                                        James A. Gale / Fla. Bar no. 371726
                                        E-mail: JGale@FeldmanGale.com
                                        Todd M. Malynn/Ca. Bar no. 181595
                                        E-mail:TMalynn@FeldmanGale.com

                                        *Attorneys for Plaintiffs*

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on this 16th day of July 2009, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by this Court's CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

_/s_ *James A. Gale* _____
JAMES A. GALE

224

*Luv N' Care v. Walgreen*
Case no. 08-CIV-4457 (DC/HP)

## SERVICE LIST

***Luv N' Care, Ltd., et al. v. Walgreen Co., et al.***
Case No. 08-civ-4457 (DC)
United States District Court, Southern District of New York

Alan Weisberg
aweisberg@cwiplaw.com
Jason Buratti
jburatti@cwiplaw.com
Jeffrey H. Kamenetsky
jkamenetsky@cwiplaw.com
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Ft. Lauderdale, FL 33301
Phone: 954-828-1488
Facsimile: 954-828-9122
*Via CM/ECF.*