UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

LUV N' CARE, LTD. and ADMAR
INTERNATIONAL, INC.,

                Plaintiffs,

      - against -

WALGREEN CO. and KMART CORP.,

                Defendants.
- - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

08 Civ. 4457 (DC)

**APPEARANCES:**   (See last page)

**CHIN, District Judge**

      In this case, plaintiffs Luv N' Care, Ltd. ("Luv") and Admar International, Inc. ("Admar") sued defendants Walgreen Co. ("Walgreens") and Kmart Corp. ("Kmart") for unfair competition and trademark infringement. Plaintiffs market baby products such as no-spill drinking cups and baby bottles under the mark NUBY, and they contend that defendants have copied their product designs and packaging, without permission, in violation of federal and state law. Before the Court is plaintiffs' motion for leave to amend their complaint or, alternatively, for an order transferring this action to the United States District Court for the Southern District of Florida. For the reasons set forth below, both prongs of the motion are denied.

### BACKGROUND

      Plaintiffs commenced this action by filing a complaint on May 13, 2008. At a pretrial conference on November 7, 2008, I set a deadline for the completion of all discovery, both fact and

expert, of May 1, 2009. On April 2, 2009, I issued a written order reiterating that the cut-off for discovery, both fact and expert, was May 1, 2009, as previously ordered.[1] I also set a schedule for the briefing of summary judgment motions, with moving papers to be filed by June 1, 2009.

By letter dated April 14, 2009, plaintiffs requested a pre-motion conference to discuss the filing of an "anticipated" motion to transfer the case to the Southern District of Florida. After Walgreens responded, I issued a written order on April 28, 2009, denying the request for a pre-motion conference and instructing plaintiffs, if they still wanted to move to transfer, to do so on the same schedule I set for summary judgment motions.

Plaintiffs thereafter settled their claims against Kmart, and by stipulation so ordered on May 20, 2009, plaintiffs' claims against Kmart were dismissed with prejudice.

Plaintiffs and Walgreens stipulated to extend the deadline for filing motions. On June 8, 2009, the parties filed cross-motions for summary judgment, and plaintiffs filed the instant motion for leave to amend or, alternatively, to transfer.

I now address plaintiffs' motion for leave to amend or to transfer.

---

[1] Plaintiffs' papers contain misstatements of the facts. For example, plaintiffs contend that at the November 7, 2008, conference I set a discovery cut-off of May 7, 2009, that I later "accelerat[ed]" to May 1, 2009. (Pl. Reply Mem. at 3-4). In fact, at the conference, as my notes reflect, the discovery cut-off was set at May 1, 2009, and my written order of April 2, 2009, adhered to that deadline. There are other misstatements as well.

## DISCUSSION

1. **Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that where leave of court is required for a party to amend its pleading, leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Amendments are generally favored "'to facilitate a proper decision on the merits.'" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)). The decision to grant leave to amend is within the sound discretion of the trial court. Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). Leave to amend may be denied for "good reason," including undue delay, bad faith, dilatory motive, prejudice to the opposing party, or the futility of the proposed amendment. Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009); see Foman, 371 U.S. at 182; Posadas de Mex., S.A. de C.V. v. Dukes, 757 F. Supp. 297, 300 (S.D.N.Y. 1991) (leave to amend should be granted unless the motion is product of bad faith or dilatory motive, will prejudice opposing party, or be futile); Fustok v. Conticommodity Servs., Inc., 103 F.R.D. 601, 603 (S.D.N.Y. 1984). In the absence of these factors, substantial delay in seeking amendment does not alone warrant denial. See Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987).

Here, plaintiffs' motion for leave to amend is denied, for I conclude it is brought in bad faith and with dilatory motive. Plaintiffs first raised the subject of moving to

-3-

transfer on April 14, 2009. This was just two weeks after I had issued an order holding the parties to a May 1, 2009, deadline for the completion of all discovery. Plaintiffs did not serve any discovery requests until April 1, 2009, when they served their first requests for documents, first set of interrogatories, and first set of requests for admissions. (Barten Decl. Ex. 3). Although the litigation had been pending for some eleven months, these were the first discovery requests served by plaintiffs in this case.[2] It is obvious that when plaintiffs were confronted on April 2, 2009, with the Court's refusal to extend the discovery cut-off, they decided to seek to transfer the case. They then later decided to add a request for leave to amend the complaint and bring in a new party.

Significantly, plaintiffs did not raise the subject of moving for leave to amend when it asked for permission to move to transfer. It was not until plaintiffs' motion was actually filed, on June 8, 2009, that the subject was raised. At that point, the case had been pending for two years, discovery had closed, and the parties were filing (that day) cross-motions for summary judgment. The motion for leave to amend thus comes too late.

---

[2] In its response to plaintiffs' motion, Walgreens asserts that plaintiffs "did not timely serve a single written discovery request in this case," noting that plaintiffs served requests "late in the evening" on April 1, 2009, the day before I was scheduled to hold a discovery conference. (Def. Mem. at 5 & n.5; Barten Decl. Ex. 3). Plaintiffs do not state that they served any discovery prior to April 1, 2009, but suggest that the discovery served on April 1st was timely on the theory the cut-off was May 7 (and not May 1), 2009. (Pl. Reply Mem. at 3).

Nor have plaintiffs offered a reasonable excuse for their delay in seeking leave to amend the complaint. They are seeking leave primarily to add Atico International USA, Inc. ("Atico") as a defendant in this case, and contend that Walgreens failed to disclose Atico's existence until March 13, 2009, when Walgreens and Atico commenced a lawsuit against plaintiffs in Florida. (Pl. Mem. at 1, 4; Pl. Reply Mem. at 1). The argument is specious. Even assuming plaintiffs were not aware of Atico's existence until March 2009, they have only themselves to blame, as they did not serve *any* discovery requests until April 1, 2009. If plaintiffs had acted more diligently and sought discovery at an earlier point in the litigation, they undoubtedly would have learned of Atico's involvement.

Finally, Walgreens would be prejudiced if I were to grant plaintiffs leave to amend their complaint now. The case is already more than two years old, discovery is closed, and dispositive motions have been filed. The case would have to start virtually anew if a new party were added.

The request for leave to amend is denied.

2. **Transfer**

Under 28 U.S.C. § 1404(a), a court may transfer any civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a); see Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). "The threshold question in deciding transfer of venue . . . is

whether the action could have been brought in the transferee forum." Millennium, L.P. v. Hyland Software, Inc., 03 Civ. 3900 (DC), 2003 WL 22928644, at *2 (S.D.N.Y. Dec. 8, 2003). If this is established, the district court generally should disturb the plaintiff's choice of forum only if, on balance, the following factors clearly favor transfer: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative financial means of the parties; (8) the weight afforded plaintiff's choice of forum; and (9) trial efficiency and the interests of justice generally. See Anadigics, Inc. v. Raytheon Co., 903 F. Supp. 615, 617 (S.D.N.Y. 1995).

While a district court has "broad discretion" under Section 1404, because that discretion "must be exercised at the very outset of the case, when relatively little is known about how the case will develop, courts have typically accorded substantial weight to the [eighth] factor, plaintiff's choice of forum." Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002). The burden rests on the moving party to make a "clear and convincing" showing that transfer under Section 1404(a) is appropriate. Millennium L.P. v. Dakota Imaging, Inc., No. 03 Civ. 1838 (RWS), 2003 WL 22940488, at *6 (S.D.N.Y. Dec. 15, 2003) (citation omitted).

Here, I need not review all of the usual factors, for the request to transfer is frivolous. Clearly, notwithstanding the existence of related litigation in Florida, it would not serve the interests of justice to transfer this case now.

First, <u>plaintiffs</u> elected to file the action in this District. They chose this Court as the forum for this lawsuit. They cannot very well complain about the choice they made. Second, it is obvious that plaintiffs are now seeking to transfer the case because they are unhappy with the Court's decision to hold them to the May 1, 2009, discovery deadline. Their failure to proceed diligently in discovery has placed them in a difficult position, but their lack of diligence should not be rewarded by transferring the case to another district. Third, plaintiffs have not met their burden of showing that transfer to Florida would serve the convenience of the parties and witnesses. Finally, again, with discovery closed and cross-motions for summary judgment fully submitted, it would not serve the interests of justice to transfer the case now. Plaintiffs have not made a "clear and convincing" showing that transfer under Section 1404(a) is appropriate.

## CONCLUSION

For the above reasons, plaintiffs' motion for leave to amend or, alternatively, to transfer is denied in all respects.

SO ORDERED.

Dated: New York, New York
February 4, 2010

DENNY CHIN
United States District Judge

-7-

**APPEARANCES:**

For Plaintiffs:

        PEARL COHEN ZEDEK & LATZER LLP
            By:  Morris E. Cohen, Esq.
        1500 Broadway
        New York, NY  10036

            - and -

        FELDMAN GALE, P.A.
            By:  James A. Gale, Esq.
        One Biscayne Tower
        2 South Biscayne Boulevard
        Miami, FL  33131

For Defendant Walgreen Co.:

        SCHLAM STONE & DOLAN LLP
            By:  Bennette Deacy Kramer, Esq.
        26 Broadway
        New York, NY  10004

            - and -

        CHRISTOPHER & WEISBERG, P.A.
            By:  Jason R. Buratti, Esq.
                 Alan M. Weisberg, Esq.
                 Jeffrey H. Kamenetsky, Esq.
                 Garrett A. Barten, Esq.
        200 East Las Olas Boulevard
        Fort Lauderdale, FL  33301

            - and -

        WILEY, REIN & FIELDING LLP
            By:  Floyd B. Chapman, Esq.
                 Robert J. Scheffel, Esq.
        1776 K Street NW
        Washington, D.C.  20006